FILED
IN CLERKS OFFICE
2024 DEC 27 PM 12:54
U.S. DISTRICT COURT
DISTRICT OF MASS.

# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

**Mohamed 'Mo' Ly,**

**Plaintiff,**

v.

**EBSCO Industries, Inc.,**

**Defendant.**

**Civil Action No. ____________**

---

**VERIFIED COMPLAINT AND JURY DEMAND**

---

**PRELIMINARY STATEMENT**

1. This action arises from EBSCO Industries' unlawful and retaliatory termination of Plaintiff during a protected Family and Medical Leave Act (FMLA) leave. Plaintiff brings this lawsuit under federal and state laws for violations, including but not limited to: a) FMLA (29 U.S.C. § 2601 et seq.), b) Americans with Disabilities Act (ADA) (42 U.S.C. § 12101 et seq.), c) Section 510 of the Employee Retirement Income Security Act (ERISA) (29 U.S.C. § 1140), d) Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), e) Age Discrimination in Employment Act (ADEA) (29 U.S.C. § 621 et seq.), and f) Massachusetts state labor laws.

2. Plaintiff seeks declaratory, injunctive, and monetary relief for Defendant's actions that resulted in unjust termination, disability discrimination, retaliation, unlawful interference with FMLA rights, failure to accommodate under the ADA, and wage violations.

---

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under:
   - 28 U.S.C. § 1331 (federal question),
   - 28 U.S.C. § 1332 (diversity jurisdiction),
   - 29 U.S.C. § 2617(a)(2) (FMLA),
   - 42 U.S.C. § 12117 (ADA).
4. Defendant operates in multiple states and employs over 6,000 individuals, meeting the requirements for federal jurisdiction under 28 U.S.C. § 1332.
5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District, and Plaintiff resides in Massachusetts.

---

**PARTIES**

6. **Plaintiff** Mohamed 'Mo' Ly ("Plaintiff") is a resident of Wilbraham, Massachusetts, and was employed by EBSCO as a Principal, Platform Globalization. He is an "eligible employee" under FMLA and a "qualified individual" under the ADA.

7. **Defendant** EBSCO Industries, Inc. ("EBSCO") is a corporation headquartered in Birmingham, Alabama, with offices in Ipswich, Massachusetts, and nationwide operations. It is subject to the jurisdiction of this Court.

EBSCO Industries, Inc. Corporate Details:

EIN: 63-0657906

Registered Agent for Service:

CT Corporation System

2 Oliver Street, Suite 602

Boston, MA 02109

Additional Service Addresses:

Corporate Headquarters:

EBSCO Industries, Inc.

5724 Highway 280 East

Birmingham, AL 35242

Massachusetts Office:

10 Estes Street

Ipswich, MA 01938

---

**ADMINISTRATIVE PREREQUISITES**

8. Plaintiff filed a timely Charge of Discrimination (No. 523-2023-03098) with the Equal Employment Opportunity Commission (EEOC) on filed EEOC, on July 28, 2023.

9. The EEOC issued a Notice of Right to Sue on September 30, 2024.

10. This action is timely filed within 90 days of receiving the Notice.

---

**FACTUAL ALLEGATIONS**

10. **Plaintiff's Employment History:**

- Hire date: November 1, 2021.
- Position: Principal, Platform Globalization.
- Starting salary: $165,000, ending salary: $194,000.
- Plaintiff consistently received exemplary performance reviews, with year-over-year promotions and responsibilities that doubled the scope of his initial position.
- Global recognition from macros peers and departments, from executive to customer-facing levels, for unprecedented, impactful achievements in international usability and localization, enabling global growth and renewals to levels never achieved prior, in the 13 years the company had been trying; resulting in hundreds of millions in revenue generation and preservations.

11. **Protected Medical Conditions:**

- Chronic migraines, respiratory issues, muscular conditions, neurological conditions, and hypoglycemia, qualifying as disabilities under the ADA.

12. **FMLA Timeline:**

- Leave approved on April 11, 2023.
- Leave period: April 11, 2023, through August 1, 2023.
- Termination date: May 25, 2023, 44 days into FMLA leave.

13. **Pretextual Performance Improvement Plan (PIP):**

- Initiated despite positive stakeholder feedback and no prior performance issues.
- The PIP lasted only 30 days, violating EBSCO's own policies that mandate 90 days for such plans.
- Coincided with Plaintiff's request for reasonable accommodations.
- Used as a pretext for termination.

---

**CAUSES OF ACTION**

**COUNT I: FMLA INTERFERENCE (29 U.S.C. § 2615(a)(1))**

14. Defendant interfered with Plaintiff's FMLA rights by:

- Terminating Plaintiff during protected leave.

- Demanding work during medical leave.
- Failing to provide proper notice of rights.
- Improperly deducting vacation time.
- Violating Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81 (2002), which mandates liquidated damages for such interference.

---

**COUNT II: FMLA RETALIATION (29 U.S.C. § 2615(a)(2))**

15. Defendant retaliated against Plaintiff by terminating him during FMLA leave:

- Termination timing.
- Pretextual PIP.
- Documented hostility toward Plaintiff's medical leave.
- Pattern of harassment after Plaintiff's medical leave.
- Violates Hodgens v. General Dynamics Corp., 144 F.3d 151 (1st Cir. 1998), and Hoge v. Honda, 384 F.3d 238 (6th Cir. 2004).

---

**COUNT III: ADA DISCRIMINATION (42 U.S.C. § 12112)**

16. Defendant discriminated against Plaintiff by:

- Failing to engage in the interactive process.
- Refusing reasonable accommodations for Plaintiff's medical conditions.
- Creating a hostile work environment.
- Terminating Plaintiff due to his disability.
- Violating Garcia-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638 (1st Cir. 2000), and Ward v. Massachusetts Health Research Institute, 209 F.3d 29 (1st Cir. 2000).

---

**COUNT IV: ADA RETALIATION (42 U.S.C. § 12203)**

17. Defendant retaliated against Plaintiff for:

- Requesting accommodations under the ADA.
- Documenting his medical conditions.
- Filing internal complaints.
- Demonstrated by temporal proximity and direct evidence of animus.

---

**COUNT V: ERISA VIOLATION (29 U.S.C. § 1140)**

18. Defendant interfered with Plaintiff's ERISA rights by:

- Terminating him to avoid benefit obligations.

- Interrupting his health coverage during treatment.
- Violating ERISA rights to protection under 29 U.S.C. § 1140.

---

**COUNT VI: WAGE AND HOUR VIOLATIONS (29 U.S.C. § 201 et seq.)**

19. Defendant violated the Fair Labor Standards Act (FLSA) by:

- Improper vacation time deductions.
- Failure to pay for work performed during medical leave.
- Unlawful deductions for benefits.

---

**COUNT VII: WHISTLEBLOWER RETALIATION (29 U.S.C. § 2615(b))**

28. Plaintiff engaged in protected activity by raising concerns regarding the diversion of critical funding that was intended for Plaintiff's assigned mission related to advancing the globalization rights of the company. Plaintiff brought to senior management's attention that the company's failure to adequately prioritize international usability and localization was having negative consequences, particularly in global markets. This included an outright failure to make necessary investments into international platforms and operational infrastructure that would be critical for future global expansion.

29. Plaintiff was prevented from reporting these critical issues to senior executives, including the CEO, and was silenced by Defendant's management team, specifically after raising concerns

about the risks and repercussions of such inaction. These efforts to prevent Plaintiff from making these reports to senior management were retaliatory and intended to cover up deficiencies that could expose EBSCO to financial losses and reputational damage.

30. The Defendant's retaliatory acts included blocking Plaintiff from engaging with the CEO and senior executives and preventing him from continuing his direct access to decision-making processes regarding international usability and localization—issues for which Plaintiff had been hired as an expert.

31. Plaintiff's efforts to report these issues were not only ignored but actively suppressed, preventing Plaintiff from fulfilling his duties. These actions directly correlate with the Defendant's retaliatory measures after Plaintiff raised concerns, ultimately leading to Plaintiff's wrongful termination.

32. Defendant's actions constitute a violation of the whistleblower protections under the FMLA and other federal statutes that safeguard employees from retaliation after they engage in protected activities, including raising concerns about corporate misconduct.

---

---

**COUNT VIII: INTERFERENCE WITH THE EXERCISE OF FMLA RIGHTS (29 U.S.C. § 2615(a)(1))**

33. In addition to the wrongful termination under FMLA, Defendant further interfered with Plaintiff's rights by preventing him from taking appropriate leave to address his medical condition. Defendant failed to comply with the notice requirements under FMLA, leading to the disruption of Plaintiff's ability to engage in timely and consistent medical treatment.

34. Defendant took adverse actions against Plaintiff upon his taking of FMLA leave by continuing to pressure him to work and perform job duties, even though he was entitled to take leave without penalty. The interference went beyond simply denying leave; Defendant actively undermined Plaintiff's rights under the statute, violating the statutory protections of the FMLA.

35. Plaintiff was subjected to additional pressure during his medical leave, including the denial of critical resources and strategic access to senior management, which was directly connected to his FMLA leave status. Defendant's actions thus undermined Plaintiff's right to take leave for medical reasons and violated the FMLA protections to which Plaintiff was entitled.

---

**COUNT IX: FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS UNDER THE ADA (42 U.S.C. § 12112)**

36. Plaintiff, due to his documented medical conditions (including chronic migraines, respiratory issues, muscular conditions, neurological conditions, and hypoglycemia), was entitled to reasonable accommodations under the ADA. Defendant failed to engage in a good faith interactive process with Plaintiff to identify reasonable accommodations to address his disabilities.

37. Plaintiff requested reasonable accommodations, including flexible work schedules and job responsibilities adjustments to accommodate his medical conditions, but Defendant failed to engage in the required interactive process, refused to provide the requested accommodations, and ultimately took retaliatory actions against Plaintiff.

38. Defendant's failure to engage in good faith and provide reasonable accommodations for Plaintiff's medical conditions constitutes a violation of the ADA, as outlined in the statute. Plaintiff was forced to suffer from unnecessary strain and job stress, ultimately exacerbating his condition and leading to the wrongful termination that followed.

---

**COUNT X: AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA) (29 U.S.C. § 621 et seq.)**

39. Plaintiff, who is over the age of 40, was subject to discriminatory treatment based on his age. Defendant's actions, including the termination of Plaintiff's employment during a critical time in his career and the denial of accommodations, were motivated in part by Plaintiff's age.

40. Defendant's management team made discriminatory remarks and exhibited a pattern of behavior indicating an anti-aging bias, favoring younger employees for leadership positions, despite Plaintiff's exemplary performance and established history of service and contributions to the company.

41. Plaintiff was discriminated against in violation of the ADEA, resulting in his wrongful termination and the erosion of career opportunities within EBSCO. This treatment was both overt and covert, manifesting in the denial of opportunities and accommodations typically granted to other employees within the organization, particularly those younger than Plaintiff.

---

**COUNT XI: VIOLATION OF MASSACHUSETTS PUBLIC POLICY AND STATE LAWS**

42. Defendant's actions are also a violation of Massachusetts public policy and labor laws, which protect employees from discrimination, retaliation, and interference with legally protected rights, including those provided by the FMLA and ADA.

43. Massachusetts General Laws Chapter 151B, which prohibits employment discrimination based on disability, also covers the unlawful termination, retaliation, and failure to accommodate that Plaintiff has faced. Defendant's actions constitute unlawful discrimination based on Plaintiff's medical condition and retaliation for seeking necessary accommodations.

44. Furthermore, Defendant violated Massachusetts Wage and Hour laws (M.G.L. c. 149, § 148) by withholding wages and failing to compensate Plaintiff for unpaid hours worked during his medical leave period. These violations compounded the damages caused by Defendant's discriminatory and retaliatory actions.

---

**COUNT XII: TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**

45. Defendant intentionally and maliciously interfered with Plaintiff's contractual relationship by terminating him in retaliation for exercising his rights under the FMLA and ADA, which were binding contractual obligations between Plaintiff and Defendant. Defendant's actions were designed to disrupt Plaintiff's career and business relationships, depriving him of access to critical resources, senior leadership, and decision-making authority.

46. As a result of Defendant's intentional interference with Plaintiff's employment contract, Plaintiff has suffered significant economic harm, including but not limited to lost wages, loss of benefits, and damage to career prospects and professional relationships.

**COUNT XIII: HOSTILE WORK ENVIRONMENT AND TOXIC WORKPLACE (Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and Massachusetts State Law)**

47. Plaintiff was subjected to a hostile work environment at EBSCO, which was characterized by extreme isolation, harassment, and intentional obstruction in his professional duties. Defendant fostered an environment that allowed toxic behaviors to thrive, specifically, permitting certain employees to engage in discriminatory, retaliatory, and demeaning conduct without any attempt to curb it.

48. Plaintiff's critical work—focused on international usability, Accessibility was added after hire and one first year of expectational performance, earned trust and proven results and leadership, FMLA compliance, and ADA accommodation—was not only neglected but actively undermined. Despite the strategic importance of Plaintiff's projects to the company's long-term growth, Defendant allowed other employees to misdirect vital funds and resources away from Plaintiff's efforts, directly harming his ability to perform and fulfill his responsibilities. This diversion of resources was done with the explicit intent to sabotage Plaintiff's work, knowing that it would have direct financial repercussions and adversely affect critical international partnerships.

49. Plaintiff was not only isolated from essential business functions but also publicly embarrassed by colleagues in front of senior leadership and other staff. These employees worked together to alienate, ridicule, and belittle Plaintiff, and this toxic behavior became ingrained within the company's culture. Defendant's management team failed to intervene and, in fact, tacitly approved of this treatment, leaving Plaintiff with no recourse.

50. The hostile work environment and deliberate interference with Plaintiff's work significantly impacted his health and well-being, contributing to emotional distress, anxiety, and physical complications. EBSCO's failure to act and the toxic culture that they fostered violated Plaintiff's rights and created an atmosphere of intimidation and fear that ultimately led to wrongful termination.

51. Plaintiff's continuous attempts to communicate and raise issues regarding the negative work environment were either ignored or dismissed. Instead of providing support, Defendant's management took actions to isolate Plaintiff further and retaliated against him for voicing concerns about both workplace toxicity and his ongoing need for accommodations. This created an untenable working condition that no reasonable employee could be expected to endure.

---

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

A. **Declaratory Relief:**

- A declaration that Defendant violated Plaintiff's rights under the FMLA, ADA, and related laws.
- A finding of willful misconduct.
- A determination that Plaintiff's termination was pretextual.

B. **Injunctive Relief:**

- Reinstatement to Plaintiff's prior position.
- Expungement of any negative records.
- Implementation of policies to prevent future violations.
- Management and staff training on FMLA and ADA compliance.
- An order requiring Defendant to adopt policies that comply with FMLA, ADA, and other federal and state laws to prevent future violations.

C. **Monetary Relief:**

- **FMLA Violations:**
  - Double damages under 29 U.S.C. § 2617(a)(1)(A)(iii).
  - Statutory penalties of $10,000 per violation.
- **ADA Violations:**
  - Compensatory and punitive damages (no caps on back/front pay).
- **ERISA Violations:**
  - Up to $110 per day penalty for ERISA violations.
  - Fiduciary breach penalties and reimbursement for medical costs.
- **State Law Violations (MA):**
  - Triple damages under Massachusetts Wage Act.

- Emotional distress and retaliation penalties.

**Total Base Damages Request:**

- **Economic Damages:** $551,283
- **Liquidated Damages:** $551,283
- **Punitive Damages:** $1,000,000
- **Statutory Penalties:** $200,000
- **Emotional Distress:** $600,000
- **Total:** $2,902,566

This is consistent with recent precedent in cases such as:

- **Travers v. Flight Services & Systems, Inc.** ($2.9M)
- **McArdle v. Town of Dracut** ($2M)
- **Diaz v. Jiten Hotel Mgmt.** ($1.2M)

D. **Any Other Relief the Court deems appropriate under law.**

---

**VERIFICATION**

I, Mohamed 'Mo' Ly, verify under penalty of perjury that:

1. I am the Plaintiff in this action.

2. I have read the foregoing Complaint.

3. The factual allegations are true and accurate based on personal knowledge.

---

**CERTIFICATION AND CLOSING**

25. All conditions precedent have been performed or occurred.

26. **Demand for Jury Trial:** Pursuant to Fed. R. Civ. P. 38(b).

27. **Reservation of Rights:** Plaintiff reserves the right to amend this Complaint.

Dated: December 27, 2024

Respectfully submitted,

Mohamed 'Mo' Ly

485 Glendale Road

Wilbraham, MA 01095

---

**EXHIBITS** to be submitted via e-file upon granting of access

A. EEOC Right to Sue Letter

B. Response to Claim before Massachusetts Commission Against Discrimination

C. Plaintiff's Rebuttal

D. Medical Documentation

E. FMLA Approval Documents

F. Performance Records (and recognition of material impact to business global success and enablement)

G. Corroborating email Communications

H. PIP Documentation

I. Wrongful Termination Notice

J. Transcripts of Direct Violations and Corroborating Statements

K. Audio Recordings of Same

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2024, a true and correct copy of this Complaint was served upon Defendant's registered agent via certified mail:

Registered Agent for Service:

CT Corporation System

2 Oliver Street, Suite 602

Boston, MA 02109

Additional Service Addresses:

Corporate Headquarters:

EBSCO Industries, Inc.

5724 Highway 280 East

Birmingham, AL 35242

Massachusetts Office:

10 Estes Street

Ipswich, MA 01938

Mo 'Mohamed' Ly

