UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MOHAMED LY,

               Plaintiff,

     v.

EBSCO INDUSTRIES, INC.; TIM COLLINS;
ANNIE CALLANAN; GAR SYDNOR; and
TIM LULL,

               Defendants.

Civil Action No 3:24-cv-30161-MGM

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S "COMBINED MOTION"**
**(DOC NO. 47)**

Defendants EBSCO Industries, Inc.,[1] Tim Collins, Annie Callanan, Gar Sydnor and Tim

Lull (collectively, "Defendants") submit this opposition in order to (1) specifically respond to

plaintiff Mohamed Ly's "Combined Motion for Judicial Notice, Entry of Adverse Inferences,

Dismissal of Defenses, and Default Judgment" (Doc No. 47); and (2) generally address Plaintiff's

numerous, improper filings to date, including but not limited to Plaintiff's "combined motion."

Plaintiff also filed a motion for a preliminary injunction (Doc No. 44), which this Court denied

(Doc No. 53) before Defendants filed an opposition, and Defendants therefore only address any

potential, remaining issues raised by Plaintiff's recent filings.

Defendants first address the context in which Plaintiff's various motions arise, specifically,

Plaintiff's unceasing efforts to burden Defendants—and this Court—with frivolous motions that

have no basis in fact or law and have no relevance to any substantive issue raised in Defendants'

motion to dismiss or any other operative pleading or properly-filed motion that is pending before

this Court. In their motion to dismiss and in all subsequent filings, Defendants have noted, in a

---

[1] Plaintiff was employed by EBSCO Publishing, Inc., not EBSCO Industries, Inc.

footnote, that Plaintiff was employed by EBSCO Publishing, Inc. rather than EBSCO Industries, Inc., the entity Plaintiff has named as a defendant. Defendants did not seek dismissal of any claims on this basis or raise any substantive points of fact or law regarding this issue. It was a footnote to ensure a clear and accurate record, nothing more. Nevertheless, Plaintiff has since embarked on a quixotic quest that has included more than 160 pages of opposition filings and numerous additional motions filed in violation of applicable rules, all based solely on Plaintiff's mistaken belief that EBSCO Publishing has been "dissolved," an assertion easily refuted by public records. Plaintiff could, and should, have obtained these public records prior to filing any motion. Even when, in response to Plaintiff's motion for a preliminary injunction, EBSCO provided Plaintiff with certificates showing that EBSCO Publishing is an existing corporation in good standing, Plaintiff refused to withdraw his motion.[2] Plainly, Plaintiff will continue this scattershot, speculative motion practice unless and until his motions are denied and his misconduct is addressed.

Against that background, and to the extent Plaintiff's "combined motion" constitutes a request for any specific relief that this Court intends to consider, Plaintiff's "combined motion" should be denied. Plaintiff did not comply with Local Rule 7.1 prior to filing this motion or any other pending motion, meaning none of Plaintiff's motions are properly before this Court. Moreover, Plaintiff does not, and cannot, establish any substantive grounds for any of the "combined" relief he seeks.[3] As set forth in detail below, the impetus for Plaintiff's motions—his assertion that EBSCO Publishing was dissolved—is demonstrably false. EBSCO Publishing is an

---

[2] EBSCO also provided Plaintiff with notice of its intent to file a motion to strike and to seek Rule 11 sanctions.

[3] Plaintiff also did not confer with Defendants prior to seeking leave to file any evidentiary documents under seal in support of his request for injunctive relief, yet another violation of Rule 7.1. When Defendants' counsel notified Plaintiff that he still had an obligation to provide Defendants with any documents Plaintiff submitted to this Court that are not on the public docket, Plaintiff refused.

existing corporation in good standing in Massachusetts, where Plaintiff was previously employed, and in Alabama, where EBSCO Publishing is incorporated.

For these reasons, Plaintiff's motion for "combined relief" and his numerous, improperly filed motions predicated on the same inaccurate allegation should be denied.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff currently asserts the following claims against EBSCO Industries, which he identifies as his former employer, and several individual defendants who are current or former employees and officers of EBSCO: (1) violations of the Family and Medical Leave Act; (2) violations of the Americans with Disabilities Act; (3) wrongful termination; and (4) retaliation. (Doc No. 11 pp. 3-4.) On June 23, 2025, Defendants moved to dismiss several of Plaintiff's claims. (Doc No. 26.)  In their memorandum in support of their motion, Defendants noted in a footnote that Plaintiff was employed by "EBSCO Publishing, Inc.," not "EBSCO Industries, Inc."  (Doc No. 27 p. 1, n.1.)  Defendants did not seek dismissal of any claims based upon Plaintiff's failure to name the correct EBSCO entity as a defendant, and Defendants did not make any substantive factual or legal arguments based upon Plaintiff's failure to name the correct EBSCO entity as a defendant.  (Id.)

Apparently based on nothing more than this footnote, Plaintiff has submitted voluminous, improper filings in which he claims that EBSCO Publishing was dissolved and that EBSCO is therefore engaged in some kind of wide-ranging, vaguely described "fraud."[4] These filings include 160 pages of opposition briefing in response to EBSCO's motion to dismiss, which Plaintiff subsequently withdrew (Doc Nos. 28, 28-2, 28-4, 30); a motion to further amend his complaint

---

[4] To the extent this Court intends to consider Plaintiff's motion to amend (Doc No. 29), motion for "judicial notice" (Doc No. 40) and/or Plaintiff's motion for default judgment and other relief (Doc No. 47) despite Plaintiff's non-compliance with Rule 7.1, Plaintiff's motions should be denied for the substantive reasons set forth in this opposition.

(Doc No. 29); a re-filed opposition to EBSCO's motion to dismiss (Doc Nos. 31-32); a motion for "judicial notice" (Doc No. 42); an "emergency" motion for a preliminary injunction (Doc No. 44); and a motion for default judgment and other relief (Doc No. 47).

However, Plaintiff's fundamental assumption—that EBSCO Publishing has been "dissolved"—is demonstrably false. EBSCO Publishing is an Alabama corporation that is registered to do business in Massachusetts and has filed an annual report with the Massachusetts Secretary of the Commonwealth every year since 2004.[5]  (Aff. Matthew J. Lynch ¶ 4, Ex. A.) EBSCO Publishing is also a corporation in good standing in its state of incorporation, Alabama. (Id. ¶ 5, Ex. B.)  Had Plaintiff conferred with EBSCO's counsel prior to filing any of these motions, EBSCO's counsel could have provided this information to Plaintiff.  (Id. ¶ 6.)  After Plaintiff filed his motion for a preliminary injunction, EBSCO's counsel provided Plaintiff with the certificates of good standing for EBSCO Publishing and asked Plaintiff to withdraw his motion for a preliminary injunction.  (Id. ¶ 7.)  Plaintiff refused.  (Id. ¶ 8)  As such, EBSCO files this opposition to address Plaintiff's request for "combined" relief and his various, other improper filings.

## II.    ARGUMENT

As an initial matter, it is unclear what, if any, relief Plaintiff seeks in his "combined motion," which reads as a certificate of service but is captioned as a motion seeking "judicial notice, entry of adverse inferences, dismissal of defenses, and default judgment."  (Doc No. 47.) Regardless, to the extent Plaintiff seeks any relief in his "combined motion" and/or restates his request for relief sought in any of his previously, improperly filed motions, his requests should be denied due to his failure to comply with Local Rule 7.1.  See Martinez v. Hubbard, 172 F. Supp. 3d 378, 385 (D. Mass. 2016).  Moreover, as a substantive matter, all of Plaintiff's improper filings

---

[5] Prior to 2004, EBSCO Publishing went by the name "EBSCO Casias, Inc."  (Id.)

appear to be based upon the same false presumption that EBSCO Publishing is anything other than an existing corporation, in good standing and registered to do business in Massachusetts.  (Lynch Aff. at ¶ 4, Ex. A.)  Thus, to the extent this Court excuses Plaintiff's repeated violations of Local Rule 7.1, this Court should deny Plaintiff's repeated, unfounded requests for the relief he seeks. See Seafreeze Shoreside, Inc. v. U.S. Dep't of the Interior, 123 F. 4th 1, 18 (1st Cir. 2024) (declining to take judicial notice of contested fact); Harry v. Countrywide Home Loans, Inc., 902 F.3d 16, 19 (1st Cir. 2018); Telecom Brokerage, Inc. v. Gryphone Telecom Consultants, LLC, C.A. No. 13-12416-LTS, 2014 WL 407725, at *2 (D. Mass. Jan. 31, 2014); Mastrocchio v. Unnamed Supervisor Special Invest. Unit, 152 F.R.D. 439, 440-441 (D. Mass. 1993) (denying motion to strike affirmative defenses).  The "fact" that Plaintiff seeks to establish through judicial notice and that serves as the basis for his motion to amend is patently, demonstrably false.  See Seafreeze Shoreside, 123 F. 4th at 17-18; see also Taylor v. Charter Med. Corp., 162 F.3d 827, 830-31 (5th Cir. 1998).  Plaintiff additionally has not, and cannot, establish any factual or legal basis for the entry of an adverse inference or striking of an affirmative defense.  See Telecom Brokerage, 2014 WL 407725, at *2; Mastrocchio, 152 F.R.D. at 441.  Moreover, Defendants have responded to Plaintiff's operative complaint with a motion to dismiss (Doc No. 26), which is pending before this Court, and there is therefore no grounds to enter a default judgment.  See Harry, 902 F.3d at 19.

Thus, for the foregoing reasons, Plaintiff's "combined motion" (Doc No. 47) should be denied, as should the separate, improper motions filed by Plaintiff to date (Doc Nos. 29, 42).  See Martinez, 172 F. Supp. 3d at 385.

Respectfully submitted,

EBSCO INDUSTRIES, INC., TIM COLLINS,
ANNIE CALLANAN, GAR SYDNOR, and
TIMOTHY LULL,

By their attorneys,

/s/ Matthew J. Lynch
Melissa L. McDonagh, Bar No. 569023
mmcdonagh@littler.com
Matthew J. Lynch, Bar No. 689363
mlynch@littler.com

LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA  02110
Telephone:    617.378.6000
Facsimile:    617.737.0052

Dated: October 14, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October 2025, a true copy of the foregoing document was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ Matthew J. Lynch
Matthew J. Lynch