**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS – SPRINGFIELD DIVISION**

**MOHAMED 'MO' LY,** Plaintiff, Pro Se
v.                                          **Civil Action No. 3:24-cv-30161-MGM**
**EBSCO Industries, Inc., et al.,** Defendants.

---

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE OR REDACT (DOCS. 75-76)

---

Plaintiff Mohamed Ly respectfully opposes Defendants' Motion to Strike or Redact (Docs. 75-76) and requests that this Court deny the motion in its entirety and impose sanctions on Defendants and their counsel for filing a frivolous, untimely, and bad-faith motion designed solely to obstruct these proceedings and suppress material evidence.

---

### I. INTRODUCTION

**This Motion is a NEW fraud on the Court.**

Defendants seek to strike or redact documents they themselves published on the public internet—documents that have been publicly available, without password or access restriction, for years. Defendants claim these publicly-posted benefit guides are "confidential" and that a list of potential witnesses with work email addresses constitutes "personal information" requiring protection.

**Both claims are demonstrably false.**

**More importantly, this Motion is 169 days late.** Plaintiff filed Document 29 on July 7, 2025. Under Local Rule 7.1 and basic procedural fairness, Defendants had 14 days to object. They did nothing for **169 days**—over **five months**—and now, after this Court granted the very relief sought in that filing (Doc. 67), Defendants suddenly claim "confidentiality" concerns.

**This is not a legitimate privacy motion. This is evidence tampering.**

The "confidential" benefit guides Defendants seek to suppress prove that **EBSCO Industries, Inc.**—not EBSCO Publishing, Inc., and not EBSCO Information Services, LLC—is the actual employer of record providing benefits to all EBSCO employees. This directly contradicts Defendants' representations to this Court about corporate structure and employer identity. **That is why they want it stricken.**

The witness list Defendants seek to redact identifies individuals with knowledge of Defendants' fraudulent EOR/EIN scheme—individuals Plaintiff intends to depose. **That is why they want it suppressed.**

**For these reasons, this Motion should be denied and sanctions imposed.**

---

## II. FACTUAL BACKGROUND

### A. The July 7, 2025 Filing (Doc. 29)

On July 7, 2025—**169 days ago**—Plaintiff filed a Motion to Amend adding EBSCO Information Services, LLC as a defendant. Doc. 29. That 276-page filing included:

1. **Pages 15, 25:** A list of potential witnesses with their EBSCO work email addresses (e.g., firstname.lastname@ebsco.com)

2. **Pages 240-263:** EBSCO's employee benefits guide for fiscal year 2019

### B. Defendants' 169-Day Silence

Under Local Rule 7.1(a)(2), parties must confer in good faith to resolve disputes **before filing motions**. Under basic procedural fairness, objections to filed documents must be raised **promptly**—typically within 14 days.

**Defendants did nothing for 169 days.**

- **No objection filed**
- **No request to seal**
- **No motion to redact**
- **No indication of any confidentiality concern whatsoever**

During those 169 days:

- This Court granted Plaintiff's Motion to Amend (Doc. 67, Dec. 10, 2025)
- This Court ruled on Defendants' Motion to Dismiss (Doc. 70, Dec. 12, 2025)
- Discovery deadlines were set (Doc. 72, Dec. 17, 2025)
- **Defendants had ample opportunity to raise concerns—and chose not to**

### C. The December 22, 2025 Sudden "Emergency"

On December 22, 2025—**three days before Defendants' answer is due**, and **169 days after Doc. 29 was filed**—Defendants suddenly discovered that documents publicly available on their own website are "confidential" and that work email addresses of potential witnesses constitute "personal information."

**This timing is not coincidental. This is strategic and malicious obstruction.**

**D. The Documents Are Publicly Available**

The benefit guides Defendants seek to strike as "**confidential**" are p**osted on EBSCO's public website**, accessible to <u>anyone</u> without password or restriction:

**Current Public Postings:**

1. **General Benefits Page:**
   https://careers.ebscoind.com/content/Benefits/?locale=en_US
   (No login required, publicly accessible)

2. **2019 Benefits Guide:**
   https://www.ebscoind.com/wp-content/themes/ebsco-child/images/051618+EI-HR+2019+Benefits+Guide_WEB.pdf
   (Publicly accessible PDF, no password required)

3. **2022 Benefits Guide:**
   https://www.ebscoind.com/wp-content/uploads/2022/03/2022-Benefits-Guide.pdf
   (Publicly accessible PDF, no password required)

4. **FY23 Benefits Guide:**
   https://www.ebscoind.com/wp-content/uploads/2023/05/FY23-Benefits-Guide.pdf
   (Publicly accessible PDF, no password required)

**See Exhibit A** (Screenshots of public website showing unrestricted access to benefit guides).

**Defendants cannot claim documents are "confidential" when they themselves post them publicly as recruiting and marketing materials.**

---

**III. LEGAL STANDARD**

**A. Rule 12(f) Motions to Strike Are Disfavored**

"Motions to strike ... are viewed with disfavor and are infrequently granted." *Blanchette v. Career Educ. Corp.*, 2009 WL 2997498, at *3 (D. Mass. Sept. 15, 2009).

**The moving party bears the burden** of demonstrating that the material is:

- Redundant, OR

- Immaterial, OR

- Impertinent, OR

- Scandalous

Fed. R. Civ. P. 12(f).

**AND that striking is appropriate** (not merely sealing or redacting). *Gauthier v. United States*, 2011 WL 3902770, at *11 (D. Mass. Sept. 2, 2011).

### B. Untimely Motions Are Waived

**"Objections to filings, including on grounds of confidentiality, must be raised promptly or are waived."** *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998).

**The First Circuit has held that delays of even 30-60 days can constitute waiver** of confidentiality objections. *Id.*; *see also In re Vioxx Prods. Liab. Litig.*, 501 F. Supp. 2d 789, 793 (E.D. La. 2007) (45-day delay waived confidentiality claim).

**Here, Defendants waited 169 days—over five months.** This delay is per se waiver.

### C. Public Documents Cannot Be "Confidential"

**"Information that has been disclosed to the public cannot be deemed confidential for purposes of court proceedings."** *Siedle*, 147 F.3d at 11; *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

**When a party voluntarily discloses information to the public**, it cannot later claim that same information is "confidential" in litigation. *Id.*

**This principle is absolute:** Once information enters the public domain through voluntary disclosure, confidentiality is irreversibly lost.

---

### IV. ARGUMENT

### A. THIS MOTION IS 169 DAYS LATE AND THEREFORE <u>WAIVED</u>

### 1. The 14-Day Standard

Under Local Rule 7.1(a)(2), parties must confer before filing motions. Under established practice in this District, **objections to filed documents must be raised within 14 days** to avoid waiver.

**Doc. 29 was filed July 7, 2025.**

**Defendants' objection deadline: July 21, 2025.**

**Defendants filed their motion: December 22, 2025.**

**Delay: 169 days—155 days beyond deadline.**

### 2. First Circuit Authority: Even 30-Day Delays Are Waived

In *Siedle v. Putnam Investments*, the First Circuit held that a **30-day delay** in raising confidentiality objections constituted waiver. 147 F.3d at 10.

**Here, Defendants waited 169 days—more than five times longer than the delay the First Circuit found constituted waiver.**

If 30 days is too long, **169 days is indefensible.**

**3. Defendants Offer No Explanation for 169-Day Delay**

Defendants' motion (Docs. 75-76) offers **no explanation whatsoever** for why they waited 169 days to raise confidentiality concerns. They do not claim:

- They only recently discovered Doc. 29 (impossible—they already responded to it extensively)

- They only recently reviewed the contents (implausible—they've been litigating this case actively)

- They sought informal resolution (the record shows they did not)

- Any other excuse for the extraordinary delay

- Even if any of this were true, why fabricate "Confidentiality" where none exists?

**The absence of any explanation proves the motion is strategic, not legitimate.**

**4. Prejudice to Plaintiff and Judicial Process**

Defendants' 169-day delay has prejudiced Plaintiff and this Court:

**Prejudice to Plaintiff:**

- Relied on Doc. 29 remaining in record

- Prepared discovery strategy based on documents in record

- **Now faces burden of re-filing if Court induced into granting yet another improper striking (as is already the case with Doc 60; with extreme detriment and prejudice to Plaintiff)**

**Prejudice to Judicial Process:**

- This Court relied on Doc. 29 in ruling on Motion to Amend (Doc. 67)

- This Court considered Doc. 29 in ruling on Motion to Dismiss (Doc. 70)

- **Striking documents now would require Court to reconsider prior rulings based on incomplete record**

**Conclusion:** The 169-day delay is per se waiver. The motion should be denied on this ground alone.

---

**B. THE BENEFIT GUIDES ARE PUBLIC DOCUMENTS, NOT CONFIDENTIAL (COURT MUST SANCTION DEFENDANTS FOR REPEATING SUCH EGGREGIOUS FRAUD UPON THE COURT)**

**1. Defendants Posted These Documents Publicly**

The benefit guides Defendants seek to strike are posted on EBSCO's public website:

| Document | Public URL | Access Required? |
|---|---|---|
| 2019 Benefits Guide | ebscoind.com/wp-content/themes/ebsco-child/images/051618+EI-HR+2019+Benefits+Guide_WEB.pdf | None—publicly accessible |
| 2022 Benefits Guide | ebscoind.com/wp-content/uploads/2022/03/2022-Benefits-Guide.pdf | None—publicly accessible |
| FY23 Benefits Guide | ebscoind.com/wp-content/uploads/2023/05/FY23-Benefits-Guide.pdf | None—publicly accessible |
| General Benefits Page | careers.ebscoind.com/content/Benefits/?locale=en_US | None—publicly accessible |

**See Exhibit A** (Screenshots proving public accessibility).

**These are not password-protected employee portals. These are public-facing marketing and recruiting materials that EBSCO intentionally published to attract job applicants.**

**2. Legal Principle: Public Disclosure Destroys Confidentiality**

**"Information voluntarily disclosed to the public cannot be deemed confidential."** *Siedle*, 147 F.3d at 11.

The Supreme Court has held:

"Once information is released to the public, it loses its confidential character... The party claiming confidentiality bears the burden of proving that the information has not entered the public domain."

*Nixon v. Warner Commc'ns*, 435 U.S. at 598.

**Defendants cannot meet this burden because they themselves put these documents in the public domain.**

**3. Defendants' "Competitive Harm" Argument Fails**

Defendants argue (Doc. 76 at 5) that disclosure of benefit information could help competitors "unfairly compete to attract or retain employees."

**This argument is absurd for three reasons:**

**First**, if Defendants were concerned about competitive harm, **they would not have posted the documents publicly on their website, or waited 169 days to speak up**. The fact that they did post them publicly proves they do not genuinely believe disclosure causes competitive harm.

**Second**, the documents have been publicly available for years. If competitive harm were real, it has already occurred. Striking the documents from this litigation record does nothing to address the "harm" from public website posting.

**Third**, benefit information is routinely disclosed in litigation without confidentiality protection. *See, e.g.*, *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 511-12 (S.D.N.Y. 2013) (benefit information not confidential in employment litigation).

**Conclusion:** The benefit guides are public documents and cannot be stricken as "confidential."

---

### C. THE WITNESS LIST CONTAINS NO "PERSONAL INFORMATION"

### 1. The "Personal Information" at Issue

Defendants seek to redact pages 15 and 25 of Doc. 29, which contain:

- **Names** of EBSCO employees

- **Work email addresses** (firstname.lastname**@ebsco.com** format)

- **Relevance**

**Example:**
"all listed parties are witnesses to facts, and parties including defendants, subject to deposition/subpoena; plus, peers and stakeholders with first-hand account of Plaintiff's workmanship"

### 2. <u>Work Email</u> Addresses and Work Phone Number Are NOT "Personal Information"

**Work email Contact info is <u>corporate property</u>, NOT personal information.**

Under Rule 5.2(a), the following must be redacted:

- Social Security numbers

- Taxpayer identification numbers

- Birth dates

- Financial account numbers

- Names of minor children

**Work email addresses are not on this list.**

Moreover, **corporate email addresses are routinely included in litigation filings** to identify witnesses, parties, and relevant individuals. *See Wright & Miller, Fed. Prac. & Proc. § 1404* (discussing identification of witnesses in pleadings).

### 3. The Notation "(sick with full accommodations)" Is Relevant

Defendants object to a notation on page 25 describing an employee as "(sick with full accommodations)."

**This information is directly relevant to Plaintiff's FMLA claims because:**

- It shows EBSCO's accommodation practices

- It provides comparative evidence (EBSCO accommodated other employees)

- It identifies a potential witness with knowledge of EBSCO's FMLA/accommodation policies

**Relevant information cannot be stricken merely because it references medical issues.** *See Fed. R. Evid. 401-402* (relevant evidence is admissible unless Rule 403 concerns outweigh probative value). Any such generic reference is a matter of legal context and evidence of discriminatory treatment, with certain classes of employees given full accommodation while Plaintiff's ADA and FMLA protections are breached.

### 4. This Is Witness Intimidation

**The real purpose of seeking to redact the witness list is to:**

- Prevent Plaintiff from identifying these individuals in future filings

- Intimidate potential witnesses by suggesting their involvement will be kept secret

- Obstruct discovery by making it harder to identify deposition targets

- **Tamper with evidence by suppressing the identities of individuals with knowledge of Defendants' fraud and abuses**

**This Court should not be induced into unwittingly facilitating and becoming an instrument for Defendants' and Counsel's witness intimidation and evidence suppression/tampering.**

---

### D. THE BENEFIT GUIDES PROVE EBSCO INDUSTRIES, INC. IS THE ACTUAL EMPLOYER OF RECORD (EOR)—THAT IS WHY DEFENDANTS WANT THEM STRICKEN

### 1. The Real Reason for This Motion

**This motion has nothing to do with confidentiality or privacy. It has everything to do with evidence suppression.**

The benefit guides on pages 240-263 of Doc. 29 **prove that EBSCO Industries, Inc. is the employer of record providing benefits to all EBSCO employees**, including Plaintiff.

**See Doc. 29 at 240-263** (benefit guide consistently identifying "EBSCO Industries, Inc." as benefit plan sponsor and administrator).

This directly contradicts Defendants' representations to this Court that:

- EBSCO Publishing, Inc. was Plaintiff's employer

- EBSCO Information Services, LLC terminated Plaintiff (ultra Vires void ab initio act)

- **EBSCO Industries, Inc. had no employment relationship with Plaintiff (only lawful EOR)**

**The benefit guides destroy these false representations; Proving systemic Fraud on the Court.**

**2. Form 5500 Corroboration**

The benefit guides' identification of EBSCO Industries, Inc. as benefits provider is corroborated by **Form 5500 filings** with the Department of Labor, which identify:

- **Plan Sponsor:** EBSCO Industries, Inc.

- **Plan Administrator:** EBSCO Industries, Inc.

- **Employer Identification Number:** [EIN for EBSCO Industries, Inc.]

**See Exhibit B** (Form 5500 excerpts).

**Under ERISA, the entity that sponsors and administers employee benefit plans is the employer.** 29 U.S.C. § 1002(5).

**Therefore, the benefit guides prove EBSCO Industries, Inc. is Plaintiff's employer—exactly what Plaintiff has alleged and exactly what Defendants want suppressed.**

**3. This Is Evidence Tampering**

**Defendants seek to suppress evidence that:**

- Proves their corporate structure misrepresentations to this Court (Doc 40 fraud = 1 footnote with +25 perjuries)

- Establishes EBSCO Industries, Inc. as the actual employer, <u>**the only one statutorily qualified**</u>

- Supports Plaintiff's allegations of entity manipulation and EOR, EIN and legal form fraud

- Identifies witnesses with knowledge of the fraudulent EOR/EIN scheme

**Striking this evidence would:**

- Obstruct Plaintiff's ability to prove his claims

- Prevent this Court from adjudicating on complete factual record

- Reward Defendants for claiming public documents as confidential to manufacture false emergency and extract undue relief from Court, through manipulation and inducement, while trying to suppress them in litigation

- **Facilitate ongoing fraud on this Court**

**This Court should not be made an instrument of evidence tampering and obstruction.**

---

### E. DEFENDANTS' MOTION VIOLATES RULE 11

### 1. Certification Requirements

By signing and filing this motion, Defendants' counsel certifies to this Court that:

"to the best of the [attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law"

Fed. R. Civ. P. 11(b)(2).

**Defendants' motion violates Rule 11 because:**

**(a) No Reasonable Inquiry:** Counsel could not have formed a reasonable belief that publicly-posted documents are "confidential" after reasonable inquiry. A simple Google search reveals the documents are public.

**(b) Not Warranted by Law:** No law supports striking publicly-available documents as "confidential." *Siedle* and *Nixon* expressly foreclose this argument.

**(c) Improper Purpose:** The motion is filed for an improper purpose—to obstruct discovery, suppress evidence, and intimidate witnesses—not to protect legitimate confidentiality interests.

### 2. Rule 11 Sanctions Are Warranted

Under Rule 11(c), this Court may impose sanctions including:

- Monetary penalties payable to Plaintiff

- Attorney's fees incurred in opposing the frivolous motion

- Non-monetary directives (such as precluding further frivolous motions)

**Plaintiff requests that this Court impose Rule 11 sanctions on Defendants and counsel for filing this frivolous motion.**

---

**F. THIS MOTION IS PART OF A PATTERN OF BAD FAITH OBSTRUCTION**

This is not Defendants' first attempt to obstruct these proceedings through frivolous motions. **This is an established pattern of procedural abuse and contempt:**

| Date | Defendants' Conduct | Purpose |
|---|---|---|
| October 2024 | Refused to clarify entity structure ("Dark 67") | Obstruct proper party identification |
| December 11, 2024 | Categorically denied documented fraud | Obstruct remediation and continuing violation |
| December 19, 2024 | Claimed no obligation to respond to entity clarification form | Obstruct compliance with Court Order Doc 67 |
| December 22, 2024 | Motion to Strike public documents | Suppress evidence, intimidate witnesses |
| December 22, 2024 | Motion to Extend Answer deadline | Delay compliance with Court orders |

**Each motion serves one purpose: delay, obstruct, and prevent adjudication on the merits.**

**This Court should not reward this pattern of bad faith by granting yet another obstructive motion.**

---

**V. CONCLUSION AND REQUESTED RELIEF**

**For the foregoing reasons, Plaintiff respectfully requests that this Court:**

**1. DENY Defendants' Motion to Strike or Redact (Docs. 75-76) in its entirety;**

**2. FIND that:**

- The motion is **untimely** (169 days late) and therefore waived
- The benefit guides are **public documents** that cannot be deemed confidential
- The witness list contains no **personal information** requiring redaction
- The motion is filed in **bad faith** to suppress evidence and intimidate witnesses

**3. IMPOSE RULE 11 SANCTIONS** on Defendants and their counsel, including:

- Monetary penalties payable to Plaintiff

- Attorney's fees and costs incurred in opposing this frivolous motion

- Order requiring counsel to submit proposed filings to Plaintiff for confidentiality review before filing (to prevent future frivolous motions)

**4. ORDER that:**

- Doc. 29 shall remain on the public record in its entirety

- No redactions shall be made

- Defendants are precluded from re-raising confidentiality objections to documents they have publicly posted

**5. REFER Attorney Lynch's conduct** to the Massachusetts Board of Bar Overseers for investigation of filing frivolous motions in violation of Mass. R. Prof. C. 3.1;

**6. AWARD such other relief** as this Court deems just and proper.

---

**Respectfully submitted,**

**Mohamed 'Mo' Ly,** *pro se* Plaintiff    & Whistleblower                    **Dated: December 23, 2025**

---

**CERTIFICATE OF SERVICE:**
I certify that this motion was filed and served on all Defendants via ECF.
**/s/Mohamed 'Mo' Ly,** *pro se* Plaintiff & Whistleblower                    **Dated: December 23, 2025**

---

**EXHIBITS:**

**Exhibit A:** Screenshots of EBSCO's public website showing unrestricted access to benefit guides

**Exhibit B:** Form 5500 excerpts identifying EBSCO Industries, Inc. as plan sponsor/administrator

**Exhibit C:** Timeline of Defendants' pattern of obstructive motions

---