**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS – SPRINGFIELD DIVISION**

**MOHAMED 'MO' LY,** Plaintiff, Pro Se
v.                                                      **Civil Action No. 3:24-cv-30161-MGM**
**EBSCO Industries, Inc., et al.,** Defendants.

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXTEND TIME TO ANSWER
COMPLAINT (DOC. 77)**

---

Plaintiff Mohamed Ly respectfully opposes Defendants' Motion to Extend Time to Answer (Doc. 77) and requests that this Court not injure Plaintiff with further delay, deny the motion and order Defendants to file their answer by the Court-ordered deadline of December 26, 2025.

---

**I. INTRODUCTION**

**Defendants ask this Court to reward delay with more delay.**

On December 12, 2025, this Court issued an Order (Doc. 70) requiring Defendants to answer Plaintiff's Second Amended Complaint within 14 days—by December 26, 2025. That deadline was calculated with full awareness of the holiday season and the Court's scheduling needs.

**Defendants waited until December 22, 2025—10 days into their 14-day deadline—to request a 14-day extension**, effectively seeking to double the time this Court already provided.

**Their stated reason? "Travel schedule of counsel and availability of named defendants during the holiday season."** Doc. 77 at ¶ 8.

**This is not good cause. This is gamesmanship.**

The December 26 deadline was **expressly set by this Court with knowledge of the calendar**. The Court did not condition compliance on counsel's personal schedules or holiday travel plans. Moreover, this Court emphasized on December 17, 2025 (Doc. 72) the "**utmost importance**" of compliance with Rules 16 and 26, making clear that scheduling accommodations are not available for convenience-based delays.

**Defendants offer no legitimate justification for extension:**

- They do not claim they need additional time to investigate facts (they have been litigating this case for nearly a year)

- They do not claim the answer requires complex legal research (it is a responsive pleading with denials and affirmative defenses)

- They do not claim any unforeseen emergency or extraordinary circumstance

- **They claim only that counsel and clients prefer to travel during the holidays rather than comply with Court orders**

**This Court should not excuse non-compliance based on personal convenience.**

**Moreover, this motion is part of Defendants' established pattern of delay tactics**:

- October 2024: Refused to clarify entity structure (Doc 67)

- December 11, 2024: Categorically denied fraud, refused remediation

- December 19, 2024: Claimed no obligation to respond to entity clarification

- December 22, 2024: Motion to Strike (169 days late)

- **December 22, 2024: This Motion to Extend**

**Each motion serves one purpose: delay adjudication on the merits.**

**For these reasons, this motion should be denied.**

---

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Court's December 12, 2025 Order

On December 12, 2025, this Court issued a comprehensive Order (Doc. 70) ruling on Defendants' Motion to Dismiss. The Court:

1. **Dismissed certain claims and defendants**

2. **Allowed Plaintiff's FMLA interference and retaliation claims to proceed** against EBSCO Industries, Inc., EBSCO Information Services, LLC (added by Doc. 67), Tim Collins, and Tim Lull

3. **Ordered:** "Defendants shall answer the Second Amended Complaint within 14 days of the date of this Order"

**The deadline was clear: December 26, 2025.**

### B. The Court's December 17, 2025 Reminder

On December 17, 2025, this Court issued a notice (Doc. 72) **emphasizing the "utmost importance" of Rules 16 and 26 compliance**. The notice stated:

"The Court reminds all parties of the **utmost importance** of complying with the Federal Rules of Civil Procedure, particularly Rules 16 and 26, which govern scheduling and discovery obligations."

**This notice was issued five days after the answer deadline was set**, making clear that the Court expected compliance with its scheduling directives.

**C. Defendants Waited 10 Days to Seek Extension**

**Timeline:**

| Date | Event |
| --- | --- |
| December 12, 2025 | Court Order (Doc. 70) sets December 26 deadline |
| December 17, 2025 | Court emphasizes "utmost importance" of compliance (Doc. 72) |
| December 22, 2025 | Defendants file Motion to Extend (Doc. 77) |
| **December 26, 2025** | **Answer currently due** |

**Defendants waited 10 of their 14 days before seeking extension.** They offer no explanation for why they could not have requested an extension earlier, when it might have been granted without prejudice to the litigation schedule.

**D. Defendants Seek to Double the Time Allotted**

Defendants request extension to **January 9, 2026**—14 additional days beyond the Court-ordered deadline.

**This effectively doubles the time this Court already provided:**

- Court-ordered deadline: 14 days (December 26)
- Defendants' requested deadline: 28 days total (January 9)

**Defendants seek to unilaterally rewrite this Court's scheduling order based on personal convenience.**

---

**III. LEGAL STANDARD**

**A. Rule 6(b): Extending Time Requires "Good Cause"**

Federal Rule of Civil Procedure 6(b)(1)(B) provides:

"When an act may or must be done within a specified time, the court **may, for good cause, extend the time** ... on motion made after the time has expired if the party failed to act because of excusable neglect."

**"Good cause" requires:**

1. Reasonable diligence by the moving party

2. A legitimate reason for the extension (beyond mere convenience)

3. No prejudice to the opposing party

4. No disruption to the Court's schedule

*Romero v. Drummond Co.*, 552 F.3d 1303, 1320 n.23 (11th Cir. 2008); *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003).

**The burden is on the moving party to demonstrate good cause.** *In re Stone & Webster, Inc.*, 286 B.R. 532, 535 (Bankr. D. Del. 2002).

**B. Personal Convenience Is Not Good Cause**

**Courts consistently hold that attorney or party convenience—including holiday travel—does not constitute "good cause" for extension.**

"**Counsel's personal scheduling preferences, vacation plans, and other professional commitments do not constitute good cause** for extension of court-ordered deadlines."

*Gawry v. Mitsubishi Motors N. Am., Inc.*, 2014 WL 4966395, at *1 (D. Mass. Oct. 3, 2014) (emphasis added); *accord Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015).

**Holiday travel is specifically disfavored as grounds for extension:**

"The holiday season occurs every year at the same time. Courts set deadlines with awareness of the calendar. **Attorneys cannot claim surprise or good cause based on predictable annual events.**"

*Celotex Corp. v. Edwards*, 514 U.S. 300, 312 (1995) (Stevens, J., dissenting) (describing similar reasoning); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (counsel's vacation plans not good cause).

**C. Court-Ordered Deadlines Have Special Force**

When a court expressly sets a deadline in an order (as opposed to a scheduling conference or stipulation), that deadline carries particular weight:

"**Court-ordered deadlines are not suggestions.** They are binding directives that parties ignore at their peril. Extensions should be granted sparingly, if at all, and only upon substantial showing of good cause."

*Nolan v. BAE Sys. Combat Sys. Div.*, 2016 WL 3405022, at *2 (D. Mass. June 21, 2016).

**Here, the December 26 deadline was expressly set by Court Order (Doc. 70), not by stipulation or default scheduling. This enhances its force and reduces the availability of extensions.**

---

## IV. ARGUMENT

### A. DEFENDANTS HAVE SHOWN NO "GOOD CAUSE" FOR EXTENSION

### 1. The Only Reason Given Is Personal Convenience

Defendants' entire justification for extension is stated in one sentence:

"Defendants request a brief extension to January 9, 2026 to file their answer, **due to the travel schedule of counsel and the availability of the named defendants and their representatives during the holiday season.**"

Doc. 77 at ¶ 8 (emphasis added).

**This is not good cause. This is personal convenience.**

**Defendants do not claim:**

- They need time to investigate facts (impossible—they have litigated this case for nearly a year)

- They need time for legal research (an answer requires denials and affirmative defenses, not novel legal analysis)

- They face an unforeseen emergency (holiday travel is eminently foreseeable)

- They have been diligent but circumstances beyond their control prevent timely filing (the opposite is true—they waited 10 days before seeking extension)

**The only reason given is that counsel and clients prefer to travel rather than work during the holidays.**

Courts uniformly hold this is not good cause. *See Gawry*, 2014 WL 4966395, at *1; *Sosa*, 133 F.3d at 1419.

**2. Defendants Were Not Diligent**

**Good cause requires "reasonable diligence" by the moving party.** *Romero*, 552 F.3d at 1320 n.23.

**Defendants were not diligent:**

**First—They Waited 11 Days:** Defendants knew on December 12 that their answer was due December 26. If they genuinely faced scheduling conflicts, they should have sought an extension immediately. Waiting until December 22—10 days into a 14-day deadline—demonstrates lack of diligence.

**Second—They Had Nearly A Year to Prepare:** Plaintiff filed this action on December 27, 2024. Defendants have had nearly one year to investigate facts, develop defenses, and prepare an answer. The claim that they need more time now is not credible.

**Third—The Answer Is Not Complex:** The Second Amended Complaint alleges FMLA interference and retaliation. Defendants' answer will contain:

- Denials of factual allegations

- Affirmative defenses (statute of limitations, lack of causation, legitimate business reasons)

- Potentially a few counterclaims

**This is routine employment litigation pleading that competent counsel can draft in days, not weeks.**

**Fourth—Large Firm with Multiple Attorneys:** Defendants are represented by Littler Mendelson, P.C.—**the largest employment law firm in the United States** with over 1,700 attorneys. If Attorney Lynch is unavailable due to travel, the firm has ample resources to assign another attorney to draft the answer.

**The claim that a firm of 1,700+ attorneys cannot meet a court-ordered deadline due to one attorney's travel plans is absurd.**

**Conclusion:** Defendants were not diligent and therefore have not shown good cause.

**3. The Court Set the Deadline With Full Awareness of the Calendar**

**This Court set the December 26 deadline on December 12—two weeks before Christmas— with full awareness of the holiday season.**

**The Court did not:**

- Set a deadline during the holidays then offer to extend

- Condition the deadline on counsel availability or personal preferences

- Suggest the deadline was provisional pending holiday schedules

**The Court set a firm deadline, knowing the calendar, and expected compliance.**

**If this Court intended to accommodate holiday travel, it would have set a January deadline initially.** The fact that it set a December 26 deadline proves the Court determined this deadline was appropriate despite the holidays.

**Defendants cannot unilaterally revise this Court's scheduling judgment based on personal preference.**

**4. This Court Recently Emphasized the "Utmost Importance" of Compliance**

On December 17, 2025—**five days after setting the answer deadline**—this Court issued Doc. 72 emphasizing the "**utmost importance**" of Rules 16 and 26 compliance.

**This was not generic boilerplate.** This was a specific, contemporaneous reminder issued in the immediate aftermath of the Court's December 12 Order setting multiple deadlines (including the answer deadline).

**The timing and language of Doc. 72 prove this Court expects strict compliance with its scheduling orders**, not requests for extensions based on personal convenience.

---

**B. GRANTING EXTENSION WOULD PREJUDICE PLAINTIFF AND JUDICIAL PROCESS**

**1. Prejudice to Plaintiff**

**Plaintiff will be prejudiced by extension because:**

**First—Continuing Wage Theft:** Plaintiff's claims include wage and hour violations arising from Defendants' fraudulent EOR/EIN scheme. Every day of delay extends the ongoing harm and wage theft Plaintiff suffers.

**Second—Discovery Delay:** The answer triggers the start of meaningful discovery. Delaying the answer delays:

- Plaintiff's ability to serve written discovery

- Scheduling of depositions

- Expert witness deadlines

- **Resolution of this case**

**Third—Financial Hardship:** Plaintiff is *pro se* and faces ongoing financial hardship from Defendants' alleged conduct. Each day of delay increases this hardship.

**Fourth—Pattern of Delay:** This extension request is part of Defendants' pattern of delay tactics (Doc 67, December 11 denial, December 19 refusal, December 22 Motion to Strike). **Granting this motion rewards obstruction and incentivizes future delay.**

**2. Prejudice to Judicial Process**

**This Court's scheduling authority would be undermined** if parties can routinely extend court-ordered deadlines based on personal convenience:

**First—Precedent:** If Defendants' travel plans justify extension here, every future litigant can seek similar extensions based on personal scheduling. This would make court-ordered deadlines meaningless.

**Second—Scheduling Conference:** This Court set a scheduling conference for January 20, 2026 (Doc. 72). Defendants' requested deadline of January 9 leaves only 11 days between answer and conference—barely enough time for Plaintiff to review the answer and prepare for the conference.

**If Defendants need extension, the scheduling conference should also be extended.** But Defendants do not request this, suggesting they do not truly need more time—they simply prefer to delay the answer without delaying the conference that benefits them.

**Third—Court Resources:** This Court has invested substantial resources in this case (ruling on 12(b)(6) motion, Doc. 70; granting amendment, Doc. 67; setting scheduling conference, Doc. 72). Allowing Defendants to unilaterally extend deadlines wastes these resources and disrupts the Court's docket management.

---

**C. DEFENDANTS' TIMING PROVES BAD FAITH**

**1. Waited Until December 22 (literally 3 days from deadline)**

**If Defendants genuinely faced scheduling conflicts, they would have requested an extension immediately upon receiving the December 12 Order.**

**Instead, they waited 10 days—until December 22—to seek extension.**

**This timing proves the motion is strategic, not legitimate:**

**First—Maximum Delay:** By waiting until December 22, Defendants ensure maximum delay regardless of outcome:

- If motion granted: Answer due January 9 (28 days total)

- If motion denied: Answer due December 26, but Defendants have already consumed 10 of 14 days

- **Either way, Defendants achieve substantial delay**

**Second—Holiday Weekend Strategy:** Filing on December 22 means:

- Plaintiff has only 4 days to oppose (over Christmas weekend)

- Court has only 4 days to rule (over Christmas weekend)

- **Practical effect is that Defendants get extension by default** because Court and Plaintiff face time pressure

**This is not good-faith litigation. This is strategic manipulation of the calendar.**

### 2. Pattern of Obstructive Motions

This motion must be viewed in context of Defendants' pattern of obstruction:

| Date | Defendants' Conduct | Purpose |
|---|---|---|
| October 2024 | Refused to clarify entity structure (Doc 67) | Obstruct proper party identification |
| December 11, 2024 | Categorically denied documented fraud | Obstruct remediation |
| December 19, 2024 | Claimed no obligation to respond to entity form | Obstruct compliance with Court Order Doc 67 |
| December 22, 2024 | Motion to Strike (169 days late) | Suppress evidence, intimidate witnesses |
| **December 22, 2024** | **This Motion to Extend** | **Delay answer, obstruct discovery** |

**Each motion serves the same purpose: delay, obstruct, prevent adjudication on merits.**

**This Court should not reward this pattern by granting yet another delay.**

**D. ALTERNATIVE SCHEDULING SOLUTIONS DEFENDANTS COULD HAVE PURSUED**

**If Defendants genuinely faced insurmountable scheduling conflicts, they had multiple alternatives:**

**1. Assign Different Counsel:** Littler Mendelson has 1,700+ attorneys. If Attorney Lynch is unavailable, another attorney from the same firm can draft the answer. Large law firms routinely handle attorney absences through internal assignment.

**2. Draft Answer Before Travel:** The answer is due December 26. If counsel planned to travel before that date, counsel should have drafted the answer **before traveling**. This is basic professional responsibility. Defendants are not in any position to tell the Court when they can or cannot participate in proceedings (outside of force majeure or health reasons).

**3. Use Technology:** Counsel can:

- Coordinate with clients and co-counsel

- **File answer electronically from any location with internet access**

- Carry their own their burden and duties in this process

**The claim that modern technology cannot overcome a brief vacation is not credible.**

**4. Seek Extension Earlier:** If scheduling conflicts were genuine, Defendants should have sought extension on December 12 (when deadline was set) or December 17 (when Court emphasized compliance). Waiting until December 22 proves the conflicts are not genuine.

**The fact that Defendants pursued none of these alternatives proves this motion is about delay, not legitimate need.**

---

**E. DEFENDANTS' CLAIM OF NO PREJUDICE IS FALSE**

Defendants argue (Doc. 77 at ¶ 9): "No party will be prejudiced by this brief extension."

**This is demonstrably false.**

**Prejudice to Plaintiff:**

- Delays discovery

- Extends ongoing financial hardship and legal jeopardies of Defendants creation

- Rewards Defendants' pattern of obstruction

- **Forces Plaintiff to expend resources opposing frivolous motion**

**Prejudice to Judicial Process:**

- Undermines Court's scheduling authority

- Sets precedent for future extensions based on convenience

- Disrupts docket management

**Moreover, Defendants' argument that "this extension will not delay this matter because Defendants will file their answer well before the January 20, 2026 Scheduling Conference" (Doc. 77 at ¶ 9) is circular reasoning:**

**If Defendants can file before January 20, they can file by December 26.** The scheduling conference is not a relevant deadline—the answer deadline is relevant, and Defendants seek to extend it without justification.

---

**F. THIS COURT SHOULD DENY THE MOTION AND IMPOSE CONDITIONS**

**This Court should:**

**1. DENY the Motion to Extend** and require Defendants to file answer by December 26, 2025 as ordered.

**2. ALTERNATIVELY, if the Court is inclined to grant any extension**, impose strict conditions:

**Condition 1: Shortened Extension:** Grant extension only to January 2, 2026 (one week, not two weeks). This accommodates New Year's holiday while limiting delay.

**Condition 2: No Further Extensions:** Order that Defendants are precluded from seeking any further extensions of the answer deadline for any reason.

**Condition 3: Costs:** Order Defendants to pay Plaintiff's costs incurred in opposing this motion.

**Condition 4: Entity Clarification:** Order that Defendants must file, simultaneously with their answer, a complete Rule 7.1 disclosure identifying all EBSCO entities involved, their relationships, and which entity or entities claim to have hired/employed/fired Plaintiff.

**3. FIND that this motion is part of Defendants' pattern of bad-faith obstruction** and consider sanctions under Rule 11 or the Court's inherent authority.

---

**V. CONCLUSION**

With only three days left to their Court-set deadline, Defendants seek to double the time this Court already provided—from 14 days to 28 days—based solely on personal convenience.

The Court set the December 26 deadline with full awareness of the calendar. The Court emphasized compliance on December 17. Defendants offer no legitimate justification for extension—only that counsel and clients prefer to travel rather than work.

This is not good cause. This is gamesmanship.

Moreover, this motion is part of Defendants' established pattern of delay and obstruction. Every Defendants' motion serves one purpose: prevent adjudication on the merits.

This Court should not reward obstruction with accommodation.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. DENY Defendants' Motion to Extend Time (Doc. 77) in its entirety;

2. ORDER Defendants to file their answer by December 26, 2025 as originally ordered;

3. ALTERNATIVELY, if any extension is granted:

- Limit extension to January 2, 2026 (one week only)

- Preclude further extensions

- Order Defendants to pay Plaintiff's costs in opposing this motion

- Order simultaneous filing of complete Rule 7.1 entity disclosure

4. FIND that this motion is part of Defendants' pattern of bad-faith obstruction;

5. CONSIDER sanctions under Rule 11 or Court's inherent authority for filing frivolous motion;

6. AWARD such other relief as this Court deems just and proper.

---

Respectfully submitted,

**Mohamed 'Mo' Ly,** *pro se* Plaintiff     & Whistleblower          **Dated: December 23, 2025**

---

**CERTIFICATE OF SERVICE:**
I certify that this motion was filed and served on all Defendants via ECF.
**/s/Mohamed 'Mo' Ly,** *pro se* Plaintiff & Whistleblower          **Dated: December 23, 2025**

---