## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MOHAMED LY,
        Plaintiff,

v.

EBSCO INDUSTRIES, INC.,
EBSCO INFORMATION SERVICES, LLC,
EBSCO PUBLISHING, INC.,
TIM COLLINS, and TIM LULL,
        Defendants.

Civil Action No. 3:24-cv-30161-MGM

## EMERGENCY MOTION FOR DECLARATORY JUDGMENT

Pursuant to 28 U.S.C. §§ 2201–2202, Fed. R. Civ. P. 57,
and the Court's Inherent Equitable Authority

Plaintiff Mohamed Ly respectfully moves this Court for declaratory judgment pursuant to 28 U.S.C. §§ 2201–2202 and Fed. R. Civ. P. 57 declaring that Defendants' contradictory sworn statements to the Internal Revenue Service (Executive Branch) and this Court (Judicial Branch) regarding Plaintiff's employer identity create a legal barrier preventing Plaintiff from complying with federal tax law without exposure to criminal liability.

## I. INTRODUCTION

This Motion presents an actual, concrete controversy suitable for declaratory relief under the Declaratory Judgment Act: whether a party may simultaneously swear under penalty of perjury to the IRS that Entity A is an employee's employer while swearing under penalty of perjury to a federal court that Entity A is not that employee's employer, thereby making it structurally impossible for the employee to comply with 18 U.S.C. § 1621 (federal perjury: subscribing to

statements the declarant does not believe to be true) and 26 U.S.C. § 6065 (federal tax certification: true, correct, and complete to best of knowledge and belief) simultaneously. The answer is no.

This case does not require this Court to adjudicate the ultimate question of employer identity. At the January 20, 2026 scheduling conference, this Court appropriately placed that question in the discovery process now underway. The question before this Court is prior and more fundamental: whether Defendants may maintain irreconcilable sworn positions across two branches of the United States Government — a position they swore to the IRS for five consecutive years and a directly contrary position they swore to this Court; and in so doing render it legally impossible for Plaintiff to certify any available tax return without exposure to federal perjury liability. Federal law prohibits this. This Court has authority under 28 U.S.C. § 2201 to declare the legal rights and duties of the parties, thereby providing foundation for the accompanying injunctive relief.

### A. The Binary Contradiction

Defendants issued Forms W-2 to the IRS for tax years 2021–2025 identifying "EBSCO Industries, Inc." as Plaintiff's employer. Each form is signed under penalty of perjury pursuant to 26 U.S.C. § 6065. [Declaration ¶¶ 7-8; Exhibit A]

In their verified Answer filed in this Court, Defendants swore: "EBSCO Industries, Inc. was not Plaintiff's employer." [Declaration ¶¶ 10-12; Exhibit F, Defense #23] These positions are mutually exclusive and irreconcilable. Both cannot be true simultaneously.

### B. The Statutory Perjury Trap Created

The coexistence of Defendants' contradictory sworn positions has activated a perjury trap arising from the intersection of two federal statutes:

> *26 U.S.C. § 6065 requires that Plaintiff certify his tax return as "**true**, **correct**, and **complete**" to the best of his knowledge and belief.*
>
> *18 U.S.C. § 1621 prohibits willfully subscribing any statement "which [the declarant] does not believe to be true."*
>
> *Defendants' sworn disavowal of the W-2's employer designation — made under penalty of perjury to this Court — has destroyed Plaintiff's basis for forming the good-faith belief that § 6065 requires and that § 1621 demands. Plaintiff cannot simultaneously satisfy both statutes.*

**This is not a legal argument. It is a Statutory Equation applied to Undisputed Facts** of record.

Its resolution requires **no adjudication of employer identity**. It requires only acknowledgment that **two federal statutes cannot both be satisfied** when the issuer of a mandatory wage statement (W-2s) has sworn, under oath before this Court, that the **statements' core representation is false**.

Plaintiff did not manufacture this impossibility. For tax year 2021, Plaintiff filed a Form 4852 (Substitute for Form W-2) — the IRS's prescribed mechanism for situations in which a taxpayer cannot rely on a W-2 as issued. That filing was made in good faith and prior to Plaintiff's knowledge of Defendants' sworn disavowal. The intervening event that rendered Plaintiff unable to file for 2022 through 2025 was Defendants' verified Answer, filed January 9, 2026, containing Defense #23. Plaintiff cannot now file a Form 4852 or any other return for those years without confronting that sworn disavowal — because doing so would require certifying employer information as true at a time when Plaintiff possesses documented, judicial-record knowledge that the issuer of his W-2 has sworn its core representation to be false.

### C. What This Motion Seeks

Plaintiff requests declaratory judgment that:

1. Defendants' contradictory sworn statements to two federal branches create a legal barrier preventing Plaintiff from complying with 26 U.S.C. §§ 6011 and 6065 without exposure to criminal liability under 18 U.S.C. § 1621 and 26 U.S.C. § 7206;

2. Defendants bear a non-discretionary statutory duty under 26 U.S.C. § 6051 and 26 C.F.R. § 31.6205-1 to provide accurate wage statements and correct inaccurate statements;

3. Plaintiff cannot lawfully file federal tax returns for tax years 2021–2025 absent judicial resolution of Defendants' contradictory sworn positions; and

4. The foregoing declarations provide legal foundation for the injunctive relief requested in the companion Emergency Motion for TRO/PI and Motion for Declaratory and Mandatory Injunction.

## II. JURISDICTIONAL STATEMENT

### A. Subject Matter Jurisdiction

This Court has federal question jurisdiction under 28 U.S.C. § 1331 arising from the violation of federal tax statutes, perjury prohibitions, and constitutional rights. The underlying action is pending in this Court.

### B. Declaratory Judgment Jurisdiction

The Declaratory Judgment Act authorizes federal courts to "declare the rights and other legal relations of any interested party seeking such declaration" in cases of "actual controversy." 28 U.S.C. § 2201(a). This Court has declaratory jurisdiction under 28 U.S.C. §§ 2201–2202 and Fed. R. Civ. P. 57 because an actual, concrete controversy exists between parties with adverse legal interests regarding Plaintiff's ability to comply with federal tax law given Defendants' contradictory sworn statements.

### C. Standing

Plaintiff has Article III standing: (1) *injury in fact* — inability to file tax returns, criminal exposure under 18 U.S.C. §§ 1621 and 7206, and $89,203 in property loss; (2) *causation* — injury directly traceable to Defendants' contradictory sworn statements; (3) *redressability* — declaratory judgment removes the legal barrier preventing compliance. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

### D. Ripeness

This controversy is ripe for pre-enforcement review. *Abbott Labs v. Gardner*, 387 U.S. 136, 148–49 (1967). All three criteria are met: (1) the question — may Defendants maintain contradictory sworn positions across federal branches? — is purely legal; (2) Defense #23 is a final sworn statement; (3) hardship is extreme and immediate: Plaintiff faces the April 15, 2026 filing deadline, criminal exposure under 18 U.S.C. § 1621 ($100,000 + 3 years), and forfeiture of $89,203. Plaintiff need not commit a federal crime to establish ripeness.

### E. Authority to Exercise Declaratory Jurisdiction

While declaratory relief is discretionary, all relevant factors favor its exercise: (1) the declaration clarifies legal rights; (2) it terminates uncertainty; (3) it provides foundation for injunctive relief; (4) no alternative forum can adjudicate Defendants' contradictory oath to this Court; and (5) it serves compelling public interests in oath integrity and federal system coherence. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–88 (1995).

## III. FACTUAL SUMMARY

For complete factual background, see Emergency Motion for TRO/PI and Declaration under 28 U.S.C. § 1746. Controlling facts are summarized here.

### A. Federal Reporting Uniformly Identifies EBSCO Industries, Inc.

Civil Action No. 3:24-cv-30161-MGM | Ly v. EBSCO Industries, Inc., et al.

Every federal and state reporting instrument confirms EBSCO Industries, Inc. as Plaintiff's employer. [Declaration ¶¶ 5–8; Exhibits A, C, D, E]

- 43 paychecks: every wage payment drawn from Regions Bank, routing 062005690, account 1817259794, account holder: "EBSCO Industries, Inc." [Decl. ¶ 5; Ex. D]
- 5 Forms W-2 (2021–2025): Box c lists "EBSCO Industries, Inc." — each signed under penalty of perjury per 26 U.S.C. § 6065 [Decl. ¶¶ 7-8; Ex. A]
- 12+ Forms 941 (quarterly payroll tax): filed under EII's EIN [Decl. ¶ 44]
- ERISA / Form 5500 (Department of Labor): plan sponsor identified as EII — independent representation to a third federal agency [Decl. ¶ 44]
- State unemployment insurance wage reports: filed under EII's account [Decl. ¶ 41; Ex. J]
- IRS Forms W-9: EBSCO Publishing, Inc. and EBSCO Information Services classified as disregarded entities under Treas. Reg. § 301.7701-3 — treated as part of EII for all federal tax purposes [Decl. ¶ 44; Ex. E]

Under 26 U.S.C. § 3401(d), the "employer" for federal withholding purposes is the person "having control of the payment of the wages." This is a statutory definition, not a standard subject to judicial balancing. Applied to the uncontested fact that all 43 wage payments originated from EBSCO Industries, Inc.'s bank account, § 3401(d) produces a definitional conclusion: EBSCO Industries, Inc. is the statutory employer. The Court is not asked to decide this. Congress did already. No judicial determination of employer identity is required to apply a statute to undisputed bank records.

## B. Defendants' Contradictory Sworn Position to This Court

In their verified Answer (Dkt. No. 87, filed January 9, 2026), Defendants swore: Defense #23: "EBSCO Industries, Inc. was not Plaintiff's employer." Defense #24: "EBSCO Information Services was not Plaintiff's employer." The Answer further asserts that EBSCO Publishing, Inc. was the lawful employer — an entity that dissolved and merged into EBSCO Information Services

effective July 1, 2013, eight years before Plaintiff's employment began. [Decl. ¶¶ 10-12, 28; Ex. F, G]

Plaintiff's termination letter identifies "EBSCO Information Services" as employer of record — directly contradicting Defense #24. [Decl. ¶¶ 37-39; Ex. I]

### C. The 24-Month Record of Non-Resolution

Over 24 months (January 26, 2024 through January 26, 2026), Plaintiff sent seven formal demands for corrected Forms W-2C, including a Rule 11 Safe Harbor Notice on July 3, 2025 rejected within fifteen (15) minutes — proving Defendants' refusal is deliberate, not based on good-faith uncertainty. [Decl. ¶¶ 19-36; Exs. B-1 through B-7]

### D. Form 4852 and the Timeline of Impossibility

For tax year 2021, Plaintiff filed a Form 4852 (Substitute for Form W-2) with the IRS — the IRS's own prescribed mechanism for situations in which a taxpayer cannot fully rely on a W-2 as issued. That filing preceded Plaintiff's knowledge of Defense #23. The verified Answer, filed January 9, 2026, was the discrete event that changed Plaintiff's knowledge state and rendered filing for 2022 through 2025 legally impossible: Plaintiff cannot now certify any employer information as "true, correct, and complete" (26 U.S.C. § 6065) when he possesses sworn, judicial-record knowledge that the W-2's issuer has disavowed its core representation under penalty of perjury.

Plaintiff is estimated to be owed $89,203 in federal and state refunds for tax years 2021–2025. [Decl. ¶ 9; Ex. A-Supplemental] Each month that the contradictory sworn positions persist, IRS penalties under 26 U.S.C. § 6651(a)(1) compound at 5% per month.

## IV. ACTUAL CONTROVERSY EXISTS UNDER THE DECLARATORY JUDGMENT ACT

### A. Legal Standard

The Declaratory Judgment Act requires an "actual controversy" within judicial cognizance. 28 U.S.C. § 2201(a). The dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests," "real and substantial," and capable of resolution through declaratory relief. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

## B. All Elements Are Satisfied
### 1. DEFINITE AND CONCRETE DISPUTE TOUCHING LEGAL RELATIONS

The contradiction is binary, documented in sworn filings, and legally operative. The Forms W-2 Forms W-2 (sworn to IRS) state that EBSCO Industries, Inc. *is* Plaintiff's employer, while Defendants have sworn in this Court that EBSCO Industries, Inc. is **not** Plaintiff's employer. These mutually exclusive sworn statements presently govern Plaintiff's ability to comply with 26 U.S.C. § 6065 and expose him to liability under 26 U.S.C. § 7206(1) if he certifies returns **while knowing those statements have been denied under oath**. These sworn statements directly and presently determine Plaintiff's exposure under 18 U.S.C. § 1621 and 26 U.S.C. §§ 6065, 7206.

The dispute is neither abstract nor prospective; it is immediate and concrete. Under 26 C.F.R. § 31.6205-1, Defendants are required to correct inaccurate wage reporting, yet they have failed and refused to do so.

### 2. ADVERSE LEGAL INTERESTS

Defendants' contradictory positions impose directly conflicting legal constraints on Plaintiff: federal law requires reliance on employer-issued Forms W-2, 26 U.S.C. § 6051, yet Defendants have sworn that those Forms W-2 identify the wrong employer. As a result, Plaintiff cannot certify any return based on those statements without doing so **while knowing they have been denied under oath**, exposing him to liability under 26 U.S.C. § 7206(1). Meanwhile, Defendants incur no corresponding constraint; they preserve compliance before the IRS by leaving the W-2s

uncorrected, while asserting a contrary position in this Court to avoid liability. This asymmetry shifts the entire legal and financial burden of Defendants' dual-position strategy onto Plaintiff.

## 3. REAL AND SUBSTANTIAL

The controversy is neither hypothetical nor remote. It produces immediate and quantified harm: direct exposure to liability under 26 U.S.C. § 7206(1), loss of approximately $89,203 in property, and IRS penalties that continue to accrue monthly. The April 15, 2026 filing deadline renders the injury **immediate**, **permanent** and **unavoidable**. This is not speculative future harm. Plaintiff's certification obligation exists now; the sworn contradiction governing that certification exists now; and the resulting impossibility of lawful compliance exists now.

## 4. CAPABLE OF RESOLUTION THROUGH DECLARATORY RELIEF

Declaratory judgment establishing that Defendants cannot maintain contradictory sworn positions across federal branches provides the legal foundation for injunctive relief requiring resolution. The declaration establishes what the law requires; the injunction enforces it. Moreover, a declaration that the W-9 disregarded entity classifications mean that EBSCO Publishing, Inc. and EBSCO Information Services are, for all federal tax purposes, treated as part of EBSCO Industries, Inc., resolves the binary in a way no further adjudication can undo.

## V. SEVEN INDEPENDENT GROUNDS FOR DECLARATORY RELIEF

Seven independent legal doctrines, each alone sufficient, compel the declaratory judgment sought:

### A. The § 1621 / § 6065 Statutory Perjury-Trap — the Primary and Dispositive Ground

This ground requires no equitable balancing, no novel legal theory, and no adjudication of disputed facts. It is the ministerial application **of two federal statutes** to an undisputed sequence of events.

26 U.S.C. § 6065 requires Plaintiff to certify his return as "true, correct, and complete" to the best of his knowledge and belief.

26 U.S.C. § 7206(1) prohibits willfully making and subscribing any return or "material matter which [the declarant] does not believe to be true".

Defendants — the issuers of all five Forms W-2 — have sworn under penalty of perjury in their verified Answer that the employer named in Box c of those forms (EBSCO Industries, Inc.) was not Plaintiff's employer. That sworn disavowal has destroyed Plaintiff's basis for forming the **genuine, good-faith belief** that § 6065 requires and that § 1621 demands. **Plaintiff (together with this Court) now possesses documented, sworn, judicial-record evidence that the W-2's core representation is disputed** by the very party who issued it and signed it under penalty of perjury.

A declarant who certifies as "true and correct" a representation he has concrete, sworn, judicial-record reason to disbelieve is precisely the declarant that § 1621 was enacted to address. Plaintiff cannot reasonably or lawfully certify the W-2s without § 1621 exposure. He cannot omit or alter the W-2 information without violating the mandatory reporting framework. He cannot abstain without violating 26 U.S.C. §§ 6011 and 6072.

This Court should declare: Defendants' sworn disavowal of their own Forms W-2 has created a perjury-trap for Plaintiff under 18 U.S.C. § 1621 and 26 U.S.C. § 6065 that cannot be resolved by any filing action available to Plaintiff absent judicial intervention.

### B. Judicial Estoppel

Parties cannot take "clearly inconsistent" positions before different tribunals when doing so creates unfair advantage or detriment. *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001). All three

elements are met: (1) positions clearly inconsistent — to IRS: "EII is employer"; to this Court: "EII is not employer"; (2) IRS accepted Forms W-2, incorporating the employer designation into federal tax records; (3) unfair advantage and detriment extreme — Defendants maintain IRS compliance while avoiding employer liability in litigation; Plaintiff faces criminal exposure + $89,203 property loss.

The contradiction crosses not merely different proceedings but different branches of the federal government. The First Circuit applies judicial estoppel to bar contradictory positions across federal proceedings. *Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 33 (1st Cir. 2004). This Court should declare: judicial estoppel bars Defendants from maintaining contradictory sworn employer-identity positions to the IRS and to this Court.

### C. Legal Impossibility Doctrine

Courts must prevent situations requiring parties to violate federal law. *Weinberger v. Romero-Barcelo,* 456 U.S. 305, 312–13 (1982) ("[C]ourts cannot require individuals to commit crimes"). Three impossible paths, each violating law: (1) file based on W-2s — potential violation of 18 U.S.C. § 1621 and 26 U.S.C. § 7206; (2) file claiming different employer — contradicts all IRS records, potential § 1621/§ 7206 violation; (3) not file — violates 26 U.S.C. §§ 6011, 6072, subjects Plaintiff to penalties (§ 6651) and potential prosecution (§ 7203). No fourth path exists. This Court should declare: the legal impossibility requires resolution.

### D. Fifth Amendment Due Process Violation

The Fifth Amendment prohibits deprivation of property without due process. Plaintiff has a protected property interest in $89,203 in tax refunds — overpaid taxes the government is legally obligated to return. *Phillips v. Washington Legal Found.,* 524 U.S. 156, 164 (1998). Defendants' contradictory sworn statements deprive Plaintiff of this property on two grounds: procedural (no

mechanism exists for Plaintiff to resolve the contradiction — the IRS cannot adjudicate Defendants' oath to this Court; only this Court has authority) and substantive (government processes cannot create a binary requiring citizens choose between crime and property forfeiture). *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428–29 (1982). This Court should declare: due process requires resolution of the contradiction.

### E. Compelled False Certification — First and Fifth Amendment

The First Amendment prohibits compelling individuals to affirm statements they do not believe. *Wooley v. Maynard*, 430 U.S. 705, 714 (1977); *W. Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624, 642 (1943). Requiring Plaintiff certify the accuracy of Forms W-2 whose core representation Defendants have sworn is false compels Plaintiff to affirm what the issuer itself has publicly repudiated. Government processes — including Defendants' dual-branch submission strategy — cannot compel a citizen to swear to information its own issuer has disclaimed under oath. This Court should declare: the compelled certification of contradicted employer information violates the First and Fifth Amendments.

### F. Equitable Estoppel

Parties cannot repudiate representations that others are legally compelled to rely upon. *Heckler v. Community Health Servs.*, 467 U.S. 51, 59–60 (1984). Defendants induced Plaintiff's reliance through federally mandated Forms W-2 signed under penalty of perjury for five consecutive years. Reliance is not merely reasonable — it is legally compelled: IRS regulations require taxpayers to report wage income consistent with Forms W-2. 26 U.S.C. § 6051; 26 C.F.R. § 31.6051-1. Defendants cannot issue instruments they know taxpayers must rely upon and then, in the same federal court system, deny those instruments' core representation. This Court should declare: equitable estoppel bars the repudiation.

## G. 26 U.S.C. § 3401(d) Statutory Employer Determination — No Judicial Decision Required

This ground stands apart from others: it <u>does not require the Court to weigh facts, balance equities, or evaluate credibility</u>. It requires <u>only application of statutory definition</u> to undisputed arithmetic.

Under 26 U.S.C. § 3401(d), the "employer" for federal withholding purposes is "the person having control of the payment of the wages." This is a definitional rule. It does not invite discretion. It applies automatically upon identification of the wage-controlling entity.

The uncontested record establishes: all 43 wage payments to Plaintiff were drawn from Regions Bank, routing number 062005690, account number 1817259794, held in the name of EBSCO Industries, Inc. Not one payment was drawn from any account held by EBSCO Publishing, Inc. or EBSCO Information Services, LLC. [Decl. ¶ 5; Ex. D] Bank records are third-party instruments. They cannot be altered retroactively. Applied to these facts, § 3401(d) produces one result: EBSCO Industries, Inc. is the statutory employer.

Moreover, because Defendants' own IRS Forms W-9 classify EBSCO Publishing, Inc. and EBSCO Information Services as disregarded entities — treated as non-legal entities, mere components of EBSCO Industries, Inc. for all federal tax purposes under Treas. Reg. § 301.7701-3 — any corrected W-2C issued by any EBSCO entity would, as a matter of federal tax law, be a W-2C issued by EBSCO Industries, Inc. The disregarded entity classification makes the outcome the same regardless of which entity name appears on the form. Every available compliance path leads to the same statutory employer.

This Court should declare: applying 26 U.S.C. § 3401(d) to the undisputed bank records establishes that EBSCO Industries, Inc. is Plaintiff's employer for federal withholding purposes. This

determination does not resolve the ultimate employer identity question in the underlying litigation and does not adjudicate liability for the claims in the Second Amended Complaint.

## VI. THIS COURT SHOULD EXERCISE DECLARATORY JURISDICTION

All factors favor exercising jurisdiction:

1. **CLARIFIES LEGAL RIGHTS**: The declaration establishes whether parties may maintain contradictory oaths to different federal branches — a question of precedential importance to the integrity of both the IRS reporting system and the federal courts.

2. **TERMINATES UNCERTAINTY**: Plaintiff faces the most immediate form of legal uncertainty: a filing deadline that requires either potential crime or property forfeiture. Declaratory relief removes that uncertainty before irreversible harm occurs.

3. **NO ALTERNATIVE FORUM**: The IRS cannot adjudicate Defendants' oath to this Court. Administrative tax procedures assume that employer-issued Forms W-2 are accurate — they do not address situations where the issuer has sworn in federal litigation that the form's core representation is false. This Court is the only forum with authority to resolve the contradiction.

4. **SERVES PUBLIC INTEREST**: (a) Federal system integrity — the IRS (Executive) and courts (Judicial) cannot operate coherently if parties tailor sworn factual representations to whichever forum serves their current litigation interest; (b) Oath reliability — the penalty-of-perjury requirement exists to ensure that sworn representations are consistent and trustworthy across all federal forums; (c) Tax compliance — the federal tax system depends on accurate, certifiable employer reporting; (d) Individual officer accountability — the

Civil Action No. 3:24-cv-30161-MGM | Ly v. EBSCO Industries, Inc., et al.

natural persons who executed or authorized both the W-2s (signed under 26 U.S.C. § 6065) and the verified Answer (containing Defense #23) face potential individual exposure under 18 U.S.C. § 1621 for whichever sworn position is false. Judicial resolution serves the institutional interest in extricating named Defendants Tim Collins and Tim Lull from a continuing dual-oath position for which no lawful explanation has been offered.

5.  **PROVIDES FOUNDATION FOR INJUNCTIVE RELIEF**: The declarations in Section IX provide the legal predicate for the mandatory compliance order requested in the companion motions.

6.  **CONSISTENT WITH COURT'S OWN SCHEDULING ORDER**: At the January 20, 2026 scheduling conference, this Court instructed that employer identity "be explored in discovery". That exploration is underway. This Motion does not ask the Court to pre-decide that question. It asks the Court to declare the narrower, logically prior question: **whether Defendants may maintain contradictory sworn positions across federal branches while that discovery is underway**. Declaratory relief on that question does not pre-empt the discovery process — it creates the conditions under which Defendants' sworn discovery answers will produce a legally coherent record, across federal branches.

## VII. RELATIONSHIP TO COMPANION MOTIONS

This Motion is filed concurrently with: (1) Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction; and (2) Plaintiff's Motion for Declaratory and Mandatory Injunction (MFDAMI).

The three instruments operate in parallel on distinct but mutually reinforcing legal theories:

Case 3:24-cv-30161-MGM    Document 105    Filed 04/07/26    Page 16 of 20

Civil Action No. 3:24-cv-30161-MGM | Ly v. EBSCO Industries, Inc., et al.

- The **TRO/PI** addresses urgency, irreparable harm, and the Winter factors, seeking immediate relief before the April 15, 2026 deadline.
- The **MFDAMI** addresses statutory mandatory compliance and permanent barrier removal under 28 U.S.C. §§ 2201–2202, operating independently of Winter factors.
- **This Motion** addresses the declaratory legal predicate — the formal declaration of the parties' legal rights and duties — that provides the foundation for both injunctive instruments and establishes governing law for the Court's enforcement authority.

Together, the three instruments create a closed system: whatever pathway the Court prioritizes, the same legal outcome (elimination of the contradictory sworn positions preventing Plaintiff's compliance) becomes legally required. This is <u>dual-track</u> architecture, <u>not duplication</u>.

## VIII. ANTICIPATED JURISDICTIONAL CHALLENGES

### A. "Not Ripe Until Plaintiff Files and IRS Acts"

FAILS: Ripeness requires "substantial controversy of sufficient immediacy," not actual enforcement. *Abbott Labs,* 387 U.S. at 148–49. The April 15 deadline creates maximum immediacy. Plaintiff has already demonstrated good-faith compliance effort through the Form 4852 filing for 2021. Requiring Plaintiff to commit a potential federal crime under 18 U.S.C. § 1621 to establish ripeness is constitutionally untenable.

### B. "Declaratory Judgment Is Unnecessary — TRO/PI Sufficient"

FAILS: Declaratory judgment serves independent purposes: (1) establishes legal precedent regarding the oath-integrity obligation across federal branches; (2) provides alternative procedural pathway if TRO/PI relief is denied or limited; (3) clarifies parties' legal duties independently of equitable balancing; and (4) operates without the urgency standard that the TRO requires, providing a longer-term vehicle for the same relief.

### C. "Court Should Decline Jurisdiction as Matter of Discretion"

**FAILS:** All *Wilton* factors favor exercising jurisdiction: (1) clarifies legal rights; (2) terminates uncertainty; (3) no alternative forum; (4) compelling public interest; and (5) provides foundation for injunctive relief. Declination would leave Plaintiff without any mechanism to resolve a legal impossibility created entirely by Defendants' own conduct. Courts do not decline jurisdiction to prevent the very parties seeking review from being forced to commit crimes.

### D. "Employer Identity Is a Merits Question — TRO/PI Premature"

**FAILS:** This Motion does not ask the Court to decide employer identity. It asks the Court to declare whether Defendants may simultaneously maintain contradictory sworn positions on that question to different federal branches. Those are distinct questions. Moreover, this Court itself, at the January 20, 2026 scheduling conference, placed employer identity in discovery — not in this motion. The declaratory question is prior to and independent of the employer identity question.

### E. "Plaintiff Can File a Form 4852 Substitute Return"

**FAILS:** Plaintiff has already done so for 2021 — prior to learning of Defendants' sworn disavowal. He cannot repeat that filing for 2022–2025 now that he possesses sworn, judicial-record, documented reason to disbelieve the employer designation on his W-2s. Filing a Form 4852 substitute for subsequent years with this knowledge would require Plaintiff to certify employer information under § 6065 while knowingly in possession of the issuer's sworn denial — the exact conduct 18 U.S.C. § 1621 prohibits.

## IX. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests this Court enter declaratory judgment pursuant to 28 U.S.C. §§ 2201–2202 and Fed. R. Civ. P. 57 declaring that:

1. **LEGAL BARRIER EXISTS:** Defendants' contradictory sworn statements to the IRS (Forms W-2 listing EBSCO Industries, Inc. as employer pursuant to 26 U.S.C.

Civil Action No. 3:24-cv-30161-MGM | Ly v. EBSCO Industries, Inc., et al.

§ 6065) and to this Court (Defense #23 denying EBSCO Industries, Inc. is employer in verified Answer) create a statutory perjury-trap preventing Plaintiff from complying with 26 U.S.C. §§ 6011 and 6065 without exposure to criminal liability under 18 U.S.C. § 1621 (perjury: subscribing to statements declarant does not believe to be true) and 26 U.S.C. § 7206 (false tax returns);

2. **STATUTORY DUTY EXISTS:** Defendants have a non-discretionary statutory duty under 26 U.S.C. § 6051(a) and 26 C.F.R. § 31.6205-1 to provide accurate Forms W-2 and to correct inaccurate Forms W-2 by issuing corrected Forms W-2C — a duty that has been triggered and known to Defendants since at least January 26, 2024, when Plaintiff sent his first formal demand;

3. **STATUTORY EMPLOYER DETERMINATION:** Applying 26 U.S.C. § 3401(d) to the undisputed bank records establishing that all 43 wage payments were drawn from EBSCO Industries, Inc.'s account, EBSCO Industries, Inc. is Plaintiff's employer for federal withholding purposes as a matter of statutory definition — independent of any judicial determination of the ultimate employer identity question in the underlying litigation;

4. **DISREGARDED ENTITY CONVERGENCE:** Because EBSCO Publishing, Inc. and EBSCO Information Services, LLC are classified as disregarded entities under Treasury Regulation § 301.7701-3 (as reflected in Defendants' own IRS Forms W-9), any corrected W-2C issued by either entity is, for federal tax purposes, issued by EBSCO Industries, Inc. — confirming that every available compliance path leads to the same statutory employer designation;

5. **IMPOSSIBILITY OF COMPLIANCE:** Plaintiff cannot lawfully file federal tax returns for tax years 2021–2025 absent judicial resolution of Defendants' contradictory sworn positions because: (a) filing based on Forms W-2 requires certifying under penalty of perjury information Defendants have sworn is false, potentially violating 18 U.S.C. § 1621; (b) filing based on a different employer contradicts all IRS documentation, potentially violating 18 U.S.C. § 1621 and 26 U.S.C. § 7206; and (c) not filing violates 26 U.S.C. §§ 6011 and 6072 and subjects Plaintiff to penalties (§ 6651), interest (§ 6601), and potential criminal prosecution (§ 7203);

6. **PARTIES' LEGAL DUTIES:** Defendants' legal duties include: (a) maintaining a single consistent position regarding Plaintiff's employer identity across all federal branches, agencies, and tribunals; (b) either issuing corrected Forms W-2C consistent with their sworn litigation position, naming a legally existing entity with a valid federal employer identification number recognized by the IRS as a separate employer filer — an entity not classified as a disregarded entity under Treas. Reg. § 301.7701-3 and not dissolved under applicable state law — OR affirming the accuracy of the existing Forms W-2 and withdrawing Defense #23 from their Answer; and (c) complying with 26 U.S.C. § 6051 and 26 C.F.R. § 31.6205-1 by providing accurate wage reporting;

7. **JUDICIAL ESTOPPEL APPLIES:** Judicial estoppel bars Defendants from maintaining clearly inconsistent sworn positions regarding Plaintiff's employer

identity to different federal tribunals (IRS versus this Court) when doing so creates unfair advantage for Defendants and unfair detriment to Plaintiff;

8. **DUE PROCESS REQUIRES RESOLUTION:** Defendants' contradictory sworn statements deprive Plaintiff of $89,203 in property (tax refunds) without due process by rendering it legally impossible for Plaintiff to access that property through lawful tax filing;

9. **FOUNDATION FOR INJUNCTIVE RELIEF:** The foregoing declarations provide the legal predicate for the mandatory compliance orders requested in Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Motion for Declaratory and Mandatory Injunction, filed concurrently with this Motion.

Respectfully submitted,

/s/ Mohamed Ly_____
Mohamed Ly, Pro Se Plaintiff

Dated: April 2, 2026

## CERTIFICATE OF SERVICE

I certify that on April 6, 2026, I served this Emergency Motion for **Declaratory Judgment** via CM/ECF on counsel for Defendants at Littler Mendelson PC. Service is concurrent with Plaintiff's **Emergency Motion for Temporary Restraining Order** and **Preliminary Injunction and Motion for Declaratory and Mandatory Injunction.**

/s/ Mohamed Ly_____
Mohamed Ly