UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOHAMED LY,<br><br>             Plaintiff,<br><br>      v.<br><br>EBSCO INDUSTRIES, INC.; EBSCO INFORMATION SERVICES; EBSCO PUBLISHING, INC.; TIM COLLINS; and TIM LULL,<br><br>             Defendants. | Civil Action No. 3:24-cv-30161-MGM |

**DEFENDANTS EBSCO INDUSTRIES, INC., EBSCO INFORMATION SERVICES, LLC, EBSCO PUBLISHING, INC., TIM COLLINS AND TIM LULL'S ANSWER AND JURY DEMAND TO PLAINTIFF MOHAMED LY'S SECOND AMENDED COMPLAINT**

For their answers and defenses to the above-referenced Second Amended Complaint (Dkt. No. 101) ("the Complaint") filed by plaintiff Mohamed Ly ("Plaintiff"), defendants EBSCO Industries, Inc. ("EBSCO Industries"); EBSCO Information Services, LLC; ("EIS"); and EBSCO Publishing, Inc. ("EBSCO Publishing," and, collectively with other named EBSCO entities, "EBSCO"), Tim Collins ("Collins") and Tim Lull ("Lull," collectively, with EBSCO and Collins, "Defendants"), respond as set forth below. Responses to each paragraph of the Complaint are made without waiving, and expressly reserving, all rights that Defendants may have to seek relief by appropriate motions directed to the allegations of the Complaint, which may be brought pursuant to lawful process at a later time.

**INTRODUCTION**

1.      The allegations set forth in Paragraph 1 of Plaintiff's Complaint constitute a narrative for which no response is required. To the extent that a response is required, Defendants

deny that they violated the Massachusetts Wage Act ("Wage Act"), unlawfully interfered with or denied Plaintiff's alleged attempts to exercise his rights under the Family and Medical Leave Act ("FMLA"), or retaliated against Plaintiff for allegedly exercising his FMLA rights.

2.      Defendants admit that Plaintiff was placed on a performance improvement plan ("PIP") on or about March 15, 2023, before Plaintiff applied for or notified Defendants of an intent to apply for intermittent FMLA leave. Defendants deny the remaining allegations in Paragraph 2, including the implication that the decision to place Plaintiff on a PIP was in any way related to Plaintiff's request for intermittent FMLA leave.

3.      Defendants deny the allegations in Paragraph 3.

4.      Defendants admit that EBSCO Publishing terminated Plaintiff's employment on May 31, 2023. Defendants deny the remaining allegations in Paragraph 4.

5.      Defendants deny the allegations in Paragraph 5.

## JURISDICTION AND VENUE

6.      The allegations in Paragraph 6 constitute legal conclusions for which no response is required. To the extent a response is required, Defendants admit that, accepting Plaintiff's allegations as true, the above-named Court has jurisdiction over Plaintiff's FMLA claims in this action. Defendants deny, however, that there is any validity to Plaintiff's claims or that he is entitled to any of the relief that he seeks in this action.

7.      The allegations in Paragraph 7 constitute legal conclusions for which no response is required and therefore deny the allegations. Defendants further deny that there is any validity to Plaintiff's Wage Act claims or that he is entitled to any of the relief that he seeks in this action.

8.      The allegations in Paragraph 8 constitute legal conclusions for which no response is required. To the extent a response is required, Defendants admit that, based on the current

allegations of the Complaint, venue is proper in this Court. Defendants deny, however, that there is any validity to Plaintiff's claims or that he is entitled to any of the relief that he seeks in this action.

## **PARTIES**

9.      Defendants deny that Plaintiff was employed by EIS and admit that EBSCO Publishing employed Plaintiff from November 2021 to May 31, 2023. Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 9 regarding Plaintiff's residence and therefore deny them.

10.      Defendants admit the allegations in Paragraph 10.

11.      EBSCO admits the allegations in Paragraph 11. The Individual Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 11 and therefore deny them.

12.      EBSCO denies that EBSCO Publishing merged with EBSCO Information Services. EBSCO admits the allegations in Paragraph 12. The Individual Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 12 and therefore deny them.

13.      Defendants admit that EBSCO Publishing is a subsidiary of EIS and deny that EBSCO Publishing merged with EBSCO Information Services. The remaining statements in Paragraph 13 are not allegations of fact susceptible to admission or denial. Defendants are accordingly without sufficient information or knowledge to admit or deny the remaining allegations set forth in Paragraph 13 and therefore deny them.

14.     Defendants admit that Collins served as EIS's chief executive officer during Plaintiff's employment with EBSCO Publishing, Inc. and admit that Collins resides in Topsfield, Mass. Collins denies the remaining allegations set forth in Paragraph 14.

15.     Defendants admit that during Plaintiff's employment, Lull was EBSCO's Senior Vice President of Product Management and that Lull resides in Topsfield.

## STATEMENT OF FACTS

16.     Defendants admit that Plaintiff applied for the position of Principal Product Manager on July 29, 2021 and that EBSCO confirmed receipt of his application e-mail that day. Defendants deny the remaining allegations in Paragraph 16.

17.     Defendants admit that Plaintiff was hired with an anticipated start date of November 1, 2021, as set forth in his offer letter. Defendants deny the remaining allegations in Paragraph 17.

18.     EBSCO denies the allegations in Paragraph 18. The Individual Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 18 and therefore deny them.

19.     Defendants admit that Plaintiff was hired by EBSCO Publishing as Principal Project Manager, Globalization on or about November 1, 2021, with an annual starting salary of $175,000. EBSCO further admits that Paragraph 19 describes some, but not all, of Plaintiff's duties in his role as Principal Project Manager.

20.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 20 and therefore deny them.

21.     Defendants admit that EBSCO Industries issued Plaintiff's paychecks and W-2s as EBSCO Publishing's payor, not as Plaintiff's employing entity, pursuant to applicable Treasury regulations.

22.     EBSCO admits that during Plaintiff's employment with EBSCO Publishing, he was eligible for certain benefits provided to full-time employees and that EBSCO Industries was the benefit plan sponsor. The Individual Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 22 and therefore deny them.

23.     Defendants deny that Plaintiff had not been made aware of his performance issues prior to November 8, 2022. Defendants further state that the documents referenced in Paragraph 23 as Exhibit 5 are documents that speak for themselves and are the best evidence of their contents, such that no response is required. To the extent a response is required, Defendants deny that the documents referenced as Exhibit 5 are indicative of the full scope of Plaintiff's performance of his job duties. Defendants further deny Plaintiff's characterization of the document referenced as Exhibit 6 and/or Plaintiff's characterization of his role and involvement.

24.     Defendants state that the e-mail referenced in Paragraph 24 as Exhibit 7 is a document that speaks for itself and is the best evidence of its contents, such that no response is required. To the extent a response is required, Defendants deny that the November 9, 2022 e-mail referenced in Paragraph 24 as Exhibit 7 was the first time Lull attempted to address Plaintiff's performance issues with Plaintiff. Defendants admit that Plaintiff struggled to manage his direct reports and did not manage his direct reports in an acceptable manner.

25.     Defendants state that the document referenced in Paragraph 25 is a document that speaks for itself and is the best evidence of its contents, such that no response is required. To the extent a response is required, Defendants admit that Lull directly addressed his concerns with

Plaintiff regarding Plaintiff's work performance on and before February 7, 2023. Defendants further deny that the documents referenced in Paragraph 25 are indicative of the full scope of Plaintiff's performance of duties.

26. Defendants state that the document referenced in Paragraph 26 as Exhibit 8 is a document that speaks for itself and is the best evidence of its contents, such that no response is required. To the extent a response is required, Defendants admit that Plaintiff was placed on a PIP on or about March 15, 2023 due to performance issues that Lull had previously discussed directly with Plaintiff and that the anticipated duration of this PIP was 90 days.

27. Defendants admit the allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants state that the document referenced in Paragraph 29 as Exhibit 10 is a document that speaks for itself and is the best evidence of its contents, such that no response is required. To the extent a response is required, Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 29 regarding when Plaintiff's health care provider completed and/or signed a document, and Defendants therefore deny them. Defendants admit that whoever filled out "Section I – EMPLOYER" of the document referenced as Exhibit 10 listed "EBSCO Industries" as the "Employer Name," and Defendants deny that EBSCO Industries was Plaintiff's employer.

30. Defendants state that the document referenced in Paragraph 30 as Exhibit 11 is a document that speaks for itself and is the best evidence of its contents, such that no response is required. To the extent a response is required, Defendants admit that Plaintiff's "Designation Notice" informing Plaintiff that his FMLA leave request had been approved is dated May 1, 2023

and identified a leave entitlement not to exceed 480 hours from April 11, 2023 through August 1, 2023. Defendants deny the remaining allegations in Paragraph 30.

31.    The allegations in Paragraph 31 constitute legal conclusions for which no response is required. To the extent a response is required, Defendants deny any implication that they unlawfully violated any of Plaintiff's rights provided to him under the FMLA.

32.    The allegations in Paragraph 32 constitute legal conclusions for which no response is required. To the extent a response is required, Defendants deny any implication that Defendants unlawfully interfered with, restrained or denied Plaintiff the exercise of his FMLA rights.

33.    The allegations in Paragraph 33 constitute legal conclusions for which no response is required. To the extent a response is required, Defendants deny any implication that Defendants retaliated against Plaintiff for allegedly exercising his FMLA rights.

34.    Defendants admit that Plaintiff applied for and was approved for intermittent leave pursuant to the FMLA and that Plaintiff used this intermittent FMLA leave for absences on April 27, 2023, May 5, 2023, and May 19, 2023. Defendants deny that they took any action to interfere with Plaintiff's intermittent FMLA leave. Defendants are without sufficient information or knowledge to admit or deny Plaintiff's allegations about how he subjective "felt" and therefore deny them. Defendants deny the remaining allegations in Paragraph 34.

35.    Defendants state that the e-mail referenced in Paragraph 35 as Exhibit 12 is a document that speaks for itself and is the best evidence of its contents, such that no response is required. To the extent a response is required, Defendants admit that Lull e-mailed Plaintiff at 7:39 a.m. on April 12, 2023. Defendants deny that Lull was aware that Plaintiff intended to use his intermittent FMLA leave on that day or that Lull expected Plaintiff to work on any date on which Plaintiff used his intermittent FMLA leave.

7

36.     Defendants state that the e-mail referenced in Paragraph 36 as Exhibit 13 is a document that speaks for itself and is the best evidence of its contents, such that no response is required. To the extent a response is required, Defendants admit that Lull e-mailed Plaintiff at 6:36 a.m. on April 27, 2023. Defendants deny that Lull was aware that Plaintiff intended to use his intermittent FMLA leave on that day or that Lull expected Plaintiff to work on any date on which Plaintiff used his intermittent FMLA leave.

37.     Defendants state that the e-mails referenced in Paragraph 37 as Exhibit 14 are documents that speak for themselves and are the best evidence of their contents, such that no response is required. To the extent a response is required, Defendants deny the documents referenced in Paragraph 37 as Exhibit 14 are the full and complete e-mail chain, and Defendants further deny Plaintiff's characterization of his interactions with Lull.

38.     Defendants deny Plaintiff's characterization of his interactions with Defendants, as alleged in Paragraph 38.

39.     EBSCO denies the allegations in Paragraph 39.

40.     The allegations in Paragraph 40 constitute legal conclusions for which no response is required. To the extent a response is required, Defendants deny any implication that Defendants violated the Wage Act.

41.     Defendants state that the letter referenced in Paragraph 41 is a document that speaks for itself and is the best evidence of its contents, such that no response is required. To the extent a response is required, Defendants deny Plaintiff's characterization of the letter referenced in Paragraph 41. Defendants deny the remaining allegations in Paragraph 41.

42.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 42 and therefore deny them.

## COUNT I
### FAMILY AND MEDICAL LEAVE ACT INTERFERENCE
### 29. U.S.C. § 2615(a)(1)
### (against all Defendants)

43.     Defendants incorporate by reference their above responses to Plaintiff's allegations in Paragraphs 1 through 42.

44.     The allegations in Paragraph 44 constitute legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 44.

45.     The allegations in Paragraph 45 constitute legal conclusions for which no response is required. To the extent a response is required, Defendants admit that Plaintiff was employed by EBSCO Publishing from November 2021 to May 31, 2023, and Defendants deny the remaining allegations in Paragraph 45.

46.     Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 46 and therefore deny them.

47.     Defendants deny the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

## COUNT II
### FAMILY AND MEDICAL LEAVE ACT RETALIATION
### 29 U.S.C. § 2615(a)(2)
### (against All Defendants)

51.     Defendants incorporate by reference their above responses to Plaintiff's allegations in Paragraphs 1 through 50.

52.     The allegations in Paragraph 52 constitute legal conclusions for which no response is required. To the extent a response is required, Defendants admit that Plaintiff applied for and

received intermittent leave pursuant to the FMLA. Defendants deny that they retaliated against Plaintiff for availing himself of any right protected by the FMLA.

53.     Defendants deny the allegations in Paragraph 53

54.     Defendants deny the allegations in Paragraph 54.

55.     Defendants deny the allegations in Paragraph 55.

## COUNT III

**VIOLATION OF THE MASSACHUSETTS WAGE ACT**
**Mass. Gen. Laws ch. 149, § 148**
**(against Defendants EBSCO Industries, Inc., EBSCO Information Services, LLC, and EBSCO Publishing, Inc.)**

1. [sic] Defendants incorporate by reference their above responses to Plaintiff's allegations in Paragraphs 1 through 55.

2. [sic] EBSCO denies the allegations in Paragraph 2 of Count III.

3. [sic] Defendants deny the allegations in Paragraph 3 of Count III.

4. [sic] Defendants deny the allegations in Paragraph 4 of Count III.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any allegations asserted in the Complaint, Defendants assert the following affirmative and other defenses. Nothing stated in any of the following defenses constitutes a concession that Defendants bear any burden of proof on any issue on which they would not otherwise bear such burden.

## FIRST DEFENSE

Plaintiff fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND DEFENSE

To the extent that Plaintiff's claims are based on alleged actions that occurred outside the applicable statute of limitations, such claims are barred.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has failed to timely and properly exhaust administrative, statutory, and/or jurisdictional prerequisites for commencement of this action, or any claim thereunder.

### FOURTH DEFENSE

Plaintiff's Complaint should be dismissed as to Tim Collins and Tim Lull pursuant to Rule 12(b)(5) due to insufficient service of process.

### FIFTH DEFENSE

Insofar as Plaintiff seeks to recover for an act or omission not timely referenced in any administrative charge or complaint, Plaintiff may not recover any relief for such alleged act or omission required to be referenced in an administrative charge or complaint.

### SIXTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, unclean hands, and/or laches.

### SEVENTH DEFENSE

Plaintiff's claims are barred by Plaintiff's own intentional misconduct and other conduct justifying termination, and not by any legal duty Defendants owed to Plaintiff.

### EIGHTH DEFENSE

Plaintiff's claims are not actionable because all employment decisions regarding Plaintiff were undertaken in good faith and justified by legitimate, non-discriminatory and non-retaliatory business reasons, and were not based on any discriminatory animus, retaliation or improper motive. All actions or omissions by Defendants were taken in good faith, and with reasonable belief that such actions did not violate any law prohibiting employment discrimination.

11

## NINTH DEFENSE

Defendants' actions were, at all times, governed by legitimate, good faith business considerations that were consistent with applicable law, they were not based on any unlawful factors and they were based on reasonable factors other than any alleged protected traits or protected activity of Plaintiff.

## TENTH DEFENSE

Defendants did not aid, abet, ratify, condone, encourage or acquiesce in any allegedly discriminatory conduct as alleged by Plaintiff. Pursuant to the doctrine of *respondeat superior*, Defendants are not liable for the actions of their agents that are outside the scope of their employment and/or assigned role(s).

## ELEVENTH DEFENSE

Defendants engaged in good faith efforts to prevent and correct unlawful discrimination and to comply with the applicable anti-discrimination laws, and at all times relevant to the allegations in the Complaint, EBSCO maintained an effective policy for the prevention and correction of unlawful practices. Upon information and belief, Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by EBSCO or to otherwise avoid the alleged harm.

## TWELFTH DEFENSE

Plaintiff was treated in a manner consistent with similarly-situated employees, without regard to any protected traits or protected activity of Plaintiff. If it is proved that any actions taken with respect to Plaintiff's employment were motivated by discrimination or retaliatory animus (and Defendants affirmatively state that none were), the same actions would have been taken regardless of any protected traits or activity of Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff was treated in a manner consistent with similarly-situated employees, without regard to any protected traits or protected activity of Plaintiff. If it is proved that any actions taken with respect to Plaintiff's employment were motivated by discrimination or retaliatory animus (and Defendants affirmatively state that none were), Plaintiff's protected traits or protected activity was not the "but for" or determinative factor in any such actions.

## FOURTEENTH DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff was not subjected to any adverse employment action on the basis of any alleged protected classification or protected activity.

## FIFTEENTH DEFENSE

Plaintiff's Complaint fails to allege any facts to demonstrate that Defendants' treatment of Plaintiff was pretext for retaliation.

## SIXTEENTH DEFENSE

Plaintiff was employed on an at-will basis, and, therefore, his employment could be terminated at any time, with or without notice, and with or without cause.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sustained any injury or damage by reason of any act or omission of Defendants. To the extent that Plaintiff mitigated, minimized, or avoided any damages allegedly sustained, any economic damages against Defendants must be reduced by that amount.  In addition, to the extent that Plaintiff failed to make reasonable efforts to mitigate, minimize, or avoid any damages allegedly sustained, any economic damages against Defendants must be barred.

## EIGHTEENTH DEFENSE

Insofar as Plaintiff purports to allege a claim or claims for physical or mental emotional distress, pain or suffering, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the applicable workers' compensation laws.

## NINETEENTH DEFENSE

Plaintiff is not entitled to punitive, exemplary, multiple, and/or liquidated damages. To the extent Plaintiff is seeking such damages, Defendants did not engage in any intentional wrongdoing, nor did they depart from any prescribed or known standard of action, nor did they engage in any willful, wanton, malicious, reckless, or egregious conduct, and, consequently, no sufficient basis exists to support a claim for such damages.

## TWENTIETH DEFENSE

The imposition of punitive, liquidated, exemplary and/or multiple damages would constitute an arbitrary or irrational deprivation of property and would be constitutionally impermissible.

## TWENTY-FIRST DEFENSE

Plaintiff is not entitled to attorneys' fees, costs, and/or interest.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred and/or limited by the after-acquired evidence doctrine to the extent that discovery shows he engaged in misconduct prior to, during, after, or in connection with his employment, that otherwise would have resulted in discharge, if such conduct were then known to Defendants.

## TWENTY-THIRD DEFENSE

EBSCO Industries, Inc. was not Plaintiff's employer.

## TWENTY-FOURTH DEFENSE

EBSCO Information Services, LLC was not Plaintiff's employer.

## TWENTY-FIFTH DEFENSE

Any recovery should be offset by sums owed by Plaintiff to Defendants.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred because Defendants timely tendered all amounts owed.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims should be dismissed due to the doctrines of release and/or accord and satisfaction.

## TWENTY-EIGHTH DEFENSE

To the extent any sum is found due and owing to Plaintiff, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal.

## TWENTY-NINTH DEFENSE

Plaintiff's claims against the individual defendants, Collins and Lull, are barred because they were not Plaintiff's employer.

## THIRTIETH DEFENSE

Plaintiff's claims are barred because there was an actual tender to him at the time of payment of the wages so earned by him.

15

## THIRTY-FIRST DEFENSE

The claims of Plaintiff fail to the extent the amounts for which he seeks compensation do not constitute compensable wages under applicable law.

## THIRTY-SECOND DEFENSE

EBSCO does not owe wages to Plaintiff to the extent those wages were subject to attachment, trustee process, a valid assignment thereof, or a valid set-off against the same.

## THIRTY-THIRD DEFENSE

Plaintiff is not entitled to trial by jury, in whole or in part.

## THIRTY-FOURTH DEFENSE

Defendants hereby give notice that they intend to rely upon such further defenses as may become available and apparent during discovery proceedings or otherwise and hereby reserve the right to amend this Answer and assert such defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court:

1)    Dismiss Plaintiff's Second Amended Complaint in its entirety;

2)    Award Defendants their costs and attorneys' fees; and,

3)    Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendants request a jury trial for all claims so triable.

Respectfully submitted,

EBSCO INDUSTRIES, INC., EBSCO
INFORMATION SERVICES, EBSCO
PUBLISHING, INC., TIM COLLINS, and
TIMOTHY LULL,

By their attorneys,

/s/ Matthew J. Lynch

Melissa L. McDonagh, Bar No. 569023
mmcdonagh@littler.com
Matthew J. Lynch, Bar No. 689363
mlynch@littler.com

LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA  02110
Telephone:    617.378.6000
Facsimile:    617.737.0052

Dated: May 14, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May 2026, a true copy of the foregoing document was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ Matthew J. Lynch
Matthew J. Lynch