UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOHAMED LY,<br><br>              Plaintiff,<br><br>      v.<br><br>EBSCO INDUSTRIES, INC.; EBSCO INFORMATION SERVICES; EBSCO PUBLISHING, INC.; TIM COLLINS; and TIM LULL,<br><br>              Defendants. | Civil Action No. 3:24-cv-30161-MGM |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL AND FOR SANCTIONS (DOC NO. 120)**

This Court should deny Plaintiff Mohamed Ly's Motion to Compel Discovery Responses and for Mandatory Sanctions (Doc No. 120) because on June 3, 2026, Defendants timely served responses to Plaintiff's discovery requests, pursuant to a written agreement in which the parties paused discovery in April 2026 to resume settlement discussions. Defendants therefore have not waived any objections, and there is no basis for the relief Plaintiff seeks, either in the form of an order compelling Defendants to respond or sanctions. Plaintiff's motion is nothing more than an improper and unfounded attempt to rewrite history for the second time in the last few weeks by reneging on a written agreement, attempting to impose unilateral deadlines that contradict the parties' written agreement, and burdening Defendants and this Court with unnecessary motion practice.[1]

---

[1] Plaintiff had, separately, assented in writing to an extension to May 14, 2026 for Defendants to answer Plaintiff's Second Amended Complaint. Despite agreeing to this extension in writing, and after Defendants filed an assented-to motion with this Court, Plaintiff then filed an opposition to *this* extension, on May 14, 2026. (Doc No. 116.) Defendants filed their answer on May 14, 2026 (Doc No. 117), and this Court held Defendants' answer to be timely (Doc No. 118).

Moreover, Rule 33(b)(4) separately precludes the relief Plaintiff seeks because there is ample evidence to establish good cause for Defendants to serve their responses on June 3, 2026. Defendants acted in good faith in accordance with their understanding of written communications that Defendants confirmed with both Plaintiff and the Boston College Law School Federal Court Clinic ("the Clinic"), which Plaintiff has explicitly authorized to communicate on his behalf. Defendants then proceeded in accordance with this understanding throughout April and early May, only for Plaintiff to change his mind and suddenly claim, without explanation or justification, that Defendants' discovery responses were overdue.

Put simply, the record establishes that Defendants have complied—and have at all times intended in good faith to comply—with their obligations under the Federal Rules of Civil Procedure and in accordance with any agreements reached with Plaintiff. There is no factual or legal basis for Plaintiff's motion, and his motion should be denied.

## I.    FACTUAL & PROCEDURAL BACKGROUND

On December 27, 2024, Plaintiff filed a Complaint against several EBSCO entities and individuals, alleging claims arising out of his prior employment with EBSCO.  (Doc No. 1.)  After a series of additional filings, including an Amended Complaint (Doc No. 11), Defendants moved to dismiss several of Plaintiff's claims.  (Doc No. 26.)  On December 12, 2025, this Court issued a ruling on Defendants' motion to dismiss that granted the motion in part and denied it in part. (Doc No. 70.)  Before and after the time that this Court ruled on Defendants' motion to dismiss, Plaintiff filed numerous motions for preliminary injunctions, "notices," and other "emergency" and/or premature relief, which were denied and, in some instances, stricken from the docket.  (Doc Nos. 42, 44, 47, 57, 65, 66, 71, 74, 80, 82, 104, 105, 109, 110.)  On January 20, 2026, this Court held an initial scheduling conference.  (Doc No. 95.)  Prior to this conference, Defendants made a

settlement offer to Plaintiff, and, following the conference, Defendants suggested that the parties participate in this Court's free, magistrate mediation program.  (Aff. Matthew J. Lynch ("Lynch Aff.") ¶ 4.)   However, Plaintiff stated he would only participate in magistrate mediation if Defendants agreed to several pre-conditions—including a pre-mediation payment of an amount to be held in escrow and several other, non-monetary conditions.  (Id. ¶ 5.)  Defendants notified Plaintiff that these pre-conditions were not acceptable to Defendants.  (Id. ¶ 6.)

On March 13, 2026, Plaintiff filed a motion to further amend his complaint, which Defendants did not oppose, and Plaintiff disclosed that he received assistance from the Clinic. (Doc No. 98.)  On April 6, 2026, Plaintiff served Defendants with interrogatories and document requests.  (Lynch Aff. ¶ 7.)  On April 10, 2026, the Clinic notified Defendants' counsel that it had "been providing [Plaintiff] with legal assistance under a limited-scope model approved by the District Court of Massachusetts" and that Plaintiff "gave [the Clinic] permission to contact you on his behalf."  (Id. ¶ 8, Ex. A.)  Later that day, Defendants' counsel spoke with the Clinic to discuss this litigation and the scope of the Clinic's assistance to Plaintiff.  (Id. ¶ 9.)

On April 13, 2026, Defendants' counsel asked Plaintiff to confirm that the Clinic could communicate on his behalf, and Plaintiff responded, "I confirm that I indeed authorized Professor Cohen and his esteemed BCLC team to communicate with you on my behalf regarding this matter."  (Id. ¶ 10, Ex. B.)  Following this confirmation from Plaintiff, Defendants' counsel again spoke by phone with the Clinic to determine if Plaintiff had any interest in resuming settlement discussions without the parties incurring the time and expense of further discovery.  (Id. ¶ 11.) Defendants' counsel also stated that Defendants would refrain from serving an insufficiency letter regarding Plaintiff's responses to Defendants' discovery, which Plaintiff served on March 13, 2026, and would further refrain from noticing Plaintiff's deposition.  (Id.)  Defendants' counsel

3

then confirmed this conversation in writing, via e-mail that included Plaintiff and the Clinic.  (Id. ¶ 12, Ex. C.)  Defendants stated that the parties agreed to "refrain from noticing any depositions or pursuing any further discovery matters" and asked the Clinic to respond if Defendants were mistaken in their understanding.  (Id.)  The Clinic did not dispute this agreement.  (Id. ¶ 13.)  On April 14, 2026, Plaintiff separately responded in writing that he agreed to a "standstill" of "fourteen to twenty" days in which "no discovery activity is pursued while we engage in good-faith settlement discussions."  (Id. ¶ 14, Ex. D.)  At this time, Defendants had 22 days remaining for their deadline to respond to the written discovery Plaintiff served on April 6, 2026.  (Id. ¶ 7.)

On April 14, 2026, Plaintiff made a renewed settlement demand in the form of a monetary amount with several non-monetary terms and conditions. (Id. ¶ 14, Ex. D.)  That same day, Defendants' counsel asked the Clinic to clarify the scope of some of Plaintiff's non-monetary terms.  (Id. ¶ 15, Ex. E.)  In response to Plaintiff's suggestion that the parties file a formal stay with this Court, Defendants stated their position that during the "stay of discovery … all parties would be best served by not filing any motions to extend deadlines" until they determined if settlement discussions, and potential mediation, were likely.  (Id.)  The parties could then assess how much time would be required to potentially schedule mediation and/or complete discovery.  (Id.)  On April 23, 2026, Defendants increased their settlement offer.  (Id. ¶ 16.)  On May 1, 2026, the Clinic notified Defendants' counsel via phone call that, in response to Defendants' most recent offer, Plaintiff had further reduced his demand.  (Id. ¶ 17.)  Defendants suggested the parties participate in magistrate mediation, and the Clinic indicated that they believed Plaintiff would agree to magistrate mediation without any prerequisites or pre-conditions.  (Id. ¶ 18.)  On May 1, 2026, Defendants' counsel sent Plaintiff an e-mail to confirm this position in writing.  (Id. ¶ 19, Ex. F.)  On May 6, 2026, Plaintiff responded by stating that he would only agree to magistrate

4

mediation on certain pre-conditions.  (Id.)  On May 7, 2026, in a separate e-mail, Plaintiff asked Defendants to respond to his mediation pre-conditions by May 12, 2026, and Defendants agreed to do so.  (Id. ¶ 20.)

Then, on May 8, 2026, Plaintiff claimed that Defendants' discovery responses were overdue, stated that he was "electing not to act on this default" and stated he would impose a deadline of May 14, 2026 for Defendants to serve discovery responses.  (Id. ¶ 21, Ex. G.)  On May 12, 2026, Defendants informed Plaintiff that they did not agree to his pre-conditions for mediation and that he could not repudiate the agreed-upon stay by unilaterally imposing a one-week deadline for Defendants to respond to his discovery.  (Id. ¶ 22, Ex. H.)  Defendants further explained that they would serve discovery responses on or before June 3, 2026, to account for the 22 days during which the parties agreed to stay discovery while pursuing settlement discussions.  (Id.)  Defendants then resumed discovery and served answers to Plaintiff's interrogatories and responses to his document requests on June 3, 2026.  (Id. ¶ 23, Ex. I.)

## II.    DISCUSSION

### A.    Defendants Timely Responded to Plaintiff's Discovery Requests

Pursuant to the Federal Rules of Civil Procedure, the parties may by stipulation modify the procedures governing discovery, including the deadline for any party to respond to the other party's discovery requests.  See Fed. R. Civ. P. 29.  Court approval is only required if the modification would interfere with the dates and deadlines set by the court to complete discovery, for a hearing on a motion or for trial, and extensions to respond to discovery requests are routinely agreed to among the parties without formal motions or court-filed stipulations.  See id.  The self-evident purpose of this rule is to encourage agreed-upon, lawyer-managed discovery and to eliminate the cost, effort and expense involved in court intervention in discovery through motion

practice, and, for this reason, courts uphold stipulations entered into by the parties. See Saeed v. TTI Consumer Power Tools, Inc., 348 F.R.D. 83, 86 (E.D. Mich. 2024). Here, the parties stipulated to a stay of discovery—or "standstill" as Plaintiff called it—on April 14, 2026 so that the parties could determine if this matter could resolve, either through direct negotiations or through magistrate-led mediation, without *any* party incurring further time and expense in discovery. See Riley v. Walgreen Co., 233 F.R.D. 496, 500 (S.D. Tex. 2005) ("Rule 29 stipulations need not take any particular form, so long as they are in writing."). Defendants abided by this stipulation by, among other things, not seeking supplementation of Plaintiff's insufficient discovery responses or pursuing any other discovery from Plaintiff at any time from April 14, 2026 until May 12, 2026, when settlement discussions again broke down. (Lynch Aff. ¶ 11.) Defendants then timely served responses and objections on June 3, 2026—a deadline that takes into account the agreed-upon, 22-day stay to which the parties agreed. (Id. ¶ 23.) As such, Defendants' discovery responses have been timely-served, and Plaintiff's motion to compel and for sanctions should be denied. See Fed. R. Civ. P. 29; see also Saeed, 348 F.R.D. at 86; Riley, 233 F.R.D. at 500.

**B.      There is Good Cause to Find that Defendants Did Not Waive Any Objections or Engage in Sanctionable Conduct**

Even if, in spite of the written communications showing that the parties agreed to a stay of discovery, this Court were to find that Defendants' responses were untimely, Plaintiff's motion should nevertheless be denied. See Davis v. Jacob S. Ciborowski Fam. Tr., No. 11-CV-436-PB, 2013 WL 3245146, at *5 (D.N.H. June 26, 2013); see also U.S. Bank N.A. v. Shakoori-Naminy, 642 F. Supp. 3d 243, 254 (D.R.I. 2022). Rule 33(b)(4) provides that "[a]ny ground not stated in a timely objection is waived *unless the court, for good cause, excuses the failure*." See Fed. R. Civ. P. 33(b)(4) (emphasis added); see also Bonomo v. Factory Mut. Ins. Co., No. 1:21-CV-11750-

IT, 2023 WL 3934696, at *4 (D. Mass. June 9, 2023) (same waiver procedure under Rule 33 applies to Rule 34).  The factors to determine if good cause exists include "prejudice to the adversary, the length of the delay, the reason for the error, the potential impact on the judicial proceedings, whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  See Davis, 2013 WL 3245146, at *5.  Here, every factor weighs in favor of finding good cause for Defendants' service of their responses and objections on June 3, 2022.  See id.; see also McKissick v. Three Deer Ass'n Ltd. P'ship, 265 F.R.D. 55, 57 (D. Conn. 2010) (good cause for failure to timely object where defendants did not seek to prejudice or disadvantage opposing party).  First, for the reasons set forth above, Defendants acted in good faith, based upon a reasonable belief that the parties had agreed to stay discovery while pursuing settlement discussions.  See id.  Defendants did not intend—and there is no evidence of any intent—to delay or frustrate discovery.  See id.  Moreover, there is no prejudice to Plaintiff—Defendants promptly served responses and objections in accordance with Defendants' understanding of the parties' agreed-upon stay and prior to the expiration of any scheduling order deadlines.  See id.  This delay was minimal and did not impact any judicial proceedings before this Court.  See id.  As such, there is good cause to find that Defendants did not waive any objections to Plaintiff's discovery requests.  See id.

For these reasons, there is also no basis for any of the sanctions Plaintiff seeks, whether in the form of waiver of objections or sanctions.[2]  See U.S. Bank N.A., 642 F. Supp. 3d at 254 (declining to issue Rule 37 sanctions where delay attributable to "the parties' ongoing efforts to

---

[2] If anything, granting Plaintiff's motion in any respect would create a perverse incentive in which Plaintiff is rewarded for unilaterally repudiating an agreement—as Plaintiff also attempted to do regarding the agreed-upon motion to extend time for Defendants to answer Plaintiff's Second Amended Complaint.  (Doc Nos. 115-118.)

settle the case").  As such, Plaintiff's motion should be denied.  <u>See</u> <u>Davis</u>, 2013 WL 3245146, at

*5; <u>Saeed</u>, 348 F.R.D. at 86; <u>Riley</u>, 233 F.R.D. at 500.

Respectfully submitted,

EBSCO INDUSTRIES, INC.; EBSCO INFORMATION SERVICES; EBSCO PUBLISHING, INC.; TIM COLLINS; and TIM LULL,

By their attorneys,

*/s/ Matthew J. Lynch*
Melissa L. McDonagh, Bar No. 569023
mmcdonagh@littler.com
Matthew J. Lynch, Bar No. 689363
mlynch@littler.com

LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA  02110
Telephone:	617.378.6000
Facsimile:	617.737.0052

Dated: June 5, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of June 2026, a true copy of the foregoing document was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

*/s/ Matthew J. Lynch*
Matthew J. Lynch