UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MOHAMED LY,

        Plaintiff,

    v.

EBSCO INDUSTRIES, INC.; EBSCO
INFORMATION SERVICES; EBSCO
PUBLISHING, INC.; TIM COLLINS; and
TIM LULL,

        Defendants.

Civil Action No. 3:24-cv-30161-MGM

## **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO EXTEND SCHEDULING ORDER DEADLINES (FIRST REQUEST)**

Defendants EBSCO Industries, Inc., EBSCO Information Services, EBSCO Publishing, Inc. (collectively, "EBSCO"), Tim Collins ("Collins"), and Tim Lull's ("Lull," collectively, "Defendants") motion to extend scheduling order deadlines should be granted because Defendants have been reasonably diligent in seeking to complete discovery, yet there is no possibility that either party will be able to complete discovery prior to the current deadline of June 22, 2026.

On May 12, 2026—more than one month before the current discovery deadline—Defendants served Plaintiff Mohamed Ly ("Plaintiff") with a notice to appear for his deposition on June 15, 2026. Defendants simultaneously served Plaintiff with correspondence seeking supplementation of Plaintiff's insufficient discovery responses, in which Plaintiff refused to provide discoverable information regarding his economic and non-economic damages. Defendants requested that Plaintiff respond to this correspondence within 14 days, but Plaintiff did not respond. On June 2, 2026, Defendants sought to arrange a Rule 37.1 discovery conference with Plaintiff. This conference was held on June 4, 2026, and Plaintiff stated that he had not consulted

with the Boston College Law School Federal Court Clinic, which at times has assisted Plaintiff in this litigation. In an effort to confer in good-faith and potentially avoid unnecessary motion practice, Defendants then provided Plaintiff with an additional 14 days to consult with the Clinic.

In the interim, Plaintiff served an "omnibus" deposition notice seeking to depose (1) Collins, who is EBSCO's former CEO; (2) Lull, a current EBSCO employee; (3) a 30(b)(6) designee of EBSCO; and two other EBSCO employees and officers. Defendants anticipate conferring with Plaintiff regarding two of his proposed depositions, and Defendants may be required to file motions for protective orders seeking to: (1) preclude the deposition of David Hobbs, EBSCO's Chief Financial & Investment Officer, who has no connection to Plaintiff's underlying allegations; and (2) limit the scope of topics in Plaintiff's 30(b)(6) deposition of EBSCO. When the parties resumed their Rule 37.1 conference on June 18, 2026, Plaintiff indicated that he would supplement his discovery responses to address the issues raised in Defendants' correspondence. Defendants therefore refrained from filing a motion to compel at this time, to provide Plaintiff with time to supplement and provide Defendants to review the sufficiency of Plaintiff's supplementation.

As such, despite Defendants' reasonable diligence, discovery will not be completed by the current deadline of June 22, 2026, and Defendants therefore request a 30-day extension of the discovery deadline and other scheduling order deadlines in this matter.

## I.    <u>**FACTUAL & PROCEDURAL BACKGROUND**</u>

On December 27, 2024, Plaintiff commenced this action by filing a Complaint with the United States District Court for the District of Massachusetts.  (Dkt. No. 1.)  On March 28, 2025, Plaintiff filed an Amended Complaint.  (Dkt. No. 10.)  On March 31, 2025, Plaintiff filed a Second Amended Complaint.  (Dkt. No. 11.)  On June 23, 2025, Defendants filed a motion to dismiss.

(Dkt. No. 26.)  On December 12, 2025, this Court granted Defendants' motion to dismiss in part and denied it in part.  (Dkt. No. 70.)  On January 9, 2026, Defendants answered Plaintiff's Second Amended Complaint.  (Dkt. No. 87.)  On January 20, 2026, the Court entered a Scheduling Order setting the current discovery and dispositive motions deadlines.  (Dkt. No. 96.)  On February 11, 2026, Defendants served Plaintiff with interrogatories and document requests.  (Affidavit of Matthew J. Lynch ("Lynch Aff.") ¶ 4).  On March 13, 2026, Plaintiff served his responses (id. ¶ 5), and Plaintiff also filed a motion to further amend his complaint, which Defendants did not oppose (Dkt. No. 98).  This Court allowed Plaintiff's motion to amend on March 16, 2026 (Dkt. No. 100), and Defendants filed their Answer on May 14, 2026 (Dkt. No. 117).  On April 6, 2026, Plaintiff served Defendants with interrogatories and document requests, and Defendants served responses on June 3, 2026.  (Lynch Aff. ¶ 6.)  In April and May 2026, the Parties engaged in settlement discussions to determine if this matter could resolve without further discovery, though these discussions ended on May 12, 2026 without the Parties resolving this matter.[1]

On May 12, 2026, Defendants served Plaintiff with (1) a deposition notice to appear for a deposition on June 15, 2026; and (2) correspondence regarding insufficiencies in Plaintiff's discovery responses.  (Lynch Aff. ¶ 7.)  In their correspondence, Defendants asked Plaintiff to respond within 14 days as to whether he agreed to supplement his responses or if motion practice would be necessary.  (Id. ¶ 8.)  Plaintiff did not respond within 14 days, and on June 2, 2026, Defendants contacted Plaintiff to arrange a Rule 37.1 conference.  (Id. ¶ 10.)

On June 4, 2026, Defendants held a Rule 37.1 conference with Plaintiff regarding his discovery responses.  (Id. ¶ 11.)  During this conference, Plaintiff indicated that he had not conferred with and/or would further confer with the Clinic, which at times has assisted Plaintiff in

---

[1] These discussions have led to separate motion practice regarding whether Defendants timely responded to Plaintiff's discovery requests.  (Dkt. Nos. 120, 123, 125.)

3

the course of the litigation.  (Id. ¶ 12.)  Defendants then provided Plaintiff with an additional 14 days to consult the Clinic about the issues raised in Defendants' May 12, 2026 correspondence. (Id. ¶ 13.)  Defendants also notified Plaintiff that his deposition would not proceed on June 15, 2026 and would be rescheduled.  (Id. ¶ 14.)

On June 9, 2026, Defendants suggested to Plaintiff that the parties request a 90-day extension of the current discovery deadline of June 22, 2026 and other scheduling order deadlines to allow for the completion of discovery, including the resolution of any discovery disputes.  (Id. ¶ 15.)  Defendants provided Plaintiff with a draft joint motion.  (Id. ¶ 16.)  On June 10, 2026, Plaintiff responded with a 5-page document entitled "Plaintiff's Renewed and Final Refusal to Participate in Unsupported Joint Motion to Extend Scheduling Deadlines; Correction of Deposition Record; and Notice of June 15 Deficiency Ledger," which included a section entitled "**EXPLICIT, FINAL, AND IMMUTABLE REFUSAL TO JOIN THE PROPOSED MOTION**."  (Id. ¶ 17, Ex. A.)

On June 15, 2026—only one week before the current discovery deadline and only five days *after* stating he opposes any extension of discovery and other deadlines—Plaintiff then served "Omnibus Notices of Deposition" seeking to depose four current and/or former EBSCO employees and officers and seeking to conduct a Rule 30(b)(6) deposition of EBSCO.  (Id. ¶ 18, Ex. B.)  On June 16, 2026, Defendants notified Plaintiff that they intended to seek a shorter, 30-day extension to complete discovery and asked if Plaintiff opposed this shorter, 30-day extension.  (Id. ¶ 19.) Plaintiff responded that his "opposition [to an extension] remains **FRCP-grounded** and **unchanged**," even though Plaintiff had, one day earlier, attempted to notice five depositions and simultaneously proposed that the parties complete all of these depositions in less than one week, between June 16, 2026 and June 22, 2026.  (Id. ¶ 20, Ex. C.)  Plaintiff further stated that "[i]t is

structurally aberrant of Defendants to simultaneously request that accommodation of a 30-day extension from the Court (and seek Plaintiff's gracious assent for it) while simultaneously attempting to **unilaterally dictate** deposition **sequencing** and **impose unauthorized preconditions** on discovery upon Plaintiff (**again**)."[2]  (Id. ¶ 21.)  As such, Defendants now file the instant, opposed motion seeking a 30-day extension of discovery and other deadlines.  (Id. ¶ 22.)

## II.    DISCUSSSION

As part of this Court's "inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly fashion," this Court can exercise its discretion to amend or modify a pretrial scheduling order upon a showing of good cause, pursuant to Federal Rule of Civil Procedure 16(b)(4).  See United States v. Waldman, 579 F.2d 649, 653 (1st Cir. 1978); see also Iantosca v. Benistar Admin. Servs., Inc., 765 F. Supp. 2d 79, 86 (D. Mass. 2011).  Good cause exists when the moving party shows that it has been reasonably diligent in its discovery efforts and that additional time is necessary to complete discovery.  See id.  Here, Defendants exercised reasonable diligence when, more than one month before the current deadline and only after settlement discussions broke down, they noticed Plaintiff's deposition for a date before the close of discovery and simultaneously began the meet-and-confer process to address deficiencies in Plaintiff's discovery responses.  See id. (finding reasonable diligence where moving party demonstrated numerous efforts to schedule depositions and complete discovery while other side

---

[2] Plaintiff's references to "sequencing" and "unauthorized preconditions" appear to be his response to Defendants' statement that it would produce appropriate witnesses for depositions after Plaintiff's deposition. Defendants served a proper deposition notice of Plaintiff more than one month earlier, whereas Plaintiff waited until June 15, 2026 to serve five deposition notices that did not have a date or time for any specific deponent and described the location only as "located in Springfield, Massachusetts, utilizing a service provider facility suitable for in-person stenographic services. The location and deposition setting shall be confirmed and communicated to Defense Counsel upon determination of Defendants' elected dates and times." (Lynch Aff. ¶ 18, Ex. B.) Despite the incomplete nature of Plaintiff's "Omnibus Notices of Depositions," Defendants do not intend to raise technical challenges to Plaintiff's notices and will produce those witnesses that Plaintiff may properly depose, within the scope of the applicable rules. Defendants merely seek to ensure that both parties have sufficient time under the scheduling order to do so.

either refused or failed to respond); see also Reese v. Va. Int'l Terminals, Inc., 286 F.R.D. 282, 286 (E.D. Va. 2012) (reasonable diligence found where party noticed depositions in discovery period and engaged in subsequent meet-and-confer dialogue); United States v. Kellogg Brown & Root Servs., Inc., 285 F.R.D. 133, 138 (D.D.C. 2012) (reasonable diligence found where party served Rules-compliant deposition notice within discovery period and plaintiff would not suffer undue prejudice, burden or expense).

As part of this meet-and-confer process, Defendants provided Plaintiff with 21 days to consider Defendants' position—a reasonable period of time and longer than the 14 days Defendants initially requested in their correspondence.  See Reese, 286 F.R.D. at 286.  When Plaintiff did not respond, Defendants then initiated a Rule 37.1 discovery conference that occurred on June 4, 2026, and, when Plaintiff indicated a desire to further confer with the Clinic, Defendants provided Plaintiff with an additional 14 days to do so. However, despite Defendants' reasonably diligent efforts, several timely-initiated discovery matters remain unresolved, such as Plaintiff's supplementation of his initial discovery responses and his deposition.

Thus, for the above reasons, this Court should allow Defendants' motion to extend the discovery deadline and other scheduling order deadlines by 30 days.  See Iantosca, 765 F. Supp. 2d at 86; see also Reese, 286 F.R.D. at 286; Kellogg Brown & Root, 285 F.R.D. at 138.

6

Respectfully submitted,

EBSCO INDUSTRIES, INC.; EBSCO
INFORMATION SERVICES; EBSCO
PUBLISHING, INC.; TIM COLLINS; and TIM
LULL,

By their attorneys,

*/s/ Matthew J. Lynch*

Melissa L. McDonagh, Bar No. 569023
mmcdonagh@littler.com
Matthew J. Lynch, Bar No. 689363
mlynch@littler.com

LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA  02110
Telephone:     617.378.6000
Facsimile:     617.737.0052

DATED:  June 19, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of June 2026, a true copy of the foregoing document was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ Matthew J. Lynch
Matthew J. Lynch

7