# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS (WESTERN DIVISION)

| | |
|---|---|
| **MOHAMED LY,**<br>  *Plaintiff,*<br><br>v.<br><br>**EBSCO INDUSTRIES, INC.; EBSCO INFORMATION SERVICES; EBSCO PUBLISHING, INC.; TIM COLLINS; and TIM LULL,**<br>  *Defendants.* | **Civil Action No. 3:24-cv-30161-MGM**<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF CONDITIONAL NON-OPPOSITION TO DEFENDANTS' MOTION TO EXTEND SCHEDULING ORDER DEADLINES**<br>*(Dkt. Nos. 127, 128, 129)* |

## INTRODUCTION

Plaintiff submits this Memorandum of Law in support of his accompanying Conditional Non-Opposition. The question before the Court is not whether it may grant additional discovery time -- **that authority is unquestioned under Fed. R. Civ. P. 16(b)(4)**. The question is whether additional time should be **granted without measures to preserve the evidentiary record, remediate documented production deficiencies, resolve the deposition-sequencing impasse under FRCP 26(d)(3), discharge the bilateral conferral obligation unmet after two consecutive sessions, and ensure compliance during any extended period without additional full-briefing cycles**. The five conditions Plaintiff requests are each anchored in specific legal authority and calibrated to a specific documented deficiency. This Memorandum supplies that authority, in complement to the factual record set out in the accompanying Conditional Non-Opposition.

## I. LEGAL STANDARD: RULE 16(b)(4) REQUIRES DILIGENCE ON THE COMPLETE RECORD.

A scheduling order may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The First Circuit measures good cause by the moving party's *diligence*, not by joint agreement or first-request posture. *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154–55 (1st Cir. 2004); *Iantosca v. Benistar Admin. Servs., Inc.*, 765 F. Supp. 2d 79, 86 (D. Mass. 2011). First-request status is **one factor**, not a proxy for good cause. *Reese v. Va. Int'l Terminals, Inc.*, 286 F.R.D. 282, 286 (E.D. Va. 2012). Where a **party's own conduct contributed to the failure to complete discovery, good cause is not established**. *Mendez v. Banco Popular de P.R.*, 900 F.2d 4, 7 (1st Cir. 1990). Defendants' motion attributes the need for extension to remaining deposition and supplementation work, Lynch Aff. ¶¶ 11–22, **without disclosing that Defendants' own discovery responses arrived 59 days after the May 7, 2026 statutory deadline** -- without motion, court order, or protective order -- materially contributing to the incompletion that now frames this request. The Court's good-cause analysis is properly informed by the complete record.

## II. THE COURT HAS FULL AUTHORITY TO CONDITION A SCHEDULING EXTENSION ON CASE-INTEGRITY SAFEGUARDS.

Federal district courts possess inherent authority to impose conditions on scheduling relief. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998). Fed. R. Civ. P. 26(c) provides independent statutory authority to protect against undue burden in the conduct of discovery, encompassing conditions on discovery-related relief. Rule 16(b)(4)'s authority to "modify" a scheduling order encompasses modification on terms the Court deems appropriate.

Three categories of documented conduct independently support conditioning relief. **First**: seven formal preservation notices between December 2024 and May 2026 received no remediation; defense counsel acknowledged receipt of the January 26, 2026 notice and affirmatively declined ESI restoration in writing on May 20, 2026. An affirmative written declination of restoration following seven preservation demands constitutes circumstantial evidence of intent sufficient to ground a Rule 37(e)(2) adverse-inference finding. *Colonies Partners, L.P. v. Cty. of San Bernardino*, 2020 WL 1496444, at *5 (C.D. Cal. Feb. 27,

2020); *Hsueh v. N.Y. State Dep't of Fin. Servs.*, 2017 WL 1194706, at \*3 (S.D.N.Y. Mar. 31, 2017). **Second**: the June 3, 2026 production of 78 pages for a two-plus-year employment record contains no custodial documents from either named individual Defendant and a single consolidated verification purporting to authenticate responses of all five named Defendants, in tension with Fed. R. Civ. P. 33(b)(5) and *Fisher v. Ciba Specialty Chems. Corp.*, 238 F.R.D. 273, 307 (S.D. Ala. 2006). **Third**: two consecutive Rule 37.1 sessions were conducted solely on defense counsel's agenda, leaving nine (9) substantive issues set out in Section III below **without bilateral engagement**. Each category is independently sanctionable. Conditions preventing recurrence during an extended period are proportionate and appropriate.

The conditions proposed are prospective case-management measures, not sanctions. A preservation certification prevents a Rule 37(e) sanctions motion from arising during the extension. Production remediation before depositions prevents mid-deposition disclosure disputes and produces more substantive depositions. Resolving the sequencing dispute at the outset prevents it from consuming the extension before producing any EBSCO depositions. A bilateral conferral at the outset narrows issues before they require separate briefing. Streamlined enforcement gives the conditions practical effect without additional burden on the Court.

### III. NINE SUBSTANTIVE CONFERRAL ITEMS REMAIN UNADDRESSED; CONDITIONING THE EXTENSION ON A BILATERAL SESSION PREVENTS EACH FROM BECOMING A SEPARATE MOTION.

**Local Rule 37.1 requires bilateral good-faith conferral**. The obligation is not satisfied when one party unilaterally overrides all F.R.C.P. and Court's Rules, and limits <u>both sessions exclusively to its own agenda</u>. **Both the June 4 and June 18, 2026 sessions were structured this way**. - - while conferral efforts by Plaintiffs stretching back over 12 months remain responded to, with zero engagement. The following nine items were transmitted in writing before each session and received no engagement:

**(1)** Whether Defendants will issue corrected IRS Forms W-2c reconciling simultaneously inconsistent sworn positions before this Court and the IRS regarding employer-of-record identity;

**(2)** Whether IRS Forms W-9 certifying EBSCO Information Services and EBSCO Publishing as disregarded single-member LLC entities are accurate, and the implications for employer identification under federal tax law;

**(3)** Which EBSCO entity accessed Plaintiff's Social Security Number and under what lawful authority;

**(4)** The permissible purpose under 15 U.S.C. § 1681b(a) for a consumer-report inquiry conducted under the designation 'EBSCO Ipswich' -- an entity appearing in no Secretary of State filing or Rule 7.1 Disclosure in this action (Dkt. 40);

**(5)** The legal status and registration history of 'EBSCO Ipswich' and the basis for any regulated activity conducted under that designation;

**(6)** The evidentiary basis under Fed. R. Civ. P. 11(b) for the employer-identity certifications in Defendants' Answer ¶ 1 and Rule 7.1 Disclosure;

**(7)** The legal consequences of the May 22, 2013 ebsco.com merger announcement by CEO Collins for Answer ¶ 1, which identifies a dissolved entity as Plaintiff's hiring entity in November 2021;

**(8)** The Rule 11(b)(3) evidentiary basis for pleading certifications attributing the employment relationship to an entity Defendants' own disclosures describe as having been dissolved eight years before the hiring; and

**(9)** The basis for Defendants' stated position that no EBSCO witness would be produced prior to Plaintiff's deposition, given FRCP 26(d)(3)'s express elimination of the first-in-time priority rule.

If each item remains unresolved at the outset of any extended period, each is likely to generate a separate motion during the extension. A bilateral conferral session -- with written responses due to each item within 14 days -- resolves or narrows these issues before they require further briefing, reducing rather than increasing the burden on the Court.

## IV. DEFENDANTS' SEQUENCING POSITION VIOLATES FRCP 26(d)(3) AND MUST BE RESOLVED AS A CONDITION OF ANY EXTENSION.

Fed. R. Civ. P. 26(d)(3) provides that "[m]ethods of discovery may be used in any sequence, and discovery by one party does not require any other party to delay its discovery." This provision eliminated the first-in-time priority rule in 1993. *See* Advisory Committee Notes to 1993 Amendments to Rule 26(d). A party

cannot unilaterally condition deposition scheduling on the prior completion of the opposing party's deposition. *Taylor v. Shaw*, 2007 WL 2351000, at *2 (D. Nev. Aug. 14, 2007). Defendants' stated position -- that no EBSCO witness will be produced until after Plaintiff's deposition, Dkt. 128, p. 3 -- directly contravenes this Rule. Five EBSCO witnesses have been formally noticed. An unresolved sequencing impasse will consume a 30-day extension before producing any EBSCO depositions, requiring a motion that a pre-extension order can prevent. Conditioning the extension on unconditional deposition scheduling within 14 days resolves the impasse under the governing Rule without additional briefing. Upon receipt of unconditional deponent dates, Plaintiff will promptly provide available dates for his own deposition.

## V. THE FIVE CONDITIONS ARE EACH INDEPENDENTLY GROUNDED IN GOVERNING AUTHORITY AND PROPORTIONATE TO THE DOCUMENTED RECORD.

**Condition (a) -- Preservation Certification (dual signature, 10 days):** FRCP 37(e) imposes a continuing duty to preserve ESI from the time litigation is reasonably anticipated. Defense counsel's May 20, 2026 written declination of ESI restoration after seven formal notices constitutes circumstantial evidence of intent sufficient to support a Rule 37(e)(2) finding. A dual-signature certification -- from counsel and a responsible corporate officer -- is necessary because an attorney's certification alone does not bind corporate custodians controlling SAP SuccessFactors, ebsco.com CDN systems, and payroll records. Without it, the extension period may produce continued deterioration and a Rule 37(e)(2) motion.

**Condition (b) -- Complete Discovery Production (14 days):** FRCP 33(b)(5) requires each interrogatory to be answered separately and fully by the party to whom it is directed; a single consolidated verification for five named Defendants does not satisfy this requirement. *Fisher*, 238 F.R.D. at 307. The absence of Collins and Lull custodial documents is categorical, not volumetric. Completing production before depositions begin is the most efficient structure: it produces more substantive depositions, see *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 363 (D. Md. 2008), and prevents mid-deposition disclosure disputes from requiring additional sessions.

**Condition (c) -- Unconditional Deposition Scheduling (14 days):** As established in Section IV, Defendants' sequencing position violates FRCP 26(d)(3). This condition resolves the impasse under the governing rule and ensures the 30-day period is used for depositions rather than a sequencing motion.

**Condition (d) -- Bilateral Conferral Session (conference within 7 days; written responses within 14 days):** As established in Section III, Local Rule 37.1 requires bilateral engagement that two unilateral sessions have not provided. This condition resolves or narrows the nine outstanding items before each generates a separate motion during the extension.

**Condition (e) -- Streamlined Compliance Enforcement (concise notice, no new full briefing):** The Court's inherent authority under *Chambers*, 501 U.S. at 43, and FRCP 37(b)(2) authorize enforcement of scheduling orders. The 59-day default, seven unanswered preservation notices, and written ESI declination demonstrate that deadline pressure alone has not produced compliance. A provision allowing the Court to consider Rule 37 remedies upon concise documentary notice -- without a new full-briefing cycle -- gives the conditions credible practical effect and reduces the Court's burden if any condition is not met.

## VI. A CONDITIONED EXTENSION IS MORE DURABLE ON APPELLATE REVIEW AND BETTER SERVES THE PREJUDICE INQUIRY.

The Court's case management decisions are reviewed for abuse of discretion. *Quaker State Oil Ref. Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517 (1st Cir. 1989). An extension order granted on a record that includes a 59-day default, seven unanswered preservation notices, a written declination of ESI restoration, and two unilateral conferral sessions -- without conditions addressing those circumstances -- presents greater appellate risk if the extended period produces no remediation and a subsequent dispositive ruling is challenged. The First Circuit requires that discovery management reflect **fairness**, **efficiency**, and **proportionality**. *Ameriquest Mortg. Co. v. Bessey*, 469 F.3d 143, 150 (1st Cir. 2006). An order conditioned on the five proposed safeguards demonstrates that the Court exercised its broad discretion

with full awareness of the record and with structural provisions calibrated to each documented deficiency -- producing a durable order on review.

The 'no prejudice' certification in Defendants' motion (Dkt. 127, p. 2) requires context. Whether extension prejudices a non-moving party is a factual question. *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002). The certification derives verbatim from the withdrawn joint draft, where it was supported by the recitation that 'all parties join.' Once Plaintiff declined to join, the certification's factual predicate dissolved. Plaintiff's documented damages -- including lost wages, lost employer-sponsored health coverage for a five-member family unit, SSA earnings record contamination, and career impairment from documented content suppression -- accrue daily; some categories are time-sensitive and may not be fully remediated by any eventual monetary award. An unconditional extension that does not address ongoing harm is not prejudice-neutral from Plaintiff's standpoint.

## CONCLUSION

The governing authorities support conditioning any extension on the five proposed safeguards: Rule 37(e) and *Chambers* support the preservation certification; FRCP 33(b)(5) and the production record support complete-production compliance; FRCP 26(d)(3) and *Taylor v. Shaw* compel resolution of the sequencing impasse; Local Rule 37.1 requires a **bilateral conferral**; and *Chambers* and *Ameriquest* support streamlined enforcement. Each condition addresses a **specific documented deficiency** and is calibrated to facilitate **efficient completion of fact discovery** within the extended period -- not to penalize prior conduct. Plaintiff stated to Defendants, he would not oppose a limited extension under the right circumstances. The five structural safeguards create the precisely the right conditions. For these reasons, and for the reasons stated in Plaintiff's Conditional Non-Opposition, Plaintiff respectfully requests that the Court deny the motion as presented or, in the alternative, grant a limited thirty-day extension conditioned upon the five safeguards specified therein.

*Respectfully submitted,*

**/s/ Mohamed S. Ly |** Mohamed S. Ly, Plaintiff, Pro Se | Dated: June 21, 2026