**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS -- WESTERN DIVISION**

**MOHAMED SOULEYMAN LY,**
*Plaintiff, Pro Se,*
v.
**EBSCO INDUSTRIES, INC.; EBSCO INFORMATION SERVICES, LLC; EBSCO PUBLISHING, INC.; TIM LULL; and TIM COLLINS,**
*Defendants.*

**Civil Action No. 3:24-cv-30161-MGM**

Referred to Magistrate Judge Christopher L. Morgan
Full Pretrial Management (Dkt. 119)
Hon. Mark G. Mastroianni, USDJ
Western Division -- Springfield

# DECLARATION OF PLAINTIFF MOHAMED SOULEYMAN LY

*Pursuant to 28 U.S.C. § 1746 -- In Support of Motion for Spoliation Sanctions (Motion No. 2)*

I, Mohamed Souleyman Ly, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my personal knowledge, information, and belief:

**1. Declarant.** I am the Plaintiff in the above-captioned action, proceeding pro se and as a whistleblower. I reside at 485 Glendale Road, Wilbraham, Massachusetts 01095. I have personal knowledge of all facts set forth in this Declaration.

**2. Preservation Notice #1 (December 26, 2024).** On December 26, 2024, I served a Litigation Hold Notice on Defendants' counsel identifying the following categories as subject to mandatory preservation: (a) all web content published by any EBSCO entity crediting, attributing, or referencing my professional contributions or tenure, in all language versions; (b) all HRIS records in SAP SuccessFactors relating to my employment from November 1, 2021 through May 25, 2023; (c) all payroll records and related employment records for the same period; (d) all communications concerning my employment, performance, compensation, or termination. I served this notice the eve of the federal filing and retain a copy.

**3. Preservation Notice #2 (January 26, 2026).** On January 26, 2026, I served Forensic Preservation Notice v.1.3.3 on Defendants' counsel by electronic mail, specifically identifying: (a) professional attribution pages at about.ebsco.com in all language versions; (b) SAP SuccessFactors employee records including all field values and audit logs; (c) payroll records with employer entity designation fields; (d) CDN configuration for about.ebsco.com. Defense counsel acknowledged receipt.

**4. Six Additional Preservation Demands (May 2026).** On May 8, 15, 18, 19, and 20, 2026, I served five additional escalating preservation and restoration demands with heightened specificity, and then again, on June 4, 2026 and June 18, 2026. None produced curative action.

**5. Professional Article -- Authorship and Existence.** I authored 'Two Billion Searches -- Circulating Knowledge Across Borders, Languages and Cultures,' published at about.ebsco.com/blogs/ebscopost/2277250/ by EBSCO voluntarily, under its own brand, as an acknowledgment of my professional contributions. I personally accessed this article at this URL on multiple occasions during and after my employment.

**6. HTTP 403 -- Personal Verification.** I personally attempted to access about.ebsco.com/blogs/ebscopost/2277250/ on multiple occasions and received an HTTP 403 'Forbidden' response. The Internet Archive (Wayback Machine) confirms public accessibility as recently as October 7, 2025. I have preserved screenshots documenting the prior accessible state (Exhibit A) and the current HTTP 403 status (Exhibit B).

**7. Comparator Population -- Personal Verification.** I personally accessed about.ebsco.com and confirmed that the following former EBSCO employees retain publicly accessible executive biographies as of the date of this Declaration: Rob Smith (about.ebsco.com/ebscopost/bio/rob-smith); Ashleigh Faith, MLIS, PhD (about.ebsco.com/ebscopost/bio/ashleigh-faith-mlis-phd); Kim Lindskog (about.ebsco.com/ebscopost/bio/kim-lindskog); Tamir Borensztajn (about.ebsco.com/ebscopost/bio/tamir-borensztajn); and numerous additional former employees across all organizational levels and functions. None is a plaintiff in litigation against Defendants. I have preserved dated screenshots of each named URL (Exhibit E).

**8. German-Language Profile -- Personal Verification.** I personally verified that the German-language version of my EBSCO executive biography remains publicly accessible as of the date of this Declaration, while the English, French, Spanish, Portuguese, and other language versions have been suppressed or removed. I have preserved dated screenshots documenting this language-specific asymmetry (Exhibit F).

**9. German-Market Partner Advocacy -- Personal Knowledge.** I declare under penalty of perjury from personal knowledge: German-market partners were among the most persistently and actively engaged advocates for EBSCO's international user experience commitments during my tenure. Their advocacy for EBSCO's German-language presence

was well-documented in the communications of that period. Records of that advocacy exist within Defendants' systems. The German-language profile's continued accessibility is, to the best of my personal knowledge, the result of this ongoing commercial advocacy.

**10. Multilingual Achievement -- Scope and Timing.** Under my leadership as Head of Globalization, EBSCO achieved genuine, comprehensive, scalable multilingual platform localization within approximately eighteen months of my joining in November 2021 -- the first in EBSCO's history after approximately thirteen years of unsuccessful pursuit. The German-language biography documents this achievement. I will confirm the specific milestone date in a supplemental declaration.

**11. Jurisdictional Market Significance.** The English-language version of my professional biography is the operative professional credential in the United States executive labor market -- the primary market in which I seek reemployment following my May 2023 termination. The English-language suppression directly impaired my professional visibility in the US executive labor market during my active job search. The German-language version serves the German-speaking market, where I do not primarily seek reemployment.

**12. Payroll Record Discrepancy -- The Temporal Impossibility.** I am in personal possession of payroll statements received contemporaneously during my employment from November 1, 2021 through May 25, 2023. Those statements reflect my New Jersey residential address for the entire employment period. I have personally compared those statements against Defendants' produced payroll records for the same pay periods. Defendants' produced records display a Massachusetts address for those same pay periods. I declare under penalty of perjury: I did not reside at a Massachusetts address during my employment with EBSCO. My Massachusetts property (485 Glendale Road, Wilbraham, MA) was not acquired until after my employment ended on May 25, 2023.

**13. SAP SuccessFactors Subpoena.** I have served Subpoena No. 5 on SAP America, Inc. requesting the complete field-level audit log for my employee record for all changes made after December 26, 2024, including date, time, User ID, prior field value, and new field value for each change. SAP SuccessFactors maintains these logs in its own infrastructure, independent of EBSCO's instance, beyond Defendants' ability to alter.

**14. Evidentiary Significance of Suppressed Content.** The suppressed professional attribution pages are EBSCO's own voluntarily published, pre-litigation acknowledgment of my globalization work and enterprise-scale business impact. Defendants assert performance-based defenses in Dkt. 117 (Defenses 7, 8, 9, 15). The suppressed pages are the most credible rebuttal of those defenses because they were created by EBSCO itself, for public consumption, without anticipation of litigation. No internal document can substitute for what EBSCO publicly acknowledged in its own corporate voice.

**15. Eight Preservation Demands -- Zero Curative Response.** I served eight documented preservation demands from December 26, 2024 through May 20, 2026 (spanning 148 days). None produced any curative action, explanation, or acknowledgment of the preservation failures described in this Declaration. The specific demands are: (1) Litigation Hold Notice (Dec. 26, 2024); (2) Forensic Preservation Notice v.1.3.3 (Jan. 26, 2026); (3) May 8, 2026 default notification; (4) May 14, 2026 opposition filing; (5) May 15, 2026 preservation reiteration with archival comparison; (6) May 18, 2026 formal conferral; (7) May 19, 2026 Final Compliance Demand; (8) May 20, 2026 compliance deadline. All eight remain uncured.

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my personal knowledge, information, and belief. I am aware that a willfully false declaration subjects the declarant to criminal penalties under 18 U.S.C. § 1621.

**/s/ Mohamed Souleyman Ly**

Mohamed Souleyman Ly | Pro Se Plaintiff and Whistleblower

Executed on June 5, 2026, at Wilbraham, Massachusetts