| UNITED STATES DISTRICT COURT<br>DISTRICT OF MASSACHUSETTS -- WESTERN DIVISION<br><br><br>**MOHAMED SOULEYMAN LY,**<br>*Plaintiff, Pro Se,*<br>v.<br>**EBSCO INDUSTRIES, INC.; EBSCO INFORMATION SERVICES, LLC;**<br>**EBSCO PUBLISHING, INC.; TIM LULL; and TIM COLLINS,**<br>*Defendants.* | **Civil Action No. 3:24-cv-30161-MGM**<br><br>Referred to Magistrate Judge Christopher L. Morgan<br>Full Pretrial Management (Dkt. 119)<br>Hon. Mark G. Mastroianni, USDJ<br>Western Division -- Springfield |

# PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

*In Support of Motion for Spoliation Sanctions (Motion No. 2) Fed. R. Civ. P. 56.1 Format for Court's Reference*

| # | UNDISPUTED MATERIAL FACT | RECORD SUPPORT |
|---|---|---|
| 1 | Plaintiff served a Litigation Hold Notice on Defendants' counsel on December 26, 2024, expressly identifying professional attribution content (all language versions), HRIS records in SAP SuccessFactors, payroll records with employer-entity fields, and all employment-related communications as subject to mandatory preservation. | *Declaration ¶ 2; Exhibit H.* |
| 2 | Plaintiff served Forensic Preservation Notice v.1.3.3 on Defendants' counsel on January 26, 2026, specifically identifying about.ebsco.com content in all language versions, SAP SuccessFactors employee records and audit logs, payroll records with employer-entity designation fields, and CDN configuration. Defense counsel acknowledged receipt. | *Declaration ¶ 3; Exhibit I.* |
| 3 | Plaintiff served six additional preservation and restoration demands on May 8, 15, 18, 19, and 20, 2026, constituting eight total demands across 148 days (December 26, 2024 – May 20, 2026). No demand produced any curative action. | *Declaration ¶ 4, ¶ 15; Exhibits J–L.* |
| 4 | Plaintiff's professional article ('Two Billion Searches -- Circulating Knowledge Across Borders, Languages and Cultures') was published by EBSCO at about.ebsco.com/blogs/ebscopost/2277250/ and was publicly accessible as recently as October 7, 2025 -- nine months into active litigation and after Preservation Notice #1. | *Wayback Machine archive (Exhibit A); Declaration ¶¶ 5–6.* |
| 5 | The URL about.ebsco.com/blogs/ebscopost/2277250/ currently returns HTTP 403 'Forbidden.' HTTP 403 requires an affirmative server-side administrative action and cannot occur accidentally. Silvestri v. General Motors Corp., 271 F.3d 583 (4th Cir. 2001); Apple Inc. v. Samsung Electronics Co., 888 F. Supp. 2d 976 (N.D. Cal. 2012). | *Plaintiff's personal verification (Exhibit B); Declaration ¶ 6.* |
| 6 | Rob Smith, former EBSCO employee (non-litigant), retains a publicly accessible executive biography at about.ebsco.com/ebscopost/bio/rob-smith (HTTP 200) as of filing. | *Plaintiff's personal verification (Exhibit E); Declaration ¶ 7.* |
| 7 | Ashleigh Faith, MLIS, PhD, former EBSCO employee (non-litigant), retains a publicly accessible executive biography at about.ebsco.com/ebscopost/bio/ashleigh-faith-mlis-phd (HTTP 200) as of filing. | *Plaintiff's personal verification (Exhibit E); Declaration ¶ 7.* |
| 8 | Kim Lindskog, former EBSCO employee (non-litigant), retains a publicly accessible executive biography at about.ebsco.com/ebscopost/bio/kim-lindskog (HTTP 200) as of filing. | *Plaintiff's personal verification (Exhibit E); Declaration ¶ 7.* |
| 9 | Tamir Borensztajn, former EBSCO employee (non-litigant), retains a publicly accessible executive biography at about.ebsco.com/ebscopost/bio/tamir-borensztajn (HTTP 200) as of filing. | *Plaintiff's personal verification (Exhibit E); Declaration ¶ 7.* |
| 10 | Dozens of additional former EBSCO employees across all organizational levels and functions retain publicly accessible executive biographies on the about.ebsco.com/ebscopost/ platform as of filing. None is a plaintiff in litigation against Defendants. | *Plaintiff's personal verification (Exhibit E); Declaration ¶ 7.* |
| 11 | Plaintiff's English-language executive biography at about.ebsco.com/ebscopost/bio/mo-ly is not publicly accessible; that URL currently returns HTTP 403. | *Plaintiff's personal verification (Exhibit D); Declaration ¶ 8.* |
| 12 | The German-language version of Plaintiff's executive biography remains publicly accessible (HTTP 200). Plaintiff's French, Spanish, Portuguese, and other language variant biographies have been suppressed or removed. | *Plaintiff's personal verification (Exhibits D, F); Declaration ¶ 8.* |
| 13 | German-market partners were among the most persistently engaged advocates for EBSCO's international user experience commitments during Plaintiff's tenure, and records of that advocacy exist within Defendants' systems. | *Declaration ¶ 9 (personal knowledge under penalty of perjury).* |

| | | |
|---|---|---|
| 14 | Under Plaintiff's leadership as Head of Globalization, EBSCO achieved its first genuine, comprehensive multilingual platform localization within approximately 18 months of Plaintiff's joining in November 2021, after approximately 13 years of unsuccessful prior pursuit. | *Declaration ¶ 10 (personal knowledge under penalty of perjury).* |
| 15 | The English-language version of Plaintiff's professional biography is the operative credential in the US executive labor market where Plaintiff primarily seeks reemployment. Defendants assert failure to mitigate in Dkt. 117, Defense 17. Defendants suppressed the US-market-facing English-language credential during Plaintiff's active mitigation period while preserving the German-market-facing version for their own commercial use. | *Declaration ¶ 11; Dkt. 117.* |
| 16 | Plaintiff's contemporaneous payroll statements (in Plaintiff's personal possession) reflect his New Jersey residential address for the November 1, 2021 – May 25, 2023 employment period. | *Plaintiff's contemporaneous payroll statements (Exhibit M); Declaration ¶ 12.* |
| 17 | Defendants' produced payroll records for the identical pay periods reflect a Massachusetts address for Plaintiff. | *Defendants' document production (Exhibit N); Declaration ¶ 12.* |
| 18 | Plaintiff did not acquire his Massachusetts property (485 Glendale Road, Wilbraham, MA 01095) until after his employment ended on May 25, 2023. A payroll system cannot insert a future address into a historical pay record absent retroactive alteration. | *Property acquisition records (Exhibit O); Declaration ¶ 12; arithmetic.* |
| 19 | SAP SuccessFactors maintains field-level audit logs recording every change to every employee record (date, time, User ID, prior value, new value) in SAP's own infrastructure, independently of EBSCO's instance and beyond Defendants' ability to alter. | *SAP SuccessFactors technical documentation; Declaration ¶ 13.* |
| 20 | Defendants' professional attribution pages directly address Plaintiff's performance, professional standing, and career achievements -- each disputed in Defendants' Answer (Dkt. 117, Defenses 7, 8, 9, 15, 17). The suppressed content is EBSCO's own voluntarily published, pre-litigation acknowledgment of Plaintiff's work, created without anticipation of litigation, whose evidentiary weight derives precisely from its origin as employer-generated attribution. | *Dkt. 117; Declaration ¶ 14.* |

**/s/ Mohamed Souleyman Ly**

Mohamed Souleyman Ly | Pro Se Plaintiff and Whistleblower

Executed on June 5, 2026, at Wilbraham, Massachusetts