| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF MASSACHUSETTS -- WESTERN DIVISION**<br><br>**MOHAMED SOULEYMAN LY,**<br>*Plaintiff, Pro Se,*<br>v.<br>**EBSCO INDUSTRIES, INC.; EBSCO INFORMATION SERVICES, LLC; EBSCO PUBLISHING, INC.; TIM LULL; and TIM COLLINS,**<br>*Defendants.* | **Civil Action No. 3:24-cv-30161-MGM**<br><br>Referred to Magistrate Judge Christopher L. Morgan<br>Full Pretrial Management (Dkt. 119)<br>Hon. Mark G. Mastroianni, USDJ<br>Western Division -- Springfield |

# [PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS,

*ADVERSE INFERENCE INSTRUCTIONS, AND EVIDENTIARY PRECLUSION Fed. R. Civ. P. 37(e) and the Court's Inherent Authority*

Upon consideration of Plaintiff's Motion for Spoliation Sanctions, the supporting Memorandum of Law, Declaration of Mohamed Souleyman Ly, Statement of Undisputed Material Facts, and the full docket record of this case, and upon finding that:

## PART A -- THRESHOLD FINDINGS

(A-1) ESI SUBJECT TO PRESERVATION: Plaintiff's professional attribution content (biography, article) and employment records identified in the December 26, 2024 Litigation Hold Notice and January 26, 2026 Forensic Preservation Notice constitute ESI directly relevant to disputed issues (performance, professional standing, employer identity, mitigation capacity).

(A-2) DUTY TO PRESERVE: The preservation duty arose November 14, 2024 (case filing) and was specifically confirmed by Preservation Notice #1 (December 26, 2024). Defendants received explicit, written notice identifying the subject content by name and category.

(A-3) FAILURE TO TAKE REASONABLE STEPS: Defendants implemented HTTP 403 authorization barriers to the identified content on or after December 23, 2025 -- twelve months after specific written notice. A party represented by national specialty counsel cannot credibly claim inadvertence for preservation failures occurring twelve months after specific written notice. Pension Comm., 685 F. Supp. 2d at 476.

(A-4) LOSS AND FUNCTIONAL INACCESSIBILITY: HTTP 403 barriers render the content functionally inaccessible for litigation purposes, preventing authentication in its original public-domain, employer-attributed form. The suppressed content cannot be restored through additional discovery because no internal document can substitute for EBSCO's own voluntary, pre-litigation, public-domain attribution of Plaintiff's professional achievements. Silvestri, 271 F.3d at 590; Apple, 888 F. Supp. 2d at 991.

(A-5) PREJUDICE (Rule 37(e)(1)): Established on three independent grounds: (a) elimination of the most credible rebuttal of Defendants' underperformance narrative (Dkt. 117, Defenses 7, 8, 9, 15); (b) deliberate impairment of Plaintiff's career discoverability during his active mitigation period; (c) pre-emptive obstruction of the US-market mitigation pathway Defendants simultaneously intend to invoke as Defense 17.

(A-6) INTENT TO DEPRIVE (Rule 37(e)(2)): Established from four independent and convergent proofs: (1) twelve-month notice-to-restriction timeline forecloses inadvertence as matter of law; (2) three-level selectivity (population, intra-content, jurisdictional) establishes targeted, content-aware suppression; (3) German-language variant's preservation through documented commercial advocacy demonstrates capacity, and English suppression demonstrates deliberate choice (capacity-plus-choice); (4) eight preservation demands across 148 days with zero curative response establishes sustained, deliberate conduct. Any single proof is sufficient; all four converge.

## PART B -- FINDINGS ON FACTUAL PREDICATES

(B-1) COMPARATOR POPULATION: The documented preservation of Rob Smith, Ashleigh Faith (MLIS, PhD), Kim Lindskog, Tamir Borensztajn, and dozens of additional non-litigating former employees on the identical platform while Plaintiff's profile is suppressed establishes population-level selectivity. Kronisch, 150 F.3d at 126; Sun River Energy, 800 F.3d at 1227.

(B-2) GERMAN-PROFILE PROOF: The German-language variant's survival while other variants are suppressed establishes granular, content-aware, human decision-making inconsistent with any automated process or uniform policy. Residential Funding Corp., 306 F.3d 99 at 108.

(B-3) JURISDICTIONAL PRECISION: English-language suppression (US market -- Plaintiff's mitigation and career recovery) concurrent with German-language preservation (European market -- Defendants' commercial interests) establishes strategic calibration to Plaintiff's litigation vulnerability.

(B-4) TEMPORAL IMPOSSIBILITY: Massachusetts address appearing in SAP payroll records for pay periods dated during New Jersey residence, before Massachusetts property acquisition, constitutes a per se temporal impossibility requiring retroactive alteration post-litigation. Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

(B-5) PATTERN OF NON-COMPLIANCE: Eight preservation demands across 148 days with zero remediation establishes sustained, deliberate non-compliance. Robson v. Hallenbeck, 81 F.3d 1 (1st Cir. 1996).

## IT IS HEREBY ORDERED:

## TIER I -- CURATIVE MEASURES (Rule 37(e)(1))

1. RESTORATION ORDER. Within ten (10) business days of this Order, Defendants shall restore full public access to ALL suppressed Plaintiff-attributed URLs -- including every language variant of the executive biography (English, French, Spanish, Portuguese, and any additional suppressed variants) and all professional articles -- in the form and content as they existed on December 23, 2025. The continued accessibility of the German-language version does not constitute

compliance with this Order. Failure to restore all versions within the specified period shall automatically trigger the Tier II conditional preclusion sanctions in Paragraph 7 without further motion or hearing.

**2. DERIVATIVE ESI PRODUCTION.** Within twenty-one (21) calendar days, Defendants shall produce: (a) all server logs, CMS records, and IT change orders for all Plaintiff-attributed URLs (all language variants) after December 26, 2024; (b) all CDN access-control configuration logs (Akamai Technologies or equivalent) documenting access-control changes for the subject URLs; (c) all internal communications -- including email, messaging, meeting notes, IT tickets -- relating to any suppression decision or to the German-language profile preservation decision; (d) specifically, all communications from German-market partners or internal EBSCO personnel relating to the preservation of the German-language biography or the suppression of other language variants after December 26, 2024.

**3. SAP AUDIT LOG PRODUCTION.** Within twenty-one (21) calendar days, Defendants shall produce the complete SAP SuccessFactors field-level audit log for Plaintiff's employee record, all changes after December 26, 2024, including: prior field value; new field value; date; time; User ID -- specifically for the following fields: home address, state/province of employment, tax jurisdiction, and employer-entity designation.

**4. PRESERVATION CERTIFICATION.** Within seven (7) calendar days, Defendants' designated IT representative shall file a sworn § 1746 certification confirming: (a) current preservation and availability status of all ESI identified in Plaintiff's Preservation Notices; (b) whether any additional Plaintiff-attributed content has been restricted, removed, or altered since December 26, 2024; (c) current HTTP status of every language-variant URL associated with Plaintiff's biography and authored articles; (d) existence and current preservation status of any internal communications relating to the German-language profile preservation decision or the English-language suppression decision.

**5. MONETARY SANCTIONS.** Plaintiff shall submit a declaration of reasonable expenses incurred in identifying, documenting, and litigating the preservation failures, calculated from December 26, 2024, within fourteen (14) calendar days. Defendants shall have seven (7) calendar days to respond. The Court will thereafter enter a sanctions award.

<div style="background-color:#8B0000;color:white;text-align:center;font-weight:bold;padding:10px;">TIER II -- INTENT-BASED RELIEF (Rule 37(e)(2))</div>

**6. ADVERSE INFERENCE INSTRUCTION.** The Court finds that Defendants acted with intent to deprive Plaintiff of the use of the restricted, suppressed, and altered ESI in this litigation within the meaning of Fed. R. Civ. P. 37(e)(2). The following adverse inference instruction shall be given to the jury at trial:

> *"You have heard evidence that during this litigation, after Plaintiff formally requested preservation, Defendants restricted public access to content on their corporate platform. Plaintiff's executive biography and professional article were suppressed in English, French, Spanish, Portuguese, and other language versions -- while the German-language version was preserved. You may presume that the suppressed content, had it been preserved and*

*presented in this proceeding, would have been unfavorable to Defendants and favorable to Plaintiff on the following matters: (1) whether Plaintiff's professional performance during his employment materially exceeded the characterization reflected in Defendants' Performance Improvement Plan; (2) whether Defendants' PIP-based underperformance rationale was pretextual, particularly in light of Plaintiff's achievement of genuine, scalable multilingual platform localization within 18 months after Defendants' unsuccessful pursuit of the same objective for 13 years; (3) whether EBSCO Industries, Inc. functioned as the operational and statutory employer of record; (4) whether Defendants' suppression of Plaintiff's English-language professional attribution impaired his career recovery and US-market mitigation capacity, and whether Defendants may assert failure to mitigate in the US market after deliberately suppressing the US-market-facing credential they now invoke in that defense."*

**7. CONDITIONAL DEFENSE PRECLUSION.** Conditioned upon Defendants' failure to comply with Paragraph 1 (Restoration Order) within the specified ten-day period, the following sanctions take effect automatically without further motion or hearing: (a) Defendants are precluded from presenting any evidence, argument, or testimony supporting any PIP-based underperformance defense (Dkt. 117, Defenses 7, 8, 9, 15); and (b) Defendants are precluded from asserting or arguing Defense 17 (failure to mitigate), given that Defendants suppressed the US-market-facing English-language professional credential during Plaintiff's active mitigation period while preserving the German-market-facing version for their own commercial use. A party that deliberately suppressed Plaintiff's US-market-facing credential and then asserts US-market mitigation failure has forfeited the equitable right to invoke the defense it created through suppression.

## COORDINATION AND ENFORCEMENT

**8. COORDINATION WITH DKT. 120.** Sanctions entered pursuant to this Order are additive to any sanctions entered pursuant to the Court's Order on Dkt. 120 (Motion No. 1). The compound effect of both orders shall be addressed at the case management conference.

**9. CASE MANAGEMENT CONFERENCE.** The Court shall schedule a combined case management conference within 14 days to address: (a) compliance with this Order; (b) coordination with Dkt. 120; (c) timeline for Motion No. 3 (Partial Summary Judgment on Employer Identity); and (d) any supplemental sanctions warranted upon Defendants' responses to the curative orders above.

**10. ENFORCEMENT.** Failure to comply with any provision of this Order within the specified timeframes shall be treated as contempt of court and may result in escalating sanctions, including terminating sanctions, dismissal, or entry of default judgment, at the Court's discretion.

<div align="center">

**SO ORDERED.**

</div>

_____

**Hon. Christopher L. Morgan**
United States Magistrate Judge
District of Massachusetts -- Western Division
Dated: _____