UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MOHAMED LY,

        Plaintiff,

    v.

EBSCO INDUSTRIES, INC.; EBSCO
INFORMATION SERVICES; EBSCO
PUBLISHING, INC.; TIM COLLINS; and
TIM LULL,

        Defendants.

Civil Action No. 3:24-cv-30161-MGM

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR SPOLIATION SANCTIONS (Dkt. No. 132)**

This Court should deny Plaintiff Mohamed Ly's Motion for Spoliation Sanctions (Doc No.

132) because, among other reasons, (1) Plaintiff cannot meet his burden of showing that defendants

EBSCO Industries, Inc.; EBSCO Information Services; EBSCO Publishing, Inc. (collectively,

"EBSCO"); Tim Collins ("Collins"), or Tim Lull ("Lull") (EBSCO, Collins and Lull collectively

"Defendants") lost or destroyed any evidence; (2) Plaintiff cannot show that any information

identified in his motion is actually relevant to this litigation; and (3) Plaintiff cannot show he was

prejudiced in his pursuit of this litigation by any alleged act identified in his motion. Thus, for the

reasons set forth more fully below, Plaintiff's motion must be denied.[1]

I.     **FACTUAL & PROCEDURAL BACKGROUND**

EBSCO hired Plaintiff as its Principal Product Manager on November 1, 2021. (Affidavit

of Matthew J. Lynch "Lynch Aff." ¶ 4, Ex. A "Defs.' AINTs.") In March 2023, EBSCO placed

---

[1] Plaintiff refers to a "Motion for Partial Summary Judgment." (Dkt. No. 133 p. 5.) There is no pending summary judgment motion. The parties are engaged in discovery, which ends July 22, 2026, with summary judgment motions due by November 5, 2026.

Plaintiff on a performance improvement plan ("PIP") because, among other deficiencies, he repeatedly failed to provide Lull, his supervisor, with an adequate, draft "roadmap" for EBSCO's globalization update.  (Id.)  In April 2023, Plaintiff applied for intermittent leave pursuant to the Family and Medical Leave Act ("FMLA"), which EBSCO approved.  (Id.)  When Plaintiff continued to miss deadlines and submit substandard work product, EBSCO terminated his employment on May 31, 2023.  (Id.)

Plaintiff alleges that Defendants interfered with his FMLA rights (Dkt. No. 101, Count I, ¶¶ 43-50) and retaliated against him in violation of the FMLA (Count II, ¶¶ 51-55).  Plaintiff also alleges that EBSCO failed to timely pay him his final wages on the date of his termination, in violation of the Massachusetts Wage Act.  (Count III, ¶¶ 1-4 [sic]).  To date, the parties have exchanged written discovery, and Defendants served their interrogatory answers and document responses to Plaintiff on June 3, 2026. In their responses, Defendants produced, among other documents, Plaintiff's paystubs, Plaintiff's final paycheck, and EBSCO's shipping and tracking records for Plaintiff's final paycheck.  (Lynch Aff. ¶ 5, Ex. B "Defs.' RRPDs.")  Defendants also stated in their responses that "responsive, non-privileged electronically stored information ["ESI"]" will be produced "after the Court enters a mutually agreeable stipulation and protective order."  (Id., RRPD Nos. 29, 30, 32.)  In advance of this subsequent ESI production, Defendants are currently processing and searching approximately 127 GB of ESI collected from six custodians for review, and Defendants are preparing a draft confidentiality agreement.  (Lynch Aff. ¶ 6.)

In his motion, Plaintiff seeks spoliation sanctions for "THREE INDEPENDENTLY SUFFICIENT SPOLIATION CATEGORIES."  (Dkt. 132 pp. 2-3, III(A)-(B).)  Two of these three categories, which Plaintiff describes as "Category 1: HTTP 403 Suppression of Professional Attribution Content" and "Category 2: Multi-Language Suppression with Selective German

Preservation," appear to be based upon EBSCO's post-termination removal of his individual profile on the "About Us" page of EBSCO's company website. (Id.) Plaintiff describes his third and final category of purported "spoliation" as "Category 3: SAP SuccessFactors Record Alteration – Temporal Impossibility." (Id.) This third category appears to relate to the fact that payroll records produced by EBSCO on June 3, 2026 contain a Wilbraham, Massachusetts address as Plaintiff's residential address, whereas Plaintiff claims that some paystubs he received during the course of his employment contained a different address. (Id. p. 3.)

In support of his arguments regarding his paystubs, Plaintiff also asserts in his motion that he "did not acquire his Massachusetts property (485 Glendale Road, Wilbraham, MA) until after his employment [with EBSCO] ended." (Id. p. 3.) However, Plaintiff's suggestion that he did not live at or acquire the Wilbraham property until after his May 2023 termination appears to contradict Plaintiff's own allegations in his complaint, where he states:

> Mr. Ly initially worked remotely from his residence in Wilbraham, Massachusetts. However, in 2023, Mr. Ly began commuting to EBSCO Information Service's office in Ipswich, Massachusetts.

(Dkt. No. 101 ¶ 20.)

## II.    DISCUSSION

To meet his burden to prove that spoliation occurred and that sanctions are appropriate, Plaintiff must "show at a bare minimum that the opposing party had notice of a potential claim and of the relevance to that claim of the destroyed evidence." See Gomez v. Stop & Shop Supermarket Co., 670 F.3d 395, 399 (1st Cir. 2012). As the First Circuit has noted, there is "an even more rudimentary requirement: the party urging that spoliation has occurred must show that there is evidence that has been spoiled (i.e., destroyed or not preserved)." Id. Every item identified by Plaintiff in his motion appears to relate specifically to ESI, and, therefore, this Court's guide is

3

Fed. R. Civ. P. 37(e).  See Boudreau v. Petit, No. CV 17-301MSM, 2025 WL 553975, at *1 (D.R.I. Feb. 19, 2025); Wai Feng Trading Co. Ltd v. Quick Fitting, Inc., No. CV 13-33WES, 2019 WL 118412, at *10 (D.R.I. Jan. 7, 2019); Fed. R. Civ. P. 37(e).[2]

Rule 37(e) requires that Plaintiff first establish that ESI has been lost and that the relevant information it contained is not available in any other location.  See id.  Second, this Court must consider whether and when a duty to preserve the lost ESI arose, which in turn requires consideration of when the party in possession of the ESI was on notice not only of the litigation but also that the specific ESI would be relevant to the litigation.  See Gomez, 670 F.3d at 399; Boudreau, 2025 WL 553975, at *1; E.E.O.C. v. Chipotle Mexican Grill, 98 F. Supp. 3d 198, 209-10 (D. Mass. 2015).  Additionally, for this Court to issue sanctions pursuant to Rule 37(e), this Court must find that Plaintiff is prejudiced by the alleged loss of any evidence or that Defendants acted with an intent to deprive Plaintiff of relevant evidence.  See Steves & Sons, 327 F.R.D. at 110 (no prejudice and therefore no spoliation where moving party did not show that lost ESI would have significantly improved ability to prove trade secret misappropriation, if at all); Fed. R. Civ. P. 37(e)(1)-(2).  Here, Plaintiff's claims of spoliation fail at every level.  See Gomez, 670 F.3d at 399; Boudreau, 2025 WL 553975, at *1; Chipotle Mexican Grill, 98 F. Supp. 3d at 209-10.

### A.    Plaintiff's Motion is Premature

Plaintiff seeks sanctions for spoliation of ESI, even though EBSCO has not yet made its production of ESI responsive to Plaintiff's requests, meaning that Plaintiff's motion is both unfounded and premature.  See Gomez, 670 F.3d at 399; In re Delta/AirTran Baggage Fee Antitrust

---

[2] To the extent Plaintiff contends that there has been spoliation of any physical documents—and he does not appear to do so—this analysis invokes this Court's inherent authority rather than Rule 37.  See Wai Feng Trading Co., 2019 WL 118412, at *4; Steves & Sons, Inc. v. JELD-WIN, Inc., 327 F.R.D. 96, 110-11 (E.D. Va. 2018).  However, this analysis largely involves the same considerations as Rule 37, and the analysis is therefore substantially the same.  See id.

Litigation, 770 F. Supp. 2d 1299, 1309-10 (N.D. Ga. 2011).  This fatal flaw strikes at the heart of Plaintiff's motion because he is claiming spoliation of ESI—and seeking sanctions for this alleged spoliation of ESI—without even knowing what ESI will be produced.  See id.  Moreover, as set forth in detail below, Plaintiff's motion appears to be premised upon an impermissibly expansive interpretation of Defendants' preservation obligations and the scope of discovery in this matter. See id.  For these reasons alone, Plaintiff's motion should be denied.  See id.

**B.      Plaintiff Cannot Show that Any Evidence Is No Longer Available**

First, Plaintiff cannot show that any alleged evidence has been lost or destroyed, which is fatal to his spoliation argument.  See Gomez, 670 F.3d at 399.  In the same motion in which he alleges that Defendants spoliated evidence, Plaintiff admits that (1) he already has in his possession paystubs allegedly bearing a different address and (2) his website profile is still accessible, in German.  (Dkt. No. 132 p. 3.)  Thus, to the extent this information has any relevance to Plaintiff's claims—a dubious proposition, as discussed below—Plaintiff already possesses this information and/or can access this information, meaning there is no spoliation.  See Gomez, 670 F.3d at 399.

Further, as to the "professional article" that Plaintiff claims has been removed from a blog post on EBSCO's site (Dkt. 132 p. 2), Plaintiff cannot meet his burden of showing that the information in this post is lost or inaccessible—he merely *assumes* that the contents of the blog post or any substantially similar information from the blog post no longer exists because the post itself is not on EBSCO's public website.  See id.

Plaintiff's vague and cursory speculation regarding a deleted profile is also woefully insufficient to meet his burden of showing that any allegedly relevant publications are not available from other sources, particularly when this information presumably consists of Plaintiff's educational and work history, information that he can provide to future prospective employers

himself.  See In re Delta/AirTran Baggage Fee Antitrust Litigation, 770 F. Supp. 2d at 1309-10.

Thus, Plaintiff cannot meet his threshold burden of proving spoliation.  See Gomez, 670 F. 3d at

399; Boudreau, 2025 WL 553975, at *1; Fed. R. Civ. P. 37(e).

### C.      Plaintiff Cannot Show that Any Allegedly Lost Information is Relevant

Moreover, Plaintiff does not, and cannot, establish that any of the information identified

in his motion is relevant to his claims or EBSCO's defenses.  See Gomez, 670 F.3d at 399; see

also GenOn Mid-Atlantic, LLC v. Stone & Webster, Inc., 282 F.R.D. 346, 358-59 (S.D.N.Y. 2012)

(no spoliation where documents not relevant to litigation).  EBSCO's removal of Plaintiff's online

profile after his termination in May 2023 is not relevant to whether EBSCO violated any of

Plaintiff's rights under the FMLA *during his employment with EBSCO* or whether EBSCO timely

paid Plaintiff all wages owed to him on the date of his termination.  See Colburn v. Parker

Hannifin/Nichols Portland Div., 429 F.3d 325, 331-32 (1st Cir. 2005); Kliskey v. Making

Opportunity Count, Inc., No. 22-CV-40123-MRG, 2025 WL 959257, at *6 (D. Mass. Mar. 31,

2025); Reuter v. City of Methuen, 489 Mass. 465, 470-71 (2022).

Plaintiff seemingly argues that EBSCO's removal of his online profile has negatively

impacted his attempts to find subsequent employment after his termination and is therefore

relevant to his duty to mitigate his alleged lost wages.  (Dkt. 132 pp. 2-3.)  Even if this Court were

to assume that this argument is factually plausible and legally cognizable, this argument only has

any conceivable, potential relevance to Plaintiff's duty to mitigate his damages and therefore

requires Plaintiff to show, based on evidence from other prospective employers, that the lack of an

online biography played some role in the prospective employer's decision whether to interview or

hire Plaintiff.  See Kassel v. Gannett Co., 875 F.2d 935, 950 (1st Cir.1989).  However, Plaintiff's

former online profile on EBSCO's company website itself is not relevant evidence.  See Gomez, 670 F. 3d at 399.

Regarding Plaintiff's "professional article," Plaintiff seems to suggest, contrary to the law, that any work product he ever prepared at any time during his employment with EBSCO is relevant to his claims.  See Boudreau, 2025 WL 553975, at *1.  ("[T]he law is also clear that the duty to preserve is not meant to impose an unreasonable or disproportional burden in that a party need not preserve every paper, electronic document, backup tape or cloud-storage repository that conceivably might later be deemed to be relevant.") (citing Steves & Sons, 327 F.R.D. at 108).  Plaintiff must, at a bare minimum, articulate how the allegedly spoliated information was in fact relevant to any claim or defense in this matter, and Plaintiff fails to provide any information about how the specific contents of this alleged "professional article" are in any way relevant to his claims.  See Gomez, 670 F.3d at 399.

Moreover, the fact that the paystubs produced by EBSCO in June 2026 have a different address than some paystubs that Plaintiff received years earlier is not relevant to Plaintiff's Wage Act claim, which relates solely to whether Plaintiff received his final wages on or before the date of his termination.  See Reuter, 489 Mass. at 470-71.  EBSCO has produced the relevant documents, specifically, Plaintiff's final paystub and the UPS shipping and tracking data showing the date and address to which EBSCO sent Plaintiff's final paycheck.  (Lynch Aff. ¶ 5, Ex. B, RRPD No. 13.)  Thus, there is no factual or legal basis for Plaintiff's claim of spoliation or request for sanctions regarding his paystubs.  See Gomez, 670 F.3d at 399; Boudreau, 2025 WL 553975, at *1; Steves & Sons, 327 F.R.D. at 110; GenOn Mid-Atlantic, 282 F.R.D. at 358-59.  Plaintiff does not and cannot meet this bare minimum burden, and his motion should therefore be denied.  See id.

### D.    There Is No Basis for Sanctions

Even if Plaintiff had made a threshold showing that relevant evidence has been lost or destroyed at some time after Defendants were on notice of a duty to preserve—which Plaintiff has not done—there is no evidence of the prejudice or intent to deprive that is required for spoliation sanctions to issue.  See McGuire v. Acufex Microsurgical, Inc., 175 F.R.D. 149, 154 (D. Mass. 1997).  Every specific item identified by Plaintiff is already in his possession or otherwise accessible to him. Plaintiff has the evidence relevant to EBSCO's timely delivery of his final paycheck, and Plaintiff cannot show that EBSCO has otherwise lost or destroyed any information that would have any bearing on his claims.  See Steves & Sons, 327 F.R.D. at 110.

### III.    CONCLUSION

For the reasons set forth above, Plaintiff utterly fails to establish any of the predicate elements of spoliation, and this Court should therefore deny his Motion for Spoliation Sanctions (Dkt. 132).

Respectfully submitted,

EBSCO INDUSTRIES, INC.; EBSCO INFORMATION SERVICES; EBSCO PUBLISHING, INC.; TIM COLLINS; and TIM LULL,

By their attorneys,

/s/ Matthew J. Lynch
Melissa L. McDonagh, Bar No. 569023
mmcdonagh@littler.com
Matthew J. Lynch, Bar No. 689363
mlynch@littler.com

LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA  02110
Telephone:    617.378.6000
Facsimile:    617.737.0052

Dated: July 6, 2026

8

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of July 2026, a true copy of the foregoing document was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

*/s/ Matthew J. Lynch*
Matthew J. Lynch

9