**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS -- WESTERN DIVISION**

| | |
|---|---|
| MOHAMED LY, | Civil Action No. 3:24-cv-30161-MGM |
| Plaintiff, Pro Se and Whistleblower, | Judge Mark G. Mastroianni |
| v. | Magistrate Judge Christopher L. Morgan |
| EBSCO INDUSTRIES, INC.; EBSCO INFORMATION SERVICES, LLC; EBSCO PUBLISHING, INC.; TIM COLLINS; and TIM LULL, | MOTION M-1 |
| Defendants. | |

**PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF TIM COLLINS**

**AND FOR MANDATORY COST-SHIFTING SANCTIONS UNDER FED. R. CIV. P.**

**37(a)(5)(A)**

## I. IDENTITY OF DEPONENT AND EXAMINATION SCOPE

| Element | Detail |
|---|---|
| Deponent | Tim Collins, Chief Executive Officer, EIS and or EPI, claimed in Rule 7.1 Corporate Disclosure by Defendants, to be subsidiaries of EBSCO Industries, Inc. |
| Notice Served | June 13, 2026 (Omnibus Deposition Notices); re-noticed June 25, 2026 (Deposition Scheduling Transmittal) |
| Confirmation Demanded By | June 27, 2026 EOD; no confirmation received |
| Defense Response | None, as of the date of this filing |
| Discovery Closure | July 22, 2026 (ECF Nos. 138-139) -- all depositions must be completed by this date |
| Examination Scope (noticed) | (A) Employer identity and corporate structure, including the corporate event Plaintiff contends dissolved EBSCO Publishing, Inc.'s independent employer capacity, the continued use of EPI as employer designee on payroll instruments, and the basis for Affirmative Defense No. 23; (B) direct authorization of Plaintiff's Globalization and Accessibility funding and the November 2022 expansion of Plaintiff's mandate; (C) the HTTP 403 restriction of English-language professional attribution pages at about.ebsco.com -- the decision-maker, the date of implementation, and its relationship to the December 26, 2024 litigation hold; (D) Plaintiff's whistleblower communications raising employer-identity discrepancies, and any responsive action taken or not taken. |

1

## II. GOVERNING AUTHORITY

| Rule / Authority | Application |
| --- | --- |
| Fed. R. Civ. P. 30(a)(1) | A party may depose any person, including a party, without leave of court. Collins was properly noticed; his attendance is compellable. |
| Fed. R. Civ. P. 37(a)(3)(B)(i) | A party seeking discovery may move to compel a deponent's attendance and testimony. Failure to produce a properly noticed witness is a failure to respond within the meaning of the Rule. |
| Fed. R. Civ. P. 37(a)(5)(A) | If the motion is granted, per applicable rules, the Court is asked to require the party whose conduct necessitated the motion to pay the movant's reasonable expenses. Cost-shifting is mandatory once the motion is granted. |
| ECF Nos. 138-139 (June 24, 2026) | The Court's discovery-extension order identifies Plaintiff's noticed depositions among the operative discovery remaining to be completed, and sets July 22, 2026 as the outside date for completion. |

## III. WHY THE COLLINS DEPOSITION IS NON-DEFERRABLE

Tim Collins is the Chief Executive Officer of an entity Defendants describe, in different filings, as both a division of and an entity independent from EBSCO Industries, Inc. -- the entity that (a) issued all of Plaintiff's wage payments from its payroll account while Defendants simultaneously assert, as Affirmative Defense No. 23, that it was not Plaintiff's employer; (b) is implicated in the corporate event Plaintiff contends dissolved EBSCO Publishing, Inc.'s capacity to serve as employer of record; and (c) whose corporate authority underlies every payroll instrument, government filing, and litigation position taken in this case.

Collins is also the only executive with personal knowledge of two matters that cannot be explored through any other noticed deponent: (1) the HTTP 403 restriction of English-language professional attribution pages -- a post-termination configuration change of the kind that ordinarily requires senior-management authorization, and one that bears directly on Plaintiff's career-erasure damages theory; and (2) Plaintiff's whistleblower communications raising employer-identity discrepancies, which were directed upward through the organization.

Neither topic can be explored through Patricia Carroll, a legal officer without operational authority over platform configuration, or through Tim Lull, a product-management executive without C-suite authority over digital-platform restrictions. Collins is the only witness with personal knowledge of both matters, and his deposition cannot be deferred without foreclosing discovery of those matters entirely before the July 22, 2026 close.

2

## IV. TARGETED RELIEF REQUESTED

| # | Relief Requested | Basis | Nature |
|---|---|---|---|
| 1 | An Order compelling Defendants to produce Tim Collins for deposition on or before July 18, 2026, at a date and time confirmed in writing within three (3) business days of this Order, given the compressed calendar remaining before the July 22, 2026 discovery closure. | Fed. R. Civ. P. 37(a)(3)(B)(i); ECF No. 139 | MANDATORY |
| 2 | An Order that, if Collins is not produced by July 18, 2026, the following facts are established for all purposes in this action: (a) EBSCO Industries, Inc. was Plaintiff's employer of record at all times relevant to this action; (b) the HTTP 403 restriction on Plaintiff's English-language attribution pages was implemented after the December 26, 2024 litigation hold; (c) Collins was aware of Plaintiff's whistleblower communications regarding employer-identity discrepancies. | Fed. R. Civ. P. 37(b)(2)(A)(i) | IMMEDIATE |
| 3 | Mandatory cost-shifting: Defendants and Littler Mendelson, P.C., jointly and severally, to pay Plaintiff's reasonable expenses incurred in making this motion. | Fed. R. Civ. P. 37(a)(5)(A) -- mandatory | MANDATORY |
| 4 | Given the extraordinarily compressed remaining discovery window, an order setting an expedited briefing schedule under Local Rule 7.1 and Local Rule 37.1. | L.R. 7.1; L.R. 37.1 | REQUESTED |

## CERTIFICATION OF CONFERRAL SATISFACTION

Plaintiff certifies that the conferral requirements of Local Rule 37.1, and the conferral framework proposed by defense counsel Matthew J. Lynch on June 4, 2026 and June 18, 2026 -- under which Defendants agreed to confer and respond upon Plaintiff's identification of (1) the item at issue, (2) the basis for believing it was deficient, (3) the basis for believing that deficiency was improper, and (4) the discovery mechanism implicated -- have been exhaustively satisfied as to each deponent addressed in this motion. Defense counsel was provided, at minimum, the following pre-motion conferral opportunities: the June 13, 2026 Omnibus Deposition Notices; the June 25, 2026 Deposition Scheduling Transmittal (with a June 27, 2026 confirmation deadline); the June 26, 2026 Rule 37.1 Supplemental Conferral Response; and the June 30, 2026 Forensic Production Ledger (with a July 2, 2026 response deadline). No scheduling confirmation and no substantive conferral response was received as to any of these transmittals. This motion is filed following complete conferral exhaustion, consistent with the framework defense counsel himself proposed.

3

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 14, 2026, a true and correct copy of this Motion was transmitted via electronic mail to Matthew J. Lynch, Esq. (mlynch@littler.com) and Melissa L. McDonagh, Esq. (mmcdonagh@littler.com), Littler Mendelson, P.C., counsel of record for Defendants, and to the Boston College Law School Federal Court Clinic (bclawclinic@bc.edu), and was filed with the Court via the ECF portal.


Respectfully submitted,


Mohamed Souleyman Ly

Plaintiff, Pro Se and Whistleblower

485 Glendale Road, Wilbraham, Massachusetts 01095

mmmly7@gmail.com  |  July 14, 2026