## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS -- WESTERN DIVISION

MOHAMED LY,

    Plaintiff, Pro Se and Whistleblower,

v.

EBSCO INDUSTRIES, INC.; EBSCO INFORMATION
SERVICES, LLC; EBSCO PUBLISHING, INC.;
TIM COLLINS; and TIM LULL,

    Defendants.

Civil Action No. 3:24-cv-30161-MGM

Judge Mark G. Mastroianni

Magistrate Judge Christopher L.
Morgan

MOTION M-2

## PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF PATRICIA CARROLL AND FOR MANDATORY COST-SHIFTING SANCTIONS UNDER FED. R. CIV. P. 37(a)(5)(A)

## I. IDENTITY OF DEPONENT AND EXAMINATION SCOPE

| Element | Detail |
|---|---|
| Deponent | Patricia Carroll, identified in Defendants' filings as General Counsel, EBSCO Industries, Inc., and simultaneously identified as EVP Human Resources, EBSCO Information Services in the June 3, 2026 interrogatory verification -- a title discrepancy that is itself a subject of examination. |
| Notice Served | June 13, 2026 (Omnibus Deposition Notices); re-noticed June 25, 2026 (Deposition Scheduling Transmittal) |
| Confirmation Demanded By | June 27, 2026 EOD; no confirmation received before or after deadline |
| Defense Response | None, as of the date of this filing |
| Discovery Closure | July 22, 2026 (ECF Nos. 138-139) |
| Examination Scope (noticed) | (A) The personal-knowledge basis for Carroll's Rule 33(b)(5) verification of all interrogatory responses served June 3, 2026, including her investigation into the payroll temporal-impossibility issue, the unproduced intercompany agreement referenced in the interrogatory responses, and the discrepancy between the termination date stated in the verified responses and the date reflected in the termination letter (EBSCO000010); (B) litigation-hold implementation, including receipt of the December 26, 2024 hold notice and specific preservation measures |

1

| Element | Detail |
| --- | --- |
| | taken; (C) Carroll's role in authorizing or reviewing Affirmative Defense No. 23 and the Rule 7.1 Corporate Disclosure; (D) Carroll's awareness of and response to Plaintiff's written demand for corrected Forms W-2c; (E) whether Carroll held simultaneous roles at EBSCO Industries, Inc. and EBSCO Information Services, and what that dual role means for the corporate separateness underlying Affirmative Defenses No. 23 and No. 24. |

## II. GOVERNING AUTHORITY

| Rule / Authority | Application |
| --- | --- |
| Fed. R. Civ. P. 30(a)(1) | Carroll was properly noticed. Her attendance is compellable. |
| Fed. R. Civ. P. 33(b)(5) | The party or officer answering interrogatories must sign under penalty of perjury. Carroll's deposition tests whether her June 3, 2026 signature reflects personal knowledge or a defective verification. |
| Fed. R. Civ. P. 37(a)(5)(A) | The Court must require payment of reasonable expenses upon grant of a motion to compel. |
| ECF Nos. 138-139 | Carroll's deposition is among the operative discovery this Court has recognized must be completed by July 22, 2026. |

## III. WHY THE CARROLL DEPOSITION IS UNIQUELY URGENT

Carroll's deposition carries an urgency distinct from the other depositions sought in this package. Unlike the other Defendants, whose factual assertions have, since the outset of this litigation, been presented through at least fourteen sworn affidavits executed by defense counsel rather than by witnesses with personal knowledge of the underlying events or of the factual assertions contained therein, Carroll is the only witness who personally signed a statement under penalty of perjury: her Rule 33(b)(5) verification of the June 3, 2026 interrogatory responses. Plaintiff contends that verification is contradicted by documents produced in the same discovery package she verified. The examination will address: (1) the termination-date discrepancy between the verified interrogatory responses and the termination letter (EBSCO000010); (2) the verified reference to an intercompany agreement absent from Defendants' production; and (3) the discrepancy between Carroll's title in her verification and in this litigation's filings.

A General Counsel who signs a perjury-penalty verification of interrogatory responses that Plaintiff contends are contradicted by the very documents she authorized for production presents a discrete, examinable question of verification adequacy that cannot be resolved through paper discovery alone. This deposition is the mechanism by which the adequacy of those certifications

is tested, and it cannot be deferred without effectively foreclosing that inquiry before discovery closes.

## IV. TARGETED RELIEF REQUESTED

| # | Relief Requested | Basis | Nature |
|---|---|---|---|
| 1 | An Order compelling Defendants to produce Patricia Carroll for deposition on or before July 17, 2026, given the verification-integrity issues at stake, at a date and time confirmed in writing within three (3) business days of this Order. | Fed. R. Civ. P. 37(a)(3)(B)(i); ECF No. 139 | MANDATORY |
| 2 | An Order that, if Carroll is not produced by July 17, 2026, Defendants' June 3, 2026 interrogatory responses are precluded from use as evidence at trial or in any motion practice, for failure to produce the verifying officer for examination on the basis of her verification. | Fed. R. Civ. P. 37(b)(2)(A)(ii) | IMMEDIATE |
| 3 | In the alternative to Item 2, an Order establishing that Carroll's verification did not reflect independently investigated personal knowledge as to the specific responses identified in Section I(A) above, for purposes of assessing the weight and admissibility of those responses. | Fed. R. Civ. P. 37(b)(2)(A)(i) | IMMEDIATE |
| 4 | Mandatory cost-shifting: Defendants and Littler Mendelson, P.C., jointly and severally, to pay Plaintiff's reasonable expenses in making this motion. | Fed. R. Civ. P. 37(a)(5)(A) -- mandatory | MANDATORY |

## CERTIFICATION OF CONFERRAL SATISFACTION

Plaintiff certifies that the conferral requirements of Local Rule 37.1, and the conferral framework proposed by defense counsel Matthew J. Lynch on June 4, 2026 and June 18, 2026 -- under which Defendants agreed to confer and respond upon Plaintiff's identification of (1) the item at issue, (2) the basis for believing it was deficient, (3) the basis for believing that deficiency was improper, and (4) the discovery mechanism implicated -- have been exhaustively satisfied as to each deponent addressed in this motion. Defense counsel was provided, at minimum, the following pre-motion conferral opportunities: the June 13, 2026 Omnibus Deposition Notices; the June 25, 2026 Deposition Scheduling Transmittal (with a June 27, 2026 confirmation deadline); the June 26, 2026 Rule 37.1 Supplemental Conferral Response; and the June 30, 2026 Forensic Production Ledger (with a July 2, 2026 response deadline). No scheduling confirmation and no substantive conferral response was received as to any of these transmittals. This motion is filed following complete conferral exhaustion, consistent with the framework defense counsel himself proposed.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 14, 2026, a true and correct copy of this Motion was transmitted via electronic mail to Matthew J. Lynch, Esq. (mlynch@littler.com) and Melissa L. McDonagh, Esq. (mmcdonagh@littler.com), Littler Mendelson, P.C., counsel of record for Defendants, and to the Boston College Law School Federal Court Clinic (bclawclinic@bc.edu), and was filed with the Court via the ECF portal.


Respectfully submitted,


Mohamed Souleyman Ly

Plaintiff, Pro Se and Whistleblower

485 Glendale Road, Wilbraham, Massachusetts 01095

mmmly7@gmail.com  |  July 14, 2026