**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS -- WESTERN DIVISION**

| | |
|---|---|
| MOHAMED LY,<br><br>     Plaintiff, Pro Se and Whistleblower,<br><br>v.<br><br>EBSCO INDUSTRIES, INC.; EBSCO INFORMATION SERVICES, LLC; EBSCO PUBLISHING, INC.; TIM COLLINS; and TIM LULL,<br><br>     Defendants. | Civil Action No. 3:24-cv-30161-MGM<br><br>Judge Mark G. Mastroianni<br><br>Magistrate Judge Christopher L. Morgan<br><br>MOTION M-3 |

**PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF TIM LULL AND FOR MANDATORY COST-SHIFTING SANCTIONS UNDER FED. R. CIV. P. 37(a)(5)(A)**

## I. IDENTITY OF DEPONENT AND EXAMINATION SCOPE

| Element | Detail |
|---|---|
| Deponent | Tim Lull, Senior Vice President of Product Management and Plaintiff's direct supervisor throughout his employment. |
| Notice Served | June 13, 2026 (Omnibus Deposition Notices); re-noticed June 25, 2026 (Deposition Scheduling Transmittal) |
| Confirmation Demanded By | June 27, 2026 EOD; no confirmation received |
| Defense Response | None, as of the date of this filing |
| Discovery Closure | July 22, 2026 (ECF Nos. 138-139) |
| Examination Scope (noticed) | (A) The sequence from Plaintiff's February 20, 2023 FMLA leave request, through the March 15, 2023 Performance Improvement Plan (23 days later), to the May 25, 2023 termination (94 days later), including Lull's role in initiating and drafting the PIP and the absence of any documented performance concern in the preceding 18-month record; (B) Lull's direct knowledge of and role in the November 2022 expansion of Plaintiff's mandate to enterprise-level leadership of both Localization and Accessibility; (C) whether the PIP was drafted before or after the FMLA request was received; (D) Lull's communications with Carroll and Collins during the termination process. |

1

## II. THE LULL TIMELINE -- DOCUMENTED BY DEFENDANTS' OWN PRODUCTION

The following timeline is established by documents produced by Defendants at EBSCO000001-000078. It requires no testimony to construct; the documents establish it on their face. Lull's deposition is necessary to explore the decisions underlying it.

| Date | Event | Source Document |
|---|---|---|
| November 2022 | Plaintiff receives an expanded mandate: enterprise-level leadership of both Localization and Accessibility. | EBSCO000014-017 (FY22 Assessment: all objectives marked 'Completed'; Lull comment: 'Good first year.') |
| February 20, 2023 | Plaintiff submits experiences first FMLA-qualifying event, which triggers first leave requirement leave and establishes need for accommodation. | FMLA documentation, subject of compelled production in a separate motion |
| March 15, 2023 | A Performance Improvement Plan is initiated -- 23 days after the FMLA first qualifying request, with no documented prior performance concern in the 18-month employment record. | EBSCO000006 (PIP document) |
| May 25, 2023 | Plaintiff is terminated 25 days after the retroactive FMLA approval, which was backdated only to the second April 11, 2023 FMLA-qualifying event rather than the first qualifying event of February 20, 2023. The termination letter is issued by EBSCO Information Services; a sworn non-employer before this Court. | EBSCO000010 (termination letter) |

The unanswered question that only Lull can answer under oath is whether the PIP was drafted before or after the February 20, 2023 FMLA request was received. Native-format metadata of the PIP document will establish its creation date. Either answer bears directly on the temporal-proximity analysis governing Plaintiff's FMLA retaliation claim, and Lull is the only witness who can speak to the circumstances of the PIP's origination.

## III. TARGETED RELIEF REQUESTED

| # | Relief Requested | Basis | Nature |
|---|---|---|---|
| 1 | An Order compelling Defendants to produce Tim Lull for deposition on or before July 18, 2026, at a date and time confirmed in writing within three (3) business days of this Order. | Fed. R. Civ. P. 37(a)(3)(B)(i); ECF No. 139 | MANDATORY |
| 2 | An Order compelling production, in conjunction with Lull's deposition, of the native-format PIP document (EBSCO000006) | Fed. R. Civ. P. 34(b)(2)(E)(ii) | MANDATORY |

| # | Relief Requested | Basis | Nature |
|---|---|---|---|
| | with all metadata preserved, including creation date, last-modified date, and author field. | | |
| 3 | An Order that, if Lull is not produced by July 18, 2026, the following facts are established: (a) the PIP was initiated within 23 days of Plaintiff's FMLA request; (b) no documented performance concern existed prior to that request; (c) the May 25, 2023 termination was causally connected to the FMLA request. | Fed. R. Civ. P. 37(b)(2)(A)(i) | IMMEDIATE |
| 4 | Mandatory cost-shifting: Defendants and Littler Mendelson, P.C., jointly and severally, to pay Plaintiff's reasonable expenses. | Fed. R. Civ. P. 37(a)(5)(A) -- mandatory | MANDATORY |

## CERTIFICATION OF CONFERRAL SATISFACTION

Plaintiff certifies that the conferral requirements of Local Rule 37.1, and the conferral framework proposed by defense counsel Matthew J. Lynch on June 4, 2026 and June 18, 2026 -- under which Defendants agreed to confer and respond upon Plaintiff's identification of (1) the item at issue, (2) the basis for believing it was deficient, (3) the basis for believing that deficiency was improper, and (4) the discovery mechanism implicated -- have been exhaustively satisfied as to each deponent addressed in this motion. Defense counsel was provided, at minimum, the following pre-motion conferral opportunities: the June 13, 2026 Omnibus Deposition Notices; the June 25, 2026 Deposition Scheduling Transmittal (with a June 27, 2026 confirmation deadline); the June 26, 2026 Rule 37.1 Supplemental Conferral Response; and the June 30, 2026 Forensic Production Ledger (with a July 2, 2026 response deadline). No scheduling confirmation and no substantive conferral response was received as to any of these transmittals. This motion is filed following complete conferral exhaustion, consistent with the framework defense counsel himself proposed.

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2026, a true and correct copy of this Motion was transmitted via electronic mail to Matthew J. Lynch, Esq. (mlynch@littler.com) and Melissa L. McDonagh, Esq. (mmcdonagh@littler.com), Littler Mendelson, P.C., counsel of record for Defendants, and to the Boston College Law School Federal Court Clinic (bclawclinic@bc.edu), and was filed with the Court via the ECF portal.

Respectfully submitted,

Mohamed Souleyman Ly

Plaintiff, Pro Se and Whistleblower

485 Glendale Road, Wilbraham, Massachusetts 01095

mmmly7@gmail.com  |  July 14, 2026