## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS -- WESTERN DIVISION

| | |
|---|---|
| MOHAMED LY,<br><br>    Plaintiff, Pro Se and Whistleblower,<br><br>v.<br><br>EBSCO INDUSTRIES, INC.; EBSCO INFORMATION SERVICES, LLC; EBSCO PUBLISHING, INC.; TIM COLLINS; and TIM LULL,<br><br>    Defendants. | Civil Action No. 3:24-cv-30161-MGM<br><br>Judge Mark G. Mastroianni<br><br>Magistrate Judge Christopher L. Morgan<br><br>MOTION M-4 |

### PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF DAVID HOBBS AND FOR MANDATORY COST-SHIFTING SANCTIONS UNDER FED. R. CIV. P. 37(a)(5)(A)

### I. IDENTITY OF DEPONENT AND EXAMINATION SCOPE

| Element | Detail |
|---|---|
| Deponent | David Hobbs, Chief Financial Officer, EBSCO Industries, Inc. |
| Notice Served | June 13, 2026 (Omnibus Deposition Notices); re-noticed June 25, 2026 (Deposition Scheduling Transmittal) |
| Confirmation Demanded By | June 27, 2026 EOD; no confirmation received |
| Defense Response | None, as of the date of this filing |
| Discovery Closure | July 22, 2026 (ECF Nos. 138-139) |
| Examination Scope (noticed) | (A) Authorization and control of the payroll disbursement account that funded all of Plaintiff's wage payments, including the account-numbering practice reflected in the check-number field across the payroll instruments produced; (B) the W-9 certifications on file for the relevant EBSCO entities, the authority under which they were executed, and their consistency with the entity identifications appearing on Plaintiff's payroll instruments; (C) the financial relationship among the EBSCO entities for payroll and benefits purposes during Plaintiff's employment; (D) Hobbs's knowledge of and responsibility for the government filings (Forms W-2 and 941) made under EBSCO Industries, Inc.'s EIN during Plaintiff's employment period. |

## II. WHY THE HOBBS DEPOSITION IS INDEPENDENTLY ESSENTIAL

Hobbs is the only noticed witness with direct authority over the financial mechanisms that bear on employer identity from the payroll-disbursement side of the record -- the account that funded Plaintiff's wages, the entity-identification conventions used across the payroll instruments, and the W-9 certifications on file for the relevant entities. As Chief Financial Officer, Hobbs is positioned to identify who authorized these payments and on what basis, and to explain the entity designations appearing on the government filings made during Plaintiff's employment. No other noticed deponent has comparable authority over these financial-systems questions.

## III. TARGETED RELIEF REQUESTED

| # | Relief Requested | Basis | Nature |
|---|---|---|---|
| 1 | An Order compelling Defendants to produce David Hobbs for deposition on or before July 19, 2026, at a date and time confirmed in writing within three (3) business days of this Order. | Fed. R. Civ. P. 37(a)(3)(B)(i); ECF No. 139 | MANDATORY |
| 2 | An Order that, if Hobbs is not produced by July 19, 2026, the following facts are established: (a) the payroll-disbursement account described in Section I above was EBSCO Industries, Inc.'s account and no other entity funded Plaintiff's wages; (b) the W-9 certifications on file were executed with knowledge of the litigation positions Defendants have taken as to employer identity in this action. | Fed. R. Civ. P. 37(b)(2)(A)(i) | IMMEDIATE |
| 3 | Mandatory cost-shifting: Defendants and Littler Mendelson, P.C., jointly and severally, to pay Plaintiff's reasonable expenses. | Fed. R. Civ. P. 37(a)(5)(A) -- mandatory | MANDATORY |

## CERTIFICATION OF CONFERRAL SATISFACTION

Plaintiff certifies that the conferral requirements of Local Rule 37.1, and the conferral framework proposed by defense counsel Matthew J. Lynch on June 4, 2026 and June 18, 2026 -- under which Defendants agreed to confer and respond upon Plaintiff's identification of (1) the item at issue, (2) the basis for believing it was deficient, (3) the basis for believing that deficiency was improper, and (4) the discovery mechanism implicated -- have been exhaustively satisfied as to each deponent addressed in this motion. Defense counsel was provided, at minimum, the following pre-motion conferral opportunities: the June 13, 2026 Omnibus Deposition Notices; the June 25, 2026 Deposition Scheduling Transmittal (with a June 27, 2026 confirmation deadline); the June 26, 2026 Rule 37.1 Supplemental Conferral Response; and the June 30, 2026 Forensic Production

Ledger (with a July 2, 2026 response deadline). No scheduling confirmation and no substantive conferral response was received as to any of these transmittals. This motion is filed following complete conferral exhaustion, consistent with the framework defense counsel himself proposed.

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2026, a true and correct copy of this Motion was transmitted via electronic mail to Matthew J. Lynch, Esq. (mlynch@littler.com) and Melissa L. McDonagh, Esq. (mmcdonagh@littler.com), Littler Mendelson, P.C., counsel of record for Defendants, and to the Boston College Law School Federal Court Clinic (bclawclinic@bc.edu), and was filed with the Court via the ECF portal.


Respectfully submitted,


Mohamed Souleyman Ly

Plaintiff, Pro Se and Whistleblower

485 Glendale Road, Wilbraham, Massachusetts 01095

mmmly7@gmail.com  |  July 14, 2026