**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS -- WESTERN DIVISION**

| | |
|---|---|
| MOHAMED LY,<br><br>     Plaintiff, Pro Se and Whistleblower,<br><br>v.<br><br>EBSCO INDUSTRIES, INC.; EBSCO INFORMATION SERVICES, LLC; EBSCO PUBLISHING, INC.; TIM COLLINS; and TIM LULL,<br><br>     Defendants. | Civil Action No. 3:24-cv-30161-MGM<br><br>Judge Mark G. Mastroianni<br><br>Magistrate Judge Christopher L. Morgan<br><br>MOTION M-5 |

**PLAINTIFF'S MOTION TO COMPEL RULE 30(b)(6) CORPORATE WITNESS DESIGNATION AND DEPOSITION, AND FOR MANDATORY COST-SHIFTING SANCTIONS UNDER FED. R. CIV. P. 37(a)(5)(A)**

## I. THE RULE 30(b)(6) OBLIGATION AND DEFAULT

Federal Rule of Civil Procedure 30(b)(6) imposes a mandatory obligation on a named organization to designate one or more persons to testify on its behalf regarding matters described with reasonable particularity in the deposition notice, and to prepare those witnesses to testify fully and completely. The obligation is not discretionary.

Plaintiff's June 25, 2026 Deposition Scheduling Transmittal designated six specific matters for Rule 30(b)(6) examination of EBSCO Industries, Inc. No witness has been designated. No preparation has been demonstrated. No response of any kind has been received. The default is complete.

## II. THE SIX DESIGNATED MATTERS

| Matter | Designated Subject |
|---|---|
| 1 | The structural, operational, and financial relationship among EBSCO Industries, Inc., EBSCO Information Services, and EBSCO Publishing, Inc. during November 2021 - May 2023, including the corporate event Plaintiff contends affected EBSCO Publishing, Inc.'s independent employer capacity. |

| Matter | Designated Subject |
|---|---|
| 2 | Management, authorization, and signatory authority for the account used to issue Plaintiff's payroll payments, and the account-identification practice reflected in the check-number field of the payroll instruments produced. |
| 3 | Preparation, review, authorization, and filing of federal and state submissions -- including Forms W-2, W-9, and 941, and state employer registrations -- made under EBSCO Industries, Inc.'s EIN during Plaintiff's employment period. |
| 4 | The factual and legal basis for Affirmative Defense No. 23, including all documents reviewed and persons consulted in formulating that defense. |
| 5 | SAP SuccessFactors system configuration governing the employer-designation and address fields in Plaintiff's employee record, and the audit-log history of any modifications to those fields after the December 26, 2024 litigation hold. |
| 6 | The decision to restrict access to Plaintiff's English-language professional attribution content, including the identity of the decision-maker, the date of implementation, and Defendants' policy governing former-employee attribution content during active litigation. |

## III. THE SEQUENCING IMPERATIVE

The Rule 30(b)(6) deposition should occur last among the depositions sought in this package -- after Collins, Carroll, Lull, and Hobbs have each been deposed individually. This sequencing reflects the ordinary and logical relationship between individual and corporate testimony: the individual depositions will establish the factual predicate that the corporate designee must then confirm or reconcile as the organization's official position, and a corporate witness deposed after the individual witnesses can be confronted with their testimony in a way a witness deposed first cannot.

## IV. TARGETED RELIEF REQUESTED

| # | Relief Requested | Basis | Nature |
|---|---|---|---|
| 1 | An Order compelling Defendants to serve written designation of one or more Rule 30(b)(6) witnesses, competent to testify on all six designated matters, within three (3) business days of this Order. | Fed. R. Civ. P. 30(b)(6) | MANDATORY |
| 2 | An Order compelling the Rule 30(b)(6) deposition to proceed on or before July 21, 2026 -- the final date available before the July 22, 2026 discovery closure -- and, consistent with Section III above, after the depositions sought in M-1 through M-4 have occurred to the extent practicable. | ECF No. 139; Fed. R. Civ. P. 37(a)(3)(B)(i) | MANDATORY |
| 3 | An Order that, for any designated matter on which Defendants fail to designate a competent, prepared witness, the corporation's | Fed. R. Civ. P. 37(b)(2)(A)(i); Rule | IMMEDIATE |

2

| # | Relief Requested | Basis | Nature |
|---|---|---|---|
| | position on that matter is deemed established adversely to Defendants, consistent with the matter's description in Section II above. | 30(b)(6) preparation obligation | |
| 4 | Mandatory cost-shifting: Defendants and Littler Mendelson, P.C., jointly and severally, to pay Plaintiff's reasonable expenses. | Fed. R. Civ. P. 37(a)(5)(A) -- mandatory | MANDATORY |

## CERTIFICATION OF CONFERRAL SATISFACTION

Plaintiff certifies that the conferral requirements of Local Rule 37.1, and the conferral framework proposed by defense counsel Matthew J. Lynch on June 4, 2026 and June 18, 2026 -- under which Defendants agreed to confer and respond upon Plaintiff's identification of (1) the item at issue, (2) the basis for believing it was deficient, (3) the basis for believing that deficiency was improper, and (4) the discovery mechanism implicated -- have been exhaustively satisfied as to each deponent addressed in this motion. Defense counsel was provided, at minimum, the following pre-motion conferral opportunities: the June 13, 2026 Omnibus Deposition Notices; the June 25, 2026 Deposition Scheduling Transmittal (with a June 27, 2026 confirmation deadline); the June 26, 2026 Rule 37.1 Supplemental Conferral Response; and the June 30, 2026 Forensic Production Ledger (with a July 2, 2026 response deadline). No scheduling confirmation and no substantive conferral response was received as to any of these transmittals. This motion is filed following complete conferral exhaustion, consistent with the framework defense counsel himself proposed.

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2026, a true and correct copy of this Motion was transmitted via electronic mail to Matthew J. Lynch, Esq. (mlynch@littler.com) and Melissa L. McDonagh, Esq. (mmcdonagh@littler.com), Littler Mendelson, P.C., counsel of record for Defendants, and to the Boston College Law School Federal Court Clinic (bclawclinic@bc.edu), and was filed with the Court via the ECF portal.

Respectfully submitted,

Mohamed Souleyman Ly | Plaintiff, Pro Se and Whistleblower

485 Glendale Road, Wilbraham, Massachusetts 01095

mmmly7@gmail.com | July 14, 2026