**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS -- WESTERN DIVISION**

| | |
|---|---|
| MOHAMED LY,<br><br>    Plaintiff, Pro Se and Whistleblower,<br><br>v.<br><br>EBSCO INDUSTRIES, INC.; EBSCO INFORMATION SERVICES, LLC; EBSCO PUBLISHING, INC.; TIM COLLINS; and TIM LULL,<br><br>    Defendants. | Civil Action No. 3:24-cv-30161-MGM<br><br>Judge Mark G. Mastroianni<br><br>Magistrate Judge Christopher L. Morgan<br><br>MOTION M-6 |

**PLAINTIFF'S EMERGENCY MOTION FOR IMMEDIATE PRESERVATION AND RESTORATION RELIEF ARISING FROM DEFENDANTS' JULY 6, 2026 OPPOSITION**

**FILED CONTEMPORANEOUSLY WITH DELETION OF THE EVIDENCE IT DENIES WAS LOST**

*Fed. R. Civ. P. 37(e); Local Rule 7.1 -- Interim Relief Requested in Advance of Full Adjudication of Dkt. 132*

## I. THIS MOTION SEEKS ONLY IMMEDIATE, INTERIM RELIEF

Plaintiff's Motion for Spoliation Sanctions (Dkt. 132) remains pending before this Court. Defendants filed an Opposition to that motion (Dkt. 140) on July 6, 2026. Plaintiff's Reply addressing that Opposition in full, together with a supplemental evidentiary submission, will follow this filing. This motion does not repeat that full record. It seeks only the narrow, time-sensitive, interim relief described below -- preservation and restoration of specifically identified content, and an order fixing the status quo -- that cannot wait for the completion of full briefing on Dkt. 132 without the underlying content being further altered or permanently lost.

## II. THE CONTEMPORANEOUS FILING-AND-DELETION EVENT

| Element | Detail |
| --- | --- |
| Opposition Filed | July 6, 2026 -- Dkt. 140, asserting that Plaintiff cannot show Defendants lost or destroyed any evidence. |
| Content Deleted, Same Day | On July 6, 2026, the URL for Plaintiff's professional biography at about.ebsco.com, previously restricted since approximately December 2025 (HTTP 403), began returning HTTP 404 -- indicating the content no longer exists at that location. |
| Additional Content Affected | Additional English-language attribution and thought-leadership content bearing Plaintiff's byline, previously accessible at related about.ebsco.com URLs, was similarly restricted and subsequently removed on or about the same date. |
| Documentation | Side-by-side Wayback Machine captures with URL citations and timestamps, documenting the three-state progression from public accessibility, to HTTP 403 restriction beginning approximately December 2025, to HTTP 404 removal beginning July 6, 2026. |

## III. THE DELETION WAS SELECTIVE AND LANGUAGE-TARGETED -- NOT A TECHNICAL EVENT AFFECTING ALL CONTENT EQUALLY

The July 6, 2026 removal did not affect all versions of the underlying content. Non-English-language versions of the same or substantially similar attribution and publication content authored by or attributed to Plaintiff remain accessible on Defendants' platform as of the filing of this motion. A content-management or server failure affecting a URL would be expected to affect all language variants of that content equally. The fact that English-language versions of Plaintiff's attribution content were restricted and then deleted, while non-English versions of comparable content were not, is consistent with an affirmative, selective action directed at the English-language record specifically -- the same pattern previously documented with respect to the English/German HTTP-status disparity addressed in the pending spoliation motion -- rather than a technical malfunction.

## IV. THIS EVENT DOES NOT STAND ALONE -- CORROBORATING RECORD ALTERATION

Plaintiff has separately documented, in the Integrated Multi-Vector Spoliation Memorandum filed in support of Dkt. 132, that the payroll instruments Defendants produced on June 3, 2026 contain internal inconsistencies -- including an address attributed to Plaintiff for a period predating his recorded acquisition of the corresponding property, and a representative instrument in which the displayed state designation does not match the underlying tax-withholding computation -- that are independently probative of post-issuance record modification. Plaintiff does not restate that analysis here; it is incorporated by reference. It is noted only because the July 6, 2026 event

2

addressed in this motion is not an isolated occurrence but is consistent with a pattern of alteration to records within Defendants' exclusive custody and control, occurring during the pendency of active litigation and after preservation obligations attached.

## V. WHY IMMEDIATE, INTERIM RELIEF -- NOT DEFERRAL TO FULL BRIEFING -- IS NECESSARY

The content at issue has already progressed from public availability, to restriction, to deletion, over the course of this litigation and while a motion specifically addressing its preservation was pending before this Court. Absent an order fixing the current status of this content and directing its preservation in whatever form it presently exists, there is a continuing risk that further alteration will occur before full briefing on Dkt. 132 is complete. The relief requested below is limited to preserving the present state of the record and restoring what has already been shown to have existed; it does not request the ultimate Rule 37(e)(2) adverse-inference and sanctions relief, which Plaintiff reserves for full adjudication of Dkt. 132 following the forthcoming Reply.

## VI. RELIEF REQUESTED

| # | Relief Requested | Basis | Nature |
|---|---|---|---|
| 1 | An immediate order directing Defendants to preserve, in their then-current form, all versions -- English and non-English -- of the content at issue, together with all server, CDN, and content-management logs reflecting any change to that content from December 1, 2024 to the present, pending full adjudication of Dkt. 132. | Fed. R. Civ. P. 37(e); Court's inherent authority to preserve the status quo pending decision | IMMEDIATE |
| 2 | An order compelling Defendants to produce, within seven (7) days, the CDN and content-management configuration logs identifying the date, authorizing account, and authorizing person for both the HTTP 403 restriction and the subsequent HTTP 404 removal described in Section II above. | Fed. R. Civ. P. 37(e)(1); Rule 34(b)(2)(E)(ii) | MANDATORY |
| 3 | An order directing Defendants to restore public access to the content identified in Section II, to the extent technically feasible, or, if Defendants represent that restoration is not feasible, to file a sworn declaration explaining why not, within seven (7) days. | Fed. R. Civ. P. 37(e)(1) -- curative measures | MANDATORY |
| 4 | Express reservation of Plaintiff's request for a Rule 37(e)(2) adverse-inference instruction and further sanctions, to be addressed on the full record in Plaintiff's forthcoming Reply and at the Court's hearing or ruling on Dkt. 132. | Fed. R. Civ. P. 37(e)(2) | RESERVED |

3

## CERTIFICATION OF CONFERRAL SATISFACTION

Plaintiff certifies that the conferral requirements of Local Rule 37.1, and the conferral framework unilaterally imposed by defense counsel Matthew J. Lynch on June 4, 2026 and June 18, 2026 -- under which Defendants agreed to confer and respond upon Plaintiff's identification of (1) the item at issue, (2) the basis for believing it was deficient, (3) the basis for believing that deficiency was improper, and (4) the discovery mechanism implicated -- have been exhaustively satisfied as to each deponent addressed in this motion. Defense counsel was provided, at minimum, the following pre-motion conferral opportunities: the June 13, 2026 Omnibus Deposition Notices; the June 25, 2026 Deposition Scheduling Transmittal (with a June 27, 2026 confirmation deadline); the June 26, 2026 Rule 37.1 Supplemental Conferral Response; and the June 30, 2026 Forensic Production Ledger (with a July 2, 2026 response deadline). July 10, 2026 requests to substantively and directly address outstanding discovery obligations of Defendants. No scheduling confirmation and no substantive conferral response was received as to any of these transmittals. This motion is filed following complete conferral exhaustion, consistent with the framework defense counsel himself proposed.

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2026, a true and correct copy of this Motion was transmitted via electronic mail to Matthew J. Lynch, Esq. (mlynch@littler.com) and Melissa L. McDonagh, Esq. (mmcdonagh@littler.com), Littler Mendelson, P.C., counsel of record for Defendants, and to the Boston College Law School Federal Court Clinic (bclawclinic@bc.edu), and was filed with the Court via the ECF portal.

Respectfully submitted,

Mohamed Souleyman Ly

Plaintiff, Pro Se and Whistleblower

485 Glendale Road, Wilbraham, Massachusetts 01095

mmmly7@gmail.com  |  July 14, 2026