# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS -- WESTERN DIVISION

MOHAMED LY,

    Plaintiff, Pro Se and Whistleblower,

v.

EBSCO INDUSTRIES, INC.; EBSCO INFORMATION
SERVICES, LLC; EBSCO PUBLISHING, INC.;
TIM COLLINS; and TIM LULL,

    Defendants.

Civil Action No. 3:24-cv-30161-MGM

Judge Mark G. Mastroianni

Magistrate Judge Christopher L.
Morgan

Discovery Closes: July 22, 2026

ECF Nos. 138-139 (June 24, 2026)

## PLAINTIFF'S DISCOVERY ENFORCEMENT MOTION PACKAGE
## SIX INDIVIDUALLY TARGETED COMPLIANCE ENFORCEMENT MOTIONS (M-1 THROUGH M-6)

Each motion in this package is self-contained and independently fileād. Each invokes relief that flows directly from the Federal Rules of Civil Procedure and this Court's June 24, 2026 discovery order (ECF Nos. 138-139) applied to an undisputed chronological record. The Court may rule on each motion independently; no motion is contingent on the outcome of any other.

| No. | Motion | Default Event | Relief if Deadline Missed |
|---|---|---|---|
| M-1 | Compel Deposition of Tim Collins | No deposition date confirmed despite June 13 and June 25, 2026 notices | Designated facts established; mandatory cost-shifting |
| M-2 | Compel Deposition of Patricia Carroll | No deposition date confirmed; verification integrity at issue | Interrogatory responses stricken or designated facts established |
| M-3 | Compel Deposition of Tim Lull | No deposition date confirmed; native PIP metadata withheld | FMLA-retaliation facts established; mandatory cost-shifting |
| M-4 | Compel Deposition of David Hobbs | No deposition date confirmed | Payroll-authorization facts established; mandatory cost-shifting |

| No. | Motion | Default Event | Relief if Deadline Missed |
|-----|--------|---------------|---------------------------|
| M-5 | Compel Rule 30(b)(6) Designation and Deposition | No corporate witness designated on any of six noticed matters | Six matters established adversely against the corporation |
| M-6 | Emergency Motion for Preservation, Restoration, and Interim Rule 37(e) Relief | Opposition (Dkt. 140) filed July 6, 2026 the same day additional evidence was deleted | Immediate preservation/restoration order; interim adverse-inference reservation pending full Dkt. 132 adjudication |

This package is filed ahead of, and is intended to precede, Plaintiff's forthcoming Reply in further support of the pending Motion for Spoliation Sanctions (Dkt. 132), which addresses Defendants' July 6, 2026 Opposition (Dkt. 140) in full. M-6 below is limited to the immediate, interim relief necessary given the ongoing and continuing nature of the conduct it addresses; it does not duplicate, and expressly reserves, the complete record and argument set forth in that forthcoming Reply.

This motion package is filed in accordance with the Court's directives in Dkts. 118 and 138. Dkt. 118 provides that, "[i]f Plaintiff seeks any judicial relief as to those matters, he shall first confer with Defendants' counsel and, if not resolved, file a motion with the court seeking specific relief along with the grounds for the request." Dkt. 96 likewise provides that "[e]ither party may seek relief from any deadline or discovery limitation by filing a motion and demonstrating good cause for relief." In Dkt. 138, the Court reiterated that "[t]o the extent the parties have specific discovery disputes they are unable to resolve, they may file a motion seeking relief from the court," while reasonably declining to impose blanket discovery obligations. Each motion in this package seeks specific, narrowly tailored relief consistent with those directives following repeated conferral efforts that produced no substantive response and did not resolve the disputes.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS -- WESTERN DIVISION

MOHAMED LY,

    Plaintiff, Pro Se and Whistleblower,

v.

EBSCO INDUSTRIES, INC.; EBSCO INFORMATION
SERVICES, LLC; EBSCO PUBLISHING, INC.;
TIM COLLINS; and TIM LULL,

    Defendants.

Civil Action No. 3:24-cv-30161-MGM

Judge Mark G. Mastroianni

Magistrate Judge Christopher L. Morgan

MASTER EXHIBIT

## CHRONOLOGY OF DEFENDANTS' FAILURE TO CONFER
## THE OPERATIONAL RECORD SUPPORTING MOTIONS M-1 THROUGH M-6

The following chronology is drawn from Plaintiff's contemporaneous records, served correspondence, ECF docket entries, and defense counsel's own email communications. Every entry below was transmitted to Defendants' counsel. This exhibit is offered in support of each of the six motions in this package and is incorporated by reference into each.

Defense counsel proposed the following conferral framework on June 4, 2026 and June 18, 2026: if Plaintiff would (1) identify the item at issue, (2) state the basis for believing it was deficient, (3) state the basis for believing the deficiency was improper, and (4) identify the discovery mechanism implicated, Defendants would confer and respond. As reflected below, that framework has been satisfied as to every item in this record, and the response defense counsel committed to provide remains outstanding.

**Chronology of Defendants' Discovery Noncompliance and Preservation Failures**

| Date | Event / Plaintiff Action | Defendants' Response |
|---|---|---|
| Jul. 28, 2023 | Less than three months after Plaintiff's wrongful termination, unlawful lockout, and aggravated FMLA violation, Plaintiff filed an EEOC charge. | N/A — preservation duty triggered upon the EEOC charge. |
| Dec. 26, 2024 | Litigation Hold Notice served on defense counsel expressly demanding preservation of: (a) professional attribution content; (b) SAP SuccessFactors HRIS records; (c) payroll records containing employer-entity fields; and (d) communications concerning employment, performance, and termination. | No response. No acknowledgment. No preservation certification produced. |
| Dec. 27, 2024 | Case filed (Dkt. 1). The preservation duty expanded to all ESI reasonably related to the pending litigation. | No response — preservation duty remained in full effect. |
| Jan. 26, 2026 | Forensic Preservation Notice served, specifically identifying about.ebsco.com content in all language versions, SAP audit logs, payroll employer-entity fields, and CDN configuration. | Receipt acknowledged. No curative action taken. |
| May 3, 2026 | Email to defense counsel setting out the three-employer-of-record payroll analysis and requesting the basis for counsel's position that no impropriety existed. | No substantive response. |
| May 7, 2026 | Defendants' deadline to serve responses to Plaintiff's First Set of Interrogatories and First Requests for Production passes without service. | No response. No request for extension. |
| May 8-19, 2026 | Plaintiff serves a series of preservation and default notices (Notices #3 through #7), demanding ESI restoration and derivative ESI production, and providing a Wayback Machine side-by-side comparison showing the English-language biography restricted (HTTP 403) while the German-language equivalent remained accessible (HTTP 200). | No substantive response to any notice. Defense counsel's May 20, 2026 email states, in relevant part, that Defendants are declining the compliance tracks Plaintiff proposed. |
| May 25 & June 13, 2026 | Plaintiff serves and re-serves deposition notices for Collins, Carroll, Lull, Hobbs, and a Rule 30(b)(6) corporate designee, proposing specific availability windows. | No date confirmation. No scheduling cooperation. |
| June 3, 2026 | Defendants serve document production (EBSCO000001-000078) and interrogatory responses, verified by Patricia Carroll under Fed. R. Civ. P. 33(b)(5). | Production includes the payroll instrument later shown to bear a Wilbraham, MA address for a November 2021 pay period -- 371 days before the recorded property acquisition. |

4

| June 4 & June 18, 2026 | Rule 37.1 conferrals held. Plaintiff raises the payroll temporal-impossibility issue, employer-identity waiver, and the merger question. Defense counsel unilaterally imposes upon Plaintiff the four-part conferral framework described above. | Defense counsel's summary emails of these conferrals are disputed as incomplete; Plaintiff's contemporaneous counter-memorializations (June 19, 2026) correct the record on each occasion. |
|---|---|---|
| June 22-26, 2026 | Plaintiff files the Motion to Compel (Dkt. 120/121), the Motion for Spoliation Sanctions (Dkt. 131-137), and serves the Deposition Scheduling Transmittal (June 25) and 25 Requests for Admission (June 25-26). | |
| June 24, 2026 | The Court (Magistrate Judge Morgan) enters ECF Nos. 138-139: a 30-day discovery extension is granted, extending fact discovery to July 22, 2026; the Court identifies Plaintiff's noticed depositions as among the operative discovery remaining to be completed. | Order is operative. No opposition or Rule 72(a) objection was filed. |
| June 25-July 2, 2026 | Plaintiff serves the Rule 37.1 Supplemental Conferral Response (June 26) and the Forensic Production Ledger (June 29-30), each identifying specific deficiencies and setting a July 2, 2026 response deadline consistent with defense counsel's own framework. | No response by the deadline or thereafter. |
| July 6, 2026 | Plaintiff undergoes medical procedure (after a full weekend prep session) | Defendants are advised of Plaintiff's medical incapacity for a week. |
| July 6, 2026 | Defendants file their Opposition to the Motion for Spoliation Sanctions (Dkt. 140), asserting that Plaintiff cannot show any evidence was lost or destroyed. | The same day, Plaintiff's professional biography and additional English-language attribution content at about.ebsco.com transitioned from HTTP 403 (restricted) to HTTP 404 (deleted). |
| July 10, 2026 | Plaintiff serves a written request demanding a direct, substantive response to Defendants' outstanding discovery obligations. | No response after 96 hours (Friday through Tuesday), consistent with Defendants' ongoing pattern of nonresponse. |
| July 14, 2026 | This Enforcement Motion Package (M-1 through M-6) is filed, to be followed by Plaintiff's Reply addressing Dkt. 140 in full. | Response pending. |

**What This Chronology Establishes**

- At least seven documented preservation and default notices served on defense counsel without a single curative response.

- An express written refusal (May 20, 2026) to undertake the compliance measures proposed by Plaintiff, following a formal opposition to Plaintiff's prior Motion for Evidence Preservation.

- A discovery production served 27 days after the May 7, 2026 deadline containing the payroll records that facially establish the temporal impossibility at issue in the pending spoliation motion.

- Deposition notices served on two occasions (May 25 and June 13, 2026), followed by additional scheduling correspondence, without a single scheduling confirmation.

- Repeated written demands for discovery compliance, including July 10, 2026, met with continued silence.

- An Opposition filed the same day the specific EBSCO content identified in the pending spoliation motion transitioned from HTTP 403 (restricted) to HTTP 404 (deleted) on Defendants' public platform. All occurred after Defendants were advised through counsel that Plaintiff would undergo a medical procedure and lack litigation capacity from July 6 through July 14, 2026.

This chronology is not argument or characterization. Each entry is independently substantiated by the Court's docket, served correspondence, Defendants' discovery production, or defense counsel's own communications and is subject to direct verification by the Court. The chronology of events speaks for itself.