## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS -- WESTERN DIVISION

| | |
|---|---|
| **MOHAMED SOULEYMAN LY,** <br> *Plaintiff, Pro Se and Whistleblower* <br> v. <br> **EBSCO INDUSTRIES, INC.; EBSCO INFORMATION SERVICES, LLC; EBSCO PUBLISHING, INC.; TIM COLLINS; and TIM LULL,** <br> *Defendants.* | Civil Action No. 3:24-cv-30161-MGM <br> Judge Mark G. Mastroianni <br> Magistrate Judge Christopher L. Morgan <br> **Dkt. 132 Spoliation Motion** <br> Reply to Dkt. 140 Opposition |

### PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO
### MOTION FOR SPOLIATION SANCTIONS (DKT. 140)
### AND SUPPLEMENTAL EVIDENCE IN FURTHER SUPPORT OF DKT. 132

Filed pursuant to Local Rule 7.1(b)(3) and the Court's inherent authority over discovery sanctions proceedings

> **THE JULY 6, 2026 CONVERGENCE -- WHAT HAPPENED ON THE DAY OF THE OPPOSITION FILING**
>
> On **July 6, 2026** -- the same day Defendants filed their opposition to the spoliation motion (Dkt. 140) -- Plaintiff's professional biography at *about.ebsco.com/ebscopost/bio/mo-ly* transitioned from HTTP 403 (***"You are not authorized to access this page"***) to HTTP 404 (***"Oops! Sorry, the page you're looking for doesn't exist"***). The content was not merely BLOCKED anymore. It was DELETED. On the same day Defendants swore to this Court "no evidence was lost or destroyed", they literally destroyed evidence, by **permanent deletion**.
>
> This is not a coincidence. It is not a mistake. It is documented by side-by-side Wayback Machine captures that show the three-state progression -- **State #1** (accessible, before December 2025), **State #2** (HTTP 403, December 2025 through July 6, 2026), and **State #3** (HTTP 404, deleted, after July 6, 2026, with URL citations and timestamps). **Plaintiff submits this documented three-state progression as Exhibit A to this Reply.**

## I. INTRODUCTION -- THREE EXHIBITS THAT FORECLOSE THE OPPOSITION

Defendants' opposition (Dkt. 140) rests on three arguments: (1) Plaintiff cannot show defendants lost or destroyed any evidence; (2) the identified information is not relevant; and (3) Plaintiff was not prejudiced. Each of these arguments was filed on July 6, 2026. Each of these arguments is refuted by evidence that either existed before July 6 or that Defendants themselves created on July 6.

Plaintiff submits three key exhibits with this Reply, in addition to **Ex. C** (Plaintiff's 1746 Declaration), **Ex. D** (Forensic Spoliation Chronology, and Five-Vector Evidence Submission): **Ex. E** (Certification of Satisfaction of Rule 37(E) Standards). **Ex. F** (Forensic Delta Analysis: Comparative Examination of **Contemporaneous Payroll Records** versus **Litigation-Produced Versions Identifying Systematic Retroactive Address Alterations**, **Temporal Impossibilities** manifest in self-evident **Inconsistencies** within four corners of the federally controlled records of Material Impacts on Tax, Benefits, Retirement, Social Security, and Jurisdictional Reporting Abuses):

| Exhibit | Description | What It Establishes | Opposition Argument It Eliminates |
|---|---|---|---|
| **Exhibit A** | Side-by-side Wayback Machine captures documenting the three-state HTTP progression of Plaintiff's professional biography and attributed articles at about.ebsco.com -- before December 2025, December 2025 through July 6, 2026, and after July 6, 2026. | Defendants did lose and destroy evidence -- and did so in three documented stages, with the final deletion (HTTP 404) occurring on the same day as the opposition filing (July 6, 2026), after Plaintiff's professional content had been publicly accessible since at least 2023 and was captured by the Wayback Machine before the suppression began. | **Defeats Opposition Argument #1 --** "defendants lost or destroyed [no] evidence" |
| **Exhibit B.1.** | Certified copy of Hampden County Registry of Deeds, Book 24814, Page 252, Document No. 68793, recorded November 22, 2022 at 10:47 AM -- the Fiduciary Deed transferring title to 485 Glendale Road, Wilbraham, MA to Mohamed Ly and Madina Ly. B is B.1. + B.2. | The property at 485 Glendale Road, Wilbraham, MA was not conveyed to Plaintiff until November 22, 2022, at 10:47 AM. EBSCO000035 is a payroll statement for the pay period ending November 15, 2021(an undisputed 371 days before the actual conveyance). The Wilbraham address on that record is a temporal impossibility, proved to the minute by the Government-certified Hampden County Registry of Deeds record. | **Eviscerates Opposition Arguments #2 and #3 --** relevance and prejudice |
| **Exhibit B.2.** | Payroll records with Plaintiff's correction of the factual misstatement in Dkt. 132 regarding the Wilbraham property date. November 22, 2022 is the acquisition date; May 25, 2023 is the termination date, not the relocation date, as corroborated by Exhibit B.1. | The correction does not diminish the temporal impossibility. The 371-day gap between the November 15, 2021 payroll record and the November 22, 2022 property acquisition remains unchanged. The corrected record instead eliminates a factual error that Defendants could otherwise invoke to distract from the spoliation issues before the Court. | **Preempts and forecloses** any attempt to use the Dkt. 132 date error to divert attention from the spoliation under judicial review. |

## II.  CORRECTION OF FACTUAL DATE IN DKT. 132 -- AND WHY IT STRENGTHENS, NOT WEAKENS, THE SPOLIATION FINDING

Plaintiff acknowledges that Dkt. 132 contains a factual error regarding the date of relocation to 485 Glendale

Plaintiff acknowledges a factual error in Dkt. 132 regarding the Wilbraham relocation date. Dkt. 132 states May 25, 2023; that is incorrect. May 25, 2023 is the termination date, not the relocation date. The correct date is **November 22, 2022**—the Hampden County Registry of Deeds recording date reflected in Exhibit B. The temporal impossibility remains unchanged and is manifest from the inconsistency between Exhibits B.1 and B.2.

This correction does not reduce the temporal impossibility established by EBSCO000035. It preserves it in full. The correct timeline is:

| THE DEFINITIVE TEMPORAL IMPOSSIBILITY TIMELINE | | |
|---|---|---|
| -- | - | -- |
| **October 26, 2021** | Defendants procured Plaintiff's pre-employment background check and credit report using the documented fictional entity "EBSCO Ipswich" as the ordering/receiving entity, while paid by EBSCO Industries, Inc., establishing pre-employment EBSCO entity-identification practices later reflected in discovery records. | **\*\*Plaintiff's copy of Background Report transmission — Email from Employment Screening Services (Oct. 26, 2021, 3:14 PM): "Attached is a copy of your background report which was ordered and received by EBSCO Ipswich." Requestor: EBSCO Ipswich** 5724 Hwy 280 East, Birmingham, AL 35242 |
| **November 1, 2021** | Plaintiff's employment with EBSCO commences | Dkt. 140, p. 1 (Defendants' own admission: "EBSCO hired Plaintiff as its Principal Product Manager on November 1, 2021") |
| **November, 2021** | *Payroll stub EBSCO000035 falsely reflects 485 Glendale Road, Wilbraham, MA, while the contemporaneously obtained version of the same record reflects Plaintiff's actual address: 6 Richards Way, Holmdel, NJ.* | **EBSCO000035** -- Defendants' own produced document, certified by Carroll under Rule 33(b)(5) as true and correct. The same post hoc alteration repeats throughout payroll statements issued between November 1, 2021, and Nov. 22, 2022. **All versions designate multiple EBSCO Employers**; breaching **29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a)** |
| **November 16, 2022** | Deed for 485 Glendale Road executed by trustees of the Richard A. Courtney 2018 Trust | Exhibit B -- Hampden County Registry of Deeds, Bk 24814 Pg252 #68793, Executed November 16, 2022 |
| **November 22, 2022 @ 10:47 AM** | *Title to 485 Glendale Road transferred to Mohamed Ly and Madina Ly -- the FIRST MOMENT Plaintiff had any legal interest in the property* | **Exhibit B -- Certified deed**, Hampden County Registry of Deeds, recorded November 22, 2022 @ 10:47 AM. Certified by Cheryl A. Coakley-Rivera, Esq., Register of Deeds. |
| **Gap: 371 days + 10 hours + 47 minutes** | *THE TEMPORAL IMPOSSIBILITY WINDOW -- Plaintiff had no legal, physical, or factual connection to 485 Glendale Road during this entire period* | Calculated from November 15, 2021 (EBSCO000035 payroll date) to November 22, 2022 @ 10:47 AM (deed recording). Plaintiff could not have resided at, received mail at, or been identified by 485 Glendale Road during this window. The address did not belong to him. |
| **May 25, 2023** | Unlawful termination by EIS -- the sworn non-employer entity | EBSCO000010 -- termination letter; Dkt. 132; corrected from erroneous "relocation date" reference in Dkt. 132 |

A date error in Dkt. 132-- substituting the FMLA-interfering and wrongful termination date (May 25, 2023) for the property acquisition date (November 22, 2022) -- did not affect the core impossibility analysis. The gap between the payroll stub date and the correct property acquisition date remains **371 days**. The date correction, now supported by the certified deed (Exhibit B), eliminates any ambiguity about when the property was acquired and converts the **impossibility** from factual avowal to *certified government evidence*.

3

### III.  OPPOSITION ARGUMENT #1 SELF-IMPEACHED -- DEFENDANTS' OWN RECORDS REVEAL THE LOSS AND DELETION OF MATERIAL EVIDENCE DURING THE PENDENCY OF THIS LITIGATION

#### A.  The Three-State HTTP Progression -- Documentary Proof of Sequential Destruction

Defendants argue (Dkt. 140, p. 1) that "Plaintiff cannot meet his burden of showing that defendants EBSCO Industries, Inc.[, et al.] lost or destroyed any evidence." This argument was filed on July 6, 2026. On that same day, Plaintiff's professional biography -- which had been publicly accessible at *about.ebsco.com/ebscopost/bio/mo-ly* since at least October 2025 -- was deleted, transitioning from HTTP 403 ("access blocked") to HTTP 404 ("**record deleted, no longer exists**"). Exhibit A documents this in side-by-side screen captures with URL citations and Wayback Machine archive timestamps.

The three-state progression is not ambiguous:

| State | Period | HTTP Response | Content Status | Legal Significance |
|---|---|---|---|---|
| #1 | Before December 23, 2025 | **HTTP 200 -- Accessible** Bio page fully rendered; four attributed articles listed; professional biography visible | Content intact: "Mo Ly, Head of Globalization" -- full biography, four January 2023 articles, author photo | Baseline. Content existed and was publicly accessible. Wayback Machine captures confirm this state as recently as October 2025. |
| #2 | December 2025 through July 5, 2026 | **HTTP 403 -- "You are not authorized to access this page"** *Server-side authorization barrier* | Content exists on the server but access is affirmatively denied -- a deliberate access control rule was implemented | Post-hold suppression. The December 26, 2024 litigation hold obligated Defendants to preserve this content. Instead, access was blocked. This is Spoliation Finding SF-4 as established in the uncontested (and now opposed) Dkt. 132 motion. |
| #3 | **After July 6, 2026** | **HTTP 404 -- "Sorry, the page you're looking for doesn't exist"** *PERMANENT DELETION* | **Content deleted from server entirely** -- no longer merely **BLOCKED**, the record has been fully **REMOVED** | **CRITICAL: July 6, 2026 is the same day as the opposition filing (Dkt. 140) and the L.R. 7.1(b)(2) deadline. The deletion occurred contemporaneously with the opposition. Rule 37(e)(2) "intent to deprive" analysis is directly implicated.** |

#### B.  The July 6 Coincidence -- Rule 37(e)(2) Intent to Deprive

Federal Rule of Civil Procedure 37(e)(2) permits the Court to impose the most severe sanctions -- including an adverse inference instruction or default judgment -- when a party ***"acted with the intent to deprive another party of the information's use in the litigation."*** The standard is not recklessness or negligence. It requires intent. The timing of the July 6 deletion provides direct evidence of that intent.

The sequence is as follows: (1) Dkt. 132 (spoliation motion) was filed June 22–26, 2026, specifically identifying the HTTP 403 restriction as Spoliation Finding SF-4 and demanding production of the CDN/WAF configuration

4

logs; (2) Defendants had fourteen days to oppose, through July 6, 2026; (3) On July 6, 2026 -- on the discovery deadline date, contemporaneous with Defendants' notice of Plaintiff's general-anesthesia-induced temporary litigation incapacity -- Defendants filed Dkt. 140 asserting, **under Rule 11**, that no evidence had been lost or destroyed; (4) On that same day, the HTTP 403 restriction was escalated to HTTP 404 -- the content was **deleted entirely**; total deprivation while simultaneously denying.

The inference is inescapable: Defendants were aware of the July 6 deadline. They chose to escalate from access-blocking to deletion on the same day they filed a brief claiming no destruction had occurred. The deletion of the content on the day of the opposition filing -- after the spoliation motion specifically identified the HTTP 403 restriction as a preservation failure -- satisfies the *"intent to deprive"* standard of Rule 37(e)(2). It is not evidence of carelessness. It is evidence of deliberate, date-specific destruction in the course of active litigation, while simultaneously denying any such destruction to the Court. It is evidence of bad faith in its most egregious form.

*See Alter v. Rocky Point Sch. Dist.*, 2014 WL 4966119, at *8 (E.D.N.Y. 2014) (intent to deprive inferred where deletion of ESI occurred in direct temporal proximity to the adverse party's discovery demands); *Kronisch v. United States*, 150 F.3d 112, 128 (2d Cir. 1998) (intent to deprive inferred from timing of destruction relative to litigation events); *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 108 (2d Cir. 2002) (culpable state of mind may be inferred from temporal proximity of destruction to litigation demands).

## IV.  OPPOSITION ARGUMENT #2 DESTROYED -- THE EVIDENCE IS DIRECTLY & MATERIALLY RELEVANT

Defendants argue (Dkt. 140, p. 1) that "Plaintiff cannot show that any information identified in his motion is actually relevant to this litigation." This argument fails on both categories of evidence at issue.

### A.  The EBSCO000035 Payroll Stub -- Certified Deed Proves Relevance Beyond Any Doubt

EBSCO000035 is a payroll stub bearing the address 485 Glendale Road, Wilbraham, Massachusetts for the pay period ending November 15, 2021. Defendants certified this document as true and correct in their June 3, 2026 production. Exhibit B -- a certified copy of the Hampden County Registry of Deeds -- establishes that title to 485 Glendale Road was not conveyed to Plaintiff until **November 22, 2022 at 10:47 AM**.

The record is relevant for 3 distinct reasons, each of which is established as a matter of fact by the certified deed:

| # | Relevance Category | Analysis |
|---|---|---|
| 1 | **Direct evidence of post-litigation-hold document modification** | EBSCO000035 fatally bears an address that Plaintiff did NOT and could NOT have held until 371 days after the document's stated payroll date. The contemporaneous payroll system would have shown a New Jersey address and as of Aug. 2022, a transitional address -- not a Wilbraham, MA property that did not belong to Plaintiff. The only explanation consistent with the laws of causality is that the address field was modified after November 22, 2022. Since the litigation hold arose December 26, 2024, the modification is relevant to: (a) whether Defendants are producing authentic records; (b) whether the litigation hold was respected; and (c) the integrity of every other produced document certified by Carroll as true and correct. |

| 2 | **Employer identity -- the SAP SuccessFactors audit log that shows post hoc alteration** | The SAP audit log for Plaintiff's employee profile -- specifically the address field history -- would show when the Wilbraham address was entered into the system. If that entry was made after November 22, 2022, it corroborates the modification inference. If it was made before November 22, 2022, it would be impossible (pre-dating the deed). Either result is relevant -- one to confirm document tampering, the other to establish a factual impossibility of a different order. The relevance of the SAP audit log is not arguable; it is the record that resolves whether EBSCO000035 is authentic. |
| --- | --- | --- |
| 3 | **The HTTP 403/404 content -- direct relevance to career erasure and damages** | Plaintiff's professional biography and attributed articles are directly relevant to the damages framework. The biography established Plaintiff's role as "Head of Globalization" -- the professional standing from which the lost opportunity damages (Bloomberg interview, AI/NLP career trajectory) are calculated. The articles are attributed works that establish Plaintiff's status as a published content professional in the globalization and multilingual AI space. Their suppression (HTTP 403) and deletion (HTTP 404) are directly relevant to: (a) the career erasure damages component; (b) the ongoing professional prejudice from post-employment content suppression; and (c) the Defendants' intent in deleting professional records they were obligated to preserve. |

## V.  OPPOSITION ARGUMENT #3 DESTROYED -- PREJUDICE IS BOTH PAST AND ONGOING

Defendants argue (Dkt. 140, p. 1) that "Plaintiff cannot show he was prejudiced in his pursuit of this litigation by any alleged act identified in his motion."

This argument ignores two categories of demonstrated prejudice that are now supplemented by the new evidence:

### A.  Evidentiary Prejudice -- The EBSCO000035 Address Modification

Without the SAP SuccessFactors audit log showing when the Wilbraham address was entered into Plaintiff's employee profile, Plaintiff cannot establish -- through Defendants' own system records -- the precise date and author of the modification that produced the temporal impossibility. That log has not been produced. Its absence prevents Plaintiff from obtaining direct, system-generated evidence of the modification that EBSCO000035 itself implies. This is evidentiary prejudice in its most direct form: a document has been produced that raises a factual question, and the system record that would answer that question has not been produced.

The certified deed (Exhibit B) establishes the temporal impossibility but does not substitute for the SAP audit log. The deed establishes when Plaintiff acquired the property; the SAP audit log establishes when EBSCO entered the address into the payroll system, by whom, and each subsequent alteration throughout the record's lifecycle. These are distinct facts. The deed resolves the former; only the audit log resolves the latter.

### B.  Ongoing Professional Prejudice -- The HTTP 403/404 Sequence

The professional prejudice from the HTTP 403 to HTTP 404 escalation is not historical -- it is current. As of the date of this Reply, Plaintiff's professional biography on EBSCO's platform does not exist. Potential employers, clients, conference organizers, and collaborators who access *about.ebsco.com/ebscopost/bio/mo-ly* receive a 404 error. The published articles bearing Plaintiff's byline and establishing his expertise in multilingual AI and globalization return the same result.

6

This ongoing suppression and deletion prejudices Plaintiff in his professional life -- not merely in this litigation. The career erasure is a component of the damages framework (MIDF v5.0, Pillar III, Engine 18). Every day the deletion remains in place is a day of additional documented career erasure damages. Defendants' assertion that there is no prejudice is made on the same day they deleted the content that was the source of that prejudice.

## VI.  THE FULL-YEAR PAYROLL SEQUENCE -- WHAT 371 DAYS ACTUALLY MEANS

The EBSCO000035 impossibility is not a single-document anomaly. It represents the final link in a chain of payroll cycles that preceded the property acquisition. Plaintiff's payroll stubs for November 15, 2021 through November 22, 2022 -- a full year of payroll records -- reflect, in the December 2025 and June 3, 2026 productions, the 485 Glendale Road address *throughout a period during which that address did not belong to Plaintiff*.

The contemporaneous payroll records would have shown the addresses Plaintiff actually had during that period: a New Jersey address from employment commencement through the period before the Massachusetts relocation, and then a transitional Massachusetts address during the period when Plaintiff was seeking to acquire local property. The substitution of 485 Glendale Road across the full prior-year payroll sequence requires a systematic field replacement -- not an inadvertent error on a single stub.

A systematic field replacement of the address across an entire year of payroll records, occurring after the December 26, 2024 litigation hold, requires: (a) access to the payroll system; (b) knowledge of the address to substitute; (c) the ability to retroactively modify historical payroll records; and (d) a decision to make that modification. The SAP audit log would document all four elements. The fact that it has not been produced -- and is not logged on a privilege log -- means that the documentation of the systematic replacement is being withheld or has been destroyed.

## VII.  ADDRESSING DEFENDANTS' FACTUAL MISCHARACTERIZATIONS IN DKT. 140

### A.  *"EBSCO hired Plaintiff as its Principal Product Manager" -- Which EBSCO Entity?*

Dkt. 140, page 1, states: "EBSCO hired Plaintiff as its Principal Product Manager on November 1, 2021. (Affidavit of Matthew J. Lynch 'Lynch Aff.' ¶ 4, Ex. A 'Defs.' AINTs.')"

In the backdrop of **Defenses #23** and **#24**, this statement is notable for what it deliberately leaves unspecified: which EBSCO entity actually "*hired Plaintiff*..." Defendants repeatedly invoke "**EBSCO**" generically throughout their opposition without identifying whether the alleged hiring entity was EBSCO Industries, Inc. ("EII"), EBSCO Information Services ("EIS"), EBSCO Publishing, Inc. ("EPI"), or another legal entity. This imprecision is not immaterial—it directly concerns the central employer-identity issue at the core of this litigation.

The Lynch Affidavit and Defendants' AINTs (Answers to Interrogatories, Not Timely) are documents Plaintiff has addressed in detail in prior filings. Defense Interrogatory Response #23 asserts that EII was not Plaintiff's employer. Defense Interrogatory Response #24 asserts that EIS was not Plaintiff's employer. Yet Defendants' opposition continues to rely on the undefined term "EBSCO" while avoiding identification of the specific legal entity responsible for the employment relationship.

7

**Legal Person in Litigation, by Definition:**

Just as "Plaintiff" refers specifically to Mohamed Ly (address: 485 Glendale Road, Wilbraham, MA 01095), the EBSCO entities are distinct legal persons: "EII" means EBSCO Industries, Inc., EIN 63-6014186. "EPI" means EBSCO Publishing, Inc., EIN 63-1105270. "EIS" means EBSCO Information Services, EIN 86-3370771.

The generic use of "EBSCO" is not a substitute for identifying the actual legal entity. Indeed, entity identity is precisely the issue before this Court. Defendants should not be permitted to collapse separate legal persons into a single undefined reference when the very identity of the responsible entity is disputed.

### B. Footnote 1 -- Defendants Confirm the Discovery Schedule

Plaintiff notes Defendants' confirmation of the discovery schedule and incorporates it into the record: discovery closes July 22, 2026; summary judgment motions are due November 5, 2026. However, Defendants' claim that the parties are "engaged in discovery" omits that, since June 25, 2026, Defendants have failed to respond to Plaintiff's deposition demands, confirm the availability of the five identified witnesses, or engage in substantive discovery conferral. Plaintiff has made himself available for deposition during two windows--June 25 to July 5, 2026 (Window A), and July 16 to July 22, 2026 (Window B)--yet Defendants have not responded regarding Plaintiff's deposition, or complied with Dkts. 138-139, requiring all depositions be completed by July 22, 2026.

Motion for Summary Judgment, as noted by Defense Counsel in Dkt. 140, remains pending filing in the post-enforcement sequence. Plaintiff is the only party actively engaged in genuine discovery. Defendants remain silent, absent, and unresponsive, and have otherwise failed to comply with basic discovery rules and obligations.

As a result of Defendants' failure to respond or otherwise engage, Plaintiff is now required to seek Court enforcement to compel compliance with discovery obligations, including the **production of identified witnesses** and **completion of discovery** as required under this Court's rules and FRCP, by July 22, 2026. The discovery period remains open, and the enforcement of these obligations is necessary to ensure the orderly completion of discovery and preservation of the integrity of the evidentiary record before the summary judgment phase.

### VIII.  ESCALATED RELIEF -- FROM CURATIVE MEASURES TO RULE 37(e)(2) SANCTIONS

In light of the July 6, 2026 deletion of Plaintiff's professional biography and attributed articles -- occurring on the same day as the opposition filing and after the spoliation motion specifically identified the HTTP 403 restriction as Spoliation Finding SF-4 -- Plaintiff respectfully submits that the appropriate relief has escalated from Rule 37(e)(1) curative measures (as sought in Dkt. 132) to Rule 37(e)(2) sanctions, based on the clear intent to deprive.

The distinction is legally significant: Rule 37(e)(1) permits "measures no greater than necessary to cure the prejudice" and does not require a finding of intent. Rule 37(e)(2) permits the Court to instruct the jury to "presume that the lost information was unfavorable to the party" or "dismiss the action or enter a default judgment" upon a finding that the party "acted with the intent to deprive another party of the information's use in the litigation." The July 6 deletion, timed to coincide precisely with the opposition filing deadline, satisfies and exceeds this standard.

| # | Relief Requested | Authority | Nature |
|---|---|---|---|
| 1 | **Entry of Rule 37(e)(2) adverse inference instruction**: *"The jury may presume that the professional biography and attributed articles of Plaintiff that were accessible at about.ebsco.com prior to July 6, 2026, and which were deleted on July 6, 2026 -- the same day Defendants filed their opposition to the spoliation motion -- would, if produced and accessible, have been unfavorable to Defendants' position in this litigation, and that Defendants deleted this content with the intent to deprive Plaintiff of its use."* This instruction shall apply at trial and on any motion for summary judgment. | Fed. R. Civ. P. 37(e)(2)(B); Alter, 2014 WL 4966119; Kronisch, 150 F.3d 112 | MANDATORY |
| 2 | **Compelled production within five (5) business days** of:<br>(a) the CDN/WAF configuration logs for about.ebsco.com from December 1, 2024 to July 6, 2026, showing when the HTTP 403 rule was implemented and by whose authority;<br>(b) the CDN/WAF configuration logs showing when the HTTP 404 deletion was implemented and by whose authority; and<br>(c) any internal communications authorizing or directing either the HTTP 403 restriction or the HTTP 404 deletion of Plaintiff's biographical content. | Fed. R. Civ. P. 37(e)(1); 37(e)(2); Rule 37(b)(2)(A)(iv) | MANDATORY |
| 3 | **Compelled restoration of HTTP access to Plaintiff's professional biography and attributed articles at about.ebsco.com within five (5) business days**, or, if the content has been permanently deleted from the server and cannot be restored, a designated fact establishing that Plaintiff's professional biography identified him as "Head of Globalization" at EBSCO and that his attributed articles established his expertise in multilingual AI and globalization, consistent with the State #1 Wayback Machine captures in Exhibit A. | Fed. R. Civ. P. 37(e)(1) -- status quo ante restoration; 37(e)(2) -- designated facts upon permanent deletion | MANDATORY |
| 4 | **Compelled production of the complete SAP SuccessFactors audit log** for Plaintiff's employee profile within ten (10) business days -- full field-level, timestamped, author-attributed change history for every modification from November 1, 2021 through present, in native format with chain of custody declaration -- specifically including the address field modification history that would establish when the Wilbraham address was entered into the payroll system relative to the November 22, 2022 property acquisition documented in Exhibit B. | Fed. R. Civ. P. 37(e)(1); 37(b)(2)(A)(iv); Rule 34(b)(2)(E)(ii) | MANDATORY |
| 5 | After SAP audit log production confirms that the Wilbraham address was entered into Plaintiff's employee profile after November 22, 2022: an **Order establishing as a designated fact pursuant to Rule 37(b)(2)(A)(i)** that *EBSCO000035 is not a contemporaneous payroll record* and that the address field was modified after the stated payroll date by an identified EBSCO employee, and striking the document from Defendants' authenticated record as a fraudulently modified instrument for all purposes in this action. | Fed. R. Civ. P. 37(b)(2)(A)(i); Rule 37(e)(2); inherent authority -- exclusion of fraudulently modified documents | CONDITIONAL |
| 6 | **Mandatory cost-shifting**: Defendants and Littler Mendelson, P.C., jointly and severally, to pay Plaintiff's reasonable expenses incurred in preparing this Reply, including the cost of obtaining the certified deed (Exhibit B) from the Hampden County Registry of Deeds, preparing the side-by-side HTTP progression documentation (Exhibit A), and all legal work necessary to respond to an opposition that was filed on the same day the underlying content was deleted. | Fed. R. Civ. P. 37(a)(5)(A); 37(e)(1); 37(e)(2); Rule 26(g)(3) | MANDATORY |

**The record facially supports an inference of intent to deprive from the internal inconsistency of Defendants' own litigation position, as impeached by their own records**. Defendants invoke Plaintiff's alleged duty to mitigate damages and contend his employment performance was deficient. Yet they destroyed or failed to preserve the executive biography, authored publications, attributed work product, and related web content through which Plaintiff's professional accomplishments, leadership, and industry contributions were publicly recognized--including Defendants' own publications highlighting those achievements. Because Plaintiff's mitigation efforts, professional reputation, and performance are disputed issues, the deliberate removal or non-preservation of contemporaneous evidence bearing directly on those issues is probative of an intent to deprive Plaintiff and the Court of the best available evidence.

The same inference arises from Defendants' June 3 payroll late and defective production. Defendants produced payroll statements reflecting an address that, according to the certified Hampden County deed (Exhibit B), Plaintiff did not acquire until 371 days after the relevant payroll period. This brazen forgery and temporal impossibility strip those records of any reliability or authenticity, rendering them void ab initio. Defendants have produced records inconsistent with certified public records while withholding audit-trail evidence capable of resolving the discrepancy; the record therefore supports an inference of intent to deprive under Rule 37(e)(2).

## IX.  CONCLUSION

Defendants filed their opposition on July 6, 2026, arguing that **no evidence was lost or destroyed, that the evidence is not relevant, and that Plaintiff was not prejudiced**. On or about the very same day, they deleted Plaintiff's professional biography and attributed articles from their platform -- content that had been publicly accessible for years, that was specifically identified as Spoliation Finding SF-4 in the motion they were opposing, and that they were obligated to preserve under their December 26, 2024 litigation hold.

The certified deed (Exhibit B) establishes with government-record precision that the **Wilbraham address on EBSCO000035 is a temporal impossibility** -- the property did not belong to Plaintiff for 371 days after the payroll date on which his address appears as Wilbraham. This finding does not require inference. It requires only arithmetic: **November 22, 2022 minus November 15, 2021 equals 371 days**.

Plaintiff respectfully requests that the Court grant the escalated relief set forth in Section VIII, enter the Rule 37(e)(2) adverse inference instruction based on the July 6 deletion, compel production of the CDN/WAF logs and SAP audit log, and shift mandatory costs under Rule 37(a)(5)(A).

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2026, a true and correct copy of this Reply was transmitted via electronic mail to Matthew J. Lynch, Esq. (mlynch@littler.com) and Melissa L. McDonagh, Esq. (mmcdonagh@littler.com), Littler Mendelson, P.C., and to the Boston College Law School Federal Court Clinic (bclawclinic@bc.edu), and filed via the Pro Se filing portal.

**Respectfully submitted,**

/s/ Mohamed Souleyman Ly                                                    **July 13, 2026**

**Mohamed Souleyman Ly** | Plaintiff, Pro Se and Whistleblower |485 Glendale Road, Wilbraham, MA 01095
(property interest acquired strictly as of November 22, 2022, at 10:47 AM, per **Exhibit B**)

10