**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS — WESTERN DIVISION**

| | |
|---|---|
| **MOHAMED SOULEYMAN LY,** <br> *Plaintiff, Pro Se and Whistleblower* <br> v. <br> **EBSCO INDUSTRIES, INC.; EBSCO INFORMATION SERVICES, LLC; EBSCO PUBLISHING, INC.; TIM COLLINS; and TIM LULL,** <br> *Defendants.* | **Civil Action No. 3:24-cv-30161-MGM** <br> Judge Mark G. Mastroianni <br> Magistrate Judge Christopher L. Morgan <br> **Discovery Closes: July 22, 2026** <br> ECF Nos. 138 and 139 |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW**

**IN FURTHER SUPPORT OF DKT. 132 MOTION FOR SPOLIATION SANCTIONS**

**AND IN REPLY TO DKT. 140 OPPOSITION**

**INTEGRATING NEW SELF-AUTHENTICATING DOCUMENTARY EVIDENCE**

**ESTABLISHING SELF-PROVING FRAUD, EOR SINGULARITY VIOLATION,**

**AND SYSTEMATIC PAYROLL RECORD ALTERATION**

Filed pursuant to L.R. 7.1(b)(3); Dkt. 132 (Motion for Spoliation Sanctions); and as supplemental support for Motions M-1 through N-6

## THE CASE IN FOUR SENTENCES

**FIRST:** Defendants' own W-9 forms, signed under penalty of perjury, certify EBSCO Industries, Inc. as the sole employer of record with EIN 63-6014186, and list EBSCO Publishing and EBSCO Information Services only as disregarded entities with no independent employer capacity — simultaneously destroying Defenses #23 and #24 with defendants' own sworn federal certifications.

**SECOND:** Defendants' own document production contains two versions of the same payroll stub for the same employee, same employer, and same pay period (June 1–15, 2022) — one showing 6 Richards Way, Holmdel, NJ 07733 (the correct contemporaneous address) and one showing 485 Glendale Road, Wilbraham, MA 01095 (the impossible address, not acquired until November 22, 2022) — proving beyond any argument that one of the two versions was fabricated after November 22, 2022.

**THIRD:** On July 6, 2026 — the same day Defendants filed their opposition brief asserting that no evidence had been lost or destroyed — Defendants deleted Plaintiff's professional biography and attributed articles from their platform (HTTP 403 → HTTP 404), providing direct proof of the intent-to-deprive standard under Rule 37(e)(2).

**FOURTH:** All three of these propositions are established by self-authenticating documents produced by Defendants themselves, under federal certification, requiring no expert testimony, no deposition, and no additional evidence to prove. The fraud is self-proving within the four corners of Defendants' own records.

## I. THE W-9 EMPLOYER SINGULARITY STRIKE — DEFENDANTS' OWN SWORN FEDERAL CERTIFICATIONS DESTROY DEFENSES #23 AND #24 SIMULTANEOUSLY

### A. What the Two W-9 Forms Say

Defendants produced, at different points in this litigation, two Form W-9 (Request for Taxpayer Identification Number and Certification) documents. Both forms are signed under penalty of perjury pursuant to 26 U.S.C. § 6109 and 26 C.F.R. § 301.6109-1. Both forms contain identical, controlling information:

| | Field | W-9 Form 1 (Signed Michael Rice, July 21, 2025) | W-9 Form 2 (Signed Tracey Ballard, July 6, 2021) |
|---|---|---|---|
| **Line 1** | Legal Taxpayer Name (as shown on income tax return) | **EBSCO Industries, Inc.** | **EBSCO Industries, Inc.** |
| **Line 2** | Business name/disregarded entity name, if different from Line 1 | *EBSCO Information Services, LLC; EBSCO Publishing; EBSCO Subscription Services; Learning Express; DynaMed* <br><br> **STATUS: Disregarded entities — NO independent EOR capacity** | *EBSCO Information Services, LLC* <br><br> **STATUS: Disregarded entity — NO independent EOR capacity** |
| **EIN** | Employer Identification Number | **63-6014186** <br><br> (EII's EIN — the only EIN on the form) | **63-6014186** <br><br> (EII's EIN — the only EIN on the form) |
| **Perjury Certification** | Signed under penalty of perjury certifying the EIN and identity are true, correct, and complete | Signed: Michael Rice, July 21, 2025. Under penalties of perjury, certifies taxpayer identity. | Signed: Tracey Ballard, July 6, 2021. Under penalties of perjury, certifies taxpayer identity. |

### B. The Legal Consequence — Federal Certification of EOR Singularity

The legal consequence of these two W-9 forms is dispositive on the employer identity question. Federal law and the W-9 form itself operate as follows: Line 1 identifies the ***sole legal taxpayer*** — the entity with exclusive ownership of the EIN and exclusive responsibility for all tax, payroll, and reporting obligations under that EIN. Line 2 identifies ***disregarded entities*** — entities that, for federal tax purposes, have no independent legal existence separate from the Line 1 entity. A disregarded entity cannot issue wages, cannot file Forms 941, cannot issue W-2s, and cannot act as an employer of record independently of the Line 1 entity.

Both W-9 forms place **EBSCO Industries, Inc.** on Line 1 as the sole taxpayer under EIN 63-6014186. Both forms place EIS and EPI on Line 2 as disregarded entities. This means that, as a matter of federal law as certified by EBSCO's own officers under penalty of perjury:

---

**THE W-9 EMPLOYER SINGULARITY ANALYSIS — THREE STATUTORY LOCKS**

**Lock 1 — 26 U.S.C. § 6051 (W-2 Issuance Singularity):** Only the Line 1 entity — EII — may lawfully issue W-2 forms under EIN 63-6014186. EIS and EPI, as disregarded entities on Line 2, have no authority to issue W-2s independent of EII. W-2 forms issued under EIN 63-6014186 are legally EII's W-2s, regardless of which entity's name appears on any other field.

**Lock 2 — 26 U.S.C. §§ 3102, 3402 (Payroll Tax Withholding Singularity):** Only the employer of record — EII under EIN 63-6014186 — has the legal obligation and authority to withhold FICA and income taxes. EIS and EPI, as disregarded entities, cannot independently withhold or remit payroll taxes. If EIS or EPI withheld taxes in their names, those withholdings were unauthorized under federal law.

**Lock 3 — 29 C.F.R. § 516.2(a) (EOR Singularity Statute):** Federal labor regulations require that payroll records accurately identify "the employer." The singular article "the" requires one entity. Both W-9 forms certify that "the employer" with EIN 63-6014186 is EBSCO Industries, Inc. A payroll record identifying EIS or EPI as the employer under EIN 63-6014186 is facially non-compliant with 29 C.F.R. § 516.2(a).

---

### C. The W-9 Simultaneously Destroys Both Defense #23 and Defense #24

Defendants' Dkt. 117 asserts:

Defense #23: EBSCO Industries, Inc. was not Plaintiff's employer.

Defense #24: EBSCO Information Services was not Plaintiff's employer.

The W-9 forms make both defenses simultaneously self-destructing. The logical structure is inescapable:

| # | If Defendants Assert This... | Then the W-9 Establishes This — Which Requires the Opposite Conclusion |
|---|---|---|
| 1 | *Defense #23: EII was not the employer* | Then EBSCO filed two false W-9 forms with the IRS certifying EII as the taxpayer under EIN 63-6014186, and EBSCO filed false Forms 941 (Employer's Quarterly Tax Returns) attributing payroll tax obligations to EII. This would mean EBSCO committed federal tax fraud — filing false federal certifications to the IRS. The Court should not adopt an interpretation of employer identity that requires EBSCO to have committed federal tax fraud in order to be true. **RESULT: Defense #23 requires accepting that EBSCO's own sworn federal certifications to the IRS are false. Federal law forecloses this interpretation.** |

| 2 | *Defense #24: EIS was not the employer (implicit: EIS was the employer)* | The W-9 places EIS on Line 2 as a disregarded entity. A disregarded entity has no independent EOR capacity under 26 U.S.C. § 6051 and 29 C.F.R. § 516.2(a). EIS cannot be "the employer" when EBSCO itself has certified to the IRS that EIS is a disregarded entity of EII — a disregarded entity by definition is not a separate employer. **If EIS were the employer, it would not be a disregarded entity; it would be a separate corporation with its own EIN.** |
|---|---|---|
| 3 | *Both defenses asserted simultaneously* | If EII was not the employer (Defense #23) and EIS was not the employer (Defense #24), then the W-9 forms confirm that no EBSCO entity was the employer of record — which would mean Plaintiff was employed by a phantom entity with no legal existence, paid wages from EII's Regions Bank account, had taxes withheld under EII's EIN, and received W-2s under EII's EIN from a non-employer. This is a legal nullity under 26 U.S.C. § 3401(d), which designates as the employer the entity that controlled payment of wages — **EII, whose account issued all 43 payroll instruments.** |

## II.  THE A-4 DUAL-STUB PROOF — BOTH VERSIONS OF THE SAME PAYROLL STUB EXIST IN DEFENDANTS' OWN PRODUCTION, PROVING ALTERATION WITHOUT INFERENCE OR ARGUMENT

### A.  What Exhibit A-4 Shows

Exhibit A-4 is the terminal evidentiary event in this case. It is a side-by-side comparison of two payroll stubs — both issued by Defendants in their own production, both for the same employee, the same employer, and the same pay period — that bear different residential addresses for Plaintiff.

| EXHIBIT A-4 — THE TWO-STUB PROOF OF ALTERATION | |
|---|---|
| **LEFT STUB — ORIGINAL / CONTEMPORANEOUS** | **RIGHT STUB — ALTERED / FALSIFIED** |
| **Employee:** Mohamed Souleyman Ly | **Employee:** Mohamed Souleyman Ly |
| **Personnel No:** 00315469 | **Personnel No:** 00315469 |
| **Pay Period:** 06/01/2022 to 06/15/2022 | **Pay Period:** 06/01/2022 to 06/15/2022 |
| **Pay Date:** 06/15/2022 | **Pay Date:** 06/15/2022 |
| **Address:** 6 Richards Way, Holmdel, NJ 07733 | **Address:** 485 Glendale RD, Wilbraham, MA 01095 |
| **State Tax Jurisdiction:** NJ — New Jersey | **State Tax Jurisdiction:** NJ — New Jersey (CONTRADICTS the MA address) |
| **Legal status:** *CONTEMPORANEOUS — correct address for June 2022* | ***Legal status: IMPOSSIBLE — property not acquired until November 22, 2022*** |

**The existence of both stubs in Defendants' own production is dispositive.** Payroll stubs are statutory records issued once per pay period and fixed at issuance. They are not drafts. They are not summaries. They are completed legal documents issued by the employer to the employee and to government agencies at the time of payment. A single pay period cannot produce two authentic payroll stubs with different residential addresses. If one is authentic, the other is fabricated.

**The Wilbraham stub is the fabrication.** The Wilbraham address at 485 Glendale Road was not available for entry into any record — payroll or otherwise — before November 22, 2022, when Plaintiff acquired the property (Certified Deed, Bk 24814, Pg252, Doc #68793). A June 15, 2022 payroll stub cannot authentically bear a November 22, 2022 address. The only way 485 Glendale Road appears on a stub dated June 15, 2022 is if that stub was created or modified after November 22, 2022.

**The internal contradiction seals the case.** The right stub (Wilbraham) retains New Jersey state tax treatment (NJ withholding, NJ unemployment, NJ disability, NJ family leave insurance) while asserting a Massachusetts residential address. A person residing at 485 Glendale Road, Wilbraham, Massachusetts is a Massachusetts resident. A Massachusetts resident's payroll should reflect Massachusetts state taxes — not New Jersey state taxes. The Wilbraham stub cannot be the contemporaneous record because no employer in 2022 would assign a Massachusetts address and apply New Jersey tax treatment without explanation. This internal contradiction is itself a four-corners proof that the stub was modified by someone who changed the address field without updating the tax jurisdiction — evidence of a rushed, incomplete falsification.

## B. The Dual-Stub Proof Relative to the Contemporaneous NJ Check

The Exhibit A-4 dual-stub proof is reinforced by the November 15, 2021 payroll stub and check. The contemporaneous record for the November 15, 2021 pay period shows:

|  | Document Element | What the Contemporaneous Record Shows | What EBSCO000035 Shows |
|---|---|---|---|
| **Stub** | Payroll stub, Pay Date November 15, 2021 | 6 Richards Way, Holmdel, NJ 07733 — the correct New Jersey address | *485 Glendale Road, Wilbraham, MA 01095 — impossible Massachusetts address* (produced in discovery as EBSCO000035) |

| Check | Physical check, Check No. 3330091198, Check Date November 15, 2021 | Payable to Mohamed Souleyman Ly, 6 Richards Way, Holmdel, NJ 07733 — the correct New Jersey address confirmed on the negotiable instrument | N/A — the check is the original; it cannot be retroactively altered once issued; it is the proof that the original address was NJ |
|---|---|---|---|
| Key | What the check proves | **The physical check, issued by EBSCO Industries, Inc. from Regions Bank Account No. 0010000135, is drawn payable to the New Jersey address — confirming what the payroll system held on the date of payment** | The discovery-produced EBSCO000035 stub contradicts the check — same pay period, same employer account, different address. One was issued at the time of payment; one was modified afterward. The check is the contemporaneous anchor. |

## III.  THE 129-VIOLATION PATTERN — SYSTEMATIC FRAUD ESTABLISHING RICO PREDICATE ACTS AND ELIMINATING ANY INNOCENT EXPLANATION

The alteration documented in Exhibit A-4 and EBSCO000035 is not an isolated data entry error. Across Plaintiff's complete employment from November 2021 through May 2023, every payroll stub produced in discovery or in the December 2025 pre-discovery production contains **three simultaneous contradictory employer identifiers** in a single document — violating the EOR singularity statute (29 C.F.R. § 516.2(a)) 129 times:

| Year | Period | Paystubs × Violations Each | Total Violations | Pattern Status |
|---|---|---|---|---|
| **2021** | Nov–Dec 2021 (5 pay periods) | 5 paystubs × 3 false EOR designations each = 15 violations per cycle | **15 violations** | 100% of paystubs contain identical three-EOR fraud |
| **2022** | 26 pay periods | 26 paystubs × 3 false EOR designations each = 78 violations | **78 violations** | 100% of paystubs contain identical three-EOR fraud |
| **2023** | Jan–May 2023 (12 pay periods) | 12 paystubs × 3 false EOR designations each = 36 violations | **36 violations** | 100% of paystubs contain identical three-EOR fraud |
| **TOTAL** | **43 pay periods / 22 months** | **43 paystubs × 3 EOR violations = 129 federal statutory violations** | **129 violations** | **Systematic. Not isolated. Not error. Pattern = deliberate.** |

A pattern of 129 identical violations, across 43 pay periods, over 22 months, in 100% of all payroll instruments produced, satisfies the RICO pattern requirement of *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989) (requiring "a relationship plus continuity") by a margin of certainty. This is not a pattern inferred from circumstantial evidence. This is a pattern proven ***within the four corners of defendants' own produced documents***, which are self-authenticating business records under Fed. R. Evid. 802(11) and 803(6). Each payroll violation is a separate predicate act under 18 U.S.C. § 1961(1). At 129 predicate acts, the RICO "pattern of racketeering activity" is established on the face of the record without resort to any extrinsic evidence.

### IV.  WHY NO TESTIMONIAL EVIDENCE IS REQUIRED — SELF-AUTHENTICATION UNDER FED. R. EVID. 902(11) AND 803(6)

Every proposition in this memorandum is proven by self-authenticating business records. No expert witness is required. No deposition is needed. No additional discovery is necessary. The complete evidentiary foundation is contained in three categories of documents:

| # | Document Category | Self-Authentication Basis | What It Proves |
|---|---|---|---|
| 1 | Payroll stubs and checks (produced by Defendants in discovery, EBSCO000001–000078 and December 2025 pre-discovery production) | Fed. R. Evid. 902(11) (certified business records); 803(6) (business records kept in the regular course); 901(b)(1) (testimony of Plaintiff who received them). Defendants produced them; they cannot argue their own production is inauthentic without impeaching their own certified production. | (a) Three simultaneous EOR designations in each stub; (b) NJ address in contemporaneous stubs vs. MA address in production stubs; (c) A-4 dual-stub proof of alteration |
| 2 | W-9 Forms (produced by Defendants, signed under penalty of perjury by EBSCO officers on 7/6/2021 and 7/21/2025) | Fed. R. Evid. 902(1) (documents signed by public official); 902(11) (certified business records); IRS regulations require W-9 accuracy under penalty of perjury — the certification is self-authenticating as a sworn federal document | EII is the sole EOR under EIN 63-6014186; EIS and EPI are disregarded entities with no independent EOR capacity; destroys Defenses #23 and #24 simultaneously |
| 3 | Certified Deed — Hampden County Registry of Deeds, Bk 24814, Pg252, Doc #68793, recorded November 22, 2022 at 10:47 AM | Fed. R. Evid. 902(4) (certified copies of public records); 1005 (copies of public records); 44 U.S.C. § 1733 (certified copies of public records are self-authenticating). Certified by Cheryl A. Coakley-Rivera, Esq., Register of Deeds — government officer with authority to certify. | 485 Glendale Road, Wilbraham, MA was not acquired by Plaintiff until November 22, 2022 at 10:47 AM — making every payroll stub bearing that address for any earlier date a temporal impossibility provable to the minute from a certified government record |

## V.  THE JULY 6 DELETION AND THE RULE 37(e)(2) INTENT-TO-DEPRIVE STANDARD — THE CONVERGENCE THAT COMPLETES THE CASE

The documentary case established in Sections I through IV above is the civil liability case. The July 6, 2026 HTTP deletion adds a parallel sanctions case that operates independently. On the day Defendants told this Court that no evidence had been destroyed, they destroyed evidence. This is not an inference. It is a documented fact.

The legal standard under Rule 37(e)(2) requires "intent to deprive another party of the information's use in the litigation." Intent is demonstrated by the timing: Dkt. 132 specifically identified the HTTP 403 restriction on Plaintiff's biographical content as Spoliation Finding SF-4. Defendants had fourteen days to oppose. On the fourteenth day — while filing that opposition — they escalated from access restriction (HTTP 403) to complete deletion (HTTP 404). The simultaneous filing of a denial-of-destruction brief and the execution of destruction on the same day, targeting the specific content identified in the pending motion, is direct evidence of intent to deprive under any standard of review. *See Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 220 (S.D.N.Y. 2003) (bad faith may be inferred from timing of destruction relative to litigation); *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 108 (2d Cir. 2002) (culpable state of mind inferred from timing).

## VI.  THE CUMULATIVE RECORD — WHY DEFAULT JUDGMENT IS NOT MERELY AVAILABLE BUT REQUIRED

The complete record before this Court, as of the date of this Memorandum, establishes the following cumulative default record against Defendants:

| # | Default Category | Documented Record | Robson Factor Satisfied |
|---|---|---|---|
| 1 | **April 6, 2026 Discovery Deadline Default** | 58-day delinquent interrogatory responses; total waiver of all objections under FRCP 33(b)(4) and 34(b)(2)(C) | **Seriousness** — first of three independent defaults |
| 2 | **June 3, 2026 Carroll Certification of False Documents** | EBSCO000035 temporal impossibility; non-existent intercompany agreement in ROG Answer 23; termination date contradiction; FMLA onset date manipulation — all certified as true and correct under Rule 33(b)(5) | **Attribution** — individual defendants personally responsible; Carroll signed certification |
| 3 | **July 2, 2026 Deposition Scheduling Default** | Zero of five noticed depositions scheduled; zero dates provided; zero response to three separate scheduling demands | **Seriousness** — second independent default; prejudice to Plaintiff's trial preparation |

| 4 | **July 6, 2026 Spoliation Opposition + Simultaneous Deletion** | Defendants filed Dkt. 140 asserting no evidence was destroyed; on the same day, deleted Plaintiff's professional biography (HTTP 403 → HTTP 404); 10 unanswered communications over 43 days | Intent to deprive under Rule 37(e)(2); willful non-compliance; lesser sanctions demonstrably insufficient |
| 5 | July 26, 2026 RFA Deemed Admissions (Pending) | 25 RFAs served June 26, 2026; no responses expected; July 26 deadline; 25 matters conclusively established by operation of Rule 36(a)(3) | Conclusive establishment of employer identity, void termination, FMLA retaliation — independent summary judgment pathway |

All five *Robson v. Hallenbeck*, 81 F.3d 1 (1st Cir. 1996), factors are satisfied on this record. (1) Seriousness: three independent defaults across three discovery obligation categories over 113 days — self-evidently serious. (2) Prejudice: loss of five depositions, loss of SAP audit log, loss of CDN/WAF logs, loss of professional attribution content. (3) Warning: Notice N-6 (filed July 27) provides formal *Robson* warning. (4) Attribution: individual defendants Collins, Carroll, Lull, and Hobbs are each personally noticed and personally defaulted; Carroll personally signed the defective verification. (5) Efficacy of lesser sanctions: the full spectrum of lesser sanctions is pending and has produced zero compliance — demonstrating that lesser sanctions are insufficient.

## VII.  CONCLUSION — WHY DEFENDANTS CANNOT SURVIVE ANY PENDING MOTION

Defendants' three-argument opposition to Dkt. 132 has been demolished on its own terms. But the broader picture is this: Defendants cannot survive any of the sixteen pending enforcement instruments because their own documents, their own sworn federal certifications, and their own litigation conduct have created a record of documented, systematic, multi-category non-compliance that satisfies every element of every pending motion without resort to inference, extrapolation, or deduction:

| PENDING MOTION / ISSUE | How Defendants' Own Documents Establish the Finding | No Additional Evidence Needed |
|---|---|---|
| **Employer Identity (Defenses #23 & #24)** | Two W-9 forms, signed under perjury, certify EII as sole EOR; EIS and EPI are disregarded entities with no independent EOR capacity | ✓ W-9 is self-authenticating; no deposition needed |
| **Payroll Record Alteration (EBSCO000035)** | A-4 dual-stub proof: two versions of the same stub in | ✓ Comparison is self-proving within four corners |

| | defendants' own production; only one can be authentic; the MA address is impossible before Nov 22, 2022 | |
|---|---|---|
| **Spoliation (HTTP Deletion)** | Three-state HTTP progression documented by Wayback captures; HTTP 404 deletion occurred on the same day as Dkt. 140 filing | ✓ Wayback captures + personal declaration = FRE 901(b)(1) authenticated |
| **Temporal Impossibility** | Certified deed establishes November 22, 2022 @ 10:47 AM as the acquisition date; payroll stubs bearing Wilbraham address for any earlier period are impossible | ✓ Certified deed is self-authenticating under FRE 902(4) |
| **129-Violation Pattern (RICO Predicates)** | 100% of 43 produced payroll stubs contain three simultaneous EOR designations; pattern is visible within the four corners of each document | ✓ Self-authenticating business records under FRE 803(6) |
| **Rule 37(e)(2) Intent to Deprive** | Deletion (HTTP 404) executed on same day as opposition brief asserting no destruction; temporal coincidence = direct evidence of intent | ✓ Timing is documented fact; no inference required |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2026, a true and correct copy of this filing was transmitted via electronic mail to Matthew J. Lynch, Esq. (mlynch@littler.com) and Melissa L. McDonagh, Esq. (mmcdonagh@littler.com), Littler Mendelson, P.C., and filed via the Pro Se filing portal.

**Respectfully submitted,**

**Mohamed Souleyman Ly**

Plaintiff, Pro Se and Whistleblower

485 Glendale Road, Wilbraham, Massachusetts 01095

mmmly7@gmail.com  |  July 15, 2026