**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS -- WESTERN DIVISION**

| | |
|---|---|
| **MOHAMED SOULEYMAN LY,**<br><br>*Plaintiff, Pro Se and Whistleblower*<br><br>v.<br><br>**EBSCO INDUSTRIES, INC.; EBSCO INFORMATION SERVICES, LLC; EBSCO PUBLISHING, INC.; TIM COLLINS; and TIM LULL,**<br><br>*Defendants.* | **Civil Action No. 3:24-cv-30161-MGM**<br>Judge Mark G. Mastroianni<br>Magistrate Judge Christopher L. Morgan<br>In Support of Reply to Dkt. 140 |

**DECLARATION OF MOHAMED SOULEYMAN LY**

**IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANTS'**

**OPPOSITION TO MOTION FOR SPOLIATION SANCTIONS**

**(DKT. 140) AND IN FURTHER SUPPORT OF DKT. 132**

Submitted pursuant to 28 U.S.C. § 1746 under penalty of perjury

I, Mohamed Souleyman Ly, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my personal knowledge, information, and belief:

**I.  PERSONAL BACKGROUND AND BASIS FOR PERSONAL KNOWLEDGE**

1. I am the Plaintiff in this action. I am the individual identified as "Mo Ly" in the professional biography and attributed articles at *about.ebsco.com* that are the subject of Plaintiff's Motion for Spoliation Sanctions (Dkt. 132) and this Reply.

2. I served as EBSCO's Head of Globalization from November 1, 2021 until the unlawful termination on May 25, 2023. In that capacity, I authored and published professional content on EBSCO's EBSCOpost platform, including the professional biography and articles specifically identified in Exhibit A to this Reply.

3. I have personal knowledge of: (a) the content of my professional biography and attributed articles as they appeared on EBSCO's platform during and after my employment; (b) the sequential changes in access to that content that I personally observed; (c) the addresses at which I resided during each period of my employment with EBSCO; and (d) the date on which I acquired the property at 485 Glendale Road, Wilbraham, Massachusetts.

1

**II.  MY PROFESSIONAL BIOGRAPHY AND ATTRIBUTED ARTICLES -- WHAT THEY CONTAINED**

4. During my employment with EBSCO, I authored and published the following content on EBSCO's EBSCOpost platform at *about.ebsco.com*:

| # | Content Type | URL | Description |
|---|---|---|---|
| 1 | Professional biography page | *https://about.ebsco.com/ebscopost/ bio/mo-ly* | Identified me as "Mo Ly, Head of Globalization" with a full professional biography describing my two decades of domain expertise in globalization, my prior Fortune 500 client engagements, and my Georgetown University Executive MBA. Listed four attributed articles. |
| 2 | Article: "2 Billion Searches – Circulating Knowledge Across Borders, Languages and Cultures" | *https://about.ebsco.com/blogs/ebsc opost/2277250/2-billion-searches- circulating-knowledge-across- borders-languages-and-cultures* | Published January 30, 2023. Authored article describing EBSCO's commitment to multilingual knowledge dissemination across 2 billion annual searches. Bylined to Mo Ly as EBSCO Information Services Head of Globalization. |
| 3 | Articles in Turkish, French, and German on same multilingual content theme | Same base URL with language path variations (/tr-fr/, /fr-fr/, /de-de/ etc.) | January 30-31, 2023. Multilingual versions of the same content. These non-English versions remained accessible (HTTP 200) during the period when English-language access was blocked (HTTP 403), confirming the differential access restriction was language-specific. |

5. My professional biography was publicly accessible on EBSCO's platform throughout my employment and for more than two years after the unlawful termination. I personally verified its accessibility on multiple occasions before December 2025. The biography represented my professional standing and credentials as established and published by my former employer. Its suppression and deletion directly impact my ability to point to EBSCO-published professional attribution in employment applications, speaking engagements, consulting inquiries, and specifically in the Bloomberg professional opportunity that forms part of my damages claim in this action.

6. As of this filing, all evidence of my achievements on ebsco.com has been deleted across all language versions. The deletion eliminated the very employer-created public attribution that independently corroborated my professional accomplishments, credentials, and industry standing, thereby impairing my ability to present contemporaneous evidence of reputation, mitigation efforts, and damages.

### III.  THE THREE-STATE HTTP PROGRESSION -- PERSONAL OBSERVATION AND DOCUMENTATION

7. I personally observed each of the three states of my professional biography's accessibility at *about.ebsco.com*. I declare the following regarding each state:

| State | Period | HTTP Response | My Personal Observation |
|---|---|---|---|
| **#1** | Before approximately December 23, 2025 | **HTTP 200** -- Full content accessible | I accessed my professional biography at the URL identified in paragraph 4 above on multiple occasions before December 2025. On each occasion, the page loaded fully and displayed: (a) my name and title ("Mo Ly, Head of Globalization"); (b) my professional biography paragraph; (c) my author photograph; and (d) links to my four published articles. The content was fully rendered and publicly accessible to any internet user. |
| **#2** | December 2025 through July 5, 2026 | **HTTP 403** -- "You are not authorized to access this page" | On or around late December 2025, I attempted to access my biography page and received the message "You are not authorized to access this page" in place of the biographical content. I observed this same HTTP 403 response on multiple occasions between December 2025 and July 5, 2026, using multiple browsers (Google Chrome, Mozilla Firefox) and from multiple network locations. On each occasion, the page returned the same server-side authorization error. The non-English language versions of my article pages (accessible at /fr-fr/, /tr-tr/, and other language paths) continued to return HTTP 200 responses during this same period, confirming the restriction was English-language-specific. |
| **#3** | **After July 6, 2026** | **HTTP 404** -- "Oops! Sorry, the page you're looking for doesn't exist" | On or after July 7, 2026, I attempted to access my biography page and received a 404 error with the message "Oops! Sorry, the page you're looking for doesn't exist." This is a fundamentally different server response from the HTTP 403: the HTTP 403 indicated that the page existed but access was denied; the HTTP 404 indicates that the page no longer exists on the server. The content has been deleted, not merely blocked. I have verified this state multiple times since July 6, 2026. As of the date of this Declaration, my professional biography and English-language articles no longer exist at the URLs identified in paragraph 4 above. |

8. I documented the three-state progression using the Wayback Machine (web.archive.org), an Internet Archive service operated by the Internet Archive, a 501(c)(3) non-profit library organization. The Wayback

3

Machine preserves historical snapshots of publicly accessible websites at specific dates and times, and its archived captures of EBSCO's website confirm the State #1 content as it existed before the December 2025 suppression. I personally accessed these Wayback Machine archive captures and verified that they accurately reflect the content of my professional biography as I personally observed it during State #1. These captures are submitted as Exhibit A to the Reply.

9. The slide-by-side documentary evidence submitted as Exhibit A was prepared based on my personal observation of: (a) the Wayback Machine archived captures of the State #1 content; (b) my direct browser observations of the State #2 HTTP 403 responses; and (c) my direct browser observations of the State #3 HTTP 404 responses. Each capture in Exhibit A accurately represents the state of the web content at the time indicated.

## IV.  MY ADDRESS HISTORY -- THE TEMPORAL IMPOSSIBILITY ESTABLISHED PERSONALLY

10. I declare the following regarding my residential addresses during my employment with EBSCO. This declaration corrects the factual error in Dkt. 132, which incorrectly stated that I did not live in Wilbraham until May 25, 2023. That date is the date of my unlawful termination, not my relocation date. The correct facts are as follows:

<table>
<tr><td colspan="3" align="center"><b>MY RESIDENTIAL ADDRESS HISTORY -- SWORN DECLARATION</b></td></tr>
<tr><th>Period</th><th>Address</th><th>Basis for Declaration</th></tr>
<tr>
<td>From 2018 - September 1, 2022</td>
<td><i>6 Richards Way</i><br><br><i>Holmdel, NJ 07733</i><br>(primary residence)</td>
<td>I resided at my New Jersey address from the commencement of my EII employment through September 2022. I have never resided at any Massachusetts address prior to my acquisition of the Wilbraham property. EBSCO's contemporaneous payroll records for this period reflect this New Jersey address -- including temporary/transit address.</td>
</tr>
<tr>
<td>September 1, 2022 - <b style="color:red">November 22, 2022, at exactly 10:47 AM</b></td>
<td><i>Transitional Massachusetts addresses:</i><br><b>102 Newbury St. Danvers, MA</b>, and <b>203 Washinton St.</b><br><br><b>Salem, MA</b><br>(mailing)</td>
<td>During the period when I was seeking to acquire a Massachusetts property to facilitate my work with EII's/EBSCO Industries, Inc.'s Ipswich office, I resided at a temporary Massachusetts address. I had no connection whatsoever to 485 Glendale Road, Wilbraham during this period. That property belonged exclusively to the Richard A. Courtney 2018 Trust. EII's contemporaneous payroll records for this period establish this fact.<br><br>Defendants' June 3, 2026 discovery production further establishes <b style="color:red">post hoc alterations to federally controlled records</b>, rendering them void ab initio and devoid of authenticity, reliability, and evidentiary value.</td>
</tr>
</table>

| November 22, 2022 @ 10:47 AM - ONWARDS (TO PRESENT DATE) | *485 Glendale Rd. Wilbraham, MA 01095* | **The property at 485 Glendale Road, Wilbraham, MA was recorded in my name and my wife Madina Ly's name at the Hampden County Registry of Deeds on November 22, 2022 at 10:47 AM.** **That timestamp establishes the first moment at which I acquired any legal interest whatsoever in the property. Accordingly, I could not have resided at, received mail at, maintained a mailing address at, or been lawfully identified by 485 Glendale Road before November 22, 2022, at 10:47 AM, contrary to Defendants' federally controlled identification and employment records, for the entire period of November 1, 2021 to November 22, 2022.** |
|---|---|---|

11. The certified copy of the Hampden County Registry of Deeds deed (Book 24814, Page 252, Document #68793), attached hereto as Exhibit B, is a true and correct copy of the deed transferring title to 485 Glendale Road, Wilbraham, Massachusetts to Mohamed Ly and Madina Ly, recorded on November 22, 2022 at 10:47 AM. I obtained this certified copy from the Hampden County Registry of Deeds. I note that the handwritten grantee address field in the deed body reflects "458 Glendale Rd" -- this is a scrivener's transposition of the house number digits. The certified document identifier (Book 24814, Page 252, Document #68793), the printed header ("485 Glendale Road, Wilbraham, MA"), and the parcel description in Exhibit "A" to the deed all confirm this is the property at 485 Glendale Road. The address I use and have used since acquisition is 485 Glendale Road, consistent with the property address on file with EBSCO and reflected in EBSCO000035.

## V.  THE PAYROLL STUB IMPOSSIBILITY -- PERSONAL ATTESTATION

12. EBSCO produced payroll records in this litigation in two separate instances: (a) first, in December 2025, in a pre-discovery production; and (b) again, in the June 3, 2026 formal discovery production (EBSCO000001–000078). Both productions contained payroll stubs -- including the payroll stub for the pay period ending November 15, 2021, produced as EBSCO000035 -- bearing the address 485 Glendale Road, Wilbraham, Massachusetts.

13. I declare, under penalty of perjury, that I had no legal interest in, did not reside at, did not maintain a mailing address at, and had no factual connection whatsoever to 485 Glendale Road, Wilbraham, Massachusetts on November 15, 2021 or at any time before November 22, 2022 at 10:47 AM. The property did not belong to me on that date. It belonged to the Richard A. Courtney 2018 Trust, as reflected in the deed (Exhibit B). It was impossible for my residential address on November 15, 2021 to have been 485 Glendale Road, Wilbraham, Massachusetts.

14. The contemporaneous payroll records for the November 15, 2021 pay period would have reflected my actual residential address at that time -- a New Jersey address. The appearance of 485 Glendale Road, Wilbraham, Massachusetts in a payroll record for November 15, 2021 can only be the result of a retroactive modification of the address field in that payroll record, made after November 22, 2022. I am not aware of any legitimate business reason for such a modification.

15. The impossibility is not limited to the single payroll stub (EBSCO000035). The same Wilbraham address appears on payroll stubs for pay periods throughout the period from November 2021 through at least November 2022 -- a period of over one full year during which I had no connection to the Wilbraham property. The systematic appearance of the same impossible address across an entire year of payroll records cannot be the result of a single data entry error; it reflects a systematic retroactive modification of historical payroll address records.

## VI.  THE SIGNIFICANCE OF THE JULY 6, 2026 DELETION -- PERSONAL OBSERVATION

16. On July 6, 2026 -- the date on which Defendants filed their opposition to the spoliation motion (Dkt. 140) -- I personally observed that my professional biography at *about.ebsco.com/ebscopost/bio/mo-ly* had transitioned from HTTP 403 to HTTP 404. I made this observation by directly accessing the URL on that date and receiving the "Oops! Sorry, the page you're looking for doesn't exist" error in place of the prior HTTP 403 "You are not authorized to access this page" message.

17. I am personally aware that Dkt. 132 -- my Motion for Spoliation Sanctions -- specifically identified the HTTP 403 restriction as Spoliation Finding SF-4 and demanded production of the CDN/WAF configuration logs documenting when the restriction was implemented and by whose authority. I submitted Dkt. 132 approximately two weeks before the July 6 deadline for Defendants' opposition. On the day Defendants filed that opposition -- asserting that no evidence had been destroyed -- the content that had been blocked under HTTP 403 was deleted altogether, producing an HTTP 404 response, from date on.

18. This progression is significant to me personally because my professional biography was the primary public-facing record of my role, expertise, and professional standing at EBSCO. Its deletion means that any person, organization, or potential employer who accesses the URL for my biography on EBSCO's platform -- which EBSCO itself published and maintained throughout my employment and for years afterward -- receives a permanent error message. The deletion is not reversible by any action I can take. Only EBSCO can restore content that EBSCO deleted from EBSCO's server.

19. The deletion is also retaliatory, as I am the only former EBSCO employee known to me whose biography was removed, while similarly situated former colleagues not engaged in litigation against Defendants continue to have theirs publicly available.

## VII. AUTHENTICATION OF EXHIBITS

20. **Exhibit A** to the Reply -- The Side-by-Side Evidence of Time-Sequenced Transition document -- is a true and accurate representation of the three-state HTTP progression of my professional biography and attributed articles on EBSCO's platform. The Wayback Machine captures reflected in Exhibit A were obtained by me directly from web.archive.org and accurately show the content that was accessible during State #1 (before December 2025). The HTTP 403 and HTTP 404 screenshots reflect direct browser observations I personally made during States #2 and #3 respectively. Each capture in Exhibit A is authentic and has not been modified.

21. **Exhibit B.1.** -- The certified copy of the Hampden County Registry of Deeds, Book 24814, Page 252, Document #68793, recorded November 22, 2022 at 10:47 AM -- is a true and correct copy of the certified deed as provided to me by the Hampden County Registry of Deeds, certified by Cheryl A. Coakley-Rivera, Esq., Register of Deeds. The document has not been modified and is submitted in the same form in which it was received from the Registry.

22. **Exhibit B.2.** -- This exhibit consists of payroll statements produced by Defendants, together with the Side-by-Side forensic analysis of those records previously provided to Defendants on multiple occasions, including January 26, 2026, following repeated notices and demands regarding preservation obligations during litigation.

23. **Exhibit C** -- This Declaration -- serves as Plaintiff's sworn correction of the factual error in Dkt. 132 regarding the date of relocation to 485 Glendale Road, Wilbraham, Massachusetts. The correct date of acquisition is November 22, 2022, not May 25, 2023. May 25, 2023 is the date of the unlawful termination by EBSCO Information Services. This correction is supported by Exhibit B (the certified deed) and by my personal knowledge as declared herein.

### DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 13th day of July, 2026.

/s/ Mohamed S Ly

**Mohamed Souleyman Ly**
Plaintiff, Pro Se and Whistleblower
485 Glendale Road, Wilbraham, Massachusetts 01095
(Property strictly and precisely acquired as of November 22, 2022, at 10:47 AM)

7