Ly v. EBSCO Industries, Inc. et al. | No. 3:24-cv-30161-MGM | Closing Judicial Standard Certification | Dkt. 132 / Reply to Dkt. 140

**UNITED STATES DISTRICT COURT -- DISTRICT OF MASSACHUSETTS (WESTERN DIVISION)**
**Ly v. EBSCO Industries, Inc. et al. | Civil Action No. 3:24-cv-30161-MGM**
**Judge Mark G. Mastroianni | Magistrate Judge Christopher L. Morgan**

# CERTIFICATION OF SATISFACTION OF RULE 37(e) STANDARDS
**Spoliation Findings: Every Required Standard Established, Satisfied, and Exceeded**
*Submitted in Further Support of Dkt. 132 and in Reply to Dkt. 140 | Five-Vector Evidence Package | Exhibit B (Certified Deed)*

**CONTROLLING DEFINITIONAL CLARIFICATION -- OPERATIVE FOR ALL SUBMISSIONS IN THIS PACKAGE**

Unless otherwise explicitly stated, the term **'EBSCO'** in all Plaintiff's filings refers *exclusively* to **EBSCO Industries, Inc. (EIN 63-6014186)** -- and does not 'collectively' refer to EBSCO Information Services, LLC (EIN 86-3370771), EBSCO Publishing, Inc. (EIN 63-1105270, which is both **disregarded** (2021 + 2025 W-9 Forms), and also **dissolved** (July 1, 2013)), or any other EBSCO-affiliated entity. Defendants' practice of conflating and confounding distinct corporate identities -- collective 'EBSCO' for opposition convenience, separate entities for liability purposes -- is internally self-contradicting, factually incoherent and procedurally improper.

**PURPOSE AND JUDICIAL VALUE OF EXHIBIT B -- CERTIFIED HAMPDEN COUNTY DEED**

**Exhibit B** is the certified copy of the Hampden County Registry of Deeds, Book 24814, Page 252, Document No. 68793, recorded **November 22, 2022 at 10:47 AM**, transferring title to 485 Glendale Road, Wilbraham, Massachusetts, certified by Cheryl A. Coakley-Rivera, Esq., Register of Deeds; **a government official** whose certification carries the highest evidentiary authentication available under Massachusetts law. It is the first of 45 third-party subpoena responses from an independent custodian, establishing the relevant property-interest **date** and the resulting **Temporal Impossibility** within **federally controlled employment records** before the Court.

**Exhibit A** consists of Defendants' own **Rule 26, 33,** and **34** discovery productions, authenticated, certified, and adopted through counsel's **Rule 26(g)** certifications and corporate Rule 33 verifications served with Defendants' June 3, 2026 discovery responses

| Judicial Function of Exhibit B | What It Establishes -- To the Minute |
|---|---|
| Establishes the **Temporal Impossibility** as Mathematical Certainty | The deed proves, to the minute, that Plaintiff had no legal interest, possessory right, or mail delivery right to 485 Glendale Road, Wilbraham, MA before 10:47 AM on November 22, 2022. EBSCO000035 -- certified by Defendants as a true and correct payroll stub -- bears that exact address for the pay period ending November 15, 2021: 371 days, 10 hours, and 47 minutes before the deed was recorded. Exhibit B converts the temporal impossibility from a factual assertion into a certified government record requiring no credibility determination -- only arithmetic. |
| Repudiates and Impeaches Defendants' Opposition (Dkt. 140) | Defendants argued the address discrepancy is 'not relevant.' Exhibit B establishes the address on EBSCO000035 is not merely different -- it is impossible. A government-certified instrument proves the address did not belong to Plaintiff on the document's stated date. The only explanation: retroactive modification. Defendants' certification (Carroll, Rule 33(b)(5), perjury penalty) covers documents this certification renders impossible. |
| Anchors Vector 2 (Two-Version Disparity) with Third-Party Authentication | Plaintiff submitted Version A payroll stubs (NJ address) to St. Mary's Bank at mortgage origination, November 2022 -- months before any litigation dispute. Subpoena SP-34 will produce the bank's origination copy. If it shows NJ address (as Vector 2 requires), it confirms Version B (Defendants' production, Wilbraham address) is the altered version. Exhibit B is the chronological anchor: the bank copy must predate the deed; the production version's address postdates the deed. |
| Converts Repeated Prejudice into Documented Ongoing Harm | Without the SAP audit log, Plaintiff cannot establish through system records the specific author, date, and scope of the address field modification that Exhibit B proves occurred. The certified deed establishes the impossibility but cannot name the perpetrator. Only the SAP log does. Its continued withholding is a documented evidentiary gap that no other available discovery can close -- satisfying the 'cannot be restored or replaced' element of Rule 37(e). |

**FIRST CIRCUIT AND DISTRICT OF MASSACHUSETTS SPOLIATION STANDARDS -- EACH SATISFIED AND EXCEEDED**

*Applied to this Court's own prior practices; First Circuit Rule 37(e) jurisprudence; D. Mass. L.R. 37.1*

| # | Required Standard + First Circuit Authority | How the Record Satisfies and Exceeds It | Evidence Anchor | Standard Met? |
|---|---|---|---|---|
| 1 | ***Duty to Preserve*** -- *Litigation pending (not merely reasonably foreseeable), including while a spoliation motion is actively pending before the Court; the party knew or should have known the evidence was relevant to the litigation. First Circuit: Testa v. Wal-Mart, 144 F.3d 173 (1st Cir. 1998);* **consistent with this Court's prior Rule 37(e) decisions, the preservation duty attaches no later than the point at which litigation is reasonably anticipated and continues throughout the litigation**. | Duty triggered December 26, 2024 (Plaintiff's formal hold notice) and December 30, 2024 (complaint filed) at absolute latest. All five ESI categories -- payroll system records, SAP employee profiles, web attribution content, CDN logs, FMLA tracking records -- were plainly relevant employment dispute ESI from the date of filing. No party can dispute the hold date; it is the case filing date itself. | Complaint Dkt. 1 (Dec. 30, 2024); Litigation Hold Notice (Dec. 26, 2024); all five vector categories plainly covered | **ESTABLISHED AND EXCEEDED** duty indisputable from filing date (starting with EEOC (July 28, 2023) and MCAD (Oct. 4, 2024) Complaints |
| 2 | ***Relevance*** -- *Missing or destroyed evidence could have affected the outcome or assisted the opposing party. First Circuit: Collazo-Santiago v. Toyota Motor Corp., 149 F.3d 23 (1st Cir. 1998).* **Here, relevance was not merely satisfied--the evidence was central to disputed issues,** *including payroll validity (a temporally impossible address), ESI discrepancies, and Plaintiff's executive profiles, publications, and work products documenting achievements contrary to Defendants' underperformance claims--substantially strengthening culpability because the evidence directly concerned contested facts, contradicted Defendants' position, and could affect the outcome.* | Five independently relevant ESI categories: (V-1/V-2) SAP audit log resolves the modification author and date -- unavailable by any other means; (V-3) Three-EOR configuration records establish who designed the payroll system to display a dissolved employer; (V-4) Tax jurisdiction records establish alteration incompleteness; (V-5) CDN/WAF logs plus bio content directly quantify ongoing career erasure damages (MIDF v5.0 Pillar III). **Each category is relevant to a distinct pending claim.** | MIDF v5.0 Pillars I–V; EBSCO000035; Five-Vector Chronology; Dkt. 140 (deletes the very evidence it denies blocking or losing) | **ESTABLISHED AND EXCEEDED** five distinct relevance categories, each independently sufficient |

Ly v. EBSCO Industries, Inc. et al.  |  No. 3:24-cv-30161-MGM  |  Closing Judicial Standard Certification  |  Dkt. 132 / Reply to Dkt. 140

| | | | | |
|---|---|---|---|---|
| 3 | ***ESI Lost Because Party Failed to Take Reasonable Steps** -- Rule 37(e): (a) ESI should have been preserved; (b) lost because party failed to take reasonable steps; (c) cannot be restored or replaced.* consistent with this Court's Rule 37(e) analysis in prior decisions, these three requirements are evaluated as sequential elements; each, independently satisfied. | (a) All five ESI categories were standard hold categories for an employment dispute of this scope. (b) The HTTP 404 deletion (Vector 5) is the definitive lost-because-of-failure event: content escalated through HTTP 200 → 403 → 404 in stages after the hold attached, culminating in permanent deletion on the day of the sworn denial. SAP audit log has not been produced despite specific demand and litigation hold coverage. (c) Deleted HTTP 404 content cannot be undeleted from EBSCO's servers. The SAP audit log, if purged, cannot be recreated. | HTTP 200→403→404 Wayback Machine captures (Exhibit A); SAP log non-production (FPL FF-1); EBSCO000035 impossibility (Exhibit B) | **ALL THREE PARTS SATISFIED AND EXCEEDED** Each independently documented |
| 4 | ***Prejudice to Opposing Party** -- For Rule 37(e)(1) curative measures, prejudice need not be severe; measures must be 'no greater than necessary to cure the prejudice.'* First Circuit: Apple Inc. v. Samsung, 888 F.3d 1291; D. Mass.: consistent with this Court's standard practice Rule 37(e) analysis, prejudice is evaluated both (**a**) as an **evidentiary impairment** and (**b**) as a **practical litigation consequence**. | Evidentiary prejudice: Without the SAP audit log, Plaintiff cannot identify through system records the perpetrator of the address modification Exhibit B proves occurred. This gap is irreplaceable. Professional prejudice: The HTTP 404 deletion is ongoing -- every day Plaintiff's bio and attributed articles remain deleted is a day of additional career erasure damages (Pillar III). Prejudice is daily, compounding, and specifically quantified; it is not a historical harm but a continuing violation. | Exhibit B (proves impossibility but not perpetrator); SAP log demand (unanswered); HTTP 404 current status (verified); MIDF v5.0 Pillar III | **ESTABLISHED** Both evidentiary and substantive prejudice documented; prejudice is active and ongoing |
| 5 | ***Intent to Deprive (Rule 37(e)(2))** -- Required for adverse inference instruction, dismissal, or default judgment. Negligence insufficient. First Circuit applies: Kronisch v. United States, 150 F.3d 112 (2d Cir. 1998) (temporal proximity of destruction to litigation demands = intent); Alter v. Rocky Point Sch. Dist., 2014 WL 4966119 (timing of deletion relative to discovery demands establishes intent). Consistent with this Court's prior Rule 37(e) decisions, the timing of ESI events relative to preservation obligations, discovery demands, and court proceedings is a significant consideration in evaluating intent.* | The July 6 Convergence (Vector 5) establishes intent-to-deprive through direct temporal evidence, not inference: (1) Dkt. 132 identified the HTTP 403 restriction as Spoliation Category SF-4 and demanded CDN logs; (2) Defendants' opposition deadline was July 6, 2026; (3) On that day (July 6), Defendants filed Dkt. 140 certifying under Rule 11 that no evidence had been lost; and (4) on or about that same day, HTTP 403 escalated from 'Blocked Content status to HTTP 404 = permanent deletion status, while the denial was being concurrently filed. This is date-specific destruction of specifically identified evidence, timed with a sworn denial in an active court proceeding (Dkt. 132 under judicial review), supporting and establishing an inference of Rule 37(e)(2) intent-to-deprive. | Dkt. 140 (July 6, Rule 11 certification); Exhibit A (**HTTP 404** confirmed July 6); Wayback Machine three-state progression; Kronisch; Alter | **ESTABLISHED AND EXCEEDED** July 6 convergence satisfies intent standard through direct date-specific temporal proof; not mere inference |
| 6 | ***Culpability** -- For non-ESI and inherent authority sanctions:* *First Circuit permits sanctions on negligence with substantial prejudice; bad faith supports the harshest sanctions. D. Mass. practice: Consistent with this Court's prior Rule 37(e) decisions, culpability may be assessed in light of the overall pattern of litigation conduct, while each alleged preservation failure is independently evaluated on its own facts and elements.* | Record establishes culpability at three escalating levels: (a) Gross negligence at minimum: 52 consecutive payroll cycles over 371 days bearing an impossible address requires sustained system-wide failure to audit payroll records against actual employee data. (b) Intentional misconduct: Vector 2 (two versions of the same stub identical in every financial field, differing only in address) is the forensic signature of a targeted field modification. (c) Bad faith: Vector 5 (deletion on the day of the denial, after the motion specifically identified the HTTP 403 restriction) is bad faith in its most direct and documentable form. 530+ days of documented non-response to every discovery category provides the pattern context that courts in this Circuit treat as bad faith. | **Vector 2** (two-version disparity); **Vector 5** (deletion coinciding with denial day); 530+ day non-response pattern; flat refusal to restore/correct (W-2c); Lynch **Affidavit Register** (+14 sworn counsel affidavits asserting pleading/defense facts as witness-based evidence). | **BAD FAITH ESTABLISHED** on Vector 5; **INTENTIONAL MISCONDUCT** on Vector 2; **GROSS NEGLIGENCE** at minimum across all categories |

## INTENTIONAL, WILLFUL, CONTINUING, AND BAD FAITH LITIGATION CONDUCT -- PATTERN FINDING

**This analysis is consistent with Rule 37(e), First Circuit precedent, and Supreme Court jurisprudence recognizing that courts may consider both <u>discrete violations</u> and the <u>totality of litigation conduct</u> in fashioning appropriate relief.**

The record supports a finding that Defendants' spoliation constitutes a sustained pattern of intentional bad faith conduct across 19+ months: (1) Fourteen documented Lynch affidavit submissions as fact evidence on disputed matters -- substituting hearsay-through-counsel for corporate officer testimony to insulate contested facts from cross-examination and deposition; (2) Conditioning production of 127 GB of admitted, collected ESI on a protective order that has never been filed -- a self-imposed, legally baseless withholding condition; (3) Selective ESI suppression by language (HTTP 403 English-only; HTTP 200 German preserved) demonstrating capacity and deliberate choice; (4) Permanent deletion of identified evidence on the day of the sworn denial that no evidence was lost; (5) 530+ days of documented non-response to discovery demands across every category at issue. In combination, these acts constitute a systematic course of conduct warranting the full range of Rule 37(e)(2) and inherent-authority sanctions.

## THE RECORD IS COMPLETE. EVERY REQUIRED STANDARD IS SATISFIED AND EXCEEDED, UNDER LAW.

## UNDER THIS COURT'S PRIOR DECISIONS AND GOVERNING RULE 37(e) JURISPRUDENCE, THE RECORD WARRANTS THE RELIEF REQUESTED.

On the basis of the foregoing five-vector record, the certified government exhibit (Exhibit B), the documented three-state ESI progression (Exhibit A), the mathematical temporal impossibility, and the July 6, 2026 convergence, Plaintiff respectfully submits that every legal standard required for a finding of spoliation under Federal Rule of Civil Procedure 37(e) -- as applied in this Circuit and in the practice of this Court -- is not merely satisfied, but demonstrated by the most probative evidence available: Defendants' own produced records, certified government documents, and the Court's own docket. No credibility determination is required. The evidence speaks entirely through documents Defendants generated, certified, produced, or caused during the course of this litigation. Plaintiff respectfully invites the Court to enter the sanctions and curative relief that match in Dkt. 132, as supplemented by the Five-Vector Forensic Spoliation Chronology and this Reply. /S/Mohamed S Ly

**Mohamed Souleyman Ly  |  Plaintiff, Pro Se and Whistleblower  |  485 Glendale Road, Wilbraham, Massachusetts 01095**