## UNITED STATES DISTRICT COURT

### DISTRICT OF MASSACHUSETTS — WESTERN DIVISION

| | |
|---|---|
| **MOHAMED SOULEYMAN LY,**<br><br>*Plaintiff, Pro Se and Whistleblower*<br><br>v.<br><br>**EBSCO INDUSTRIES, INC.; EBSCO INFORMATION SERVICES, LLC; EBSCO PUBLISHING, INC.; TIM COLLINS; and TIM LULL,**<br><br>*Defendants.* | **Civil Action No. 3:24-cv-30161-MGM**<br>Judge Mark G. Mastroianni<br>Magistrate Judge Christopher L. Morgan<br>In Support of Reply to Dkt. 140 |

## PROPOSED ORDER

### GRANTING PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS
### AND ENTERING RULE 37(e) CURATIVE MEASURES
### AND ADVERSE INFERENCE INSTRUCTIONS

For the Court's consideration upon Plaintiff's Reply to Dkt. 140 and in further support of Dkt. 132

Submitted pursuant to Local Rule 7.1(a)(2) and the Court's case management preferences

**RECITALS**

THE COURT, having considered Plaintiff's Motion for Spoliation Sanctions (Dkt. 132), Defendants' Opposition (Dkt. 140), Plaintiff's Reply and the declarations, exhibits, and supplemental evidence submitted therewith, and being fully advised in the premises, HEREBY FINDS AS FOLLOWS:

| ¶ | Finding |
|---|---------|
| 1. | Plaintiff's professional biography at *about.ebsco.com/ebscopost/bio/mo-ly* and attributed articles at *about.ebsco.com/blogs/ebscopost/2277250/...* were publicly accessible via HTTP 200 responses before approximately December 23, 2025, as documented by Wayback Machine archive captures authenticated in Plaintiff's Declaration (¶¶ 6–8) and Exhibit A. |
| 2. | Defendants' litigation hold obligation arose no later than December 26, 2024. The HTTP 403 restriction was implemented after that date, during the pendency of this litigation, while Defendants were obligated to preserve all ESI reasonably relevant to this action, including Plaintiff's EBSCO-hosted professional attribution content. |
| 3. | On July 6, 2026 — the same day Defendants filed their opposition to the spoliation motion (Dkt. 140) asserting that no evidence had been lost or destroyed — Plaintiff's professional biography and attributed English-language articles were deleted from Defendants' platform, transitioning from HTTP 403 to HTTP 404. This transition is documented by Plaintiff's personal observation (Declaration ¶¶ 15–16) and the three-state documentary record in Exhibit A.<br><br>The Court finds that the temporal coincidence of the deletion with the opposition filing — on the very deadline day, after Dkt. 132 specifically identified the HTTP 403 restriction as a preservation failure (SF-4) — constitutes sufficient evidence of intent to deprive within the meaning of Fed. R. Civ. P. 37(e)(2). |
| 4. | The property at 485 Glendale Road, Wilbraham, Massachusetts was not conveyed to Plaintiff until November 22, 2022 at 10:47 AM, as established by Hampden County Registry of Deeds, Book 24814, Page 252, Document #68793 (Exhibit B). EBSCO000035, a payroll stub for the pay period ending November 15, 2021, bears the address 485 Glendale Road, Wilbraham, Massachusetts — a date 371 days before the property was acquired. This constitutes a temporal impossibility in Defendants' produced payroll records. |
| 5. | The SAP SuccessFactors audit log for Plaintiff's employee profile — which would establish when the Wilbraham address was entered into the payroll system — has not been produced and has not been logged on any privilege log. The absence of this machine-generated, non-privileged system record from Defendants' production constitutes Spoliation Finding SF-2. |

**ORDERS**

Based upon the foregoing findings, IT IS HEREBY ORDERED AS FOLLOWS:

| Order | Relief Entered | Deadline |
|---|---|---|
| 1. | **RULE 37(e)(2) ADVERSE INFERENCE INSTRUCTION — MANDATORY**<br><br>The following adverse inference instruction shall be given to the jury at trial, and shall apply in the consideration of any motion for summary judgment or dispositive motion in this action:<br><br>**ADVERSE INFERENCE INSTRUCTION — PROFESSIONAL ATTRIBUTION CONTENT**<br><br>*"You have heard evidence in this case that Plaintiff Mohamed Souleyman Ly maintained a professional biography and published articles on EBSCO's platform at about.ebsco.com that were publicly accessible until approximately December 2025. The Court has found that EBSCO deleted this content from its platform on July 6, 2026 — the same day EBSCO filed a legal brief in this case asserting that no evidence had been lost or destroyed — after a period of deliberate access restriction beginning in December 2025, while EBSCO was under an obligation to preserve all relevant electronic information. You may presume that the content deleted on July 6, 2026 — specifically, Plaintiff's professional biography and attributed articles — would, if it had been preserved and produced, have been unfavorable to EBSCO's position in this case, and that EBSCO deleted this content with the intent to prevent Plaintiff from using it in this litigation."* | **At trial and SJ** |
| 2. | **RULE 37(e)(2) ADVERSE INFERENCE INSTRUCTION — PAYROLL RECORDS**<br><br>The following adverse inference instruction shall apply to payroll records alteration:<br><br>**ADVERSE INFERENCE INSTRUCTION — PAYROLL RECORD MODIFICATION**<br><br>*"EBSCO produced payroll records in this case, including a payroll stub (EBSCO000035) for the pay period ending November 15, 2021, bearing the address 485 Glendale Road, Wilbraham, Massachusetts. The Court has found that this property was not conveyed to Plaintiff until November 22, 2022 — 371 days after the payroll date — as established by a certified* | **At trial and SJ** |

| | | |
|---|---|---|
| | *Registry of Deeds document. The SAP audit log that would document when this address was entered into EBSCO's payroll system has not been produced. You may presume that the SAP audit log, if it had been produced, would have shown that the Wilbraham address was entered into the payroll system after November 22, 2022, confirming a retroactive modification of historical payroll records, and that EBSCO failed to produce this log with the intent to prevent Plaintiff from using it in this litigation."* | |
| 3. | **COMPELLED PRODUCTION — CDN/WAF CONFIGURATION LOGS**: Defendants shall produce, within **five (5) business days** of this Order, the complete CDN/WAF configuration log history for about.ebsco.com from December 1, 2024 through July 6, 2026, in native format with all metadata, including: (a) every access control rule entry, modification, and deletion during this period; (b) timestamps for each configuration change to the second; (c) user/administrator identification for each change; (d) the specific rule implementing the HTTP 403 restriction on English-language content paths; and (e) the rule or action implementing the HTTP 404 deletion on or after July 6, 2026. Defendants shall simultaneously notify Cloudflare, Inc. in writing of this Order and instruct Cloudflare to preserve and produce all responsive records. | **5 business days** |
| 4. | **COMPELLED RESTORATION OR DESIGNATED FACTS — HTTP ACCESS**: Defendants shall restore HTTP 200 access to Plaintiff's professional biography and all attributed articles at *about.ebsco.com* within **five (5) business days** of this Order. If the content has been permanently deleted and cannot be restored, the following facts are hereby designated as established for all purposes in this action: (a) Plaintiff's professional biography on EBSCO's platform identified him as "Mo Ly, Head of Globalization" and described two decades of domain expertise in globalization and multilingual content; (b) Plaintiff authored at least four articles published on EBSCO's EBSCOpost platform in January 2023, bylined to Mo Ly in his capacity as Head of Globalization; (c) this content was publicly accessible until approximately December 23, 2025; (d) access was restricted (HTTP 403) from approximately December 2025 through July 5, 2026; and (e) the content was deleted (HTTP 404) on or after July 6, 2026. | **5 business days** |
| 5. | **COMPELLED PRODUCTION — SAP SuccessFactors AUDIT LOG**: Defendants shall produce, within **ten (10) business days** of this Order, the complete SAP SuccessFactors audit log for Plaintiff's employee profile (Employee ID to be identified by Defendants), satisfying the following requirements: (a) full lifecycle coverage, November 1, 2021 through present; (b) field-level granularity for all fields, including address, employer designation, payroll routing, and FMLA fields; (c) timestamps to the second in native system timezone; (d) user/author attribution for every modification; (e) native export format; and (f) sworn chain of custody declaration from the HRIS administrator who extracted the log. | **10 business days** |

| 6. | **CONDITIONAL DESIGNATED FACT — SAP AUDIT LOG**: Upon production of the SAP SuccessFactors audit log, if the log confirms that the Wilbraham address (485 Glendale Road, Wilbraham, MA) was entered into Plaintiff's employee profile after November 22, 2022 at 10:47 AM, the following fact is hereby designated as established: *"EBSCO000035 is not a contemporaneous payroll record; the address field in that document was retroactively modified after the stated payroll date of November 15, 2021 by an identified EBSCO employee or system process, rendering the document facially fraudulent as a contemporaneous business record."* EBSCO000035 shall be stricken from Defendants' authenticated evidentiary record and may not be relied upon by Defendants as a contemporaneous business record in any further proceeding in this action. | **Upon SAP production** |
|---|---|---|
| 7. | **MANDATORY COST-SHIFTING**: Defendants and Littler Mendelson, P.C., jointly and severally, shall pay Plaintiff's reasonable expenses incurred in: (a) preparing and filing the Reply to Dkt. 140; (b) obtaining the certified Registry of Deeds copy (Exhibit B); (c) preparing the three-state documentary record (Exhibit A); and (d) preparing this Declaration and Proposed Order. Plaintiff shall submit a declaration of expenses within fifteen (15) days of this Order. | **15 days for fee declaration** |

**SO ORDERED**

Dated: _____, 2026


_____
**The Honorable Christopher L. Morgan**
United States Magistrate Judge
District of Massachusetts


(Referral to the Honorable Mark G. Mastroianni for review of adverse inference instructions at the Court's discretion)