# PLAINTIFF'S CONSOLIDATED EXHIBITS (A - F) SUBMISSION

**SUPPORTING DISCOVERY ENFORCEMENT, PRESERVATION, AND EVIDENTIARY RELIEF**

Plaintiff submits the following exhibits as a consolidated evidentiary record supporting Plaintiff's pending discovery enforcement motions and related preservation relief. The exhibits are presented in chronological and analytical sequence to permit the Court to evaluate the underlying documentary record, the temporal relationships among the events at issue, the preservation obligations arising during litigation, and the measurable discrepancies identified through comparison of contemporaneous records and litigation-produced materials.

The exhibits proceed from historical record establishment, to documentary correction, to sworn factual declaration, to preservation and spoliation analysis, and finally to forensic comparison of competing record versions.

## EXHIBIT A

**Side-by-Side Wayback Machine Captures Documenting Professional Biography and Attribution Record Changes**

Exhibit A establishes the documented progression of Plaintiff's professional biography, role attribution, and published work references appearing on the EBSCO corporate website (about.ebsco.com) through three distinct periods:

1. **Pre-December 2025 historical presentation;**

2. **December 2025 through July 6, 2026 litigation-period presentation; and**

3. **Post-July 6, 2026 presentation.**

The exhibit provides comparative archival captures demonstrating changes over time in publicly maintained professional attribution records and related corporate representations.

## EXHIBIT B.1

**Government Certified Hampden County Registry of Deeds Record Establishing Property Acquisition Date**

Exhibit B.1 is the certified record of the Hampden County Registry of Deeds:

**Book 24814, Page 252, Document No. 68793**
Recorded: **November 22, 2022 at 10:47 AM**

The certified fiduciary deed establishes the first legal transfer of title to **485 Glendale Road, Wilbraham, Massachusetts** to Plaintiff Mohamed Ly and Madina Ly.

This exhibit establishes the legally operative acquisition date of the property and provides the controlling documentary record for correcting the prior factual characterization of that date.

## EXHIBIT B.2

**Payroll Records and Correction of Misidentified Property/Relocation Timeline**

Exhibit B.2 provides payroll records together with Plaintiff's correction of the factual misstatement identified in Dkt. 132 concerning the Wilbraham property timeline.

The documentary record establishes:

- **November 22, 2022** — acquisition of the Wilbraham property, as confirmed by Exhibit B.1; and

- **May 25, 2023** — Plaintiff's termination date, not relocation date.

Exhibit B.2 is submitted to reconcile the factual chronology through contemporaneous payroll and employment records.

**EXHIBIT C**

**Plaintiff's Declaration Under 28 U.S.C. § 1746**

Exhibit C contains Plaintiff's sworn declaration pursuant to 28 U.S.C. § 1746, setting forth Plaintiff's factual testimony concerning the events, records, communications, preservation issues, and chronology underlying the requested relief.

The declaration provides Plaintiff's sworn factual foundation for the documentary evidence submitted in Exhibits A, B, D, E, and F.

**EXHIBIT D**

**Forensic Spoliation Chronology and Five-Vector Evidence Submission**

Exhibit D presents the consolidated chronology and evidentiary framework identifying the relevant preservation timeline, including:

1. the creation and existence of relevant records;

2. the triggering of preservation obligations;

3. subsequent discovery production events;

4. identified evidence discrepancies and losses; and

5. the resulting impact on the evidentiary record.

The exhibit organizes the relevant facts across five evidentiary vectors to demonstrate the relationship between preservation obligations, record availability, and the requested discovery relief.

**EXHIBIT E**

**Rule 37(e) Preservation and Spoliation Certification**

Exhibit E provides Plaintiff's Rule 37(e) framework submission addressing:

- the existence of preservation duties;

- the identification of relevant electronically stored information and records;

- the alleged loss, alteration, or unavailability of responsive information;

- the inability to obtain equivalent replacement evidence; and

- resulting prejudice requiring judicial evaluation and appropriate relief.

The exhibit is structured according to the governing Rule 37(e) analysis.

**EXHIBIT F**

**Forensic Delta Analysis: Comparative Examination of Contemporaneous Payroll Records Versus Litigation-Produced Versions Identifying Retroactive Address Alterations, Temporal Impossibilities, and Material Reporting Discrepancies**

Exhibit F presents a forensic side-by-side comparison of contemporaneously obtained payroll records against later litigation-produced versions of the same records.

The analysis identifies record deltas including:

- retroactive address modifications;

- temporal impossibilities arising from later-created address information appearing in earlier payroll periods;

- inconsistencies apparent from the face of the records; and

- material implications affecting tax, benefits, retirement, Social Security, and jurisdictional reporting records.

The exhibit is based on direct comparison of the documents themselves and is submitted to permit independent judicial evaluation of the record inconsistencies.

**CONCLUSION**

Taken together, these exhibits provide a single integrated evidentiary record. Exhibit A establishes historical public-facing attribution changes; Exhibits B.1 and B.2 establish the controlling property and employment chronology; Exhibit C provides sworn factual foundation; Exhibits D and E organize the preservation and spoliation framework; and Exhibit F provides the forensic comparative analysis of the underlying payroll records.

Plaintiff respectfully submits these exhibits as a unified documentary record supporting the specific relief requested in the accompanying and preceding motions.

**EXHIBIT A**

Side-by-Side Wayback Machine Captures Documenting Professional Biography and Attribution Record Changes

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS — WESTERN DIVISION**

| | |
|---|---|
| **MOHAMED SOULEYMAN LY,** <br> *Plaintiff, Pro Se and Whistleblower* <br> v. <br> **EBSCO INDUSTRIES, INC.; EBSCO INFORMATION SERVICES, LLC; EBSCO PUBLISHING, INC.; TIM COLLINS; and TIM LULL,** <br> *Defendants.* | **Civil Action No. 3:24-cv-30161-MGM** <br> Judge Mark G. Mastroianni <br> Magistrate Judge Christopher L. Morgan <br> In Support of Reply to Dkt. 140 |

## EXHIBIT A

### TO PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION
### TO MOTION FOR SPOLIATION SANCTIONS (DKT. 140)

**AUTHENTICATION INDEX AND DOCUMENTARY RECORD OF THE THREE-STATE HTTP PROGRESSION OF PLAINTIFF'S PROFESSIONAL ATTRIBUTION CONTENT AT ABOUT.EBSCO.COM — BEFORE DECEMBER 2025 THROUGH JULY 6, 2026**

Authenticated by Declaration of Mohamed Souleyman Ly (¶¶ 6–8); See also Internet Archive Wayback Machine, web.archive.org

## I. PURPOSE AND STRUCTURE OF THIS EXHIBIT

This Exhibit A serves three purposes: (1) it provides the formal exhibit identification and authentication index for the side-by-side documentary evidence of the three-state HTTP progression submitted with Plaintiff's Reply; (2) it provides the specific URLs and Wayback Machine archive links that allow this Court and Defendants to independently verify each documented state; and (3) it provides the legal authentication protocol establishing the admissibility of Wayback Machine archive captures as evidence of prior website content.

The underlying documentary captures — the side-by-side screenshots showing State #1, State #2, and State #3 for Plaintiff's professional biography page and attributed article pages — are attached immediately following this Cover Sheet and Authentication Index as Exhibit A-1 through Exhibit A-[X] (the slide-by-side documentary PDF submitted with the Reply).

## II. URL REFERENCE TABLE — VERIFIED CONTENT LOCATIONS

| Exhibit Ref. | State | Live URL (current status) | Wayback Machine Archive URL (pre-deletion capture) |
|---|---|---|---|
| A-1 | **STATE #1** Before Dec. 2025 | *https://about.ebsco.com/ebscopost/bio/mo-ly* CURRENT STATUS: **HTTP 404** — Page does not exist | *https://web.archive.org/web/20251007184103/https://about.ebsco.com/ebscopost/bio/mo-ly* Archive date: October 7, 2025. Confirms full bio page accessible, all content rendered. |
| A-2 | **STATE #2** Dec. 2025– July 5, 2026 | *https://about.ebsco.com/ebscopost/bio/mo-ly* CURRENT STATUS: **HTTP 404** (escalated from 403) | HTTP 403 response documented by direct browser observation. Returns: "You are not authorized to access this page." No Wayback Machine capture available for HTTP 403 state — Wayback Machine captures the access denial itself. |
| A-3 | **STATE #3** After July 6, 2026 | *https://about.ebsco.com/ebscopost/bio/mo-ly* CURRENT STATUS: **HTTP 404** — "Oops! Sorry, the page you're looking for doesn't exist" | HTTP 404 response documented by direct browser observation on and after July 7, 2026. The language-specific CDN/WAF restriction previously applied to the English-language page was replaced by a permanent deletion propagated across all language/localization variants, resulting in HTTP 404 responses regardless of locale. State #3 documented by direct personal observation (Declaration ¶ 15). |
| A-4 | **STATE #1** Article page (same article) | *https://about.ebsco.com/blogs/ebscopost/2277250/2-billion-searches-circulating-knowledge-across-borders-languages-and-cultures* CURRENT STATUS: **HTTP 404** | *https://web.archive.org/web/20251010042838/https://about.ebsco.com/blogs/ebscopost/2277250/2-billion-searches-circulating-knowledge-across-borders-languages-and-cultures* Archive date: October 10, 2025. Confirms article accessible, full content, bylined to Mo Ly. |
| A-5 | **NON-ENG.** Differential access and deletion | *https://about.ebsco.com/fr-fr/blogs/ebscopost/2277250/...* PRIOR STATUS: HTTP 200 during State #2 — **confirms restriction was English-language-specific** ➔ **Obstruction** DELETED AS JULY 6, 2026. | Non-English URLs for same article returned HTTP 200 Non-English URLs for the same article continued returning HTTP 200 during December 2025 through July 5, 2026 while the English-language URL returned HTTP 403. This differential confirms the restriction was implemented as a language-specific CDN/WAF rule rather than a global content deletion. Beginning July 6, 2026, however, the restriction was replaced by permanent deletion propagated across all language/localization variants, resulting in HTTP 404 responses regardless of locale. |

## III.  LEGAL AUTHENTICATION OF WAYBACK MACHINE CAPTURES

Captures from the Internet Archive Wayback Machine (web.archive.org) have been admitted as evidence of prior website content in federal courts throughout the country and in this Circuit, when authenticated by a declaration from a witness with personal knowledge. *Pohl v. MH Sub I, LLC*, 2018 WL 1184731, at *3 (N.D. Cal. 2018) (Wayback Machine captures authenticated by declaration admissible as evidence of prior

website content); *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109 (9th Cir. 2018) (web archive captures properly before court); *Novak v. Tucows, Inc.*, 2007 WL 922306, at *5 (E.D.N.Y. 2007) (Wayback Machine captures admissible as evidence of website content with authentication declaration).

The Wayback Machine operates as follows: automated crawlers maintained by the Internet Archive periodically access publicly available websites and preserve copies of their content at specific dates and times. These captures are stored at stable archive URLs of the form *web.archive.org/web/[YYYYMMDDHHMMSS]/[original-URL]*. The date and time in the archive URL represents the date the capture was made. The content of the capture reflects the content of the original URL as it appeared to any public internet user on that date.

Authentication is established by: (a) the Declaration of Mohamed Souleyman Ly (¶¶ 6–8), which attests to personal knowledge of the website content during State #1 and confirms that the Wayback Machine captures accurately reflect that content; (b) the public verifiability of the captures — any person, including the Court or Defendants' counsel, can access the archive URLs identified in the table above and independently confirm the content captured; and (c) Fed. R. Evid. 901(b)(1) (testimony of a witness with knowledge) and 901(b)(11) (public records). The Internet Archive is a registered 501(c)(3) nonprofit organization, recognized by several federal courts as a reliable source of historical website documentation.

## IV. THE THREE-STATE PROGRESSION — LEGAL SIGNIFICANCE SUMMARY

| State | Period | HTTP Code | Legal Characterization | Relief Consequence |
|---|---|---|---|---|
| #1 | Before ~Dec. 23, 2025 | **200 — Accessible** | Baseline: content exists, is publicly accessible, is indexed by the Wayback Machine. EBSCO had a duty to preserve this content from December 26, 2024 (litigation hold). | Establishes the pre-spoliation state for Rule 37(e) purposes: what was there before it was suppressed/deleted. |
| #2 | Dec. 2025 – July 5, 2026 | **403 — Blocked** ("Not authorized") | Post-hold suppression: content exists but access is affirmatively denied by a server-side authorization rule. This is Spoliation Finding SF-4: ESI preserved but affirmatively withheld from access. Period overlaps entirely with pendency of this litigation. | Rule 37(e)(1) curative measure: order removal of authorization barrier, restore HTTP 200 access. Produce CDN/WAF configuration logs showing when rule was implemented. |
| #3 | **After July 6, 2026** | **404 — DELETED** ("Page doesn't exist") | ***Post-opposition deletion: content physically removed from server. Occurred on same day as opposition filing (Dkt. 140) asserting no evidence was lost or destroyed. Rule 37(e)(2) "intent to deprive" standard triggered by temporal coincidence of deletion and opposition filing.*** | Rule 37(e)(2) adverse inference instruction mandatory. Designated facts if restoration is technically impossible. Contempt potential given blocking, then deletion (and temporal proximity) were willful acts by identifiable EBSCO employee/agent. |

# Side-by-Side-by-Side Evidence of 3-Time-Sequenced Transition from Public Access to Restricted Access to Deletion of Plaintiff's EBSCO Attribution and Executive Records

- The attached three-state comparison reflects a material and verifiable chronological progression in the public-facing status of Plaintiff's EBSCO-authored and executive attribution records. The exhibits document the records in three distinct conditions:

  (1) publicly accessible,

  (2) subsequently restricted through authorization barriers and HTTP 403 responses, and

  (3) ultimately removed altogether, returning HTTP 404 "record not found" responses.

- The first state reflects public availability of Plaintiff's authored materials and executive biography within EBSCO's platform ecosystem. The second state reflects affirmative access restrictions preventing retrieval of the same records while the URLs remained active. The third state reflects the subsequent disappearance of those same records from their previously documented locations.

- This documented, time-sequenced progression occurred during the pendency of this litigation and after preservation obligations had attached. The records at issue are directly relevant to Plaintiff's professional attribution, performance, and impact, including evidence bearing on Defendants' assertions concerning Plaintiff's alleged underperformance. The exhibits document successive changes to the same records over time and demonstrate that the alterations continued beyond the access restrictions previously presented to the Court, culminating in the removal of the records reflected in this updated archival comparison.

**The evidence, through its documented and self-evident chronology, speaks for itself.**

# Plaintiff's Executive Bio deletion by Defendants

This set of exhibits documents the chronological progression of Plaintiff's executive biography from public availability, to restricted access through authorization controls, and ultimately to complete removal from Defendants' publicly accessible systems. The exhibits preserve the same record across three distinct points in time, demonstrating successive alterations to evidence exclusively within Defendants' custody and control during the pendency of this litigation. **The evidence speaks for itself.**

# Plaintiff's Publications Deletion by Defendants

This set of exhibits documents the chronological progression of Plaintiff's published EBSCO-authored works from public availability, to restricted access through authorization controls, and ultimately to complete removal from Defendants' publicly accessible systems. The exhibits preserve the same records across three distinct points in time, demonstrating successive alterations to evidence exclusively within Defendants' custody and control during the pendency of this litigation.

**The evidence speaks for itself.**

# DOCUMENTED LIFECYCLE OF DEFENDANTS' PUBLIC CORPORATE RECORD
## (as previously docketed)

**STATE #1**



CAPTURED: 2025-05-23 5:37 UTC

**Before Dec. 2025**

Publicly accessible page with article availability through approximately December 23, 2025, indicating open access and unrestricted retrieval of case-relevant content at that time.

**STATE #2**



403 access blocking

CAPTURED: 2026-01-23 4:15 UTC

**After Dec. 2025**

Access restricted; 403 message: Record BLOCKED:
Access attempt returns "You are not authorized to access this page" (HTTP 403), reflecting a server-side authorization barrier preventing access to content previously available.

# DOCUMENTED LIFECYCLE OF DEFENDANTS' PUBLIC CORPORATE RECORD
## (As altered by Defendants, since last docketing)



**STATE #2**

403 access blocking

You are not authorized to access this page.

CAPTURED: 2026-01-23 4:15 UTC

## Dec. 2025-July 2026

Access restricted; 403 message: Record **BLOCKED**:
Access attempt returns "You are not authorized to access this page" (HTTP 403), reflecting a server-side authorization barrier preventing access to content previously available.



**STATE #3**

404 RECORD DELETED NO LONGER EXIST

CAPTURED: 2026-07-06 23:57 UTC

## After July 6, 2026

Access Impossible; 404 message: Record **DELETED**:
Access attempt returns "You are not authorized to access this page" (HTTP 404), reflecting a server-side authorization barrier **permanently preventing access** to content previously available.

**URL**: https://about.ebsco.com/ebscopost/bio/mo-ly

# DOCUMENTED LIFECYCLE OF DEFENDANTS' PUBLIC CORPORATE RECORD
## Executive Bio Continued Availability, Access Restriction, & Subsequent Removal from Its Prior Public Location



**STATE #1**

CAPTURED: 2025-05-23 5:37 UTC

**Before Dec. 2025**

Publicly accessible page with article availability through approximately December 23, 2025, indicating open access and unrestricted retrieval of case-relevant content at that time.

**ACCESS OPEN**

**1**



**STATE #2**

403 access blocking

CAPTURED: 2026-01-23 4:15 UTC

**Dec. 2025-July 2026**

Access restricted; 403 message: Record **BLOCKED**:
Access attempt returns "You are not authorized to access this page" (HTTP 403), reflecting a server-side authorization barrier preventing access to content previously available.

**ACCESS BLOCKED**

**2**



**STATE #3**

CAPTURED: 2026-07-06 23:57 UTC

404 RECORD DELETED NO LONGER EXIST

**After July 6, 2026**

Access Impossible; 404 message: Record **DELETED**:
Access attempt returns "You are not authorized to access this page" (HTTP 404), reflecting a server-side authorization barrier **permanently preventing access** to content previously available.

**RECORDS DELETED**

**3**

# Chronological Record of Public Availability and Access Changes to Evidence in Defendants' Control

- This series of paired side-by-side exhibits documents the chronological progression of Defendants' public corporate record concerning Plaintiff's executive biography. The exhibits depict the same record at three distinct points in time:
  - (1) when it was **publicly accessible** through Defendants' website;
  - (2**) when public access was restricted** through an **authorization-controlled HTTP 403 response**; and
  - (3) when the **record was no longer existent** at its prior public location, which returned an HTTP 404 response.

- Together, these exhibits preserve the documented lifecycle of a corporate-authored public record under Defendants' exclusive custody and control during the pendency of this litigation. The chronology provides an objective basis for the Court to evaluate the record's creation, continued public availability, subsequent restriction of access, and later unavailability at its prior public location, together with the evidentiary significance of that sequence in light of the complete record.

# DOCUMENTED LIFECYCLE OF DEFENDANTS' PUBLIC CORPORATE RECORD
## (as previously docketed)



**STATE #1**

CAPTURED: 2025-05-23 5:38 UTC

## Before Dec. 2025

Publicly accessible page with article availability through approximately December 23, 2025, indicating open access and unrestricted retrieval of case-relevant content at that time.



**STATE #2**

CAPTURED: 2026-07-06 23:56 UTC

You are not authorized to access this page.

403 access blocking

## After Dec. 2025

Access restricted; 403 message: Record BLOCKED:
Access attempt returns "You are not authorized to access this page" (HTTP 403), reflecting a server-side authorization barrier preventing access to content previously available.

# DOCUMENTED LIFECYCLE OF DEFENDANTS' PUBLIC CORPORATE RECORD
## (As altered by Defendants, since last docketing)



**STATE #2**

CAPTURED: 2026-07-06 23:57 UTC

You are not authorized to access this page.

**403 access blocking**

CAPTURED: 2026-07-10 14:37 UTC



**STATE #3**

Oops!

Sorry, the page you're looking for doesn't exist. Try again from the homepage or search our site.

CAPTURED: 2026-07-06 23:58 UTC

**404 RECORD DELETED NO LONGER EXIST**

CAPTURED: 2026-07-10 14:37 UTC

## Dec. 2025-July 2026

Access restricted; 403 message: Record BLOCKED:
Access attempt returns "You are not authorized to access this page" (HTTP 403), reflecting a server-side authorization barrier preventing access to content previously available.

## After July 6, 2026

Access Impossible; 404 message: Record DELETED:
Access attempt returns "You are not authorized to access this page" (HTTP 404), reflecting a server-side authorization barrier **permanently preventing access** to content previously available.

**URL**: https://about.ebsco.com/blogs/ebscopost/2277250/2-billion-searches-circulating-knowledge-across-borders-languages-and-cultures

# DOCUMENTED LIFECYCLE OF DEFENDANTS' PUBLIC CORPORATE RECORD
## Publications, Continued Availability, Access Restriction, & Subsequent Removal from Its Prior Public Location



**Before Dec. 2025**

Publicly accessible page with article availability through approximately December 23, 2025, indicating open access and unrestricted retrieval of case-relevant content at that time.

**ACCESS OPEN**

**1**



**Dec. 2025-July 2026**

Access restricted; 403 message: Record **BLOCKED**: Access attempt returns "You are not authorized to access this page" (HTTP 403), reflecting a server-side authorization barrier preventing access to content previously available.

**ACCESS BLOCKED**

**2**



**After July 6, 2026**

Access Impossible; 404 message: Record **DELETED**: Access attempt returns "You are not authorized to access this page" (HTTP 404), reflecting a server-side authorization barrier **permanently preventing access** to content previously available.

**RECORDS DELETED**

**3**

# Executive Bio Blocking and Deletion Dual Before-and-After Sequence

- Beyond the preceding full-view exhibits documenting the sequence from public availability, to access restriction, to total records deletion/removal, the following exhibits present a dual before-and-after comparison. These exhibits show both the previously filed version of the record and the corresponding before-and-after side-by-side comparison reflecting the state of the record after alteration.

- Notably, **the second-phase evidence alterations/destructions occurred during the actual pendency of Plaintiff's motion for spoliation sanctions (Dkt. 132)**, providing a chronological comparison of the record's condition before and after those changes occurred.

# DOCUMENTED LIFECYCLE OF DEFENDANTS' PUBLIC CORPORATE RECORD
## (as previously docketed)

**STATE #1**

**STATE #2**





**403 access blocking**

**Before Dec. 2025**

Publicly accessible page with article availability through approximately December 23, 2025, indicating open access and unrestricted retrieval of case-relevant content at that time.

**After Dec. 2025**

Access restricted; 403 message: Record BLOCKED: Access attempt returns "You are not authorized to access this page" (HTTP 403), reflecting a server-side authorization barrier preventing access to content previously available.

# DOCUMENTED LIFECYCLE OF DEFENDANTS' PUBLIC CORPORATE RECORD
## (As altered by Defendants, since last docketing)



**STATE #2**

**403 access blocking**

You are not authorized to access this page.

# Dec. 2025-July 2026

Access restricted; 403 message: Record **BLOCKED**:
Access attempt returns "You are not authorized to access this page" (HTTP 403), reflecting a server-side authorization barrier preventing access to content previously available.



**STATE #3**

**404 RECORD DELETED NO LONGER EXIST**

# After July 6, 2026

Access Impossible; 404 message: Record **DELETED**:
Access attempt returns "You are not authorized to access this page" (HTTP 404), reflecting a server-side authorization barrier **permanently preventing access** to content previously available.

**URL**: https://about.ebsco.com/ebscopost/bio/mo-ly

# DOCUMENTED LIFECYCLE OF DEFENDANTS' PUBLIC CORPORATE RECORD
## Executive Bio Continued Availability, Access Restriction, & Subsequent Removal from Its Prior Public Location

**STATE #1**

**STATE #2**

**STATE #3**





403 access blocking



404 RECORD DELETED NO LONGER EXIST

**Before Dec. 2025**

Publicly accessible page with article availability through approximately December 23, 2025, indicating open access and unrestricted retrieval of case-relevant content at that time.

**Dec. 2025-July 2026**

Access restricted; 403 message: Record **BLOCKED**:
Access attempt returns "You are not authorized to access this page" (HTTP 403), reflecting a server-side authorization barrier preventing access to content previously available.

**After July 6, 2026**

Access Impossible; 404 message: Record **DELETED**:
Access attempt returns "You are not authorized to access this page" (HTTP 404), reflecting a server-side authorization barrier **permanently preventing access** to content previously available.

**ACCESS OPEN**

**ACCESS BLOCKED**

**RECORDS DELETED**

**1**

**2**

**3**

# Plaintiff's Thought-Leader Articles Blocking and Deletion Dual Before-and-After Sequence

- Beyond the preceding full-view exhibits documenting the chronological sequence of Plaintiff's thought-leader articles and product-related publications—from initial public availability across multiple languages, to access restriction and blocking, to subsequent record deletion or removal—the following exhibits present a dual before-and-after comparison. These exhibits show both the previously available versions of the articles and corresponding product-related records, together with side-by-side comparisons reflecting the condition of those records after alteration.

- Notably, Notably, **the second-phase evidence alterations/destructions occurred during the actual pendency of Plaintiff's motion for spoliation sanctions (Dkt. 132)**, providing a chronological comparison of the public-facing record as it existed before and after the changes occurred.

- The exhibits further demonstrate the progression of modifications across multiple language versions and related publication records, including the transition from publicly accessible materials to restricted, unavailable, or removed content.

Case 3:24-cv-30161-MGM    Document 157    Filed 07/15/26    Page 23 of 104

# DOCUMENTED LIFECYCLE OF DEFENDANTS' PUBLIC CORPORATE RECORD
## (as previously docketed)



**STATE #1**



**STATE #2**

**403 access blocking**

**Before Dec. 2025**

Publicly accessible page with article availability through approximately December 23, 2025, indicating open access and unrestricted retrieval of case-relevant content at that time.

**After Dec. 2025**

Access restricted; 403 message: Record BLOCKED:
Access attempt returns "You are not authorized to access this page" (HTTP 403), reflecting a server-side authorization barrier preventing access to content previously available.

# DOCUMENTED LIFECYCLE OF DEFENDANTS' PUBLIC CORPORATE RECORD
## (As altered by Defendants, since last docketing)



**STATE #2**

**403 access blocking**



**STATE #3**

**404 RECORD DELETED NO LONGER EXIST**

## Dec. 2025-July 2026
Access restricted; 403 message: Record BLOCKED:
Access attempt returns "You are not authorized to access this page" (HTTP 403), reflecting a server-side authorization barrier preventing access to content previously available.

## After July 6, 2026
Access Impossible; 404 message: Record DELETED:
Access attempt returns "You are not authorized to access this page" (HTTP 404), reflecting a server-side authorization barrier **permanently preventing access** to content previously available.

**URL**: https://about.ebsco.com/blogs/ebscopost/2277250/2-billion-searches-circulating-knowledge-across-borders-languages-and-cultures

# DOCUMENTED LIFECYCLE OF DEFENDANTS' PUBLIC CORPORATE RECORD
## Publications, Continued Availability, Access Restriction, & Subsequent Removal from Its Prior Public Location



**STATE #1**

**Before Dec. 2025**

Publicly accessible page with article availability through approximately December 23, 2025, indicating open access and unrestricted retrieval of case-relevant content at that time.

**ACCESS OPEN**

**1**



**STATE #2**

403 access blocking

**Dec. 2025-July 2026**

Access restricted; 403 message: Record **BLOCKED**: Access attempt returns "You are not authorized to access this page" (HTTP 403), reflecting a server-side authorization barrier preventing access to content previously available.

**ACCESS BLOCKED**

**2**



**STATE #3**

404 RECORD DELETED NO LONGER EXIST

**After July 6, 2026**

Access Impossible; 404 message: Record **DELETED**: Access attempt returns "You are not authorized to access this page" (HTTP 404), reflecting a server-side authorization barrier **permanently preventing access** to content previously available.

**RECORDS DELETED**

**3**

Case 3:24-cv-30161-MGM  Document 157  Filed 07/15/26  Page 26 of 104

# Side-by-Side Evidence of Time-Sequenced Transition from <u>Public Access</u> to <u>Restricted Access</u> of EBSCO Attribution and Executive Records

- The attached side-by-side comparison reflects a material and verifiable change in public-facing access to Plaintiff's EBSCO-authored and executive attribution records, including content previously accessible and subsequently restricted or blocked.

- The "before" state reflects public availability of Plaintiff's authored materials and executive biography within EBSCO's platform ecosystem. The "after" state reflects restricted access conditions, including authorization barriers and 403-style blocking messages, preventing retrieval of the same content previously available.

- This transition—occurring in a documented, time-sequenced manner—constitutes direct evidentiary contrast of public-facing access conditions relevant to Plaintiff's attribution, professional record, and associated impact metrics, as preserved in the attached archival comparison.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS (WESTERN DIVISION — SPRINGFIELD)

MOHAMED LY,

Plaintiff,

Civil Action No. 3:24-cv-30161-MGM

v.

Judge Mark G. Mastroianni

EBSCO INDUSTRIES, INC., et al.,

Defendants.

PLAINTIFF'S NOTICE OF SUPPLEMENTAL EVIDENTIARY SUBMISSION AND UPDATED THREE-STATE CHRONOLOGICAL COMPARISON DEMONSTRATING CONTINUED ALTERATION OF MATERIAL RECORDS

## Updated Three-State Evidentiary Comparison Demonstrating the Continued Alteration of Plaintiff's Records

The prior side-by-side comparison filed at Dkt. 131–137 presented the Court with a contemporaneous comparison demonstrating the initial transition of Plaintiff's EBSCO attribution and publication records from public availability to restricted access conditions.

The present submission provides the Court with the previously unfiled three-state comparison of those same records, placing the identical records in a single chronological frame across three distinct states: **(1) public availability, (2) restricted access through authorization barriers, and (3) subsequent complete removal.**

This updated presentation does not replace or alter the prior evidentiary showing. Rather, it completes the chronology by adding the subsequent state that occurred after the initial restriction had already been documented and raised as a preservation issue.

The significance of the three-state comparison is that it permits the Court to view, in one continuous visual sequence, the progression of the same records over time:

**Publicly Available** → **Restricted Access (403)** → **No Longer Available / Removed (404)**

The earlier two-state comparison demonstrated the initial restriction of access. The updated three-state comparison now demonstrates the full progression of the same records, including the subsequent disappearance of those records after the preservation issue had been identified, after notice had been provided, and while the matter remained before the Court.

The three-state presentation therefore provides the Court with a direct chronological visualization of the continuing changes affecting records exclusively within Defendants' custody, control, and access. The evidentiary significance lies not in a single access condition, but in the documented progression of the same records through successive states while their preservation remained at issue.

**The updated exhibit allows the Court to evaluate the complete sequence in a single frame. The documented chronology speaks for itself.**

**Side-by-Side Evidence Demonstrating the Time-Sequenced Elimination of Plaintiff's EBSCO Attribution, Publication, and Executive Records**

The attached exhibit presents a chronological comparison of the same EBSCO records across three distinct points in time, documenting successive changes to records that remained exclusively within Defendants' custody, possession, and control.

The exhibit reflects three discrete states of the identical records:

**State One — Public Availability**

The first state documents that Plaintiff's EBSCO-authored publications and executive attribution records were publicly accessible through EBSCO's platform ecosystem. During this period, the records were available without restriction and reflected Plaintiff's authorship, executive role, professional attribution, and related impact information.

**State Two — Access Restriction**

The second state documents that the same records and URLs no longer permitted public retrieval and instead returned authorization barriers, including HTTP 403 access restriction responses. The records had not yet disappeared; rather, access to the previously available records had been restricted while the underlying URLs remained active.

This represented a material alteration from the previously documented public state of the same records.

**State Three — Complete Removal**
**(After Notice and During Active Judicial Review of Plaintiff's Spoliation Motion -- DKT 131-137)**

The third state documents a further material alteration. The previously restricted records no longer return access-restriction responses. Instead, the same URLs now return HTTP 404 responses indicating that the requested records no longer exist.

The documented progression is therefore:

**Publicly Available → Access Restricted (403) → Record No Longer Exists (404).**

This exhibit does not present a single access condition. It presents a chronological sequence showing successive changes to the same records across three distinct dates.

---

**Evidentiary Significance**

The significance of this exhibit is that each state concerns the same records, at the same locations, within systems exclusively controlled and maintained by Defendants.

The Court is presented with contemporaneous archival evidence demonstrating:

- the records existed and were publicly accessible;

- the same records later became unavailable through access restrictions;

- the same records were subsequently removed and no longer return the previously available content.

The progression is preserved through the attached archival comparisons and corresponding URLs.

The evidentiary significance is further amplified by the timing of these changes. The progression from restriction to removal occurred after the issue had been identified, documented, raised with Defendants through counsel, and presented as a preservation issue while this litigation remained pending.

---

**Relevance to the Pending Motion**

This updated exhibit materially expands the evidentiary record previously presented to the Court.

The prior record established that Plaintiff's EBSCO attribution and publication materials had been rendered inaccessible through authorization restrictions. The present exhibit documents the subsequent and additional transition of those same records from restricted access to complete removal.

Accordingly, the Court is no longer presented solely with evidence of restricted access. The Court is presented with contemporaneous evidence of a further change to the same records after preservation obligations had attached, after Defendants had notice of the issue, and while the preservation of those records remained actively disputed and before the Court.

The attached chronology bears directly upon the integrity of the evidentiary record, the preservation of electronically stored information, and the Court's ability to evaluate the factual record underlying the parties' claims and defenses.

**The evidence, through its documented and self-evident chronology, speaks for itself.**

**Side-by-Side Evidence Demonstrating the Time-Sequenced Elimination of Plaintiff's EBSCO Attribution, Publication, and Executive Records**

The attached exhibit presents a chronological comparison of the same EBSCO records across three distinct points in time, documenting successive changes to records that remained exclusively within Defendants' custody, possession, and control.

The exhibit reflects three discrete states of the identical records:

**State One — Public Availability**

The first state documents that Plaintiff's EBSCO-authored publications and executive attribution records were publicly accessible through EBSCO's platform ecosystem. During this period, the records were available without restriction and reflected Plaintiff's authorship, executive role, professional attribution, and related impact information.

**State Two — Access Restriction**

The second state documents that the same records and URLs no longer permitted public retrieval and instead returned authorization barriers, including HTTP 403 access restriction responses. The records had not yet disappeared; rather, access to the previously available records had been restricted while the underlying URLs remained active.

This represented a material alteration from the previously documented public state of the same records.

**State Three — Complete Removal**

The third state documents a further material alteration. The previously restricted records no longer return access-restriction responses. Instead, the same URLs now return HTTP 404 responses indicating that the requested records no longer exist.

The documented progression is therefore:

**Publicly Available → Access Restricted (403) → Record No Longer Exists (404).**

This exhibit does not present a single access condition. It presents a chronological sequence showing successive changes to the same records across three distinct dates.

---

**Evidentiary Significance**

The significance of this exhibit is that each state concerns the same records, at the same locations, within systems exclusively controlled and maintained by Defendants.

The Court is presented with contemporaneous archival evidence demonstrating:

- the records existed and were publicly accessible;

- the same records later became unavailable through access restrictions;

- the same records were subsequently removed and no longer return the previously available content.

The progression is preserved through the attached archival comparisons and corresponding URLs.

The evidentiary significance is further amplified by the timing of these changes. The progression from restriction to removal occurred after the issue had been identified, documented, raised with Defendants through counsel, and presented as a preservation issue while this litigation remained pending.

---

**Relevance to the Pending Motion**

This updated exhibit materially expands the evidentiary record previously presented to the Court.

The prior record established that Plaintiff's EBSCO attribution and publication materials had been rendered inaccessible through authorization restrictions. The present exhibit documents the subsequent and additional transition of those same records from restricted access to complete removal.

Accordingly, the Court is no longer presented solely with evidence of restricted access. The Court is presented with contemporaneous evidence of a further change to the same records after preservation obligations had attached, after Defendants had notice of the issue, and while the preservation of those records remained actively disputed and before the Court.

The attached chronology bears directly upon the integrity of the evidentiary record, the preservation of electronically stored information, and the Court's ability to evaluate the factual record underlying the parties' claims and defenses.

**The evidence, through its documented and self-evident chronology, speaks for itself.**

---

**Continuing Alteration After Notice and During Active Preservation Dispute**

The significance of the updated exhibit is further demonstrated by the timing of the documented progression. The transition from restricted access to complete removal did not

occur in isolation. It occurred after the initial access restrictions had been identified, documented, communicated to Defendants through counsel, and presented as an issue concerning the preservation and integrity of material evidence.

Rather than preserving the status quo of the identified records while the matter was being actively raised and considered, the same records underwent a further material change from restricted access to complete deletion. The attached chronology therefore reflects not only the existence of prior access restrictions, but the continued alteration of the same evidence after Defendants had notice that the records were the subject of an active preservation dispute.

The Court is presented with contemporaneous evidence of the progression of the same records through three distinct states while those records remained solely within Defendants' custody, control, and access. The documented chronology speaks for itself.

**PLAINTIFF'S INTEGRATED EVIDENTIARY PROFFER**

**IN SUPPORT OF MOTION FOR SPOLIATION SANCTIONS**

### I. Purpose of the Proffer

Plaintiff submits this Integrated Evidentiary Proffer to present the Court with a single, chronological, authenticated evidentiary record. The accompanying exhibits are organized to demonstrate how official government records, Defendants' own business records, forensic analyses, metadata, and the litigation chronology relate to one another.

Rather than asking the Court to rely upon any isolated document, Plaintiff presents a cumulative evidentiary record from which Plaintiff contends the Court should evaluate the authenticity, reliability, and evidentiary weight of the challenged records, as well as the significance of the documented alterations, inconsistencies, and discrepancies identified throughout the record.

---

### II. Government Records Establish the Objective Chronology

The foundation of this evidentiary record consists of certified public records maintained by the Commonwealth of Massachusetts.

Those records establish the official chronology of the subject property and provide the objective governmental benchmark against which all subsequently produced private business records may be evaluated.

Unlike internally generated employment records, these public records are maintained independently by the Commonwealth and are offered as authenticated governmental evidence.

The certified Registry records submitted with this Proffer are official public records maintained by the Commonwealth of Massachusetts in the ordinary course of governmental operations. These records are not dependent upon the representations of any party and remain continuously available for public inspection through the Registry of Deeds.

Because these records are maintained by an independent governmental custodian, their contents are capable of independent verification by consulting the official Registry records corresponding to the recorded instruments identified in the accompanying exhibits. Plaintiff offers certified copies for the Court's convenience and as authenticated evidence, while noting that the underlying public records remain available through the Registry as the official source of record.

Plaintiff submits that this independent governmental recordkeeping provides an objective chronological benchmark against which the authenticity, consistency, and reliability of the

privately maintained employment records and electronically stored information may be evaluated.

The Registry records therefore serve as an external reference point, independent of the parties' litigation positions, for assessing the chronology reflected throughout the documentary record.

---

### III. Temporal Chronology

Plaintiff contends that the certified Registry records establish a chronology against which the challenged payroll records should be assessed.

Plaintiff further contends that payroll records produced by Defendants identify Plaintiff with the subject address during a period preceding the recorded conveyance reflected in the Registry records.

Plaintiff submits that this chronological inconsistency is a central factual issue bearing upon the authenticity, reliability, and evidentiary weight of those employment records.

---

### IV. Employer-of-Record Identification

Plaintiff further submits that the payroll records should be evaluated for consistency regarding the identity of the employer of record.

According to Plaintiff, the challenged records identify multiple entities through various identifying fields appearing on the face of the documents, including employer branding, employer name, employer address information, and other identifying characteristics.

Plaintiff contends that these inconsistencies should be evaluated together with the remaining documentary evidence in determining the reliability, authenticity, and evidentiary significance of the records.

---

### V. Exclusive Custody, Authorship, and Control

Plaintiff submits that the challenged employment records were created, maintained, stored, and produced from systems within Defendants' custody and control.

Accordingly, Plaintiff argues that the Court should evaluate the significance of any inconsistencies, alterations, discrepancies, metadata irregularities, or unexplained changes in light of Defendants' responsibility for the creation, maintenance, preservation, and production of those records.

## VI. Forensic Evidence and Electronic Record Analysis

The accompanying forensic exhibits include metadata analyses, native-file examinations, version comparisons, production histories, file integrity analyses, and related technical evidence.

Plaintiff offers these materials to support Plaintiff's contentions regarding the authenticity, provenance, and reliability of the challenged records and to assist the Court in evaluating whether the identified inconsistencies, alterations, and discrepancies are consistent with ordinary recordkeeping practices or instead support Plaintiff's requested findings.

The forensic record includes, where available:

- Native electronic files;

- Metadata analyses;

- File history information;

- Version comparisons;

- Production chronology;

- File integrity comparisons;

- Authorship indicators;

- Embedded document information;

- Preservation records; and

- Related technical evidence concerning the creation, modification, storage, and production of the challenged records.

## VII. Integrated Documentary Timeline

The accompanying chronology reconstructs the evolution of the documentary record through authenticated exhibits, including:

- Government records;

- Registry records;

- Employment records;

- Payroll records;

- Discovery productions;

- Metadata;

- Native electronic records;

- Before-and-after comparisons;

- Preservation chronology; and

- Litigation events.

Plaintiff submits that this integrated chronology provides the Court with a comprehensive framework for evaluating the evidentiary significance of the challenged documents and the relationship between independently maintained public records and privately maintained business records.

---

## VIII. Summary of Evidentiary Framework

The accompanying exhibits are organized to permit direct evaluation of each principal issue presented.

| Issue | Primary Evidence | Supporting Evidence |
| --- | --- | --- |
| Recorded property chronology | Certified Registry records | Related government records and chronology |
| Payroll address attribution | Produced employment and payroll records | Comparative chronology and public records |
| Employer identification | Payroll records and identifying fields | Business records and document comparisons |
| Metadata and forensic analysis | Native files and forensic reports | Version comparisons and production history |
| Production chronology | Discovery productions | Preservation records and litigation timeline |

Each exhibit is presented with the objective of identifying the specific evidentiary proposition it supports and permitting direct comparison among the relevant records.

Where possible, exhibits are authenticated through certifications, declarations, deposition testimony, production records, or other available evidentiary foundations.

4/5

**IX. Requested Findings**

Based upon the cumulative evidentiary record, Plaintiff respectfully requests that the Court evaluate whether the evidence supports findings regarding:

1.  The authenticity and reliability of the challenged records;

2.  The significance of the documented inconsistencies, alterations, and discrepancies;

3.  The relationship between independently maintained public records and privately maintained business records;

4.  The adequacy of preservation and production efforts;

5.  The evidentiary significance of the forensic and metadata findings; and

6.  The appropriateness of the requested sanctions.

Plaintiff further requests that the Court evaluate the documents produced and relied upon by Defendants, including records Plaintiff contends contain materially false, inaccurate, altered, or otherwise unreliable information, in light of the independently maintained public records, the accompanying metadata analyses, forensic evidence, discovery productions, and integrated chronology presented in this Proffer.

**Conclusion**

This Integrated Evidentiary Proffer is submitted to provide the Court with a complete and organized evidentiary framework through which the challenged records may be objectively evaluated based upon authenticated documents, factual chronology, electronic evidence, and independently verifiable public records.

Plaintiff respectfully submits that the cumulative record, rather than any single document viewed in isolation, provides the appropriate basis for evaluating authenticity, reliability, evidentiary weight, preservation obligations, and the requested relief.

**EXHIBIT B.1**

Certified Hampden County Registry of Deeds Record Establishing November 22, 2022 Acquisition Date of 485 Glendale Road, Wilbraham, Massachusetts

US POSTAGE

quadient

FIRST-CLASS MAIL
IMI
$001.03º
06/29/2026 ZIP 01103
043M31236921

HARTFORD CT 060

29 JUN 2026 PM 4



William Francis Galvin
Secretary of the Commonwealth
Registry of Deeds Division

Cheryl A. Coakley-Rivera, Esq.
Register of Deeds
Hampden County Registry of Deeds
436 Dwight Street, Springfield, MA 01103
Tel: 413-755-1722
www.hampdendeeds.com

Mohamad Ly
485 Glendale Road
Wilbraham MA 01095

01095-238485

A TRUE PHOTOCOPY AS RECORDED IN
HAMPDEN COUNTY REGISTRY OF DEEDS
AND IT IS SO CERTIFIED

CERTIFIED

Bk 24814 Pg252 #68793

Page 1 of 5

Printed: June 29, 2026 @ 14:41:12

ATTEST:

*Cheryl A. Coakley-Rivera, Esq.*

REGISTER OF DEEDS

A TRUE PHOTOCOPY AS RECORDED IN
HAMPDEN COUNTY REGISTRY OF DEEDS
AND IT IS SO CERTIFIED

CERTIFIED

Bk 24814 Pg252 #68793

Page 2 of 5

Printed: June 29, 2026 @ 14:41:12

ATTEST:

*Cheryl A. Coakley-Rivera, Esq.*

REGISTER OF DEEDS

A TRUE PHOTOCOPY AS RECORDED IN
HAMPDEN COUNTY REGISTRY OF DEEDS
AND IT IS SO CERTIFIED

Bk 24814 Pg252 #68793

Page 3 of 5

Printed: June 29, 2026 @ 14:41:12

ATTEST:

*Chl A. Coakley-Rivera, Esq.*

REGISTER OF DEEDS

A TRUE PHOTOCOPY AS RECORDED IN
HAMPDEN COUNTY REGISTRY OF DEEDS
AND IT IS SO CERTIFIED

CERTIFIED

Bk 24814 Pg252 #68793

Page 4 of 5

Printed: June 29, 2026 @ 14:41:12

ATTEST:

*Chl A. Coakley-Rivera, Esq.*

REGISTER OF DEEDS

A TRUE PHOTOCOPY AS RECORDED IN
HAMPDEN COUNTY REGISTRY OF DEEDS
AND IT IS SO CERTIFIED

CERTIFIED

Bk 24814 Pg252 #68793

Page 5 of 5

Printed: June 29, 2026 @ 14:41:12

ATTEST:

*Cheryl A. Coakley-Rivera, Esq.*

REGISTER OF DEEDS

Bk 24814 Pg252 #68793
11-22-2022 @ 10:47a

MASSACHUSETTS STATE EXCISE TAX
HAMPDEN COUNTY REGISTRY OF DEEDS
Date: 11-22-2022 @ 10:47am
Ctl#: 70          Doc#: 68793
Fee: $3,032.40  Cons: $665,000.00

Affected Premises:
485 Glendale Road
Wilbraham, MA

## FIDUCIARY DEED

KNOW ALL PERSONS BY THESE PRESENTS, that Maria F. Gomes and Jeffrey W. Roberts, Trustees of the Richard A. Courtney 2018 Trust, of 77 Winsor Street, Ludlow, MA 01056, as amended,

in consideration of Six Hundred Sixty-Five Thousand ($665,000.00) Dollars,

grant to Mohamed Ly with an address of _458 Glendale Rd. wilbraham MA_
_+madina Ly     Husband + wife Tenants by the entirety_ with FIDUCIARY COVENANTS,

the land in Wilbraham, Hampden County, MA, being more particularly bounded and described as follows:

See Exhibit "A" attached hereto and made a part hereof.

SIGNATURES ON FOLLOWING PAGES

Bk 24814 Pg253 #68793

Executed this ____16th____ day of November, 2022.

RICHARD A. COURTNEY 2018 TRUST

By: _____

Maria F. Gomes
Trustee as aforesaid and not individually

COMMONWEALTH OF MASSACHUSETTS

Hampden , ss.

On this __16th__ day of November, 2022, before me, the undersigned notary public, personally appeared Maria F. Gomes, Trustee of the Richard A. Courtney 2018 Trust, proved to me through satisfactory evidence of identification, which was MA drivers License , to be the person whose name is signed on the preceding or attached document, and acknowledged to me that she signed it voluntarily for its stated purpose and who swore and affirmed to me that the contents of the documents are truthful and accurate to the best of her knowledge and belief.

_____ , Notary Public

My commission expires:



Gabraelle R. Washburn
NOTARY PUBLIC
Commonwealth of Massachusetts
My Commission Expires
October 6, 2028

3683374

Bk 24814 Pg254 #68793

Executed this 16th day of November, 2022.

RICHARD A. COURTNEY 2018 TRUST

By: _____

jeffrey W. Roberts
Trustee as aforesaid and not individually

COMMONWEALTH OF MASSACHUSETTS

Hampden , ss.

On this 16th day of November, 2022, before me, the undersigned notary public, personally appeared Jeffrey W. Roberts, Trustee of the Richard A. Courtney 2018 Trust, proved to me through satisfactory evidence of identification, which was _Personally known_, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose and who swore and affirmed to me that the contents of the documents are truthful and accurate to the best of his knowledge and belief.

_____ , Notary Public

My commission expires:



Gabraelle R. Washburn
NOTARY PUBLIC
Commonwealth of Massachusetts
My Commission Expires
October 6, 2026

3683374

Bk 24814 Pg255 #68793

Exhibit "A"

The land in Wilbraham, Hampden County, MA, with the buildings and improvements thereon, being more specifically bounded and described as follows:

A certain parcel of land on the westerly side of Glendale Road, Wilbraham, Hampden County, Massachusetts, shown on a plan entitled "Plan of Property for Archie R. and Elizabeth G. Jordan, Wilbraham, Mass," July 1971, Sale 1"=60', C.E. Anderson Associates, Civil Engineers Land Surveyors, Springfield, Mass. recorded in Hampden County Registry of Deeds, Book of Plans 130, Pages 14, 15 bounded and described as follows:

BEGINNING at an iron pin on the westerly line of Glendale Road at the northeasterly corner of land now or formerly of Joseph Chapdelaine & Sons, Inc.; thence N. 83° 29' 10" W., Seven Hundred Twenty-Five and 36/100 (725.36) feet along land of said Chapdelaine to an iron pin set at the line of land now or formerly of Albion W. Patterson; thence N. 05° 07' 40" E., One Hundred Fifty-Eight and 65/100 (158.65) feet along said Patterson land to an iron pin at line of land now or formerly of Levin & Plate; thence N. 11°37' 20" E., Three Hundred Sixty-Three and 69/100 (363.69) feet along land of Lavine & Plate to an iron pin; thence N. 14° 26' 20" E., Three Hundred Ninety-Eight and 00/100 (398.00) feet along said last named land to an iron pin; thence N. 80° 35' 25" W., One Hundred Ninety and 28/100 (190.28) feet along said last named land to an iron pin set at remaining land of Freda P. Clark; thence N. 25° 23' 30" E., Five Hundred Fifty-Four and 76/100 (554.76) feet on line of remining land of Freda P. Clark to an iron pin at the northwesterly corner of land now or formerly of Robert P. McMahon; thence S. 16° 38' 55" E., One Hundred Ninety-Five and 41/100 (195.41) feet on said McMahon land to an iron pin at the northwesterly corner of land now or formerly of Thomas A. Crawford, Jr.; thence S. 27° 56' 25" E., Two Hundred and 07/100 (200.07) feet on line of land of Thomas A. Crawford, Jr., to an iron pin; thence N. 73° 53' 15" E., One Hundred Fifty-Six and 06/100 (156.06) feet on line of land of said Crawford, Jr., to an iron pin at line of land now or formerly of Joseph H. Bolduc; thence S. 59° 34' 35" W., Forty-Five and 22/100 (45.22) feet on lien of land of said Bolduc to an iron pin; thence S. 18° 30' 40" W., Three Hundred Forty-Two and 21/100 (342.21) feet on line of land of said Bolduc to an iron pin marking the northwesterly corner of land of E. Donald Riddle; thence S. 20° 06' 45" W., Three Hundred and 10/100 (318.10) feet on line of land of said Riddle to an iron pin; thence S. 76° 05' 15" E., Five Hundred Fifty-Nine and 96/100 (559.96) feet on lien of land of said Riddle to an iron pin in the westerly line of Glendale Road; thence S. 13° 55' 25" W., Four Hundred Twenty-Five and 34/100 (425.34) feet on the westerly line of Glendale Road to the point of beginning.

SUBJECT to easements for slope rights granted to the Town of Wilbraham as set forth in instrument dated June 5, 1952, recorded in Hampden County Registry of Deeds, Book 2217, page 454, and instrument dated April 1, 1952, and recorded as aforesaid in Book 2217, 461.

3683374

Bk 24814 Pg256 #68793

Being a portion of the same premises conveyed to the grantor herein by deed of Richard A. Courtney, dated February 7, 2018 and recorded in the Hampden County Registry of Deeds, in Book 22097, Page 365.

The signatories to this deed hereby waive and release any and all rights of homestead in the granted premises and further state under the pains and penalty of perjury pursuant to M.G.L. c 188 § 13 that there are no other persons or entities entitled to claim the benefit of an existing homestead in the premises.

3683374

CHERYL A. COAKLEY-RIVERA, REGISTER
HAMPDEN COUNTY REGISTRY OF DEEDS
E-RECORDED

**EXHIBIT B.2**

Payroll Records and Corrective Chronology Establishing Property Acquisition Date, Termination Date, and Correction of Prior Date Misstatement

**EXHIBIT B.2**

**Defendants' June 3, 2026 Discovery Responses and Payroll Production (EBSCO000001–EBSCO000078), Incorporated by Reference as the Source Payroll Records Underlying Exhibits B.1 and B.2**

**Incorporation by Reference and Evidentiary Purpose**

Exhibits B (B1 and B.2) is derived from and incorporate by reference Defendants' June 3, 2026 discovery production (EBSCO000001–EBSCO000078), transmitted by defense counsel on June 3, 2026. The payroll records contained within that production designate Plaintiff's address as **485 Glendale Road, Wilbraham, Massachusetts** on payroll statements issued during periods predating Plaintiff's acquisition of any legal interest in that property by **371 days**.

Exhibit B.1 is the certified Hampden County Registry of Deeds record establishing that title to 485 Glendale Road was not conveyed to Plaintiff until **November 22, 2022, at 10:47 a.m.**

Exhibit B.2 reproduces the relevant payroll records from Defendants' June 3, 2026 production together with the corresponding chronology demonstrating that the address reflected in those litigation-produced payroll statements postdates Plaintiff's ownership interest by 371 days, providing the temporal framework for the comparative analysis presented in Exhibit F.

EXHIBIT B.2 ALSO INCLUDES A DETAILED FORENSIC ANALYSIS PROVIDED TO DEFENDANTS AND THEIR COUNSEL MULTIPLE TIMES, INCLUDING ON JANUARY 26, 2026

# EXHIBIT B.2

**SELF -PROVING DOCUMENTARY FRAUD     :**
VOID FEDERAL I.D. & PAYROLL INSTRUMENTS CONTAINING
**THREE SIMULTANEOUS EMPLOYERS OF RECORD**;
STRUCTURAL IMPOSSIBILITY ESTABLISHING VIOLATIONS OF
**18 U.S.C. §§ 1001, 1341, 1343, 1028A AND 29 U.S.C. § 1002(5), 1028A**.
**\*** SELF-AUTHENTICATING UNDER FED. R. EVID. 902 **\***
**VOID AB INITIO UNDER FEDERAL LAW**

## Annotated Analysis Demonstrating Prima Facie Fraud Within Four Corners of Federal Instrument—Self-Authenticating Under Fed. R. Evid. 902(11)

### Self-Authenticating Business Records — Fed. R. Evid. 902(11) | Hearsay Exception — Fed. R. Evid. 803(6)

| | |
|---|---|
| **Payrolls prepared in ordinary course** | **Business records kept in the regular course** |
| Originals are in the Court's possession | Made at or near the time of the events recorded |
| **Self-authenticating; no authentication testimony required** | **Trustworthy on their face; contradictions negate alteration by Plaintiff** |
| Issued by Defendants via payroll system | On file throughout the litigation |

Type equation here.

### FRAUD TIMELINE - PERSISTENT PATTERN

**2021-2023 W-2**: ✗ One EOR: **EBSCO Industries, Inc./EII** → (3 W-2 Forms)

**2021-2023 Paystub: ✗ Three contradictory EOR's (EPI, EII, EIS)**

2021: 05 paystubs × 3 false EORs each = 15 violations

2022: 26 paystubs × 3 false EORs each = 78 violations  →

2023: 12 paystubs × 3 false EORs each = 36 violations

**129 violations**

**Pattern**: 100% of **federal documents** contain identical fraud

Repeated **43 times** over **3 years** → **Systematic** fraud, not isolated error

### FEDERAL VIOLATIONS - ELEMENT ANALYSIS

**18 U.S.C. § 1343 (Wire Fraud)**
✓ False statement (3 contradictory employers)
✓ Interstate wire (electronic payroll system)
✓ Intent to defraud (pattern negates accident)
✓ Materiality (employer ID material to tax/benefits)
**ALL ELEMENTS SATISFIED**

**This Repeats for EACH and ALL applicable statutes, and EACH and ALL Payrolls.**

2

# EXHIBIT B.2
# EMPLOYER-OF-RECORD
# IDENTIFICATION CONFLICT

What Follows is a
Facial / Factual Analysis Within the
# Four Corners
of the
# Federally Controlled Record
and
# Identification Instrument

## Document Type
Pay Statement / Payroll Record

A-O thru A-4

1



EBSCO Publishing, Inc.
10 Estes Street
IPSWICH MA 01938
978-356-6500

| **Pay Statement** |
|---|

| Personnel No:00315469<br>Name      :**MOHAMED SOULEYMAN LY**<br>EIS-PM-UX, EDS, SAAS 4<br>6 RICHARDS WAY<br>HOLMDEL, NJ 07733 | Payroll        :Semi-Monthly<br>Pay period   :08/16/2022 to 08/31/2022<br>Pay Date     :08/31/2022 |
|---|---|

| **Net Pay** | **=** | **Gross** | **-** | **GTE** | **-** | **Before Tax Ded** | **-** | **Taxes** | **-** | **After Tax Ded** |
|---|---|---|---|---|---|---|---|---|---|---|
| **4,183.02** | | **7,294.07** | | **2.40** | | **1,943.22** | | **1,115.59** | | **49.84** |

## EARNINGS AND DEDUCTIONS

| CATEGORY | Retro Amount | Rate | Number | Amount | Total | YTD Amount |
|---|---|---|---|---|---|---|
| **EARNINGS** | | | | | | |
| EE GTLI Taxable | | | | 2.40 | 2.40 | 33.90 |
| REGULAR PAY | | | | 7,291.67 | 7,291.67 | 113,974.56 |
| VACATION | | | | | | 2,692.16 |
| **Earnings Total** | | | | **7,294.07** | **7,294.07** | **116,700.62** |
| **DEDUCTIONS ( AFTER TAX )** | | | | | | |
| BASIC LIFE POSTTAX | | | | 1.35 | 1.35 | 19.07 |
| AD&D ACDNT/DTH/DISM | | | | 0.40 | 0.40 | 5.65 |
| INS LTD POSTTX | | | | 8.02 | 8.02 | 113.28 |
| OPT LIFE EE | | | | 35.70 | 35.70 | 376.97 |
| OPT LIFE SPOUSE | | | | 4.17 | 4.17 | 44.03 |
| OPT LIFE CHILD | | | | 0.20 | 0.20 | 2.83 |
| **Total** | | | | **49.84** | **49.84** | **561.83** |
| **DEDUCTIONS (BEFORE TAX)** | | | | | | |
| MEDICAL SPENDING ACC | | | | 114.58 | 114.58 | 1,833.28 |
| EBSCO PROFITSHARING | | | | 1,458.33 | 1,458.33 | 20,416.62 |
| BC HEALTH PRETAX | | | | 295.22 | 295.22 | 4,723.52 |
| DENTAL PRETAX | | | | 51.67 | 51.67 | 826.72 |
| VISION PRETAX | | | | 23.42 | 23.42 | 374.72 |
| **Total** | | | | **1,943.22** | **1,943.22** | **28,174.86** |
| **Total** | | | | **0.00** | **0.00** | **0.00** |
| **TAXES** | | | | | | |
| **Federal** | **FED** | | | | | |
| TX Withholding Tax | | | | 282.85 | 282.85 | 5,184.57 |
| TX EE Social Securit | | | | 422.17 | 422.17 | 6,754.43 |
| TX EE Medicare Tax | | | | 98.73 | 98.73 | 1,579.66 |
| **State** | **NJ** | | | | | |
| TX Withholding Tax | | | | 291.42 | 291.42 | 4,866.56 |
| TX EE Unemployment T | | | | | | 152.24 |
| TX EE Workforce Devl | | | | | | 16.92 |
| TX EE Disability Tax | | | | 10.21 | 10.21 | 163.38 |
| TX EE Family Leave I | | | | 10.21 | 10.21 | 163.38 |
| **Total** | | | | **1,115.59** | **1,115.59** | **18,881.14** |

## PAYMENT DETAILS

| Method | Detail | Check No | Amount | Currency |
|---|---|---|---|---|
| EBSCO Payroll ACH USD | **CAPITAL ONE, NATIONAL ASSOCIATION** XXXX | 0031546900025001 | 4,183.02 | USD |



**EBSCO Publishing, Inc.**
10 Estes Street
IPSWICH MA 01938 ,  978-356-6500

Pers.No:00315469
Name:   Mr MOHAMED SOULEYMAN LY

Pay Date:   11/15/2021
Pay Period: 11/01/2021 - 11/15/2021

| Net Pay = | Gross | - | Taxes | - | Deductions |
|---|---|---|---|---|---|
| 5,526.72 | 7,291.67 | | 1,764.95 | | 0.00 |

| CATEGORY | Retro Amount | Rate | Hours | Amount | YTD Amount |
|---|---|---|---|---|---|
| EARNINGS: | | | | | |
| REGULAR PAY | | | | 7,291.67 | 7,291.67 |
| *** Total Earnings | | | | 7,291.67 | 7,291.67 |
| TAXES/DEDUCTIONS: | | | | | |
| Federal | FED | | | | |
| TX Withholding Tax | | | | 728.13 | 728.13 |
| TX EE Social Security Tax | | | | 452.08 | 452.08 |
| TX EE Medicare Tax | | | | 105.73 | 105.73 |
| State | NJ | | | | |
| TX Withholding Tax | | | | 393.33 | 393.33 |
| TX EE Unemployment Tax | | | | 27.89 | 27.89 |
| TX EE Workforce Devlpmt T | | | | 3.10 | 3.10 |
| TX EE Disability Tax | | | | 34.27 | 34.27 |
| TX EE Family Leave Insur | | | | 20.42 | 20.42 |

| Bank Number | Account | Payment Method | Amount |
|---|---|---|---|
| | | C | 5,526.72 |

— REMOVE DOCUMENT ALONG THIS PERFORATION —

THIS DOCUMENT IS PRINTED IN TWO COLORS. DO NOT ACCEPT UNLESS BLUE AND BURGUNDY ARE PRESENT.                61-1

**EBSCO Industries, Inc**
P.O. Box 1943 (205) 991-6600
Birmingham, Alabama 35201-1943

REGIONS BANK   Check No:3330091198
620

| CHECK DATE | CHECK AMOUNT |
|---|---|
| 11/15/2021 | *********5,526.72* |

PAY          *** FIVE THOUSAND FIVE HUNDRED TWENTY-SIX USD and 72/100 ***

TO THE        MOHAMED SOULEYMAN LY
ORDER OF      6 RICHARDS WAY
              HOLMDEL NJ    07733

Authorized Signature

⑈1198⑈  ⑆062000019⑆  0010000135⑈



**EBSCO Industries, Inc**
P.O. Box 1943 (205) 991-6600
Birmingham, Alabama 35201-1943



11/24/2021
US POSTAGE $000.53⁰



ZIP 35242
041M12250411

PC-1081,EIS-PM-UX, EDS, SAAS, PSA-0110
MOHAMED SOULEYMAN LY
6 RICHARDS WAY
HOLMDEL, NJ 07733

**CONFIDENTIAL**

0773381739 C006

**A-0**

Federal violation (29 C.F.R. § 516.2(a); **EOR singularity**)
REQUIRES "the employer" → SINGULAR = ONLY **ONE**



N1 →

**Pay Statement**

**EOR-1**

N2 →
A2 →
J2 →
P2 →
EBSCO Publishing, Inc.
10 Estes Street
IPSWICH MA 01938
978-356-6500

Personnel No: 0315469
Name                MOHAMED S
EIS-PM-UX, EIS, SAAS 4
6 RICHARDS WAY
HOLMDEL, NJ 07733

**EOR-2**

**EOR-3**

EARNINGS AND DEDUCTI
CATEGORY
EARNINGS
EE GTLI Taxable
REGULAR PAY
VACATION
Earnings Total
DEDUCTIONS ( AFTER TAX )

DENTAL PRETAX                    51.67    51.67    826.72

TX EE Disability Tax             10.21    10.21    163.38

### ANCHOR: PRIMARY EMPLOYER IDENTIFICATION (EOR-1)
**Location:** Header Logo Field
**Identifier Displayed: EBSCO Industries, Inc.** (EIN 63-6014186)
**Method of Identification:** Graphic logo with embedded textual identifier.
**Structural Significance:** The header logo is the dominant and controlling employer identifier on the instrument.

Payroll records are required to identify **ONE employer of record**.
The logo field functions as the primary employer designation for the record.

### CONFLICT #1: SECONDARY EMPLOYER IDENTIFIER (EOR-2)
**Location:** Employer Name Text Field
**Identifier Displayed: EBSCO Publishing, Inc.** (EIN 63-1105270)
**Method of Identification:** Text input within employer identification subfields
**Structural Effect:** Introduces a **second employer designation** that is **distinct from and inconsistent with** the header logo identifier
**Creates a second, inconsistent employer designation within the same record**

### CONFLICT #2: TERTIARY EMPLOYER IDENTIFIER (EOR-3)
**Location:** Employee Identification Section (Name / Address Area)
**Identifier Displayed: EIS / EBSCO Information Services** (EIN 86-3370771)
**Method of Identification:** Text insert within employee-facing identification fields
**Structural Effect:** Introduces a **third employer designation** within the same payroll record, further compounding internal inconsistency

### Facial Structural Condition and *Judicial Relevance*
- The instrument displays **three distinct employer identifiers**
- Each identifier corresponds to a **separate legal entity**
- All three identifiers appear **within the same payroll record**
- No hierarchy, clarification, or reconciliation mechanism appears on the record

### Regulatory Context
Payroll records are required to accurately identify **the employer** *[29 C.F.R. § 516.2(a)]*

**A payroll record cannot simultaneously identify more than ONE employer of record.
Multiple, conflicting employer identifiers are mutually exclusive and render the record FACIALLY NON-COMPLIANT UNDER THE GOVERNING REGULATION.**

6

# A-1

Payroll Analysis Demonstrating Prima Facie Fraud Within **Four Corners** of Instrument—Self-Authenticating Under Fed. R. Evid. 902(11)



**Pay Statement**

**Wire Fraud**
18 U.S.C. § 1343

N1 →

N2 →
A2 →
J2 →
P2 →

EBSCO Publishing, Inc.
10 Estes Street
IPSWICH MA 01938
978-356-6500

Personnel No: 0 315469
Name  HAMED SO
EIS-PM-UX, EIS, SAAS 4
6 RICHARDS WAY
HOLMDEL, NJ 07733

**EOR-1**

**EOR-2**

**EOR-3**

EARNINGS AND DEDUCTIO
CATEGORY
EARNINGS
EE GTLI Taxable
REGULAR PAY
VACATION
Earnings Tota
DEDUCTIONS (AFTER TAX
BASIC LIFE POSTTAX
AD&D ACDNT TH/DISM
INS LTD POST TX

## DECEPTION BY LOGO DISPLAY (EOR1 – EIN 63-6014186)
**LAWFUL EOR ANCHOR:** EBSCO Industries, Inc. logo and header field
- **Logo serves as visual anchor**, listing EBSCO Industries, Inc. as lawful EOR
- **Creates seminal false appearance of legitimacy** for this record
- **Appears compliant with singularity statute**; 29 U.S.C. § 1002(5)
- **Establishes a false legal baseline**: legally distinct entity but visually aligned with fraudulent EOR subs; misleads employees and auditors
- **Cloaked as one and the same entity** to appear lawful and compliant
- **Violates federal statutes**: 18 U.S.C. §§ 1001, 1341, 1343, 1028A
- **Anchoring effect** sustains false legitimacy & downstream stealth changes

## FIRST FRAUDULENT EOR INSERTION (EOR2 – EBSCO Publishing, Inc.):
 **Masquerades as the lawful Employer of Record** by **covertly replacing all subfields**—Name (N2), Address (A2), Jurisdiction (J2), Phone (P2)—with *false identifiers*:
- **Directly contradicts and perjures the Sender's lawful EOR records** on the printed paystub
- **Violates federal statutes** on false statements, mail and wire fraud, and Employer identity misappropriation, SSN misuse, employee identity theft (*18 U.S.C. §§ 1001, 1341, 1343, 1028A*)
- **Fraud is self-evident, Self-certifying and self-convicting, within Four Corners**: the document alone demonstrates prima facie fraud; no extrinsic validation/testimony is needed
- **Misleads downstream reliance**, including banks (mortgage), payroll processors, and tax compliance systems, embedding identity contamination
- This false entry contradicts the secondary false EOR (EOR3 / EIS, LLC/Inc.) within this same record, evidencing **intentional false impersonation and misrepresentation**
- <u>Observable contradictions</u> admit <u>no defense</u>: any **denial** or **explanation repudiates facial and documentary truth, compounds structural impossibility, triggers self-convicting perjuries, and generates new predicate acts** under 18 U.S.C. §§ 1001, 1341, 1343, 1028A…

TX EE Disability Tax

## SECOND FRAUDULENT EOR INSERTION (EOR3 (EIN 86-3370771))
EBSCO Information Services/EIS  (LLC/Inc.) simultaneously inserted as a third EOR. This additional fraudulent entry aggravates structural impossibility: three (3) **EORs cannot co-exist in a single lawful payroll document**. Violates **18 U.S.C. §§1001, 1341, 1343, 1028A**. Document is **self-certifying, self-convicting, and prima facie fraudulent**, producing identity contamination, systemic downstream harm, forced reliance & embedded perjury. **Payroll records must** *ACCURATELY* **identify the employer and employment relationship.** *See* **29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a)**—EOR *Singularity Statute, now twice breached*. Defendants engaged in a systematic, self-dispositive fraud, forcing total **identity co-opting** and **contamination,** predictable downstream effects across dependent systems, **compelled propagation of the fraud**, embedded false certifications, **contempt for truth**, and **ultra vires** actions, showing deliberate falsification of records and **defiance of lawful authority**.



## STATUTORY VIOLATIONS SUPPORTED

→ **42 U.S.C. § 408(a)(7)(B)**
Misuse of a Social Security Number

→ **18 U.S.C. § 1001**
False statements to federal agencies (IRS, SSA, DOL)

→ **18 U.S.C. § 1341**
Mail fraud — paper checks and tax forms sent through USPS

→ **18 U.S.C. § 1343**
Wire fraud — electronic payroll statements, ACH transmissions

→ **18 U.S.C. § 1344**
Bank fraud — misrepresentation to federally insured banks

→ **18 U.S.C. § 2320**
Unauthorized use of corporate logo

→ **18 U.S.C. § 1028**
Entity identity theft / corporate impersonation

→ **18 U.S.C. § 371**
Conspiracy among payroll operators, corporate officers, intermediaries

→ **26 U.S.C. §§ 7202, 7206, 7434**
Payroll tax evasion, false W-2 reporting

→ **18 U.S.C. §§ 1956/1957**
Money laundering of payroll proceeds

→ **18 U.S.C. § 1519**
Falsification of records submitted to regulators

→ **State Law (MA, NJ, AL)**
Unfair business practices, forgery, false pretenses, trademark misuse

**All elements are <u>self-proven</u> by Defendants' records alone.**

## NO TESTIMONIAL EVIDENCE REQUIRED.

**A-1**

Payroll Analysis Demonstrating Prima Facie Fraud Within **Four Corners** of Instrument—Self-Authenticating Under Fed. R. Evid. 902(11)



N1 →

N2 →
A2 →
J2 →
P2 →

EBSCO Publishing, Inc.
10 Estes Street
IPSWICH MA 01938
978-356-6500

Pay Statement

**EOR-1**

**Wire Fraud**
18 U.S.C. § 1343

Personnel No: 315469
Name         HAMED S
EIS-PM-UX, E S, SAAS 4
6 RICHARDS WAY
HOLMDEL, NJ 07733

**EOR-2**

**EOR-3**

EARNINGS AND DEDUCTIO
CATEGORY
EARNINGS
EE GTLI Taxable
REGULAR PAY
VACATION
Earnings Tota
DEDUCTIONS (AFTER TAX
BASIC LIFE POSTTAX
AD&D ACDNT TH/DISM
INS LTD POSTTX

**DECEPTION BY LOGO DISPLAY (EOR1 – EIN 63-6014186)**
**LAWFUL EOR ANCHOR:** EBSCO Industries, Inc. logo and header field
- **Logo serves as visual anchor**, listing EBSCO Industries, Inc. as lawful EOR
- **Creates seminal false appearance of legitimacy** for this record
- **Appears compliant with singularity statute**; 29 U.S.C. § 1002(5)
- **Establishes a false legal baseline**: legally distinct entity but visually aligned with fraudulent EOR subs; misleads employees and auditors
- **Cloaked as one and the same entity** to appear lawful and compliant
- **Violates federal statutes**: 18 U.S.C. §§ 1001, 1341, 1343, 1028A
- **Anchoring effect** sustains false legitimacy & downstream stealth changes

**FIRST FRAUDULENT EOR INSERTION (EOR2 – EBSCO Publishing, Inc.):**
 **Masquerades as the lawful Employer of Record** by **covertly replacing all subfields**—Name (N2), Address (A2), Jurisdiction (J2), Phone (P2)—with *false identifiers*:
- **Directly contradicts and perjures the Sender's lawful EOR records** on the printed paystub
- **Violates federal statutes** on false statements, mail and wire fraud, and Employer identity misappropriation, SSN misuse, employee identity theft (*18 U.S.C. §§ 1001, 1341, 1343, 1028A*)
- **Fraud is self-evident, Self-certifying and self-convicting, within Four Corners**: the document alone demonstrates prima facie fraud; no extrinsic validation/testimony is needed
- **Misleads downstream reliance**, including banks (mortgage), payroll processors, and tax compliance systems, embedding identity contamination
- This false entry contradicts the secondary false EOR (EOR3 / EIS, LLC/Inc.) within this same record, evidencing **intentional false impersonation and misrepresentation**
- <u>Observable contradictions</u> admit <u>no defense</u>: any **denial** or **explanation repudiates facial and documentary truth, compounds structural impossibility, triggers self-convicting perjuries, and generates new predicate acts** under 18 U.S.C. §§ 1001, 1341, 1343, 1028A…

TX EE Disability Tax

**SECOND FRAUDULENT EOR INSERTION (EOR3 (EIN 86-3370771))**
EBSCO Information Services/EIS  (LLC/Inc.) simultaneously inserted as a third EOR.
This additional fraudulent entry aggravates structural impossibility: three (3) **EORs cannot co-exist in a single lawful payroll document**. Violates **18 U.S.C. §§1001, 1341, 1343, 1028A**. Document is **self-certifying, self-convicting, and prima facie fraudulent**, producing identity contamination, systemic downstream harm, forced reliance & embedded perjury.
**Payroll records must** *ACCURATELY* **identify the employer and employment relationship.**
*See* **29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a)**—EOR *Singularity Statute, now twice breached*.
Defendants engaged in a systematic, self-dispositive fraud, forcing total **identity co-opting** and **contamination,** predictable downstream effects across dependent systems, **compelled propagation of the fraud**, embedded false certifications, **contempt for truth**, and **ultra vires** actions, showing deliberate falsification of records and **defiance of lawful authority.**



EBSCO Publishing, Inc.
10 Estes Street
IPSWICH MA 01938 ,   978-356-6500

← N2 ←
← A2 ←
← J2 + P2 ←

**False Statements/Entries**: 18 U.S.C. § 1001
**Aggravated Identity Theft**
**Fraud & Related Acts**
**Scheme to Defraud**
**False statements in federal compensation**
**False Records & Gov. Benefits Offenses**
**RICO + Conspiracy & Organized Scheme**

Pers.No: 0315469
Name:      MOHAMED SOULEYMAN LY

Pay Date:      11/15/2021
Pay Period: 11/01/2021 - 11/15/2

Net Pay  =   Gross
7,291.       Taxes
1,764.95    Deductio

**EOR1**    **EOR2**

CA          Retro Amount    Hours    Amount    YTD Am

EARNINGS:
REGULAR PAY                            7,291.67    7,291.67

**FRAUDULENT EOR SUBSTITUTION**: EBSCO Publishing, Inc. (EPI: EIN 63-1105270)
EPI illegally usurps EII logo and overtakes lawful EOR text field. All four subfields—Name (2), Address (A2), Jurisdiction (J9), Phone (P2)—are systematically forged.
Violates 18 U.S.C. §§1001 (false statements), 1341 (mail fraud), 1343 (wire fraud), 1028A (identity theft). SSN used in connection with employment + payroll by non-lawful EOR. Internal statutory contradictions, structural impossibility of non-lawful EOR, and **breach of Singularity statute** render the document **Void Ab Initio, Self-Certifying Fraud**, embedding **Forced Reliance → Permanent Mortgage Loan Contamination** (granted on void fraud). Document contains three contradictory employer identifications (EII, EPI, EIS) in header, wage box, and recipient fields. Federal law permits only **one** employer of record. 29 U.S.C. § 1002(5); 26 U.S.C. § 6051. This contradiction is a facially apparent **structural, legal and logical impossibility** and requires no extrinsic evidence to prove (**3 ≠ 1**), and (**2 ≠ 1**). **1=1**.

**LAWFUL EOR ANCHOR**: **EBSCO INDUSTRIES, INC**. **LOGO LAWFUL EOR ANCHOR** establishes visual and legal legitimacy. Subliminally fixes the lawful entity baseline (EII/EOR1).
**LAWFUL EOR DETAILS**: Name, Address, Jurisdiction, Phone in check portion anchor the lawful EOR. Contrasts with simultaneous **fraudulent EPI/EOR3 insertion**. Bank portion—within the same four-corners of the payroll—facially and intrinsically perjures itself, betraying **header forgery, false substitution, structural impossibility of the non-lawful EOR claim, and direct breach of the Singularity statute (absolute EOR exclusivity)**.

**EOR1**    REMOVE DOCUMENT ALONG THIS PERFORATION



THIS DOCUMENT IS PRINTED IN TWO COLORS. DO   UNLESS BLUE AND BURGUNDY ARE PRESENT.

EBSCO Industries, Inc
P.O. Box 1943 (205) 991-6600
Birmingham, Alabama 35201-1943

← N1
← A1 + P1
← J1

REGIONS BANK   Check No:3330091198

61-1
620

CHECK DATE          CHECK AMOUNT
11/15/2021          *********5,526.72*

PAY        *** FIVE THOUSAND FIVE HUNDRED TWENTY-SIX USD and 72/100 ***

TO THE      MOHAMED SOULEYMAN LY
ORDER OF    6 RICHARDS WAY
            HOLMDEL NJ   07733

Authorized Signature

⑈333009ll98⑈ ⑆ ⑇⑆ 0019⑈: 0010000135⑈

**EOR SINGULARITY STATUTE**—Federal law requires Single Employer Identification (**3 ≠ 1**):
◊ 26 U.S.C. § 6051 (**IRS** requirements) ◊ 29 U.S.C. § 1002(5) (**ERISA Employer Singularity**)



**EOR1**

**EOR3**

**Mail Fraud**
18 U.S.C. § 1341

CONFIDENTIAL

**LAWFUL EOR ANCHOR:**
**EBSCO INDUSTRIES, INC.**
Both Logo and Sender text fields accurately display lawful EOR **N**ame, **A**ddress, **J**urisdiction, and **P**hone (N1, A1, J1, P1). Creates deceptive visual and legal anchor.*

**FRAUDULENT EOR INSERTION:**
**EIS / EBSCO Information Services** (**LLC/Inc**.) simultaneously inserted as an additional EOR in the recipient address field, alongside plaintiff's name and New Jersey residential address. This creates a direct contradiction with the lawful sender field. Four-Corner Fraud: Concealed but conspicuous & systematic forgery/perjury. Violates 18 U.S.C. §§1001, 1341, 1343, 1028A. These Federal Records & I.D. instruments are self-proving, self-certifying, self-convicting prima facie fraud, and **VOID AB INITIO**

**DEFENDANTS <u>DOUBLE</u>-PERJURED THEMSELVES—ADMISSION IS DISPOSITIVE:**
Defendants have repeatedly and unequivocally sworn—over 200+ days of litigation, cited 15+ times, via footnote, and in their *Rule 7.1* corporate disclosure (*Doc. 40*)—that "Plaintiff was employed by EBSCO Publishing, Inc., *<u>NOT</u>* EBSCO Industries, Inc." That **admission** (+ **denial** of **EII** as EOR), combined with **(1) the statutory mandate under 26 U.S.C. § 6051 that <u>only</u> ONE employer may lawfully appear on a wage statement**, and (2) their own *doctrine-of-separateness defense*—as a **matter of law** and by **logical necessity**—renders any appearance of **EBSCO Industries, Inc. (EII)** or **EIS/EBSCO Information Services (EIS)** intrinsically *<u>FALSE</u>* and *<u>FRAUDULENT</u>*. The document **contains three (3) distinct employers**. **Singularity** bars multiple EORs. Thus, by their own *sworn* position, at least **two** entries are false federal tax statements.

**No explanation, election, or further proof is required. By their repeated admission, and under principles of estoppel, they have sealed the final predicates**: the document is internally contradictory, facially fraudulent, and self-dispositive in both their print and digital versions—across all 86 issuances, each triggering the below predicate acts:

* ● 29 U.S.C. §1002(5) (ERISA – EOR)
  ● 29 U.S.C. §215(a); 29 C.F.R. §516
  ● 29 U.S.C. §§206–207
  ● 29 U.S.C. §§1104, 1109; §516.2(a)

  ● 26 U.S.C. §§3102, 3402, 6051, 7434
  ● 26 U.S.C. §§7201, 7204, 3402, 6051, 7206(2)
  ● 18 U.S.C. §371
  ● 18 U.S.C. §§1961–1968)    11

# Facial Evidence Payroll Record Alteration

**Payroll Statements -- Retroactive Residence Falsification**

**Employee:** Mohamed S. Ly
 **Period Covered:** Nov 1, 2021 – Nov 22, 2022
 **Purpose:** Document post-hoc payroll alteration and jurisdictional fraud
 **Status:** Record-based · Non-discretionary · Spoliation-triggering

**Rule 37(e) applies because Defendants altered and substituted mandatory payroll ESI during active litigation, resulting in the loss of the original records and establishing evidence tampering, preservation failure, and intent to deprive on the face of the documents themselves.**

# SIDE-BY-SIDE PAYROLL COMPARISON -- ORIENTATION

- **Same Employee · Same Pay Period · Two Distinct Versions.
BOTH ISSUED BY DEFENDANTS.
Both undeniably facially fraudulent, within four corners, with multiple EOR's**

- **LEFT SIDE -- CONTROLLING RECORD**

- **Source:** SAP SuccessFactors (Employee Self-Service)
**Timing:** Contemporaneously downloaded by employee at or near issuance
**Custodian:** EBSCO Industries, Inc. payroll system
**Status:** Original payroll instrument
**Reliability:** Presumptively authentic business record

- **RIGHT SIDE -- LATER-PRODUCED RECORD**

- **Source:** Payroll statements provided by Defendants
**Timing:** Produced post-termination and during litigation
**Custodian:** Defendants (specifically EBSCO Industries, Inc.)
**Status:** Regenerated / altered payroll record
**Reliability:** Disputed -- lacks immutable audit provenance

# Key Premise

- Both sides purport to represent:
- The **same employee**
- The **same pay period**
- The **same earnings event**
- **Absent a lawful, documented correction, any discrepancy is probative of post-hoc alteration.**

- **Instruction to Reviewer**
- Compare LEFT vs. RIGHT **line-by-line**. Focus on:
- **Residence address**
- **Jurisdictional indicators**
- **Employer-of-Record identifiers**
- **Internal consistency within each record (despite both presented as the same, per employer statutory recordkeeping duties)**
- **Payroll records are legal instruments, not drafts.**

**Clarifying Note on Fraud Scope**
Although the left-side payroll statement is identified as the original and controlling record and the right-side statement as a later-generated version, **neither document is free of fraud**. Both payroll statements, on their face, reflect **multiple Employer-of-Record identifiers**, a condition that is independently unlawful and fully documented in **Exhibit A**. That defect exists in both instruments and predates any later alteration. The distinction between the two records is therefore not that one is lawful and the other is not, but that the later-produced record compounds the existing fraud by introducing additional, facial violations--specifically the alteration of employee residence and the resulting tax-jurisdiction incoherence--during and after litigation. The later version does not correct the earlier fraud; it amplifies it. Both records are fraudulent; the latter is further altered in ways that add new and independent statutory violations.

**Payroll Records as Legal Instruments**
*Payroll statements are legal records relied upon by taxing authorities, courts, and financial institutions.*
*Absent a documented, audited correction, any discrepancy between contemporaneous and later-produced versions constitutes evidence alteration.*
**Authority:** Fed. R. Evid. 803(6) · Fed. R. Civ. P. 37(e)



### Pay Statement

EBSCO Publishing, Inc.
10 Estes Street
IPSWICH MA 01938
978-356-6500

| Personnel No:00315469 | Payroll | :Semi-Monthly |
|---|---|---|
| Name :MOHAMED SOULEYMAN LY | Pay period | :06/01/2022 to 06/15/2022 |
| EIS-PM-UX, EDS, SAAS 4 | Pay Date | :06/15/2022 |
| 6 RICHARDS WAY | | |
| HOLMDEL, NJ 07733 | | |

| Net Pay | = | Gross | - | GTE | - | Before Tax Ded | - | Taxes | - | After Tax Ded |
|---|---|---|---|---|---|---|---|---|---|---|
| 4,198.60 | | 7,294.07 | | 2.40 | | 1,943.22 | | 1,115.59 | | 34.26 |

**EARNINGS AND DEDUCTIONS**

| CATEGORY | Retro Amount | Rate | Number | Amount | Total | YTD Amount |
|---|---|---|---|---|---|---|
| **EARNINGS** | | | | | | |
| EE GTLI Taxable | | | | 2.40 | 2.40 | 21.90 |
| REGULAR PAY | | | | 7,291.67 | 7,291.67 | 80,208.37 |
| **Earnings Total** | | | | **7,294.07** | **7,294.07** | **80,230.27** |
| **DEDUCTIONS ( AFTER TAX )** | | | | | | |
| BASIC LIFE POSTTAX | | | | 1.35 | 1.35 | 12.32 |
| AD&D ACDNT/DTH/DISM | | | | 0.40 | 0.40 | 3.65 |
| INS LTD POSTTX | | | | 8.02 | 8.02 | 73.18 |
| OPT LIFE EE | | | | 21.75 | 21.75 | 198.47 |
| OPT LIFE SPOUSE | | | | 2.54 | 2.54 | 23.18 |
| OPT LIFE CHILD | | | | 0.20 | 0.20 | 1.83 |
| **Total** | | | | **34.26** | **34.26** | **312.63** |
| **DEDUCTIONS (BEFORE TAX)** | | | | | | |
| MEDICAL SPENDING ACC | | | | 114.58 | 114.58 | 1,260.38 |
| EBSCO PROFITSHARING | | | | 1,458.33 | 1,458.33 | 13,124.97 |
| BC HEALTH PRETAX | | | | 295.22 | 295.22 | 3,247.42 |
| DENTAL PRETAX | | | | 51.67 | 51.67 | 568.37 |
| VISION PRETAX | | | | 23.42 | 23.42 | 257.62 |
| **Total** | | | | **1,943.22** | **1,943.22** | **18,458.76** |
| **Total** | | | | **0.00** | **0.00** | **0.00** |

**TAXES**

| | | | | | | |
|---|---|---|---|---|---|---|
| Federal | FED | | | | | |
| TX Withholding Tax | | | | 282.85 | 282.85 | 3,770.32 |
| TX EE Social Securit | | | | 422.17 | 422.17 | 4,643.58 |
| TX EE Medicare Tax | | | | 98.73 | 98.73 | 1,086.00 |
| State | NJ | | | | | |
| TX Withholding Tax | | | | 291.42 | 291.42 | 3,409.46 |
| TX EE Unemployment T | | | | | | 152.24 |
| TX EE Workforce Devl | | | | | | 16.92 |
| TX EE Disability Tax | | | | 10.21 | 10.21 | 112.32 |
| TX EE Family Leave I | | | | 10.21 | 10.21 | 112.32 |
| **Total** | | | | **1,115.59** | **1,115.59** | **13,303.16** |

**PAYMENT DETAILS**

| Method | Detail | Check No | Amount | Currency |
|---|---|---|---|---|
| EBSCO Payroll ACH USD | CAPITAL ONE, NATIONAL ASSOCIATION XXXX | 0031546900020001 | 4,198.60 | USD |

These two documents purport to be the same payroll statement for the same employee and the same pay period, both issued by the same employer. They cannot both be true. Payroll statements are completed statutory records fixed at issuance, not drafts or summaries. The left record reflects a New Jersey residence; the right record substitutes a Massachusetts residence while retaining New Jersey tax treatment, rendering the later-issued record internally self-contradictory on its face. No lawful correction, amendment, or reversal is identified. The issuance of two irreconcilable payroll records for a single earnings event is complete and self-proving within the four corners of the documents. (same applies to all following)



**Internal Inconsistency Within the Four Corners**

The record simultaneously asserts Massachusetts residence while applying New Jersey tax treatment from Nov. 1, 2021 to Nov. 22, 2022 (371 DAYS).



## Statement 1

**EBSCO Publishing, Inc.**
10 Estes Street
IPSWICH MA 01938
978-356-6500

 **Pay Statement**

| Personnel No:00315469 | Payroll | :Semi-Monthly |
|---|---|---|
| Name :MOHAMED SOULEYMAN LY | Pay period | :06/16/2022 to 06/30/2022 |
| EIS-PM-UX, EDS, SAAS 4 | Pay Date | :06/30/2022 |
| 6 RICHARDS WAY | | |
| HOLMDEL, NJ 07733 | | |

| Net Pay | = | Gross | - | GTE | - | Before Tax Ded | - | Taxes | - | After Tax Ded |
|---|---|---|---|---|---|---|---|---|---|---|
| 4,183.02 | | 7,294.07 | | 2.40 | | 1,943.22 | | 1,115.59 | | 49.84 |

### EARNINGS AND DEDUCTIONS

| CATEGORY | Retro Amount | Rate | Number | Amount | Total | YTD Amount |
|---|---|---|---|---|---|---|
| **EARNINGS** | | | | | | |
| EE GTLI Taxable | | | | 2.40 | 2.40 | 24.30 |
| REGULAR PAY | | | | 7,291.67 | 7,291.67 | 87,500.04 |
| **Earnings Total** | | | | **7,294.07** | **7,294.07** | **87,524.34** |
| **DEDUCTIONS ( AFTER TAX )** | | | | | | |
| BASIC LIFE POSTTAX | | | | 1.35 | 1.35 | 13.67 |
| AD&D ACDNT/DTH/DISM | | | | 0.40 | 0.40 | 4.05 |
| INS LTD POSTTX | | | | 8.02 | 8.02 | 81.20 |
| OPT LIFE EE | | | | 35.70 | 35.70 | 234.17 |
| OPT LIFE SPOUSE | | | | 4.17 | 4.17 | 27.35 |
| OPT LIFE CHILD | | | | 0.20 | 0.20 | 2.03 |
| **Total** | | | | **49.84** | **49.84** | **362.47** |
| **DEDUCTIONS (BEFORE TAX)** | | | | | | |
| MEDICAL SPENDING ACC | | | | 114.58 | 114.58 | 1,374.96 |
| EBSCO PROFITSHARING | | | | 1,458.33 | 1,458.33 | 14,583.30 |
| BC HEALTH PRETAX | | | | 295.22 | 295.22 | 3,542.64 |
| DENTAL PRETAX | | | | 51.67 | 51.67 | 620.04 |
| VISION PRETAX | | | | 23.42 | 23.42 | 281.04 |
| **Total** | | | | **1,943.22** | **1,943.22** | **20,401.98** |
| **Total** | | | | **0.00** | **0.00** | **0.00** |
| **TAXES** | | | | | | |
| **Federal** | **FED** | | | | | |
| TX Withholding Tax | | | | 282.85 | 282.85 | 4,053.17 |
| TX EE Social Securit | | | | 422.17 | 422.17 | 5,065.75 |
| TX EE Medicare Tax | | | | 98.73 | 98.73 | 1,184.73 |
| **State** | **NJ** | | | | | |
| TX Withholding Tax | | | | 291.42 | 291.42 | 3,700.88 |
| TX EE Unemployment T | | | | | | 152.24 |
| TX EE Workforce Devl | | | | | | 16.92 |
| TX EE Disability Tax | | | | 10.21 | 10.21 | 122.53 |
| TX EE Family Leave I | | | | 10.21 | 10.21 | 122.53 |
| **Total** | | | | **1,115.59** | **1,115.59** | **14,418.75** |

### PAYMENT DETAILS

| Method | Detail | Check No | Amount | Currency |
|---|---|---|---|---|
| EBSCO Payroll ACH USD | CAPITAL ONE, NATIONAL ASSOCIATION XXXX | 0031546900021001 | 4,183.02 | USD |

## Statement 2



**EBSCO Publishing, Inc.**
10 Estes Street
IPSWICH MA 01938
978-356-6500

**Pay Statement**

| Personnel No:00315469 | Payroll | :Semi-Monthly |
|---|---|---|
| Name :MOHAMED SOULEYMAN LY | Pay period | :06/16/2022 to 06/30/2022 |
| | Pay Date | :06/30/2022 |
| 485 GLENDALE RD | | |
| WILBRAHAM, MA 01095 | | |

| Net Pay | = | Gross | - | GTE | - | Before Tax Ded | - | Taxes | - | After Tax Ded |
|---|---|---|---|---|---|---|---|---|---|---|
| 4,183.02 | | 7,294.07 | | 2.40 | | 1,943.22 | | 1,115.59 | | 49.84 |

### EARNINGS AND DEDUCTIONS

| CATEGORY | Retro Amount | Rate | Number | Amount | Total | YTD Amount |
|---|---|---|---|---|---|---|
| **EARNINGS** | | | | | | |
| EE GTLI Taxable | | | | 2.40 | 2.40 | 24.30 |
| REGULAR PAY | | | | 7,291.67 | 7,291.67 | 87,500.04 |
| **Earnings Total** | | | | **7,294.07** | **7,294.07** | **87,524.34** |
| **DEDUCTIONS ( AFTER TAX )** | | | | | | |
| BASIC LIFE POSTTAX | | | | 1.35 | 1.35 | 13.67 |
| AD&D ACDNT/DTH/DISM | | | | 0.40 | 0.40 | 4.05 |
| INS LTD POSTTX | | | | 8.02 | 8.02 | 81.20 |
| OPT LIFE EE | | | | 35.70 | 35.70 | 234.17 |
| OPT LIFE SPOUSE | | | | 4.17 | 4.17 | 27.35 |
| OPT LIFE CHILD | | | | 0.20 | 0.20 | 2.03 |
| **Total** | | | | **49.84** | **49.84** | **362.47** |
| **DEDUCTIONS (BEFORE TAX)** | | | | | | |
| MEDICAL SPENDING ACC | | | | 114.58 | 114.58 | 1,374.96 |
| EBSCO PROFITSHARING | | | | 1,458.33 | 1,458.33 | 14,583.30 |
| PP01 HEALTH PRETAX | | | | 295.22 | 295.22 | 3,542.64 |
| DENTAL PRETAX | | | | 51.67 | 51.67 | 620.04 |
| VISION PRETAX | | | | 23.42 | 23.42 | 281.04 |
| **Total** | | | | **1,943.22** | **1,943.22** | **20,401.98** |
| **Total** | | | | **0.00** | **0.00** | **0.00** |
| **TAXES** | | | | | | |
| **Federal** | **FED** | | | | | |
| TX Withholding Tax | | | | 282.85 | 282.85 | 4,053.17 |
| TX EE Social Securit | | | | 422.17 | 422.17 | 5,065.75 |
| TX EE Medicare Tax | | | | 98.73 | 98.73 | 1,184.73 |
| **State** | **NJ** | | | | | |
| TX Withholding Tax | | | | 291.42 | 291.42 | 3,700.88 |
| TX EE Unemployment T | | | | | | 152.24 |
| TX EE Workforce Devl | | | | | | 16.92 |
| TX EE Disability Tax | | | | 10.21 | 10.21 | 122.53 |
| TX EE Family Leave I | | | | 10.21 | 10.21 | 122.53 |
| **Total** | | | | **1,115.59** | **1,115.59** | **14,418.75** |

### PAYMENT DETAILS

| Method | Detail | Check No | Amount | Currency |
|---|---|---|---|---|
| EBSCO Payroll ACH USD | CAPITAL ONE, NATIONAL ASSOCIATION XXXX | 0031546900021001 | 4,183.02 | USD |



EBSCO Publishing, Inc.
10 Estes Street
IPSWICH MA 01938
978-356-6500

**Pay Statement**

Personnel No:00315469
Name      :MOHAMED SOULEYMAN LY
EIS-PM-UX, EDS, SAAS 4
6 RICHARDS WAY
HOLMDEL, NJ 07733

Payroll      :Semi-Monthly
Pay period  :07/01/2022 to 07/15/2022
Pay Date    :07/15/2022

| Net Pay = | Gross - | GTE - | Before Tax Ded - | Taxes - | After Tax Ded |
|---|---|---|---|---|---|
| 4,182.99 | 7,294.07 | 2.40 | 1,943.22 | 1,115.62 | 49.84 |

**EARNINGS AND DEDUCTIONS**

| CATEGORY | Retro Amount | Rate | Number | Amount | Total | YTD Amount |
|---|---|---|---|---|---|---|
| **EARNINGS** | | | | | | |
| EE GTLI Taxable | | | | 2.40 | 2.40 | 26.70 |
| REGULAR PAY | | | | 4,599.51 | 4,599.51 | 92,099.55 |
| VACATION | | 84.13 | 32.00 | 2,692.16 | 2,692.16 | 2,692.16 |
| **Earnings Total** | | | | 7,294.07 | 7,294.07 | 94,818.41 |
| **DEDUCTIONS ( AFTER TAX )** | | | | | | |
| BASIC LIFE POSTTAX | | | | 1.35 | 1.35 | 15.02 |
| AD&D ACDNT/DTH/DISM | | | | 0.40 | 0.40 | 4.45 |
| INS LTD POSTTX | | | | 8.02 | 8.02 | 89.22 |
| OPT LIFE EE | | | | 35.70 | 35.70 | 269.87 |
| OPT LIFE SPOUSE | | | | 4.17 | 4.17 | 31.52 |
| OPT LIFE CHILD | | | | 0.20 | 0.20 | 2.23 |
| **Total** | | | | 49.84 | 49.84 | 412.31 |
| **DEDUCTIONS (BEFORE TAX)** | | | | | | |
| MEDICAL SPENDING ACC | | | | 114.58 | 114.58 | 1,489.54 |
| EBSCO PROFITSHARING | | | | 1,458.33 | 1,458.33 | 16,041.63 |
| BC HEALTH PRETAX | | | | 295.22 | 295.22 | 3,837.86 |
| DENTAL PRETAX | | | | 51.67 | 51.67 | 671.71 |
| VISION PRETAX | | | | 23.42 | 23.42 | 304.46 |
| **Total** | | | | 1,943.22 | 1,943.22 | 22,345.20 |
| **Total** | | | | 0.00 | 0.00 | 0.00 |
| **TAXES** | | | | | | |
| Federal | FED | | | | | |
| TX Withholding Tax | | | | 282.85 | 282.85 | 4,336.02 |
| TX EE Social Securit | | | | 422.17 | 422.17 | 5,487.92 |
| TX EE Medicare Tax | | | | 98.74 | 98.74 | 1,283.47 |
| State | NJ | | | | | |
| TX Withholding Tax | | | | 291.42 | 291.42 | 3,992.30 |
| TX EE Unemployment T | | | | | | 152.24 |
| TX EE Workforce Devl | | | | | | 16.92 |
| TX EE Disability Tax | | | | 10.22 | 10.22 | 132.75 |
| TX EE Family Leave I | | | | 10.22 | 10.22 | 132.75 |
| **Total** | | | | 1,115.62 | 1,115.62 | 15,534.37 |

**PAYMENT DETAILS**

| Method | | Detail | Check No | Amount | Currency |
|---|---|---|---|---|---|
| EBSCO Payroll ACH USD | | CAPITAL ONE, NATIONAL ASSOCIATION XXXX | 0031546900022001 | 4,182.99 | USD |

---



EBSCO Publishing, Inc.
10 Estes Street
IPSWICH MA 01938
978-356-6500

**Pay Statement**

Personnel No:00315469
Name      :MOHAMED SOULEYMAN LY
485 GLENDALE RD
WILBRAHAM, MA 01095

Payroll      :Semi-Monthly
Pay period  :07/01/2022 to 07/15/2022
Pay Date    :07/15/2022

| Net Pay = | Gross - | GTE - | Before Tax Ded - | Taxes - | After Tax Ded |
|---|---|---|---|---|---|
| 4,182.99 | 7,294.07 | 2.40 | 1,943.22 | 1,115.62 | 49.84 |

**EARNINGS AND DEDUCTIONS**

| CATEGORY | Retro Amount | Rate | Number | Amount | Total | YTD Amount |
|---|---|---|---|---|---|---|
| **EARNINGS** | | | | | | |
| EE GTLI Taxable | | | | 2.40 | 2.40 | 26.70 |
| REGULAR PAY | | | | 4,599.51 | 4,599.51 | 92,099.55 |
| VACATION | | 84.13 | 32.00 | 2,692.16 | 2,692.16 | 2,692.16 |
| **Earnings Total** | | | | 7,294.07 | 7,294.07 | 94,818.41 |
| **DEDUCTIONS ( AFTER TAX )** | | | | | | |
| BASIC LIFE POSTTAX | | | | 1.35 | 1.35 | 15.02 |
| AD&D ACDNT/DTH/DISM | | | | 0.40 | 0.40 | 4.45 |
| INS LTD POSTTX | | | | 8.02 | 8.02 | 89.22 |
| OPT LIFE EE | | | | 35.70 | 35.70 | 269.87 |
| OPT LIFE SPOUSE | | | | 4.17 | 4.17 | 31.52 |
| OPT LIFE CHILD | | | | 0.20 | 0.20 | 2.23 |
| **Total** | | | | 49.84 | 49.84 | 412.31 |
| **DEDUCTIONS (BEFORE TAX)** | | | | | | |
| MEDICAL SPENDING ACC | | | | 114.58 | 114.58 | 1,489.54 |
| EBSCO PROFITSHARING | | | | 1,458.33 | 1,458.33 | 16,041.63 |
| PP01 HEALTH PRETAX | | | | 295.22 | 295.22 | 3,837.86 |
| DENTAL PRETAX | | | | 51.67 | 51.67 | 671.71 |
| VISION PRETAX | | | | 23.42 | 23.42 | 304.46 |
| **Total** | | | | 1,943.22 | 1,943.22 | 22,345.20 |
| **Total** | | | | 0.00 | 0.00 | 0.00 |
| **TAXES** | | | | | | |
| Federal | FED | | | | | |
| TX Withholding Tax | | | | 282.85 | 282.85 | 4,336.02 |
| TX EE Social Securit | | | | 422.17 | 422.17 | 5,487.92 |
| TX EE Medicare Tax | | | | 98.74 | 98.74 | 1,283.47 |
| State | NJ | | | | | |
| TX Withholding Tax | | | | 291.42 | 291.42 | 3,992.30 |
| TX EE Unemployment T | | | | | | 152.24 |
| TX EE Workforce Devl | | | | | | 16.92 |
| TX EE Disability Tax | | | | 10.22 | 10.22 | 132.75 |
| TX EE Family Leave I | | | | 10.22 | 10.22 | 132.75 |
| **Total** | | | | 1,115.62 | 1,115.62 | 15,534.37 |

**PAYMENT DETAILS**

| Method | | Detail | Check No | Amount | Currency |
|---|---|---|---|---|---|
| EBSCO Payroll ACH USD | | CAPITAL ONE, NATIONAL ASSOCIATION XXXX | 0031546900022001 | 4,182.99 | USD |



**EBSCO Industries, Inc.**



**Pay Statement**

EBSCO Publishing, Inc.
10 Estes Street
IPSWICH MA 01938
978-356-6500

Personnel No:00315469
Name        :MOHAMED SOULEYMAN LY
EIS-PM-UX, EDS, SAAS 4
6 RICHARDS WAY
HOLMDEL, NJ 07733

| Payroll | :Semi-Monthly |
|---|---|
| Pay period | :07/16/2022 to 07/31/2022 |
| Pay Date | :07/29/2022 |

| Net Pay | = | Gross | - | GTE | - | Before Tax Ded | - | Taxes | - | After Tax Ded |
|---|---|---|---|---|---|---|---|---|---|---|
| 4,183.02 | | 7,294.07 | | 2.40 | | 1,943.22 | | 1,115.59 | | 49.84 |

**EARNINGS AND DEDUCTIONS**

| CATEGORY | Retro Amount | Rate | Number | Amount | Total | YTD Amount |
|---|---|---|---|---|---|---|
| **EARNINGS** | | | | | | |
| EE GTLI Taxable | | | | 2.40 | 2.40 | 29.10 |
| REGULAR PAY | | | | 7,291.67 | 7,291.67 | 99,391.22 |
| VACATION | | | | | | 2,692.16 |
| **Earnings Total** | | | | 7,294.07 | 7,294.07 | 102,112.48 |
| **DEDUCTIONS ( AFTER TAX )** | | | | | | |
| BASIC LIFE POSTTAX | | | | 1.35 | 1.35 | 16.37 |
| AD&D ACDNT/DTH/DISM | | | | 0.40 | 0.40 | 4.85 |
| INS LTD POSTTX | | | | 8.02 | 8.02 | 97.24 |
| OPT LIFE EE | | | | 35.70 | 35.70 | 305.57 |
| OPT LIFE SPOUSE | | | | 4.17 | 4.17 | 35.69 |
| OPT LIFE CHILD | | | | 0.20 | 0.20 | 2.43 |
| **Total** | | | | 49.84 | 49.84 | 462.15 |
| **DEDUCTIONS (BEFORE TAX)** | | | | | | |
| MEDICAL SPENDING ACC | | | | 114.58 | 114.58 | 1,604.12 |
| EBSCO PROFITSHARING | | | | 1,458.33 | 1,458.33 | 17,499.96 |
| BC HEALTH PRETAX | | | | 295.22 | 295.22 | 4,133.08 |
| DENTAL PRETAX | | | | 51.67 | 51.67 | 723.38 |
| VISION PRETAX | | | | 23.42 | 23.42 | 327.88 |
| **Total** | | | | 1,943.22 | 1,943.22 | 24,288.42 |
| **Total** | | | | 0.00 | 0.00 | 0.00 |
| **TAXES** | | | | | | |
| Federal | FED | | | | | |
| TX Withholding Tax | | | | 282.85 | 282.85 | 4,618.87 |
| TX EE Social Securit | | | | 422.17 | 422.17 | 5,910.09 |
| TX EE Medicare Tax | | | | 98.73 | 98.73 | 1,382.20 |
| State | NJ | | | | | |
| TX Withholding Tax | | | | 291.42 | 291.42 | 4,283.72 |
| TX EE Unemployment T | | | | | | 152.24 |
| TX EE Workforce Devl | | | | | | 16.92 |
| TX EE Disability Tax | | | | 10.21 | 10.21 | 142.96 |
| TX EE Family Leave I | | | | 10.21 | 10.21 | 142.96 |
| **Total** | | | | 1,115.59 | 1,115.59 | 16,649.96 |

**PAYMENT DETAILS**

| Method | Detail | Check No | Amount | Currency |
|---|---|---|---|---|
| EBSCO Payroll ACH USD | CAPITAL ONE, NATIONAL ASSOCIATION XXXX | 0031546900023001 | 4,183.02 | USD |

---



**EBSCO Industries, Inc.**



**Pay Statement**

EBSCO Publishing, Inc.
10 Estes Street
IPSWICH MA 01938
978-356-6500

Personnel No:00315469
Name        :MOHAMED SOULEYMAN LY

485 GLENDALE RD
WILBRAHAM, MA 01095

| Payroll | :Semi-Monthly |
|---|---|
| Pay period | :07/16/2022 to 07/31/2022 |
| Pay Date | :07/29/2022 |

| Net Pay | = | Gross | - | GTE | - | Before Tax Ded | - | Taxes | - | After Tax Ded |
|---|---|---|---|---|---|---|---|---|---|---|
| 4,183.02 | | 7,294.07 | | 2.40 | | 1,943.22 | | 1,115.59 | | 49.84 |

**EARNINGS AND DEDUCTIONS**

| CATEGORY | Retro Amount | Rate | Number | Amount | Total | YTD Amount |
|---|---|---|---|---|---|---|
| **EARNINGS** | | | | | | |
| EE GTLI Taxable | | | | 2.40 | 2.40 | 29.10 |
| REGULAR PAY | | | | 7,291.67 | 7,291.67 | 99,391.22 |
| VACATION | | | | | | 2,692.16 |
| **Earnings Total** | | | | 7,294.07 | 7,294.07 | 102,112.48 |
| **DEDUCTIONS ( AFTER TAX )** | | | | | | |
| BASIC LIFE POSTTAX | | | | 1.35 | 1.35 | 16.37 |
| AD&D ACDNT/DTH/DISM | | | | 0.40 | 0.40 | 4.85 |
| INS LTD POSTTX | | | | 8.02 | 8.02 | 97.24 |
| OPT LIFE EE | | | | 35.70 | 35.70 | 305.57 |
| OPT LIFE SPOUSE | | | | 4.17 | 4.17 | 35.69 |
| OPT LIFE CHILD | | | | 0.20 | 0.20 | 2.43 |
| **Total** | | | | 49.84 | 49.84 | 462.15 |
| **DEDUCTIONS (BEFORE TAX)** | | | | | | |
| MEDICAL SPENDING ACC | | | | 114.58 | 114.58 | 1,604.12 |
| EBSCO PROFITSHARING | | | | 1,458.33 | 1,458.33 | 17,499.96 |
| PP01 HEALTH PRETAX | | | | 295.22 | 295.22 | 4,133.08 |
| DENTAL PRETAX | | | | 51.67 | 51.67 | 723.38 |
| VISION PRETAX | | | | 23.42 | 23.42 | 327.88 |
| **Total** | | | | 1,943.22 | 1,943.22 | 24,288.42 |
| **Total** | | | | 0.00 | 0.00 | 0.00 |
| **TAXES** | | | | | | |
| Federal | FED | | | | | |
| TX Withholding Tax | | | | 282.85 | 282.85 | 4,618.87 |
| TX EE Social Securit | | | | 422.17 | 422.17 | 5,910.09 |
| TX EE Medicare Tax | | | | 98.73 | 98.73 | 1,382.20 |
| State | NJ | | | | | |
| TX Withholding Tax | | | | 291.42 | 291.42 | 4,283.72 |
| TX EE Unemployment T | | | | | | 152.24 |
| TX EE Workforce Devl | | | | | | 16.92 |
| TX EE Disability Tax | | | | 10.21 | 10.21 | 142.96 |
| TX EE Family Leave I | | | | 10.21 | 10.21 | 142.96 |
| **Total** | | | | 1,115.59 | 1,115.59 | 16,649.96 |

**PAYMENT DETAILS**

| Method | Detail | Check No | Amount | Currency |
|---|---|---|---|---|
| EBSCO Payroll ACH USD | CAPITAL ONE, NATIONAL ASSOCIATION XXXX | 0031546900023001 | 4,183.02 | USD |



EBSCO Industries, Inc.

**Pay Statement**

EBSCO Publishing, Inc.
10 Estes Street
IPSWICH MA 01938
978-356-6500

Personnel No:00315469
Name      :MOHAMED SOULEYMAN LY
EIS-PM-UX, EDS, SAAS 4
6 RICHARDS WAY
HOLMDEL, NJ 07733

Payroll      :Semi-Monthly
Pay period  :08/01/2022 to 08/15/2022
Pay Date    :08/15/2022

| Net Pay | = | Gross | - | GTE | - | Before Tax Ded | - | Taxes | - | After Tax Ded |
|---|---|---|---|---|---|---|---|---|---|---|
| 4,183.02 | | 7,294.07 | | 2.40 | | 1,943.22 | | 1,115.59 | | 49.84 |

**EARNINGS AND DEDUCTIONS**

| CATEGORY | Retro Amount | Rate | Number | Amount | Total | YTD Amount |
|---|---|---|---|---|---|---|
| **EARNINGS** | | | | | | |
| EE GTLI Taxable | | | | 2.40 | 2.40 | 31.50 |
| REGULAR PAY | | | | 7,291.67 | 7,291.67 | 106,682.89 |
| VACATION | | | | | | 2,692.16 |
| **Earnings Total** | | | | **7,294.07** | **7,294.07** | **109,406.55** |
| **DEDUCTIONS ( AFTER TAX )** | | | | | | |
| BASIC LIFE POSTTAX | | | | 1.35 | 1.35 | 17.72 |
| AD&D ACDNT/DTH/DISM | | | | 0.40 | 0.40 | 5.25 |
| INS LTD POSTTX | | | | 8.02 | 8.02 | 105.26 |
| OPT LIFE EE | | | | 35.70 | 35.70 | 341.27 |
| OPT LIFE SPOUSE | | | | 4.17 | 4.17 | 39.86 |
| OPT LIFE CHILD | | | | 0.20 | 0.20 | 2.63 |
| **Total** | | | | **49.84** | **49.84** | **511.99** |
| **DEDUCTIONS (BEFORE TAX)** | | | | | | |
| MEDICAL SPENDING ACC | | | | 114.58 | 114.58 | 1,718.70 |
| EBSCO PROFITSHARING | | | | 1,458.33 | 1,458.33 | 18,958.29 |
| BC HEALTH PRETAX | | | | 295.22 | 295.22 | 4,428.30 |
| DENTAL PRETAX | | | | 51.67 | 51.67 | 775.05 |
| VISION PRETAX | | | | 23.42 | 23.42 | 351.30 |
| **Total** | | | | **1,943.22** | **1,943.22** | **26,231.64** |
| **Total** | | | | **0.00** | **0.00** | **0.00** |
| **TAXES** | | | | | | |
| Federal | FED | | | | | |
| TX Withholding Tax | | | | 282.85 | 282.85 | 4,901.72 |
| TX EE Social Securit | | | | 422.17 | 422.17 | 6,332.26 |
| TX EE Medicare Tax | | | | 98.73 | 98.73 | 1,480.93 |
| State | NJ | | | | | |
| TX Withholding Tax | | | | 291.42 | 291.42 | 4,575.14 |
| TX EE Unemployment T | | | | | | 152.24 |
| TX EE Workforce Devl | | | | | | 16.92 |
| TX EE Disability Tax | | | | 10.21 | 10.21 | 153.17 |
| TX EE Family Leave I | | | | 10.21 | 10.21 | 153.17 |
| **Total** | | | | **1,115.59** | **1,115.59** | **17,765.55** |

**PAYMENT DETAILS**

| Method | Detail | Check No | Amount | Currency |
|---|---|---|---|---|
| EBSCO Payroll ACH USD | CAPITAL ONE, NATIONAL ASSOCIATION XXXX | 0031546900024001 | 4,183.02 | USD |



EBSCO Industries, Inc.

**Pay Statement**

EBSCO Publishing, Inc.
10 Estes Street
IPSWICH MA 01938
978-356-6500

Personnel No:00315469
Name      :MOHAMED SOULEYMAN LY
485 GLENDALE RD
WILBRAHAM, MA 01095

Payroll      :Semi-Monthly
Pay period  :08/01/2022 to 08/15/2022
Pay Date    :08/15/2022

| Net Pay | = | Gross | - | GTE | - | Before Tax Ded | - | Taxes | - | After Tax Ded |
|---|---|---|---|---|---|---|---|---|---|---|
| 4,183.02 | | 7,294.07 | | 2.40 | | 1,943.22 | | 1,115.59 | | 49.84 |

**EARNINGS AND DEDUCTIONS**

| CATEGORY | Retro Amount | Rate | Number | Amount | Total | YTD Amount |
|---|---|---|---|---|---|---|
| **EARNINGS** | | | | | | |
| EE GTLI Taxable | | | | 2.40 | 2.40 | 31.50 |
| REGULAR PAY | | | | 7,291.67 | 7,291.67 | 106,682.89 |
| VACATION | | | | | | 2,692.16 |
| **Earnings Total** | | | | **7,294.07** | **7,294.07** | **109,406.55** |
| **DEDUCTIONS ( AFTER TAX )** | | | | | | |
| BASIC LIFE POSTTAX | | | | 1.35 | 1.35 | 17.72 |
| AD&D ACDNT/DTH/DISM | | | | 0.40 | 0.40 | 5.25 |
| INS LTD POSTTX | | | | 8.02 | 8.02 | 105.26 |
| OPT LIFE EE | | | | 35.70 | 35.70 | 341.27 |
| OPT LIFE SPOUSE | | | | 4.17 | 4.17 | 39.86 |
| OPT LIFE CHILD | | | | 0.20 | 0.20 | 2.63 |
| **Total** | | | | **49.84** | **49.84** | **511.99** |
| **DEDUCTIONS (BEFORE TAX)** | | | | | | |
| MEDICAL SPENDING ACC | | | | 114.58 | 114.58 | 1,718.70 |
| EBSCO PROFITSHARING | | | | 1,458.33 | 1,458.33 | 18,958.29 |
| PP01 HEALTH PRETAX | | | | 295.22 | 295.22 | 4,428.30 |
| DENTAL PRETAX | | | | 51.67 | 51.67 | 775.05 |
| VISION PRETAX | | | | 23.42 | 23.42 | 351.30 |
| **Total** | | | | **1,943.22** | **1,943.22** | **26,231.64** |
| **Total** | | | | **0.00** | **0.00** | **0.00** |
| **TAXES** | | | | | | |
| Federal | FED | | | | | |
| TX Withholding Tax | | | | 282.85 | 282.85 | 4,901.72 |
| TX EE Social Securit | | | | 422.17 | 422.17 | 6,332.26 |
| TX EE Medicare Tax | | | | 98.73 | 98.73 | 1,480.93 |
| State | NJ | | | | | |
| TX Withholding Tax | | | | 291.42 | 291.42 | 4,575.14 |
| TX EE Unemployment T | | | | | | 152.24 |
| TX EE Workforce Devl | | | | | | 16.92 |
| TX EE Disability Tax | | | | 10.21 | 10.21 | 153.17 |
| TX EE Family Leave I | | | | 10.21 | 10.21 | 153.17 |
| **Total** | | | | **1,115.59** | **1,115.59** | **17,765.55** |

**PAYMENT DETAILS**

| Method | Detail | Check No | Amount | Currency |
|---|---|---|---|---|
| EBSCO Payroll ACH USD | CAPITAL ONE, NATIONAL ASSOCIATION XXXX | 0031546900024001 | 4,183.02 | USD |



EBSCO Publishing, Inc.
10 Estes Street
IPSWICH MA 01938
978-356-6500

**Pay Statement**

| Personnel No:00315469 | Payroll | :Semi-Monthly |
| Name :MOHAMED SOULEYMAN LY | Pay period | :08/16/2022 to 08/31/2022 |
| EIS-PM-UX, EDS, SAAS 4 | Pay Date | :08/31/2022 |
| 6 RICHARDS WAY | | |
| HOLMDEL, NJ 07733 | | |

| Net Pay | = | Gross | - | GTE | - | Before Tax Ded | - | Taxes | - | After Tax Ded |
|---|---|---|---|---|---|---|---|---|---|---|
| 4,183.02 | | 7,294.07 | | 2.40 | | 1,943.22 | | 1,115.59 | | 49.84 |

**EARNINGS AND DEDUCTIONS**

| CATEGORY | Retro Amount | Rate | Number | Amount | Total | YTD Amount |
|---|---|---|---|---|---|---|
| **EARNINGS** | | | | | | |
| EE GTLI Taxable | | | | 2.40 | 2.40 | 33.90 |
| REGULAR PAY | | | | 7,291.67 | 7,291.67 | 113,974.56 |
| VACATION | | | | | | 2,692.16 |
| **Earnings Total** | | | | 7,294.07 | 7,294.07 | 116,700.62 |
| **DEDUCTIONS ( AFTER TAX )** | | | | | | |
| BASIC LIFE POSTTAX | | | | 1.35 | 1.35 | 19.07 |
| AD&D ACDNT/DTH/DISM | | | | 0.40 | 0.40 | 5.65 |
| INS LTD POSTTX | | | | 8.02 | 8.02 | 113.28 |
| OPT LIFE EE | | | | 35.70 | 35.70 | 376.97 |
| OPT LIFE SPOUSE | | | | 4.17 | 4.17 | 44.03 |
| OPT LIFE CHILD | | | | 0.20 | 0.20 | 2.83 |
| **Total** | | | | 49.84 | 49.84 | 561.83 |
| **DEDUCTIONS (BEFORE TAX)** | | | | | | |
| MEDICAL SPENDING ACC | | | | 114.58 | 114.58 | 1,833.28 |
| EBSCO PROFITSHARING | | | | 1,458.33 | 1,458.33 | 20,416.62 |
| BC HEALTH PRETAX | | | | 295.22 | 295.22 | 4,723.52 |
| DENTAL PRETAX | | | | 51.67 | 51.67 | 826.72 |
| VISION PRETAX | | | | 23.42 | 23.42 | 374.72 |
| **Total** | | | | 1,943.22 | 1,943.22 | 28,174.86 |
| **Total** | | | | 0.00 | 0.00 | 0.00 |
| **TAXES** | | | | | | |
| Federal | FED | | | | | |
| TX Withholding Tax | | | | 282.85 | 282.85 | 5,184.57 |
| TX EE Social Securit | | | | 422.17 | 422.17 | 6,754.43 |
| TX EE Medicare Tax | | | | 98.73 | 98.73 | 1,579.66 |
| State | NJ | | | | | |
| TX Withholding Tax | | | | 291.42 | 291.42 | 4,866.56 |
| TX EE Unemployment T | | | | | | 152.24 |
| TX EE Workforce Devl | | | | | | 16.92 |
| TX EE Disability Tax | | | | 10.21 | 10.21 | 163.38 |
| TX EE Family Leave I | | | | 10.21 | 10.21 | 163.38 |
| **Total** | | | | 1,115.59 | 1,115.59 | 18,881.14 |

**PAYMENT DETAILS**

| Method | Detail | Check No | Amount | Currency |
|---|---|---|---|---|
| EBSCO Payroll ACH USD | CAPITAL ONE, NATIONAL ASSOCIATION XXXX | 0031546900025001 | 4,183.02 | USD |



EBSCO Publishing, Inc.
10 Estes Street
IPSWICH MA 01938
978-356-6500

**Pay Statement**

| Personnel No:00315469 | Payroll | :Semi-Monthly |
| Name :MOHAMED SOULEYMAN LY | Pay period | :08/16/2022 to 08/31/2022 |
| | Pay Date | :08/31/2022 |
| 485 GLENDALE RD | | |
| WILBRAHAM, MA 01095 | | |

| Net Pay | = | Gross | - | GTE | - | Before Tax Ded | - | Taxes | - | After Tax Ded |
|---|---|---|---|---|---|---|---|---|---|---|
| 4,183.02 | | 7,294.07 | | 2.40 | | 1,943.22 | | 1,115.59 | | 49.84 |

**EARNINGS AND DEDUCTIONS**

| CATEGORY | Retro Amount | Rate | Number | Amount | Total | YTD Amount |
|---|---|---|---|---|---|---|
| **EARNINGS** | | | | | | |
| EE GTLI Taxable | | | | 2.40 | 2.40 | 33.90 |
| REGULAR PAY | | | | 7,291.67 | 7,291.67 | 113,974.56 |
| VACATION | | | | | | 2,692.16 |
| **Earnings Total** | | | | 7,294.07 | 7,294.07 | 116,700.62 |
| **DEDUCTIONS ( AFTER TAX )** | | | | | | |
| BASIC LIFE POSTTAX | | | | 1.35 | 1.35 | 19.07 |
| AD&D ACDNT/DTH/DISM | | | | 0.40 | 0.40 | 5.65 |
| INS LTD POSTTX | | | | 8.02 | 8.02 | 113.28 |
| OPT LIFE EE | | | | 35.70 | 35.70 | 376.97 |
| OPT LIFE SPOUSE | | | | 4.17 | 4.17 | 44.03 |
| OPT LIFE CHILD | | | | 0.20 | 0.20 | 2.83 |
| **Total** | | | | 49.84 | 49.84 | 561.83 |
| **DEDUCTIONS (BEFORE TAX)** | | | | | | |
| MEDICAL SPENDING ACC | | | | 114.58 | 114.58 | 1,833.28 |
| EBSCO PROFITSHARING | | | | 1,458.33 | 1,458.33 | 20,416.62 |
| PP01 HEALTH PRETAX | | | | 295.22 | 295.22 | 4,723.52 |
| DENTAL PRETAX | | | | 51.67 | 51.67 | 826.72 |
| VISION PRETAX | | | | 23.42 | 23.42 | 374.72 |
| **Total** | | | | 1,943.22 | 1,943.22 | 28,174.86 |
| **Total** | | | | 0.00 | 0.00 | 0.00 |
| **TAXES** | | | | | | |
| Federal | FED | | | | | |
| TX Withholding Tax | | | | 282.85 | 282.85 | 5,184.57 |
| TX EE Social Securit | | | | 422.17 | 422.17 | 6,754.43 |
| TX EE Medicare Tax | | | | 98.73 | 98.73 | 1,579.66 |
| State | NJ | | | | | |
| TX Withholding Tax | | | | 291.42 | 291.42 | 4,866.56 |
| TX EE Unemployment T | | | | | | 152.24 |
| TX EE Workforce Devl | | | | | | 16.92 |
| TX EE Disability Tax | | | | 10.21 | 10.21 | 163.38 |
| TX EE Family Leave I | | | | 10.21 | 10.21 | 163.38 |
| **Total** | | | | 1,115.59 | 1,115.59 | 18,881.14 |

**PAYMENT DETAILS**

| Method | Detail | Check No | Amount | Currency |
|---|---|---|---|---|
| EBSCO Payroll ACH USD | CAPITAL ONE, NATIONAL ASSOCIATION XXXX | 0031546900025001 | 4,183.02 | USD |



## Pay Statement

EBSCO Publishing, Inc.
10 Estes Street
IPSWICH MA 01938
978-356-6500

| Personnel No:00315469 | | Payroll | :Semi-Monthly |
| Name :MOHAMED SOULEYMAN LY | | Pay period | :09/01/2022 to 09/15/2022 |
| EIS-PM-UX, EDS, SAAS 4 | | Pay Date | :09/15/2022 |
| 203 WASHINGTON ST | | | |
| SALEM, MA 01970 | | | |

| Net Pay | = | Gross | - | GTE | - | Before Tax Ded | - | Taxes | - | After Tax Ded |
|---|---|---|---|---|---|---|---|---|---|---|
| 5,159.23 | | 7,294.07 | | 2.40 | | 568.27 | | 1,514.33 | | 49.84 |

### EARNINGS AND DEDUCTIONS

| CATEGORY | Retro Amount | Rate | Number | Amount | Total | YTD Amount |
|---|---|---|---|---|---|---|
| **EARNINGS** | | | | | | |
| EE GTLI Taxable | | | | 2.40 | 2.40 | 36.30 |
| REGULAR PAY | | | | 7,291.67 | 7,291.67 | 121,266.23 |
| VACATION | | | | | | 2,692.16 |
| **Earnings Total** | | | | **7,294.07** | **7,294.07** | **123,994.69** |
| **DEDUCTIONS ( AFTER TAX )** | | | | | | |
| BASIC LIFE POSTTAX | | | | 1.35 | 1.35 | 20.42 |
| AD&D ACDNT/DTH/DISM | | | | 0.40 | 0.40 | 6.05 |
| INS LTD POSTTX | | | | 8.02 | 8.02 | 121.30 |
| OPT LIFE EE | | | | 35.70 | 35.70 | 412.67 |
| OPT LIFE SPOUSE | | | | 4.17 | 4.17 | 48.20 |
| OPT LIFE CHILD | | | | 0.20 | 0.20 | 3.03 |
| **Total** | | | | | **49.84** | **49.84** | **611.67** |
| **DEDUCTIONS (BEFORE TAX)** | | | | | | |
| MEDICAL SPENDING ACC | | | | 114.58 | 114.58 | 1,947.86 |
| EBSCO PROFITSHARING | | | | 83.38 | 83.38 | 20,500.00 |
| BC HEALTH PRETAX | | | | 295.22 | 295.22 | 5,018.74 |
| DENTAL PRETAX | | | | 51.67 | 51.67 | 878.39 |
| VISION PRETAX | | | | 23.42 | 23.42 | 398.14 |
| **Total** | | | | **568.27** | **568.27** | **28,743.13** |
| **Total** | | | | **0.00** | **0.00** | **0.00** |
| **TAXES** | | | | | | |
| Federal FED | | | | | | |
| TX Withholding Tax | | | | 585.34 | 585.34 | 5,769.91 |
| TX EE Social Securit | | | | 422.17 | 422.17 | 7,176.60 |
| TX EE Medicare Tax | | | | 98.74 | 98.74 | 1,678.40 |
| State NJ | | | | | | |
| TX Withholding Tax | | | | 387.66 | 387.66 | 5,254.22 |
| TX EE Unemployment T | | | | | | 152.24 |
| TX EE Workforce Devl | | | | | | 16.92 |
| TX EE Disability Tax | | | | 10.21 | 10.21 | 173.59 |
| TX EE Family Leave I | | | | 10.21 | 10.21 | 173.59 |
| **Total** | | | | **1,514.33** | **1,514.33** | **20,395.47** |

### PAYMENT DETAILS

| Method | Detail | Check No | Amount | Currency |
|---|---|---|---|---|
| EBSCO Payroll ACH USD | CAPITAL ONE, NATIONAL ASSOCIATION XXXX | 0031546900026001 | 5,159.23 | USD |



## Pay Statement

EBSCO Publishing, Inc.
10 Estes Street
IPSWICH MA 01938
978-356-6500

| Personnel No:00315469 | | Payroll | :Semi-Monthly |
| Name :MOHAMED SOULEYMAN LY | | Pay period | :09/01/2022 to 09/15/2022 |
| | | Pay Date | :09/15/2022 |
| 485 GLENDALE RD | | | |
| WILBRAHAM, MA 01095 | | | |

| Net Pay | = | Gross | - | GTE | - | Before Tax Ded | - | Taxes | - | After Tax Ded |
|---|---|---|---|---|---|---|---|---|---|---|
| 5,159.23 | | 7,294.07 | | 2.40 | | 568.27 | | 1,514.33 | | 49.84 |

### EARNINGS AND DEDUCTIONS

| CATEGORY | Retro Amount | Rate | Number | Amount | Total | YTD Amount |
|---|---|---|---|---|---|---|
| **EARNINGS** | | | | | | |
| EE GTLI Taxable | | | | 2.40 | 2.40 | 36.30 |
| REGULAR PAY | | | | 7,291.67 | 7,291.67 | 121,266.23 |
| VACATION | | | | | | 2,692.16 |
| **Earnings Total** | | | | **7,294.07** | **7,294.07** | **123,994.69** |
| **DEDUCTIONS ( AFTER TAX )** | | | | | | |
| BASIC LIFE POSTTAX | | | | 1.35 | 1.35 | 20.42 |
| AD&D ACDNT/DTH/DISM | | | | 0.40 | 0.40 | 6.05 |
| INS LTD POSTTX | | | | 8.02 | 8.02 | 121.30 |
| OPT LIFE EE | | | | 35.70 | 35.70 | 412.67 |
| OPT LIFE SPOUSE | | | | 4.17 | 4.17 | 48.20 |
| OPT LIFE CHILD | | | | 0.20 | 0.20 | 3.03 |
| **Total** | | | | | **49.84** | **49.84** | **611.67** |
| **DEDUCTIONS (BEFORE TAX)** | | | | | | |
| MEDICAL SPENDING ACC | | | | 114.58 | 114.58 | 1,947.86 |
| EBSCO PROFITSHARING | | | | 83.38 | 83.38 | 20,500.00 |
| PP01 HEALTH PRETAX | | | | 295.22 | 295.22 | 5,018.74 |
| DENTAL PRETAX | | | | 51.67 | 51.67 | 878.39 |
| VISION PRETAX | | | | 23.42 | 23.42 | 398.14 |
| **Total** | | | | **568.27** | **568.27** | **28,743.13** |
| **Total** | | | | **0.00** | **0.00** | **0.00** |
| **TAXES** | | | | | | |
| Federal FED | | | | | | |
| TX Withholding Tax | | | | 585.34 | 585.34 | 5,769.91 |
| TX EE Social Securit | | | | 422.17 | 422.17 | 7,176.60 |
| TX EE Medicare Tax | | | | 98.74 | 98.74 | 1,678.40 |
| State NJ | | | | | | |
| TX Withholding Tax | | | | 387.66 | 387.66 | 5,254.22 |
| TX EE Unemployment T | | | | | | 152.24 |
| TX EE Workforce Devl | | | | | | 16.92 |
| TX EE Disability Tax | | | | 10.21 | 10.21 | 173.59 |
| TX EE Family Leave I | | | | 10.21 | 10.21 | 173.59 |
| **Total** | | | | **1,514.33** | **1,514.33** | **20,395.47** |

### PAYMENT DETAILS

| Method | Detail | Check No | Amount | Currency |
|---|---|---|---|---|
| EBSCO Payroll ACH USD | CAPITAL ONE, NATIONAL ASSOCIATION XXXX | 0031546900026001 | 5,159.23 | USD |



**EBSCO Industries, Inc.**

**Pay Statement**

EBSCO Publishing, Inc.
10 Estes Street
IPSWICH MA 01938
978-356-6500

Personnel No:00315469
Name        :MOHAMED SOULEYMAN LY
EIS-PM-UX, EDS, SAAS 4
203 WASHINGTON ST
SALEM, MA 01970

Payroll      :Semi-Monthly
Pay period   :10/01/2022 to 10/15/2022
Pay Date     :10/14/2022

| Net Pay | = | Gross | - | GTE | - | Before Tax Ded | - | Taxes | - | After Tax Ded |
|---|---|---|---|---|---|---|---|---|---|---|
| 5,340.16 | | 7,487.44 | | 2.40 | | 484.89 | | 1,609.93 | | 50.06 |

**EARNINGS AND DEDUCTIONS**

| CATEGORY | Retro Amount | Rate | Number | Amount | Total | YTD Amount |
|---|---|---|---|---|---|---|
| **EARNINGS** | | | | | | |
| EE GTLI Taxable | | | | 2.40 | 2.40 | 41.10 |
| REGULAR PAY | | | | 7,485.04 | 7,485.04 | 136,042.94 |
| VACATION | | | | | | 2,692.16 |
| FYE BONUS | | | | | | 6,294.49 |
| **Earnings Total** | | | | 7,487.44 | 7,487.44 | 145,070.69 |
| **DEDUCTIONS ( AFTER TAX )** | | | | | | |
| BASIC LIFE POSTTAX | | | | 1.35 | 1.35 | 23.12 |
| AD&D ACDNT/DTH/DISM | | | | 0.40 | 0.40 | 6.85 |
| INS LTD POSTTX | | | | 8.24 | 8.24 | 137.56 |
| OPT LIFE EE | | | | 35.70 | 35.70 | 484.07 |
| OPT LIFE SPOUSE | | | | 4.17 | 4.17 | 56.54 |
| OPT LIFE CHILD | | | | 0.20 | 0.20 | 3.43 |
| **Total** | | | | 50.06 | 50.06 | 711.57 |
| **DEDUCTIONS (BEFORE TAX)** | | | | | | |
| MEDICAL SPENDING ACC | | | | 114.58 | 114.58 | 2,177.02 |
| EBSCO PROFITSHARING | | | | | | 20,500.00 |
| BC HEALTH PRETAX | | | | 295.22 | 295.22 | 5,609.18 |
| DENTAL PRETAX | | | | 51.67 | 51.67 | 981.73 |
| VISION PRETAX | | | | 23.42 | 23.42 | 444.98 |
| **Total** | | | | 484.89 | 484.89 | 29,712.91 |
| **Total** | | | | 0.00 | 0.00 | 0.00 |
| **TAXES** | | | | | | |
| Federal | FED | | | | | |
| TX Withholding Tax | | | | 646.23 | 646.23 | 8,404.62 |
| TX EE Social Securit | | | | 434.16 | 434.16 | 8,423.18 |
| TX EE Medicare Tax | | | | 101.54 | 101.54 | 1,969.94 |
| State | NJ | | | | | |
| TX Withholding Tax | | | | 407.04 | 407.04 | 6,398.71 |
| TX EE Unemployment T | | | | | | 152.24 |
| TX EE Workforce Devl | | | | | | 16.92 |
| TX EE Disability Tax | | | | 10.48 | 10.48 | 203.10 |
| TX EE Family Leave I | | | | 10.48 | 10.48 | 203.10 |
| **Total** | | | | 1,609.93 | 1,609.93 | 25,771.81 |

**PAYMENT DETAILS**

| Method | Detail | Check No | Amount | Currency |
|---|---|---|---|---|
| EBSCO Payroll ACH USD | CAPITAL ONE, NATIONAL ASSOCIATION XXXX | 0031546900029001 | 5,340.16 | USD |

---



**EBSCO Industries, Inc.**

**Pay Statement**

EBSCO Publishing, Inc.
10 Estes Street
IPSWICH MA 01938
978-356-6500

Personnel No:00315469
Name        :MOHAMED SOULEYMAN LY
485 GLENDALE RD
WILBRAHAM, MA 01095

Payroll      :Semi-Monthly
Pay period   :10/01/2022 to 10/15/2022
Pay Date     :10/14/2022

| Net Pay | = | Gross | - | GTE | - | Before Tax Ded | - | Taxes | - | After Tax Ded |
|---|---|---|---|---|---|---|---|---|---|---|
| 5,340.16 | | 7,487.44 | | 2.40 | | 484.89 | | 1,609.93 | | 50.06 |

**EARNINGS AND DEDUCTIONS**

| CATEGORY | Retro Amount | Rate | Number | Amount | Total | YTD Amount |
|---|---|---|---|---|---|---|
| **EARNINGS** | | | | | | |
| EE GTLI Taxable | | | | 2.40 | 2.40 | 41.10 |
| REGULAR PAY | | | | 7,485.04 | 7,485.04 | 136,042.94 |
| VACATION | | | | | | 2,692.16 |
| FYE BONUS | | | | | | 6,294.49 |
| **Earnings Total** | | | | 7,487.44 | 7,487.44 | 145,070.69 |
| **DEDUCTIONS ( AFTER TAX )** | | | | | | |
| BASIC LIFE POSTTAX | | | | 1.35 | 1.35 | 23.12 |
| AD&D ACDNT/DTH/DISM | | | | 0.40 | 0.40 | 6.85 |
| INS LTD POSTTX | | | | 8.24 | 8.24 | 137.56 |
| OPT LIFE EE | | | | 35.70 | 35.70 | 484.07 |
| OPT LIFE SPOUSE | | | | 4.17 | 4.17 | 56.54 |
| OPT LIFE CHILD | | | | 0.20 | 0.20 | 3.43 |
| **Total** | | | | 50.06 | 50.06 | 711.57 |
| **DEDUCTIONS (BEFORE TAX)** | | | | | | |
| MEDICAL SPENDING ACC | | | | 114.58 | 114.58 | 2,177.02 |
| EBSCO PROFITSHARING | | | | | | 20,500.00 |
| PP01 HEALTH PRETAX | | | | 295.22 | 295.22 | 5,609.18 |
| DENTAL PRETAX | | | | 51.67 | 51.67 | 981.73 |
| VISION PRETAX | | | | 23.42 | 23.42 | 444.98 |
| **Total** | | | | 484.89 | 484.89 | 29,712.91 |
| **Total** | | | | 0.00 | 0.00 | 0.00 |
| **TAXES** | | | | | | |
| Federal | FED | | | | | |
| TX Withholding Tax | | | | 646.23 | 646.23 | 8,404.62 |
| TX EE Social Securit | | | | 434.16 | 434.16 | 8,423.18 |
| TX EE Medicare Tax | | | | 101.54 | 101.54 | 1,969.94 |
| State | NJ | | | | | |
| TX Withholding Tax | | | | 407.04 | 407.04 | 6,398.71 |
| TX EE Unemployment T | | | | | | 152.24 |
| TX EE Workforce Devl | | | | | | 16.92 |
| TX EE Disability Tax | | | | 10.48 | 10.48 | 203.10 |
| TX EE Family Leave I | | | | 10.48 | 10.48 | 203.10 |
| **Total** | | | | 1,609.93 | 1,609.93 | 25,771.81 |

**PAYMENT DETAILS**

| Method | Detail | Check No | Amount | Currency |
|---|---|---|---|---|
| EBSCO Payroll ACH USD | CAPITAL ONE, NATIONAL ASSOCIATION XXXX | 0031546900029001 | 5,340.16 | USD |



EBSCO Industries, Inc.

EBSCO Publishing, Inc.
10 Estes Street
IPSWICH MA 01938
978-356-6500

## Pay Statement

Personnel No:00315469
Name      :MOHAMED SOULEYMAN LY
EIS-PM-UX, EDS, SAAS 4
203 WASHINGTON ST
SALEM, MA 01970

Payroll      :Semi-Monthly
Pay period   :10/16/2022 to 10/31/2022
Pay Date     :10/31/2022

| Net Pay | = | Gross | - | GTE | - | Before Tax Ded | - | Taxes | - | After Tax Ded |
|---|---|---|---|---|---|---|---|---|---|---|
| 5,342.00 | | 7,487.44 | | 2.40 | | 484.91 | | 1,608.07 | | 50.06 |

### EARNINGS AND DEDUCTIONS

| CATEGORY | Retro Amount | Rate | Number | Amount | Total | YTD Amount |
|---|---|---|---|---|---|---|
| **EARNINGS** | | | | | | |
| EE GTLI Taxable | | | | 2.40 | 2.40 | 43.50 |
| REGULAR PAY | | | | 7,485.04 | 7,485.04 | 143,527.98 |
| VACATION | | | | | | 2,692.16 |
| FYE BONUS | | | | | | 6,294.49 |
| **Earnings Total** | | | | 7,487.44 | 7,487.44 | 152,558.13 |
| **DEDUCTIONS ( AFTER TAX )** | | | | | | |
| BASIC LIFE POSTTAX | | | | 1.35 | 1.35 | 24.47 |
| AD&D ACDNT/DTH/DISM | | | | 0.40 | 0.40 | 7.25 |
| INS LTD POSTTX | | | | 8.24 | 8.24 | 145.80 |
| OPT LIFE EE | | | | 35.70 | 35.70 | 519.77 |
| OPT LIFE SPOUSE | | | | 4.17 | 4.17 | 60.71 |
| OPT LIFE CHILD | | | | 0.20 | 0.20 | 3.63 |
| **Total** | | | | 50.06 | 50.06 | 761.63 |
| **DEDUCTIONS (BEFORE TAX)** | | | | | | |
| MEDICAL SPENDING ACC | | | | 114.60 | 114.60 | 2,291.62 |
| EBSCO PROFITSHARING | | | | | | 20,500.00 |
| BC HEALTH PRETAX | | | | 295.22 | 295.22 | 5,904.40 |
| DENTAL PRETAX | | | | 51.67 | 51.67 | 1,033.40 |
| VISION PRETAX | | | | 23.42 | 23.42 | 468.40 |
| **Total** | | | | 484.91 | 484.91 | 30,197.82 |
| **Total** | | | | 0.00 | 0.00 | 0.00 |
| **TAXES** | | | | | | |
| Federal | FED | | | | | |
| TX Withholding Tax | | | | 646.22 | 646.22 | 9,050.84 |
| TX EE Social Securit | | | | 434.16 | 434.16 | 8,857.34 |
| TX EE Medicare Tax | | | | 101.53 | 101.53 | 2,071.47 |
| State | NJ | | | | | |
| TX Withholding Tax | | | | 407.04 | 407.04 | 6,805.75 |
| TX EE Unemployment T | | | | | | 152.24 |
| TX EE Workforce Devl | | | | | | 16.92 |
| TX EE Disability Tax | | | | 9.56 | 9.56 | 212.66 |
| TX EE Family Leave I | | | | 9.56 | 9.56 | 212.66 |
| **Total** | | | | 1,608.07 | 1,608.07 | 27,379.88 |

### PAYMENT DETAILS

| Method | | Detail | Check No | Amount | Currency |
|---|---|---|---|---|---|
| EBSCO Payroll ACH USD | | CAPITAL ONE, NATIONAL ASSOCIATION XXXX | 0031546900030001 | 5,342.00 | USD |

---



EBSCO Industries, Inc.

EBSCO Publishing, Inc.
10 Estes Street
IPSWICH MA 01938
978-356-6500

## Pay Statement

Personnel No:00315469
Name      :MOHAMED SOULEYMAN LY

485 GLENDALE RD
WILBRAHAM, MA 01095

Payroll      :Semi-Monthly
Pay period   :10/16/2022 to 10/31/2022
Pay Date     :10/31/2022

| Net Pay | = | Gross | - | GTE | - | Before Tax Ded | - | Taxes | - | After Tax Ded |
|---|---|---|---|---|---|---|---|---|---|---|
| 5,342.00 | | 7,487.44 | | 2.40 | | 484.91 | | 1,608.07 | | 50.06 |

### EARNINGS AND DEDUCTIONS

| CATEGORY | Retro Amount | Rate | Number | Amount | Total | YTD Amount |
|---|---|---|---|---|---|---|
| **EARNINGS** | | | | | | |
| EE GTLI Taxable | | | | 2.40 | 2.40 | 43.50 |
| REGULAR PAY | | | | 7,485.04 | 7,485.04 | 143,527.98 |
| VACATION | | | | | | 2,692.16 |
| FYE BONUS | | | | | | 6,294.49 |
| **Earnings Total** | | | | 7,487.44 | 7,487.44 | 152,558.13 |
| **DEDUCTIONS ( AFTER TAX )** | | | | | | |
| BASIC LIFE POSTTAX | | | | 1.35 | 1.35 | 24.47 |
| AD&D ACDNT/DTH/DISM | | | | 0.40 | 0.40 | 7.25 |
| INS LTD POSTTX | | | | 8.24 | 8.24 | 145.80 |
| OPT LIFE EE | | | | 35.70 | 35.70 | 519.77 |
| OPT LIFE SPOUSE | | | | 4.17 | 4.17 | 60.71 |
| OPT LIFE CHILD | | | | 0.20 | 0.20 | 3.63 |
| **Total** | | | | 50.06 | 50.06 | 761.63 |
| **DEDUCTIONS (BEFORE TAX)** | | | | | | |
| MEDICAL SPENDING ACC | | | | 114.60 | 114.60 | 2,291.62 |
| EBSCO PROFITSHARING | | | | | | 20,500.00 |
| PP01 HEALTH PRETAX | | | | 295.22 | 295.22 | 5,904.40 |
| DENTAL PRETAX | | | | 51.67 | 51.67 | 1,033.40 |
| VISION PRETAX | | | | 23.42 | 23.42 | 468.40 |
| **Total** | | | | 484.91 | 484.91 | 30,197.82 |
| **Total** | | | | 0.00 | 0.00 | 0.00 |
| **TAXES** | | | | | | |
| Federal | FED | | | | | |
| TX Withholding Tax | | | | 646.22 | 646.22 | 9,050.84 |
| TX EE Social Securit | | | | 434.16 | 434.16 | 8,857.34 |
| TX EE Medicare Tax | | | | 101.53 | 101.53 | 2,071.47 |
| State | NJ | | | | | |
| TX Withholding Tax | | | | 407.04 | 407.04 | 6,805.75 |
| TX EE Unemployment T | | | | | | 152.24 |
| TX EE Workforce Devl | | | | | | 16.92 |
| TX EE Disability Tax | | | | 9.56 | 9.56 | 212.66 |
| TX EE Family Leave I | | | | 9.56 | 9.56 | 212.66 |
| **Total** | | | | 1,608.07 | 1,608.07 | 27,379.88 |

### PAYMENT DETAILS

| Method | | Detail | Check No | Amount | Currency |
|---|---|---|---|---|---|
| EBSCO Payroll ACH USD | | CAPITAL ONE, NATIONAL ASSOCIATION XXXX | 0031546900030001 | 5,342.00 | USD |

# UNDENIABLE RECORD CONTRADICTION

- These exhibits are payroll statements--completed statutory business records--each purporting to represent the same employee, the same employer, and the same pay period. Payroll records are fixed at issuance and governed by mandatory federal and state recordkeeping statutes. An employer is legally required to maintain a single, accurate payroll record for each earnings event. Two mutually inconsistent payroll records for the same event cannot coexist under law.

- The left record, contemporaneously accessed by the employee from the employer's SAP payroll system, reflects a New Jersey residence. The later-produced record substitutes a Massachusetts residence while retaining New Jersey tax treatment, rendering that instrument internally contradictory on its face. No correction code, amendment notation, reversal entry, or audit provenance appears on either record. Under governing law, the absence of a documented correction means no lawful correction occurred.

- These inconsistencies are established entirely within the four corners of the documents. No inference, explanation, or extrinsic evidence is required. The employer-of-record bears non-delegable responsibility for the accuracy of payroll records. Issuance of two irreconcilable payroll statements for a single earnings event constitutes a complete statutory failure of record integrity.

- **Authorities:**
  29 U.S.C. §211(c); 29 CFR §§516.1, 516.2, 516.6 (mandatory payroll accuracy and retention)
  26 CFR §31.6001-1; IRS Publications 15 & 15-A (fixed records; documented corrections required)
  Fed. R. Evid. 803(6) (business records must be trustworthy on their face)
  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) (employer bears burden of accurate wage records)

- **Conclusion:**
  The contradiction is complete, facial, and legally dispositive. One employee, one pay period, and one earnings event produced two incompatible statutory records issued by the same employer. Both cannot be true.

- **Evidence Tampering and Ongoing Alteration**

- The existence of multiple irreconcilable payroll records--followed by the post-termination, litigation-era issuance of a further altered version--constitutes **incontrovertible proof of ongoing evidence tampering**. Payroll records are fixed statutory instruments subject to mandatory preservation. The regeneration, alteration, and substitution of payroll data during active litigation, without lawful correction metadata, demonstrates active manipulation, purging, or deletion of original records within the employer's control. This conduct is not historical or isolated; it is contemporaneous with the litigation itself and establishes continuing interference with required record retention and evidentiary integrity.

- **The contradiction is complete on the face of the documents and requires no external proof**.

**FORENSIC DELTA SCAN: COMPLETE PAYROLL RECORD FALSIFICATION ANALYSIS**

**EXECUTIVE SUMMARY: SYSTEMATIC ADDRESS FORGERY PROVEN**

**FINDING:** All HR-provided paystubs (December 2025) and June 3 Discovery Productions contain **FORGED employee addresses** - retroactively altered from actual historical addresses to uniform "485 Glendale Rd, Wilbraham, MA 01085" across all pay periods, from November 1, 2021, 371 days before Plaintiff acquired 485 Glendale Rd, Wilbraham, MA Property interest (Exhibit B).

**EVIDENCE:** Side-by-side comparison of (1) Original paystubs downloaded by Plaintiff during employment from SuccessFactors vs. (2) HR-provided paystubs generated December 2025.

**LEGAL EFFECT:**

- **18 U.S.C. § 1519** - Obstruction (document alteration during litigation)

- **18 U.S.C. § 1001** - False records in federal proceeding

- **Fed. R. Civ. P. 37** - Spoliation (alteration of evidence)

- **Fraud on Court** - Submission of forged documents

---

**MASTER FORENSIC COMPARISON TABLE**

**COMPLETE DELTA SCAN: ALL PAY PERIODS**

| Pay Period | ORIGINAL (Self-Downloaded) Employee Address | DEFENSE-PROVIDED (Dec 2025) Employee Address | DEVIATION TYPE | FRAUD CLASSIFICATION | LEGAL VIOLATION | EVIDENTIARY SIGNIFICANCE |
|---|---|---|---|---|---|---|
| 06/01-06/15/22 | 6 Richards Way, Holmdel, NJ 07733 | 485 Glendale Rd, Wilbraham, MA 01085 | UNAUTHORIZED ALTERATION | Retroactive Address Forgery | 18 U.S.C. § 1519, § 1001 | Destroys NJ residency evidence |
| 06/16-06/30/22 | 6 Richards Way, Holmdel, NJ 07733 | 485 Glendale Rd, Wilbraham, MA 01085 | UNAUTHORIZED ALTERATION | Retroactive Address Forgery | 18 U.S.C. § 1519, § 1001 | Destroys NJ residency evidence |

| Pay Period | ORIGINAL (Self-Downloaded) Employee Address | DEFENSE-PROVIDED (Dec 2025) Employee Address | DEVIATION TYPE | FRAUD CLASSIFICATION | LEGAL VIOLATION | EVIDENTIARY SIGNIFICANCE |
|---|---|---|---|---|---|---|
| 07/01-07/15/22 | 6 Richards Way, Holmdel, NJ 07733 | 485 Glendale Rd, Wilbraham, MA 01085 | UNAUTHORIZED ALTERATION | Retroactive Address Forgery | 18 U.S.C. § 1519, § 1001 | Destroys NJ residency evidence |
| 07/16-07/31/22 | 6 Richards Way, Holmdel, NJ 07733 | 485 Glendale Rd, Wilbraham, MA 01085 | UNAUTHORIZED ALTERATION | Retroactive Address Forgery | 18 U.S.C. § 1519, § 1001 | Destroys NJ residency evidence |
| 08/01-08/15/22 | 6 Richards Way, Holmdel, NJ 07733 | 485 Glendale Rd, Wilbraham, MA 01085 | UNAUTHORIZED ALTERATION | Retroactive Address Forgery | 18 U.S.C. § 1519, § 1001 | Destroys NJ residency evidence |
| 08/16-08/31/22 | 6 Richards Way, Holmdel, NJ 07733 | 485 Glendale Rd, Wilbraham, MA 01085 | UNAUTHORIZED ALTERATION | Retroactive Address Forgery | 18 U.S.C. § 1519, § 1001 | Destroys NJ residency evidence + last NJ period |
| 09/01-09/15/22 | 203 Washington St, Salem, MA 01970 | 485 Glendale Rd, Wilbraham, MA 01085 | UNAUTHORIZED ALTERATION | Retroactive Address Forgery | 18 U.S.C. § 1519, § 1001 | Destroys MA relocation evidence + wrong-state tax evidence |
| 10/01-10/15/22 | 203 Washington St, Salem, MA 01970 | 485 Glendale Rd, Wilbraham, MA 01085 | UNAUTHORIZED ALTERATION | Retroactive Address Forgery | 18 U.S.C. § 1519, § 1001 | Destroys MA relocation evidence + wrong-state tax evidence |
| 10/16-10/31/22 | 203 Washington St, Salem, MA 01970 | 485 Glendale Rd, Wilbraham, MA 01085 | UNAUTHORIZED ALTERATION | Retroactive Address Forgery | 18 U.S.C. § 1519, § 1001 | Destroys MA relocation evidence + wrong-state tax evidence |

**DETAILED FORENSIC ANALYSIS: PAY PERIOD BY PAY PERIOD**

**PAY PERIOD: 06/01/2022 - 06/15/2022**

**ORIGINAL RECORD (Self-Downloaded During Employment)**

Personnel No: 00315469

Name: MOHAMED SOULEYMAN LY

EIS-PM-UX, EDS, SAAS 4

ADDRESS: 6 RICHARDS WAY

    HOLMDEL, NJ 07733

Pay Date: 06/15/2022

**HR-PROVIDED RECORD (December 2025)**

Personnel No: 00315469

Name: MOHAMED SOULEYMAN LY

ADDRESS: 485 GLENDALE RD

    WILBRAHAM, MA 01085

Pay Date: 06/15/2022

**DELTA ANALYSIS**

| Field | Original Value | HR-Provided Value | Status | Legal Effect |
|---|---|---|---|---|
| **Employee Address** | **6 Richards Way, Holmdel, NJ 07733** | **485 Glendale Rd, Wilbraham, MA 01085** | **FORGED** | **Eliminates NJ residency proof** |
| Employer | EBSCO Publishing, Inc. | EBSCO Publishing, Inc. | **Match** | **Both list dissolved entity** |
| Employer Address | 10 Estes St, Ipswich MA | 10 Estes St, Ipswich MA | Match | Both list false MA HQ |
| Gross Pay | 7,294.07 | 7,294.07 | Match | Financial data consistent |
| Net Pay | 4,198.60 | 4,198.60 | Match | Financial data consistent |

| Field | Original Value | HR-Provided Value | Status | Legal Effect |
|---|---|---|---|---|
| State Tax | NJ | NJ | Match | **Proves NJ residency during period** |

**FRAUD INDICATOR:** Original shows NJ address + NJ taxes = **correct withholding**. HR-provided shows MA address but **still NJ taxes** = **impossible if address were original**. The contradiction proves the MA address is a **later falsification**.

---

**PAY PERIOD: 09/01/2022 - 09/15/2022**

**ORIGINAL RECORD (Self-Downloaded During Employment)**

Personnel No: 00315469

Name: MOHAMED SOULEYMAN LY

EIS-PM-UX, EDS, SAAS 4

ADDRESS: 203 WASHINGTON ST

SALEM, MA 01970

Pay Date: 09/15/2022

**HR-PROVIDED RECORD (December 2025)**

Personnel No: 00315469

Name: MOHAMED SOULEYMAN LY

ADDRESS: 485 GLENDALE RD

WILBRAHAM, MA 01085

Pay Date: 09/15/2022

**DELTA ANALYSIS**

| Field | Original Value | HR-Provided Value | Status | Legal Effect |
|---|---|---|---|---|
| Employee Address | 203 Washington St, Salem, MA 01970 | 485 Glendale Rd, Wilbraham, MA 01085 | FORGED | **Eliminates proof of MA relocation** |
| State Tax | NJ | NJ | Match | **PROVES TAX FRAUD** |

**CRITICAL FRAUD INDICATOR:**

This is the **smoking gun** pay period.

**Original record shows:**

- Employee address: **Salem, MA** (Massachusetts resident)

- State tax withheld: **NJ** (New Jersey)

- **= WRONG-STATE TAX FRAUD**

**HR-provided record shows:**

- Employee address: **Wilbraham, MA** (Massachusetts resident)

- State tax withheld: **NJ** (New Jersey)

- **= Same wrong-state tax fraud BUT different MA address**

**Proof of Forgery:**

If the HR-provided address (Wilbraham, MA) were **original**, it would show:

- MA resident from day 1

- Wrong-state withholding from day 1

- **Obvious tax fraud visible on face of record**

But Defendants **altered the address** to create appearance that:

- Plaintiff was always MA resident

- Just at different MA location

- Making wrong-state tax look like "mistake" rather than **systematic multi-state fraud**

**The address forgery is an attempted cover-up of the tax fraud.**

---

**COMPREHENSIVE FORGERY MATRIX**

**ALTERATIONS BY CATEGORY**

**CATEGORY 1: NEW JERSEY RESIDENCY ELIMINATION**

**Pay Periods Affected:** 06/01/22 through 08/31/22 (6 pay periods)

| Original Evidence | Forged Version | Evidence Destroyed |
|---|---|---|
| **6 Richards Way, Holmdel, NJ 07733** | **485 Glendale Rd, Wilbraham, MA 01085** | **6 months NJ residency** |
| NJ state tax withheld | NJ state tax withheld | **Multi-state employment** |
| Employer compliance with NJ law | Employer compliance with NJ law | **NJ jurisdiction** |

**LEGAL SIGNIFICANCE:**

- **Eliminates evidence** of 6-month New Jersey residency

- **Destroys proof** of multi-state employment relationship

- **Conceals** NJ employer registration obligations

- **Evades** NJ unemployment insurance, disability insurance requirements

- **Obscures** FMLA timing (when did MA relocation occur vs. when did medical issues arise)

## CATEGORY 2: MASSACHUSETTS RELOCATION ELIMINATION

**Pay Periods Affected:** 09/01/22 through 10/31/22 (3 pay periods)

| Original Evidence | Forged Version | Evidence Destroyed |
|---|---|---|
| **203 Washington St, Salem, MA 01970** | **485 Glendale Rd, Wilbraham, MA 01085** | **Actual MA address during wrong-state withholding** |
| NJ tax while MA resident | NJ tax while MA resident | **Geographic proof of tax fraud** |
| Relocation timing | Uniform address history | **FMLA accommodation context** |

**LEGAL SIGNIFICANCE:**

- **Destroys evidence** of exact relocation date (critical for FMLA claims)

- **Eliminates proof** that Plaintiff was MA resident while Defendants withheld NJ taxes

- **Conceals** that wrong-state withholding occurred **after** MA relocation (not before)

- **Obscures** whether accommodation requests coincided with relocation

## CATEGORY 3: TAX FRAUD CONCEALMENT

**Critical Evidence Destroyed:**

**Original Records Proved:**

1. ✓ NJ resident (June-August 2022)

2. ✓ NJ taxes withheld (correct)

3. ✓ Relocated to MA (September 2022)

4. ✓ NJ taxes **still** withheld (September-October 2022)

5. ✓ **= Clear wrong-state tax fraud**

**Forged Records Create Appearance:**

1. MA resident entire time (Wilbraham address)

2. NJ taxes withheld entire time

3. **= Looks like "administrative error" rather than fraud**

**But Original + Forged Together Prove:**

The **change in address** (NJ → Salem, MA → Wilbraham, MA) on originals proves:

- Addresses were **contemporaneous** (reflected actual residence at time)

- Forgery **retroactively uniformized** to single address

- Purpose: **Conceal the relocation that made NJ withholding fraudulent**

---

**METADATA FORENSICS**

**TEMPORAL IMPOSSIBILITY ANALYSIS**

| Document Characteristic | Original Paystubs | HR-Provided Paystubs | Conclusion |
|---|---|---|---|
| **Creation Date** | Contemporaneous (June-Oct 2022) | **December 2025** | **Forged** |
| **Address Variability** | **3 different addresses** (NJ, Salem MA, [implied Wilbraham MA later]) | **1 uniform address** (Wilbraham MA) | **Retroactive alteration** |
| **Source System** | SuccessFactors (downloaded during employment) | **Regenerated** from altered database | **Not original** |

| Document Characteristic | Original Paystubs | HR-Provided Paystubs | Conclusion |
|---|---|---|---|
| PDF Metadata | 2022 timestamps | 2025 timestamps | Created 3 years later |

**LEGAL IMPOSSIBILITY:**

A September 2022 paystub CANNOT show a Wilbraham, MA address that didn't become Plaintiff's address until later.

**Two possibilities:**

1. **Original paystubs are fake** (impossible - downloaded from employer system during employment)

2. **HR-provided paystubs are forged** (proven by temporal impossibility)

**Only possibility 2 is consistent with all evidence.**

---

**SPOLIATION TIMELINE**

**CHRONOLOGICAL PROOF OF INTENT**

| Date | Event | Significance |
|---|---|---|
| Jun-Oct 2022 | Original paystubs issued with actual addresses | **Baseline established** |
| Jun-Oct 2022 | Plaintiff downloads paystubs from SuccessFactors | **Originals preserved** |
| Jun 2023 | Employment ends | Plaintiff loses system access |
| 2024 | Litigation commences | **Preservation duty arises** |
| July-Dec 2025 | Plaintiff serves preservation notices | **Explicit duty to preserve** |
| November 2025 | Executive profile deleted | **Spoliation begins** |
| December 2025 | **HR provides "payroll records" with forged addresses** | **SYSTEMATIC FORGERY** |

| Date | Event | Significance |
|---|---|---|
| **January 9, 2026** | Defendants file Answer denying fraud | **Perjury based on forged records** |

**PROOF OF BAD FAITH:**

Forgery occurred:

- √ **AFTER** litigation commenced

- √ **AFTER** preservation notices served

- √ **AFTER** Plaintiff identified fraud with specificity

- √ **WHILE** Defendants denied "any fraud, whatsoever"

**= Knowing, willful, deliberate obstruction**

---

**LEGAL VIOLATION MATRIX**

**FEDERAL CRIMES ESTABLISHED**

| Statute | Elements Satisfied | Evidence | Penalty |
|---|---|---|---|
| **18 U.S.C. § 1519** | (1) Altered records √ (2) Intent to impede √ (3) Federal proceeding √ | Address forgery during litigation | **20 years** |
| **18 U.S.C. § 1512** | (1) Altered documents √ (2) Impair availability √ (3) Official proceeding √ | Same | **20 years** |
| **18 U.S.C. § 1001** | (1) False statement √ (2) Federal jurisdiction √ (3) Material √ | Forged records submitted | **5 years** |
| **18 U.S.C. § 1621** | (1) Oath √ (2) False testimony √ (3) Material √ | Answer based on forged records | **5 years** |

**CIVIL SANCTIONS**

| Rule/Doctrine | Violation | Sanction |
|---|---|---|
| **Fed. R. Civ. P. 37(b)(2)(A)** | Spoliation of evidence | **Dismissal, default, adverse inference** |
| **Fraud on Court** | Submission of forged documents | **Default judgment authorized** |
| **Inherent Power** | Bad faith litigation conduct | **Monetary sanctions, fees, dismissal** |

**PROPOSED EMERGENCY ORDER**

**IMMEDIATE PRESERVATION AND SANCTIONS**

**The Court, having reviewed forensic comparison establishing systematic address forgery, ORDERS:**

**I. FORENSIC PRESERVATION (Immediate)**

☐ All HRIS databases **FROZEN** (no access except court-appointed forensic expert) ☐ **Forensic imaging** of SuccessFactors database within **48 hours** ☐ **Transaction logs** preserved showing all modifications to Plaintiff's records ☐ **Backup systems** secured (pre-alteration versions)

**II. ADVERSE INFERENCES (Automatic)**

☐ Court **INFERS** that forged addresses were created to:

- Conceal multi-state employment

- Destroy wrong-state tax fraud evidence

- Eliminate FMLA relocation context

- Obstruct justice

☐ Court **ESTABLISHES** as fact:

- Plaintiff resided in NJ (June-August 2022)

- Plaintiff relocated to Salem, MA (September 2022)

- Defendants withheld NJ taxes while Plaintiff resided in MA

- **= Multi-state tax fraud proven**

**III. SANCTIONS (Immediate)**

☐ **Monetary sanctions:** $250,000 (systematic forgery across 9 pay periods) ☐ **Strike all defenses** (forfeited by fraud on court) ☐ **Default judgment** on liability ☐ **Attorneys' fees:** All costs of forensic analysis + litigation

**IV. CRIMINAL REFERRAL (Mandatory)**

☐ **U.S. Attorney:** 18 U.S.C. §§ 1519, 1512, 1001, 1621 ☐ **FBI:** Obstruction of justice investigation ☐ **IRS Criminal Investigation:** Multi-state tax fraud

**SO ORDERED.**

---

**CONCLUSION: THE RECORD IS IRREFUTABLE**

**NINE pay periods.**
**NINE forged addresses.**
**100% systematic alteration.**

**Original paystubs** (self-downloaded during employment):

- Show 3 different addresses over time

- Prove NJ residency (June-August)

- Prove MA relocation (September)

- Prove wrong-state tax withholding

**HR-provided paystubs** (December 2025):

- Show 1 uniform address across all periods

- Retroactively applied to periods before that address existed

- Temporal impossibility proves forgery

- Created during litigation after preservation notices

**The forgery is:**

- **Systematic** (all 9 periods altered)

- **Deliberate** (uniform address substitution)

- **Material** (destroys critical evidence)

- **Intentional** (occurred during litigation)

- **Criminal** (18 U.S.C. §§ 1519, 1512)

**No trial needed.**
**No argument necessary.**
**The documents speak.**

**Forged records + Original records = Proof of obstruction.**

**Judgment for Plaintiff is compulsory; deriving and flowing straight from the mechanical execution of governing rules under FRCP and the Court'.**

---

**CERTIFICATION:** This forensic analysis is based solely on comparison of documents in the record. All findings are derived from facial contradictions between original and HR-provided paystubs. No interpretation or inference required - the forgery is self-evident from the documents themselves.

**EXHIBIT C**

Plaintiff's 1746 Declaration Establishing Sworn Factual Record and Supporting Evidentiary Foundation

# FILED DIRECTLY

**EXHIBIT D**

Forensic Spoliation Chronology and Five-Vector Evidence Submission Documenting Preservation
Failures, Evidence Alteration Indicators, and Discovery-Related Irregularities

**EXHIBIT E**

Certification of Satisfaction of Rule 37(e) Standards for Electronically Stored Information Preservation and Spoliation Analysis

# FILED DIRECTLY

**EXHIBIT F**

Forensic Delta Analysis: Comparative Examination of Contemporaneous Payroll Records Versus Litigation-Produced Versions Identifying Systematic Retroactive Address Alterations, Temporal Record Inconsistencies, and Material Impacts on Tax, Benefits, Retirement, Social Security, and Jurisdictional Reporting

# FILED DIRECTLY

# Rule 7.1 Defends' Corporate Disclosure Filing (Doc. 40)

## With Forensics annotations

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

No explanation, election, or further proof is required. By their repeated sworn admissions, Defendants are judicially estopped, and the document is internally contradictory, facially false, and self-dispositive.

Plaintiff,

v.

EBSCO INDUSTRIES, INC.; TIM COLLINS; ANNIE CALLANAN; GAR SYDNOR; and TIM LULL,

Defendants.

Civi

**Fed. R. Civ. P. 7.1(a)(2)**

**1**

**Contextual Contradiction Marker.**
This certification is irreconcilable with the subsequent sworn footnote asserting multi-tier corporate relationships relevant to Plaintiff's employment.

**DEFENDANT EBSCO INDUSTRIES, INC.'S CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendant EBSCO Industries, Inc.[1] ("EBSCO"), through its counsel in the above-captioned matter, certifies the following:

EBSCO has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

**2**

**False Employer Attribution**
EBSCO Publishing, Inc. was not the lawful Employer of Record. It's a **defunct** + **disregarded** entity and never paid wages, issued W-2s, or maintained federal employment records for Plaintiff

**3**

**False Exclusion** of Lawful Employer
EBSCO Industries, Inc. is the sole wage-paying entity and the only employer appearing on Plaintiff's W-2s and federal tax filings throughout the employment period

**4**

**False Assertion of Existence & Capacity**
EBSCO Publishing, Inc. ceased to exist as a separate entity on July 1, 2013, having been statutorily merged into EBSCO Information Services, LLC. It is also doubly precluded from being EOR, as SMLLC/disregarded entity

**5**

**False Corporate Chain Declaration**
The asserted subsidiary chain is legally incoherent where both EBSCO Publishing, Inc. and EBSCO Information Services, LLC are disregarded entities incapable of serving as an EOR

_____
[1] Plaintiff was employed by EBSCO Publishing, Inc. not EBSCO Industries, Inc. EBSCO Publishing is a subsidiary of EBSCO Information Services, LLC which is in turn a subsidiary of EBSCO Industries, Inc

**6**

**Sworn Composite False Statement (The Entire Footnote 1)**
This footnote constitutes a single sworn certification containing multiple mutually exclusive and independently false assertions regarding employer identity, corporate existence, and employment records, rendered false across all payroll, tax, and agency filings. See Appendix for all 25 perjuries

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

No explanation, election, or further proof is required. By their repeated sworn admissions, Defendants are judicially estopped, and the document is internally contradictory, facially false, and self-dispositive.

Plaintiff,

v.

EBSCO INDUSTRIES, INC.; TIM COLLINS; ANNIE CALLANAN; GAR SYDNOR; and TIM LULL,

Defendants.

**Fed. R. Civ. P. 7.1(a)(2)**

**1 Contextual Contradiction Marker.**
Sworn certification contradicting record violates Rule 11(b) and triggers judicial estoppel (New Hampshire v. Maine, 532 U.S. 742). Misrepresentation subjects counsel+defendants to sanctions and bars inconsistent litigation positions.

**DEFENDANT EBSCO INDUSTRIES, INC.'S CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendant EBSCO Industries, Inc.[1] ("EBSCO"), through its counsel in the above-captioned matter, certifies the following:

EBSCO has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

**2 False Employer Attribution**
EPI is defunct/disregarded; only lawful EOR issues W-2s & pays wages (29 U.S.C. § 203(d), IRS Rev. Rul. 87-41). Misattribution violates FLSA and IRC §§ 7201, 7434; payroll from defunct entity is void and fraudulent.

**3 False Exclusion of Lawful Employer**
EBSCO Industries is sole wage payer per 26 U.S.C. § 3401(d); omitting it in filings is false statement under 18 U.S.C. § 1001 & 26 U.S.C. § 7206, invalidating tax documents and trigger statutory penalties.

**4 False Assertion of Existence & Capacity**
A dissolved corporation lacks capacity to employ or contract (Del. Corp. Law § 265). Disregarded SMLLCs cannot be EOR (IRS Rev. Rul. 2002-26). Contracts/payroll from such entities are void ab initio (*Restatement (Second) Contracts* §14).

**5 False Corporate Chain Declaration**
Misrepresenting subsidiary status violates SEC ownership rules (15 U.S.C. § 78m), IRS payroll rules, and triggers veil piercing (*United States v. Bestfoods*, 524 U.S. 51). False chain statements are fraudulent and trigger civil/criminal liability.

_____
[1] Plaintiff was employed by EBSCO Publishing, Inc., not EBSCO Industries, Inc. EBSCO Publishing is a subsidiary of EBSCO Information Services, LLC which is in turn a subsidiary of EBSCO Industries, Inc.

**6 Sworn Composite False Statement (The Entire Footnote 1)**
Single sworn statement with multiple contradictions breaches Rule 11(b), constitutes perjury (18 U.S.C. § 1621), and triggers judicial estoppel (*New Hampshire v. Maine*). It is self-dispositive, sanctionable, and grounds for criminal referral.

Respectfully submitted,

EBSCO INDUSTRIES, INC.,

By its attorneys,

/s/ Matthew J. Lynch
Melissa L. McDonagh, Bar No. 569023
mmcdonagh@littler.com
Matthew J. Lynch, Bar No. 689363
mlynch@littler.com

LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA  02110
Telephone:     617.378.6000
Facsimile:     617.737.0052

**Rule 11 Certification Applies**
➔ *Rule 7.1 disclosures* constitute certified representations to the Court and are binding judicial admissions subject to Rules 11, 56, and principles of judicial estoppel. **Fed. R. Civ. P. 11(b)(1)–(4)**

**Ultimate Party Attribution**
This disclosure is certified by counsel on behalf of EBSCO Industries, Inc.—the sole wage-paying, tax-reporting, and controlling entity—superseding any subsidiary or disregarded entity references.

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July 2025, a true copy of the foregoing document was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ Matthew J. Lynch

1. **Rule 56 — Matters of Law / No Genuine Dispute**
   ● Fed. R. Civ. P. 56(a)
2. **Federal Rule of Evidence 801(d)(2)**
   ● Admissions of a party-opponent are not hearsay.
3. **Federal Rule of Evidence 902**
   ● Self-authenticating documents (court filings).
4. **29 U.S.C. § 211(c) + 29 C.F.R. § 516**
   ● Employer must maintain accurate employment records.
   ● Employer identity is not optional.
5. **18 U.S.C. § 1001**
   ● False statements in matters within federal jurisdiction.
6. **Judicial Estoppel**
   ● A party may not take inconsistent sworn positions in judicial proceedings.
7. **Doctrine of Legal Impossibility**
   ● Mutually exclusive statements cannot be reconciled as a matter of law.
8. **Four Corners Doctrine**
   ● Where falsity is apparent on the face of the document, no extrinsic evidence is required.

# Defendants' Federal Records

**IRS W-9 Forms**

**Sworn under Penalties of Perjury**

**(with Forensics Analysis/Annotations)**

Form **W-9**
(Rev. March 2024)
Department of the Treasury
Internal Revenue Service

**Request for Taxpayer**
**Identification Number and Certification**

Go to *www.irs.gov/FormW9* for instructions

**Before you begin.** For guidance related to the purpose of Form W-9, see *Purpose of Form*

1  Name of entity/individual. An entry is required. (For a sole proprietor or disregarded entity, enter the owner's name on line 1, and enter the business/disregarded entity's name on line 2.)

**EBSCO Industries, Inc.**

2  Business name/disregarded entity name, if different from above.

**EBSCO Information Services, LLC**  **EBSCO Publishing**, EBSCO Subscription Services, Learning Express, DynaMed

3a  Check the appropriate box for federal tax classification of the entity/individual whose name is entered on line 1. Check only **one** of the following seven boxes.

☐ Individual/sole proprietor   ☑ C corporation   ☐ S corporation   ☐ Partnership   ☐ Trust/estate

☐ LLC. Enter the tax classification (C = C corporation, S = S corporation, P = Partnership) . . . . .

**Note:** Check the "LLC" box above and, in the entry space, enter the appropriate code (C, S, or P) for the tax classification of the LLC, unless it is a disregarded entity. A disregarded entity should instead check the appropriate box for the tax classification of its owner.

☐ Other (see instructions)

3b  If on line 3a you checked "Partnership" or "Trust/estate," or checked "LLC" and you are providing this form to a partnership, trust, or estate in which this box if you have any foreign partners, owners, or beneficiaries. See i

4  Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any)   **5**

Exemption from Foreign Account Tax

5  Address (number, street, and apt. or suite no.). See instructions.

**PO Box 204661**

6  City, state, and ZIP code

**Dallas, TX  75320**

7  List account number(s) here (optional)

**Employer identification number**

| 6 | 3 | – | 6 | 0 | 1 | 4 | 1 | 8 | 6 |
|---|---|---|---|---|---|---|---|---|---|

**Under penalties of perjury, I certify that:**

1. The number shown on this form is my correct taxpayer identification n
2. I am not subject to backup withholding because (a) I am exempt from Service (IRS) that I am subject to backup withholding as a result of a fa no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined below); and
4. The FATCA code(s) entered on this form (if any) indicating that I am ex

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and, generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

**Sign Here**  Signature of U.S. person  *Michael Rice*   Date July 21, 2025

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

New line 3b has been added to this form. A flow-through entity is required to complete this line to indicate that it has direct or indirect foreign to another change regarding benefic require partner Partner

## Purpose

An indi informa

**Form W-9**
(Rev. October 2018)
Department of the Treasury
Internal Revenue Service

**Request for Taxpayer
Identification Number and Certification**

▶ Go to *www.irs.gov/FormW9* for instructions and the latest information.

**Give Form to the
requester. Do not
send to the IRS.**

**1** Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

EBSCO Industries, Inc.

**2** Business name/disregarded entity name, if different from above

EBSCO Information Services, LLC

**3** Check appropriate box for federal tax classification of the person whose name is entered on line 1. Check only **one** of the following seven boxes.

☐ Individual/sole proprietor or single-member LLC   ☑ C Corporation   ☐ S Corporation   ☐ Partnership   ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=Partnership) ▶ _____

Note: Check the appropriate box in the line above for the tax classification of the single-member owner. Do not check LLC if the LLC is classified as a single-member LLC that is disregarded from the owner unless the owner of the LLC is another LLC that is **not** disregarded from the owner for U.S. federal tax purposes. Otherwise, a single-member LLC that is disregarded from the owner should check the appropriate box for the tax classification of its owner.

☐ Other (see instructions) ▶

**4** Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any)   **5**

Exemption from FATCA reporting code (if any) _____

*(Applies to accounts maintained outside the U.S.)*

**5** Address (number, street, and apt. or suite no.) See instructions.

PO Box 204661

**6** City, state, and ZIP code

Dallas, TX 75320

Requester's name and address (optional)

**7** List account number(s) here (optional)

Print or type.
See **Specific Instructions** on page 3.

## Part I   Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN*, later.

**Note:** If the account is in more than one name, see the instructions for line 1. Also see *What Name and Number To Give the Requester* for guidelines on whose number to enter.

Social security number

[ ][ ][ ] – [ ][ ] – [ ][ ][ ][ ]

**or**

Employer identification number

6 3 – 6 0 1 4 1 8 6

## Part II   Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined below); and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

**Sign Here**   Signature of U.S. person ▶ *Tracey Ballard*   Date ▶ 7/6/2021

# General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9*.

# Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following.

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)

• Form 1099-S (proceeds from real estate transactions)

• Form 1099-K (merchant card and third party network transactions)

• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)

• Form 1099-C (canceled debt)

• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See What is backup withholding, later.*

Cat. No. 10231X

Form **W-9** (Rev. 10-2018)

# Defendants Original Records

## (without forensic Analysis/Annotations)

**Note:**

**All of Submitted Evidentiary Records are the sole and exclusive production of and by:**

1. **Defendants and**
2. **their Counsel.**

**Plaintiff did NOT create IRS W-9 Forms, Rule 7.1 Disclosures, or any federally controlled records by/for Defendants or their Counsel. <u>Defendants authored them</u>.**

All submitted records—W-9s, Rule 7.1 disclosures, and federal payroll filings—originate solely from Defendants and their Counsel.
Plaintiff had no involvement in their production/fabrication.
The continuing silence in the face of these material facts constitutes **constructive admission**, and compel **adverse inference**.
Defendants are estopped from disclaiming responsibility; all inconsistencies reflect their knowledge, intent, and misconduct.
**Federal Rules of Evidence 801(d)(2) & 803(17)** support admission of party-opponent statements and recorded recollections.
Case law: *Patterson v. New York*, *In re Subpoena Duces Tecum*, *United States v. Nixon* — silence and failure to respond may be treated as binding admission.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MOHAMED LY,

        Plaintiff,

   v.

EBSCO INDUSTRIES, INC.; TIM COLLINS;
ANNIE CALLANAN; GAR SYDNOR; and
TIM LULL,

        Defendants.

Civil Action No. 3:24-cv-30161-MGM

## DEFENDANT EBSCO INDUSTRIES, INC.'S CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendant EBSCO Industries, Inc.[1] ("EBSCO"), through its counsel in the above-captioned matter, certifies the following: EBSCO has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

---

[1] Plaintiff was employed by EBSCO Publishing, Inc., not EBSCO Industries, Inc. EBSCO Publishing is a subsidiary of EBSCO Information Services, LLC which is in turn a subsidiary of EBSCO Industries, Inc.

Respectfully submitted,

EBSCO INDUSTRIES, INC.,

By its attorneys,

/s/ Matthew J. Lynch
Melissa L. McDonagh, Bar No. 569023
mmcdonagh@littler.com
Matthew J. Lynch, Bar No. 689363
mlynch@littler.com

LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA  02110
Telephone:    617.378.6000
Facsimile:    617.737.0052

Dated: July 31, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July 2025, a true copy of the foregoing document was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ Matthew J. Lynch
Matthew J. Lynch

2

| Form **W-9** | **Request for Taxpayer** | Give form to the |
|---|---|---|
| (Rev. March 2024)<br>Department of the Treasury<br>Internal Revenue Service | **Identification Number and Certification**<br>Go to *www.irs.gov/FormW9* for instructions and the latest information. | requester. Do not<br>send to the IRS. |

**Before you begin.** For guidance related to the purpose of Form W-9, see *Purpose of Form*, below.

1 Name of entity/individual. An entry is required. (For a sole proprietor or disregarded entity, enter the owner's name on line 1, and enter the business/disregarded entity's name on line 2.)

**EBSCO Industries, Inc.**

2 Business name/disregarded entity name, if different from above.

**EBSCO Information Services, LLC; EBSCO Publishing, EBSCO Subscription Services, Learning Express, DynaMed**

3a Check the appropriate box for federal tax classification of the entity/individual whose name is entered on line 1. Check only **one** of the following seven boxes.

☐ Individual/sole proprietor    ☑ C corporation    ☐ S corporation    ☐ Partnership    ☐ Trust/estate

☐ LLC. Enter the tax classification (C = C corporation, S = S corporation, P = Partnership) . . . . . _____

**Note:** Check the "LLC" box above and, in the entry space, enter the appropriate code (C, S, or P) for the tax classification of the LLC, unless it is a disregarded entity. A disregarded entity should instead check the appropriate box for the tax classification of its owner.

☐ Other (see instructions) _____

4 Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any)    **5**

Exemption from Foreign Account Tax Compliance Act (FATCA) reporting code (if any) _____

3b If on line 3a you checked "Partnership" or "Trust/estate," or checked "LLC" and entered "P" as its tax classification, and you are providing this form to a partnership, trust, or estate in which you have an ownership interest, check this box if you have any foreign partners, owners, or beneficiaries. See instructions . . . . . . . . . . ☐

*(Applies to accounts maintained outside the United States.)*

5 Address (number, street, and apt. or suite no.). See instructions.

**PO Box 204661**

Requester's name and address (optional)

6 City, state, and ZIP code

**Dallas, TX  75320**

7 List account number(s) here (optional)

See Specific Instructions on page 3. / Print or type.

---

**Part I     Taxpayer Identification Number (TIN)**

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN*, later.

**Note:** If the account is in more than one name, see the instructions for line 1. See also *What Name and Number To Give the Requester* for guidelines on whose number to enter.

Social security number

☐☐☐ – ☐☐ – ☐☐☐☐

**or**

Employer identification number

6 3 – 6 0 1 4 1 8 6

---

**Part II     Certification**

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to backup withholding because (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. citizen or other U.S. person (defined below); and

4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and, generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

**Sign Here**    Signature of U.S. person    *Michael Rice*    Date **July 21, 2025**

---

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9*.

## What's New

Line 3a has been modified to clarify how a disregarded entity completes this line. An LLC that is a disregarded entity should check the appropriate box for the tax classification of its owner. Otherwise, it should check the "LLC" box and enter its appropriate tax classification.

New line 3b has been added to this form. A flow-through entity is required to complete this line to indicate that it has direct or indirect foreign partners, owners, or beneficiaries when it provides the Form W-9 to another flow-through entity in which it has an ownership interest. This change is intended to provide a flow-through entity with information regarding the status of its indirect foreign partners, owners, or beneficiaries, so that it can satisfy any applicable reporting requirements. For example, a partnership that has any indirect foreign partners may be required to complete Schedules K-2 and K-3. See the Partnership Instructions for Schedules K-2 and K-3 (Form 1065).

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS is giving you this form because they

Form **W-9**
(Rev. October 2018)
Department of the Treasury
Internal Revenue Service

## Request for Taxpayer
## Identification Number and Certification

▶ Go to *www.irs.gov/FormW9* for instructions and the latest information.

**Give Form to the requester. Do not send to the IRS.**

**1** Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

**EBSCO Industries, Inc.**

**2** Business name/disregarded entity name, if different from above

**EBSCO Information Services, LLC**

**3** Check appropriate box for federal tax classification of the person whose name is entered on line 1. Check only **one** of the following seven boxes.

☐ Individual/sole proprietor or single-member LLC

☑ C Corporation    ☐ S Corporation    ☐ Partnership    ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=Partnership) ▶ _____

Note: Check the appropriate box in the line above for the tax classification of the single-member owner. Do not check LLC if the LLC is classified as a single-member LLC that is disregarded from the owner unless the owner of the LLC is another LLC that is **not** disregarded from the owner for U.S. federal tax purposes. Otherwise, a single-member LLC that is disregarded from the owner should check the appropriate box for the tax classification of its owner.

☐ Other (see instructions) ▶

**4** Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any)    **5**

Exemption from FATCA reporting code (if any)    _____

*(Applies to accounts maintained outside the U.S.)*

**5** Address (number, street, and apt. or suite no.) See instructions.

**PO Box 204661**

**6** City, state, and ZIP code

**Dallas, TX 75320**

Requester's name and address (optional)

**7** List account number(s) here (optional)

Print or type.
See **Specific Instructions** on page 3.

### Part I    Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN*, later.

**Note:** If the account is in more than one name, see the instructions for line 1. Also see *What Name and Number To Give the Requester* for guidelines on whose number to enter.

**Social security number**

| | | | – | | | – | | | | |
|---|---|---|---|---|---|---|---|---|---|---|

**or**

**Employer identification number**

| 6 | 3 | – | 6 | 0 | 1 | 4 | 1 | 8 | 6 |
|---|---|---|---|---|---|---|---|---|---|

### Part II    Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. citizen or other U.S. person (defined below); and

4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

**Sign Here**    Signature of U.S. person ▶     *Tracey Ballard*    Date ▶ 7/6/2021

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9*.

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following.

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)

• Form 1099-S (proceeds from real estate transactions)

• Form 1099-K (merchant card and third party network transactions)

• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)

• Form 1099-C (canceled debt)

• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See* What is backup withholding, *later.*