UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MOHAMED LY,

        Plaintiff,

    v.

EBSCO INDUSTRIES, INC.; EBSCO
INFORMATION SERVICES; EBSCO
PUBLISHING, INC.; TIM COLLINS; and
TIM LULL,

        Defendants.

Civil Action No. 3:24-cv-30161-MGM

**NON-PARTY AMBER RUSSELL AND DEFENDANT EBSCO PUBLISHING, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO QUASH
PLAINTIFF MOHAMED LY'S RULE 45 SUBPOENAS**

Plaintiff Mohamed Ly's ("Plaintiff") Rule 45 subpoena of non-party witness Amber

Russell, a current employee of defendant EBSCO Publishing, Inc., should be quashed because

Plaintiff's subpoena (1) is a legal nullity due to Plaintiff's numerous failures to comply with the

technical requirements of Rule 45; (2) violates a prior order of this Court because it is nothing

more than an impermissible end run around the rules and orders governing discovery among the

parties to this litigation; and (3) places an undue burden upon Russell.

Moreover, this Court should preclude Plaintiff from attempting to serve any additional Rule

45 subpoenas in this matter, absent prior leave of this Court. Plaintiff's subpoena to Russell is one

of 49 subpoenas that Plaintiff served or attempted to serve in the last few weeks upon numerous

entities and individuals who are not properly subject to subpoenas in this litigation. For example,

Plaintiff's subpoena targets include, but are not limited to: the Internal Revenue Service; the Social

Security Administration; the state corporations divisions and other state agencies of Alabama,

Massachusetts, Florida, and New Jersey; individual current and former employees of EBSCO; and

numerous third-party vendors and benefits providers of EBSCO. These subpoenas run to a total of 225 pages and serve no purpose other than to harass Defendants and numerous other non-party individuals and entities. As such, in addition to quashing Plaintiff's subpoena to Russell, this Court should enter an order precluding Plaintiff from attempting to serve any further Rule 45 subpoenas without prior leave of this Court.

## I.   FACTUAL & PROCEDURAL BACKGROUND

EBSCO hired Plaintiff as its Principal Product Manager on November 1, 2021. In March 2023, EBSCO placed Plaintiff on a performance improvement plan ("PIP") because, among other deficiencies, he was unprofessional in his interactions with his direct reports, including Russell, who reported Plaintiff's misconduct to Lull.

Plaintiff and Defendants have engaged in written discovery. Separately, Plaintiff has attempted to serve and/or stated that he intends to serve 49 subpoenas to third-party entities and individuals, including current and former EBSCO employees.  (Aff. Matthew J. Lynch ("Lynch Aff." ¶ 4, Ex. A.)  Russell is one of the current employees Plaintiff attempted to serve, and on July 10, 2026, she received Plaintiff's subpoena by United States Postal Service priority mail.[1]  (Lynch Aff. ¶¶ 4-5, Exs. B, C.)  Plaintiff's subpoena was not signed by a clerk of this Court, a deputy clerk of this Court, or a licensed attorney.  (*Id.* ¶ 4, Ex. B.)  Rather, Plaintiff, a *pro se* litigant, signed this subpoena electronically.  (*Id.* p. 1.)

Plaintiff identifies eight categories of documents that he seeks from Russell, many of which appear to relate to issues that this Court has already held are outside the scope of this litigation. (*Id.* p. 2, Tier 1-Tier 3.)  In his "Definitions" section, Plaintiff identifies the term "Employer

---

[1] The Rule 45 subpoena packet that Plaintiff provided to Defendants also included subpoenas directed toward Cody Care, a current EBSCO employee, and Tatiana Shanler, a former EBSCO employee. As of the date of this motion, Care has not received Plaintiff's subpoena via mail or any other means, and EBSCO has no knowledge of whether Shanler received the subpoena.

Identity Documents" as "any document reflecting the legal entity name, EIN, or employer designation appearing on any Employment Document received by the Subject Individual." (*Id.* p. 2.)  Six of the eight topics then command production of documents related to the "legal entity name" of Russell's employer or some variation of the term "employer entity" or EIN, including Russell's pay stubs, W-2s, and benefits election documents.  (*Id.* p. 2, Tier 1-Tier 3.)  However, this Court has already held that " … which, if any, EBSCO entity was required to report Plaintiff's income on a W-2 form" is an issue "outside the scope of this litigation."  (Dkt. No. 110.)

The two remaining categories of documents that Plaintiff seeks from Russell are (1) all "Plaintiff-related communications" in her personal possession and (2) all records in her personal possession "reflecting organizational structure, reporting hierarchy, or employer designations communications."  (Lynch Aff. ¶ 5, Ex. B, Tier 3.)  Plaintiff explicitly states that he is seeking to compel Russell, a non-party witness, to produce these documents, even if these documents are also in the possession of any EBSCO entity.  (*Id.*, Tier 4.)

Russell and EBSCO Publishing now move to quash Plaintiff's subpoena because it is rife with technical and substantive deficiencies and because it is nothing more than a transparent, improper attempt to circumvent the limits of discovery imposed by this Court and by the applicable rules by serving a harassing and unduly broad subpoena on a third-party witness.

## II.    <u>DISCUSSION</u>

Rule 45 states in part that a court "*must* quash or modify a subpoena that ... subjects a person to *undue burden.*"  Fed. R. Civ. P. 45(d)(3)(A) (emphasis added).  A party may seek to quash or modify a subpoena on grounds of irrelevance or overbreadth because either irrelevance or overbreadth necessarily establishes undue burden.  *In re Wood*, No. 2:19-mc-00146-JHR, 2019 WL 5789848, at *4 (D. Me. Nov. 6, 2019) (quashing subpoena directed to individual employee

and noting "courts have rejected attempts to obtain documents from a party by way of subpoena to that party's employee"); *see also Contardo v. Merrill Lynch, Pierce, Fenner & Smith*, 119 F.R.D. 622, 624 (D. Mass. 1988). "Courts should balance the need for discovery against the burden imposed on the person ordered to produce documents." *Wyoming v. U.S. Dep't of Agric.,* 208 F.R.D. 449, 452 (D.D.C. 2002). Non-party status is one of the factors the court uses in weighing the burden of imposing discovery, and courts must take steps to "protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." *See* Fed. R. Civ. P. 45(d)(2)(B)(ii); *see also Levy v. Gutierrez*, No. 14-cv-443-JL, 2019 WL 1405850, at *2 (D.N.H. Mar. 28, 2019). "An undue burden is identified by looking at factors such as relevance, the need for the documents, the breadth of the document request, the time period covered by such request, the particularity with which the documents are described, and the burden imposed." *Wyoming*, 208 F.R.D. at 452–53. Here, Plaintiff's Rule 45 subpoena of Russell must be quashed because it is technically deficient and substantively improper.

> **A.  Plaintiff's Subpoena is Invalid Because It Does Not Comply With Rule 45.**

A Rule 45 subpoena must be signed by a clerk of court or by an attorney authorized to practice in the issuing court. Fed. R. Civ. P. 45(a)(3). Here, Plaintiff's subpoena to Russell is not signed by a clerk of this Court or by an attorney admitted to practice in this Court (and neither are any of his other 48 subpoenas). (Aff. MJL Exs. A, B.) All of these subpoenas, including his subpoena to Russell, are therefore facially invalid. *See Hunt v. Denning*, No. 2:25-CV-01694-MMD-MDC, 2026 WL 396456, at *2 (D. Nev. Feb. 11, 2026) (Rule 45 subpoenas signed only by *pro se* litigant were not properly issued); *see also Cramer v. Target Corp.*, No. 1:08-CV-1693-OWW-SKO, 2010 WL 1791148, at *1 (E.D. Cal. May 4, 2010) (noting that a pro se plaintiff was "not an officer of the Court authorized to sign and issue a subpoena pursuant to Fed. R. Civ. P.

45(a)(3)”); *Gonzales v. Alameida*, No. CV F06 1417 OWW WMW P., 2008 WL 161996, at *1 (E.D. Cal. Jan. 16, 2008) (“[A] party appearing in pro per [cannot] issue a subpoena.”); *Jackson v. Woodford*, No. 05-cv-513 L, 2007 WL 2023551, at *1 (S.D. Cal. July 11, 2007) (finding that subpoenas were not properly issued, where the clerk of court sent the subpoena forms to a pro se plaintiff, but did not sign and issue the subpoenas).

Additionally, Plaintiff attempted to serve Russell in the first instance by merely sending the subpoena to her via USPS priority mail, which is not sufficient as a matter of law. *See Greenspan v. MasMarques*, No. 23-10134-DJC, 2025 WL 2306388, at *2 (D. Mass. Aug. 11, 2025) (service of subpoena by certified mail insufficient). Rule 45 requires personal delivery, and, although courts may permit alternative methods such as service by certified mail, this kind of alternative service is generally only permitted after a sufficient showing that other, proper methods were unsuccessful, despite the issuing party’s diligent efforts. *See id.*; *see also United States Bank Nat’l Ass’n v. Dernier*, No. 16-cv-230, 2020 WL 3881412, at *3 (D. Vt. July 9, 2020) (finding that service by certified mail was insufficient and noted that the party did not “receive[] leave to serve by mail, and have not shown efforts to personally serve [the respondent]”).

Plaintiff’s subpoena to Russell further violates Rule 45(c)(2) because Plaintiff sets the location for compliance as his residential address in Wilbraham, Massachusetts, which is more than 100 miles from Russell’s residence in California. *See* Fed. R. Civ. P. 45(c)(2).

Thus, for all of these reasons, Plaintiff’s subpoena must be quashed because it does not meet the technical requirements of Rule 45. *See Hunt*, 2026 WL 396456, at *2; *Greenspan*, 2025 WL 2306388, at *2.

**B.      Plaintiff's Subpoena Must Be Quashed Because it is Overly Broad and Violates This Court's Orders.**

Even though actual notice of a subpoena, which Russell admits she received, may caution against quashing a subpoena due to technical defects in some situations, Plaintiff's subpoena must also be quashed on substantive grounds because (1) it is an impermissible end run around this Court's orders and applicable discovery rules and (2) it places an undue burden on Russell.  *See Layman v. Junior Players Golf Acad., Inc.*, 314 F.R.D. 379, 385-386 (D.S.C. 2016); *see also Estate of Rosado-Rosario v. Falken Tire Corp.*, 319 F.R.D. 71, 76-77 (D.P.R. 2016); *Contardo*, 119 F.R.D. at 624.

1.      Plaintiff's Subpoena Violates This Court's Discovery Orders

Plaintiff's subpoena must be quashed because it impermissibly violates this Court's existing orders regarding the timing and scope of written discovery.  *See Layman*, 314 F.R.D. at 385-386; *Contardo*, 119 F.R.D. at 624-625.  Plaintiff's attempt to compel Russell as an individual to produce her individual paystubs, W-2s, benefits documents and any other documents related to her "employer entity" or "EIN"-related issues plainly violates this Court's prior order (Dkt. No. 110) that these issues are not relevant to this litigation.  *See Layman*, 314 F.R.D. at 386.  Here, to the extent Plaintiff believed that any documents related to Russell's employment are relevant to his claims or EBSCO's defenses, he should have sought these documents from EBSCO pursuant to a Rule 34 request.  *See id.* at 385-386.  He did not, and the deadline for written discovery in this matter expired on April 6, 2026.[2]  (Dkt. No. 96.)  *See Carter v. United States*, 164 F.R.D. 131, 133 (D. Mass. 1995) (deposition notices improper when "heavily laden with document requests" and merely alternative means to avoid expiration of right to written discovery).  Courts and treatises

---

[2] This Court subsequently granted EBSCO's request to extend discovery for the completion of depositions and resolution of discovery disputes. However, this Court did not set a new deadline for written discovery.  (Dkt. Nos. 138, 139.)

are unequivocal in holding that a Rule 45 subpoena cannot be used to circumvent the rules and court orders governing discovery among parties:

> Although Rule 45 is not limited by its terms to nonparties, it should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in circumvention of discovery rules or orders. Discovery from a party, as distinct from a nonparty, is governed by Rule 34, not Rule 45.

*Layman*, 314 F.R.D. at 385 (citing 7 MOORE'S FEDERAL PRACTICE § 34.02[5][e] (3d ed.)).

Therefore, Plaintiff's subpoena must be quashed because it violates several of this Court's Orders. *See Layman*, 314 F.R.D. at 385; *Carter*, 164 F.R.D. at 133.

### 2.    Plaintiff's Subpoena Places an Undue Burden Upon Russell.

Plaintiff's subpoena also causes Russell undue burden because the categories of documents sought are overly broad and not proportional to the needs of the case. *See Estate of Rosado-Rosario*, 319 F.R.D. at 76-77. Rule 26 requires a court to limit the frequency or extent of discovery otherwise allowed by the rules if the discovery is not relevant or proportional, or the discovery is otherwise unreasonably cumulative or duplicative. *Id.* A Rule 45 subpoena is reviewed under the same relevancy standards set forth in Rule 26(b) and therefore creates an undue burden if the subpoena is overly broad or seeks information irrelevant to the case. *See In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 612-613 (E.D. Va. 2008) (quashing subpoena not reasonably limited to information relevant to underlying matter).

Here, Plaintiff alleges that EBSCO violated his FMLA rights when it terminated his employment in May 2023 and that EBSCO failed to timely pay Plaintiff his final wages, in violation of the Massachusetts Wage Act. However, Plaintiff's subpoena to Russell appears to be focused almost exclusively upon which EBSCO entity is listed on various W-2, payroll and benefits documents, presumably in service of Plaintiff's misguided belief that EBSCO is engaged

7

some kind of corporate fraud, based upon nothing more than the fact that he received his paystubs from EBSCO Publishing and his W-2s from EBSCO Industries. (Aff. MJL Ex. B.) These allegations are both completely false and wholly irrelevant, and Plaintiff's categories of documents would therefore be overly broad and unduly burdensome, even absent this Court's order already establishing that these issues are irrelevant. *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d at 612-13. Throughout the course of this litigation, Plaintiff has embarked on an unceasing campaign of discovery and other motion practice—including numerous "emergency" motions for temporary restraining orders, preliminary injunctions and other relief—based upon EBSCO's corporate structure. (Dkt. Nos. 44, 57, 66, 80, 81, 104, 105, 106.) This Court denied all of these motions. (Dkt. Nos. 53, 68, 69, 92, 93, 110.) Now, seemingly unsatisfied with these outcomes, Plaintiff has tried to weaponize Rule 45 by attempting to serve nearly 50 different entities and individuals with overly broad subpoenas that are disproportionate to the needs of this litigation and plainly targeted to an alleged issue that this Court has already held is irrelevant to Plaintiff's claims. (Dkt. No. 110.) This is the definition of unduly burdensome, overly broad and not proportional to the matters at issue in this litigation. *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d at 612-13.

Similarly, Plaintiff's two remaining categories of document requests seeking communications between him and Russell are overly broad. *See id.* Plaintiff freely admits he seeks the production of documents directly from Russell, even if such documents are already in the possession of EBSCO, a party-defendant that is in the process of reviewing relevant electronic communications between Plaintiff and others in advance of producing responsive, non-privileged documents. *See Race v. Cambridge Health Alliance*, No. 1:23-cv-10143-JEK, 2024 WL 2330741, at *6 (D. Mass. May 22, 2024) (granting defendant's motion for protective order when, in part,

defendant established areas of inquiry were duplicative of topics covered in Rule 30(b)(6) deposition).  Plaintiff can obtain these documents through other means, via discovery mechanisms provided for discovery among the parties, and it is overly burdensome for Plaintiff to attempt to short circuit this process by subpoenaing individual employees of a corporate party defendant.  *See id.*  As such, Plaintiff's Rule 45 subpoena seeking the production of documents from non-party Amber Russell must be quashed.  *See id.*

### C. Plaintiff's Attempts to Subpoena Other Current and Former EBSCO Employees Are Equally Improper

Plaintiff also provided notice that he intends to serve Cody Care, a current EBSCO employee, and Tatiana Shanler, a former EBSCO employee, with similar Rule 45 subpoenas.  (Aff. MJL.)  As of the date of this motion, Care has not been served with the subpoena, and EBSCO has no knowledge of whether Shanler received the subpoena. Although EBSCO does not have standing to assert undue burden and overbreadth objections on behalf of Care or Shanler, EBSCO has a personal interest in ensuring that discovery proceeds in accordance with the scope and limitations established by this Court, and the argument that Plaintiff's subpoenas are nothing more than an improper end run around this Court's orders and the applicable rules governing discovery among the parties applies with equal force to Plaintiff's subpoenas to Care and Shanler.  *See In re Wood*, 2019 WL 5789848, at *4; *Layman*, 314 F.R.D. at 385-386; *Carter*, 164 F.R.D. at 133; *Contardo*, 119 F.R.D. at 624-625.  As such, Plaintiff's subpoenas must be quashed, regardless of (1) whether Care or Shanler have been properly served and/or otherwise received actual notice of these subpoenas and/or (2) whether Care or Shanler can make, or intend to make, any additional arguments regarding the overly broad and unduly burdensome nature of Plaintiff's subpoenas.  *See id.*

9

### III.    CONCLUSION

For the reasons set forth above, this Court should quash Plaintiff's Rule 45 subpoena to Russell and quash Plaintiff's Rule 45 subpoenas to Care and Shanler. Additionally, Plaintiff should not be permitted to serve any further subpoenas, absent prior leave of this Court.

Respectfully submitted,

EBSCO PUBLISHING, INC., and AMBER RUSSELL,

By their attorneys,

*/s/ Matthew J. Lynch*

Melissa L. McDonagh, Bar No. 569023
mmcdonagh@littler.com
Matthew J. Lynch, Bar No. 689363
mlynch@littler.com

LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA  02110
Telephone:    617.378.6000
Facsimile:    617.737.0052

Dated: July 22, 2026

### CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of July 2026, a true copy of the foregoing document was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

*/s/ Matthew J. Lynch*
Matthew J. Lynch