# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS -- WESTERN DIVISION

| | |
|---|---|
| **MOHAMED SOULEYMAN LY,** <br> *Plaintiff, Pro Se and Whistleblower* <br> v. <br> **EBSCO INDUSTRIES, INC.; EBSCO INFORMATION SERVICES, LLC; EBSCO PUBLISHING, INC.; TIM COLLINS; and TIM LULL,** <br> *Defendants.* | Civil Action No. 3:24-cv-30161-MGM <br> Magistrate Judge Christopher L. Morgan <br> District Judge Mark G. Mastroianni <br> **Hearing: July 24, 2026** <br> (originally scheduled for July 21, 2026, at 11:15 a.m.; rescheduled at Defendants' sole request; Plaintiff respectfully accommodating the rescheduling and deferring to the Court's availability, despite ongoing injuries and compounding costs) |

## PLAINTIFF'S MOTION TO PRESERVE THE JULY 24, 2026 HEARING AGENDA AND TO DEFER ARGUMENT ON DEFENDANTS' JULY 22, 2026 FILINGS PENDING TIMELY OPPOSITION UNDER LOCAL RULE 7.1(b)(2)

Rather than join a clear pattern by Defendants of literally flooding the Court with defective, improper and untimely filings, even as they squarely stand in **continuing default**, **missed deadlines** and **waiver of objections**, Plaintiff respectfully moves, pursuant to this Court's inherent authority to manage its docket and hearing agenda, and pursuant to Local Rule 7.1(b)(2), for an order **(1)** Denying or Striking DKTs. 163-168 **(2)** confirming the July 24, 2026 enforcement hearing shall proceed as scheduled on the eight pending motions identified in Dkt. 159 -- Dkt. Nos. 120, 132, 142, 143, 144, 145, 146, and 147 – and, in the alternative, **(3)** deferring any argument on Defendants' July 22, 2026 filings (Dkt. Nos. 163-168) pending Plaintiff's timely opposition.

On July 15, 2026, this Court scheduled a **mandatory in-person enforcement hearing on Plaintiff's eight pending motions** by Sua Sponte EFC Order (**Dkt. 159**). Upon Defendants' request, the hearing was continued from July 21 to July 24. The predefined scope and purpose of that hearing, **as set by Court, Have Not Changed**.

On July 22, 2026 -- the final day of discovery under ECF No. 139, and barely a day before the hearing -- Defendants filed nearly a dozen instruments (432 pages: across Dkt. Nos. 163-168), with immediate untimely, improper and prejudicial Oral Argument Demand, on each. Plaintiff has not had the **14 days afforded by Local Rule 7.1(b)(2) to respond**. Plaintiff notes, without argument on the merits, that Defendants' own memorandum (Dkt. 167, pp. 1 and 3) expressly characterizes that filing as "**their opposition to Plaintiff's deposition related motions (Dkt. Nos. 142-146)**" -- the precise motions upon which the Court itself set the exact hearing on July 24.

Plaintiff expressly preserves all rights to Dkt. 163-168 and will duly oppose within fourteen days of July 22, 2026.

**This untimely filing designed to distract follows extended discovery violations and unilateral impositions in which Defendants repeatedly failed to meet discovery obligations and deadlines, triggering waiver, requiring multiple enforcement motions that culminated in the Court's scheduling of an enforcement hearing. Thee filing of six new Hail Mary instruments (432 pages) immediately before that hearing unduly compressed briefing schedule and necessitated this request to preserve the Court's previously established hearing and honor L.R. 7.1(b)(2) Protections.**

**WHEREFORE, Plaintiff respectfully requests that the Court:**

**(1). Strike or Deny DKTs.** 163-168, **(2)** Confirm that the July 24, 2026 hearing shall proceed on Dkt. Nos. 120, 132, 142, 143, 144, 145, 146, and 147, as set by Dkt. 159; and in the alternative, **(3)** Defer any argument on Dkt. Nos. 163-168 pending Plaintiff's timely opposition under Local Rule 7.1(b)(2).

Respectfully submitted,

/S/Mohamed S Ly

**Mohamed Souleyman Ly** | Plaintiff, Pro Se and Whistleblower | July 23, 2026

**CERTIFICATE OF SERVICE:** I certify that on July 23, 2026, a true copy was transmitted to opposing Counsel via ECF.

**L.R. 7.1 CERTIFICATION:** Meaningful conferral was not practicable due entirely to the compressed schedule created by Defendants' filings immediately preceding the hearing.