**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS -- WESTERN DIVISION**

| | |
|---|---|
| **MOHAMED SOULEYMAN LY,**<br>*Plaintiff, Pro Se and Whistleblower*<br>v.<br>**EBSCO INDUSTRIES, INC.; EBSCO INFORMATION SERVICES, LLC; EBSCO PUBLISHING, INC.; TIM COLLINS; and TIM LULL,**<br>*Defendants.* | **Civil Action No. 3:24-cv-30161-MGM**<br>Magistrate Judge Christopher L. Morgan<br>District Judge Mark G. Mastroianni<br>**Hearing: July 24, 2026**<br>(originally scheduled for July 21, 2026, at 11:15 a.m.; rescheduled at Defendants' sole request; Plaintiff respectfully accommodating the rescheduling and deferring to the Court's availability, despite ongoing injuries and compounding costs) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**

**MOTION TO PRESERVE THE JULY 24, 2026 HEARING AGENDA**

**AND TO DENY/STRIKE OR DEFER ARGUMENT ON DEFENDANTS' UNTIMELY JULY 22, 2026 FILINGS PENDING TIMELY OPPOSITION UNDER LOCAL RULE 7.1(b)(2)**

## I.  FACTUAL BACKGROUND

### A.  The Court's Sua Sponte and Specific Scheduling Order

On July 15, 2026, Magistrate Judge Morgan, sua sponte, issued Dkt. 159, scheduling an in-person enforcement hearing for July 21, 2026 on eight specifically identified pending motions: Dkt. Nos. 120, 132, 142, 143, 144, 145, 146, and 147. This was not a scheduling conference. It was not an omnibus hearing. It was a targeted enforcement proceeding set in response to Plaintiff's documented enforcement motions addressing 530+ days of non-compliance with discovery obligations, an active spoliation record, and five unscheduled depositions. The Court chose the last business day before the discovery close -- July 21 -- and chose in-person attendance. Each of those choices was itself a signal of institutional seriousness about the eight pending consequential motions.

| Docket | Motion | Subject Matter |
|---|---|---|
| **Dkt. 120** | **Motion to Compel** | Consolidated Discovery -- Original Compel Motion |
| **Dkt. 132** | **Spoliation Motion** | Evidence Destruction; Rule 37(e)(2) Adverse Inference; HTTP 403→404 Deletion July 6, 2026 Simultaneous with Dkt. 140 Denial |
| **Dkt. 142** | **M-1** | Compel Deposition of Tim Collins, CEO, EII |
| **Dkt. 143** | **M-2** | Compel Deposition of Patricia Carroll; Rule 33(b)(5) Deficiency |
| **Dkt. 144** | **M-3** | Compel Deposition of Tim Lull + Native PIP Metadata |
| **Dkt. 145** | **M-4** | Compel Deposition of David Hobbs; Regions Bank Payroll Record |
| **Dkt. 146** | **M-5** | Compel Rule 30(b)(6) Designation on Six Designated Matters |
| **Dkt. 147** | **M-6** | Emergency ESI Preservation, Restoration, and Production Order |

### B.  The Continuance -- Scope and Limits

On July 17, 2026, Defendants filed Dkt. 160 -- their own motion representing that their counsel had a scheduling conflict and requesting a continuance to July 24, 2026. The Court accommodated that request. The continuance granted Defendants three additional days on a scheduling conflict. It did not grant Defendants the right to file new motions, expand the hearing agenda, or convert the enforcement proceeding into a forum for their own untimely requests. A continuance grants time. It does not grant a new docket.

### C. Defendants' July 22 Filings -- Timing, Volume, and Self-Characterization

On July 22, 2026, as late as 7:12 PM, on the final day of the discovery period under ECF No. 139, and just one (1) day before the July 24 hearing, Defendants filed Dkt. Nos. 163-168: six new instrument totaling more than **four hundred and thirty-two (432) pages**, and demanding immediate oral argument. **These filings were made while Defendants remain in unaddressed default of their discovery obligations across 530+ documented days, standing full waiver of objections.**

The most consequential fact about these filings does not require any argument from Plaintiff. Defendants' own memorandum states it. Dkt. 167, pages 1 and 3:

> *"Defendants expressly incorporate and adopt this motion for a protective order and memorandum of law in support thereof as their opposition to Plaintiff's deposition related motions (Dkt Nos. 142-146)."*

Dkt. Nos. 142-146 are five of the eight motions set for hearing on July 24. Defendants' own characterization of Dkt. 167 as their opposition to those motions confirms that those motions -- not Dkt. Nos. 163-167 -- are the hearing's predefined subject matter. Defendants cannot file their opposition to the pending enforcement motions and simultaneously argue that new motions they filed on the same day should displace those enforcement motions at the hearing.

## II. LEGAL STANDARD

A federal court possesses inherent authority to manage its docket and hearing agenda. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates."); Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962) (court has inherent power to manage its affairs so as to achieve the orderly and expeditious disposition of cases). In the First Circuit, this authority includes the power to control the scope and sequencing of hearings. In re Recticel Foam Corp., 859 F.2d 1000, 1006 (1st Cir. 1988).

Federal Rule of Civil Procedure 16(a) authorizes a court to issue scheduling orders governing the conduct of proceedings. Rule 16(c)(2) specifically contemplates judicial control over the "order of proceedings." Once issued, a scheduling order governs unless modified by the court. Fed. R. Civ. P. 16(b)(4). Neither party may unilaterally expand the scope of a scheduled proceeding by filing new motions on the eve of the proceeding.

Local Rule 7.1(b)(2) provides that a party opposing a motion "shall file an opposition within 14 days after service of the motion." This rule is not aspirational. It is the procedural floor below which a response period cannot be compressed without due process implications. See Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir. 1990) (procedural rules protecting response periods serve fundamental fairness and must be applied consistently to all parties).

## III.  ARGUMENT

### A.  The Hearing Agenda Is Fixed by Dkt. 159 and Cannot Be Displaced by Eleventh-Hour Filings

MJ Morgan's Dkt. 159 scheduling order defines the scope of the July 24 hearing. That scope is the eight pending motions identified above. No party may expand that scope by filing new motions less than thirty-six hours before the hearing. The Court's scheduling authority is not subject to unilateral modification by a party's filing decisions. The principle is foundational: judicial control over proceedings "is necessary to the proper exercise of judicial power and is inherent in the very creation of courts." Chambers, 501 U.S. at 43. Permitting a party to reshape a hearing agenda through last-minute filings would effectively transfer that control from the Court to the filing party -- an inversion this Court has no obligation to accept.

### B.  Defendants' Own Filing Establishes That the Eight Motions Must Be Addressed First

The Dkt. 167 self-characterization quoted in Section I.C above is not merely an observation about sequencing. It is a party admission under Fed. R. Evid. 801(d)(2). Defendants, through their authorized litigation counsel, have stated in a signed court filing that Dkt. 167 is their opposition to Plaintiff's deposition-related motions (Dkt. Nos. 142-146). That characterization controls. Those motions -- Dkt. Nos. 142-146, together with Dkt. Nos. 120, 132, and 147 -- are properly before this Court on July 24. Dkt. 167 is their opposition. The hearing proceeds on the eight scheduled motions, which now include Defendants' own opposition, filed as Dkt. 167.

### C.  The Continuance Did Not Enlarge the Hearing's Subject Matter

A continuance granted at a party's request to accommodate a scheduling conflict does not expand the scope of the proceeding being continued. The scope is defined by the scheduling order, not by what the party files during the additional time the continuance provides. Defendants used the three-day window between July 21 and July 24 to file five new motions. That filing activity does not transform July 24 from an enforcement hearing on Plaintiff's eight motions into a hearing on Defendants' five motions. If the rule were otherwise, any party facing an adverse enforcement hearing could convert it into a forum for its own agenda by filing new motions during whatever window a continuance provides. This Court should decline to establish that precedent.

### D.  The Clean Hands Doctrine Bars Defendants' Request for Equitable Relief

"He who comes into equity must come with clean hands." Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814 (1945). A motion to quash (Dkt. 163) and a motion for protective order (Dkt. 166) are requests for equitable relief. Rule 26(c) protective orders are discretionary and equitable in nature. Courts in this circuit have denied discovery-related equitable relief to parties who themselves failed to comply with discovery obligations. See, e.g., United States v. Kouri-Perez, 187 F.3d 1, 8 (1st Cir. 1999) (court may consider a party's own conduct in evaluating requests for discretionary relief).

The record here is not ambiguous. Defendants have been in default of their discovery obligations for 530+ documented days. They failed to provide timely responses to Plaintiff's first discovery requests -- responses that were due April 6, 2026 and served 59 days late on June 3, 2026. They provided zero deposition dates for five noticed witnesses across 27 days of opportunity, despite ECF No. 139's July 22, 2026 discovery close. They filed Dkt. 140 on July 6, 2026 asserting no evidence had been

destroyed -- on the same day that Plaintiff's professional biography transitioned from HTTP 403 to HTTP 404 on Defendants' own platform. These are not contested allegations. They are documented in the docket. A party maintaining this posture while requesting that the Court quash third-party subpoenas and impose protective orders does not satisfy the equitable prerequisites for the relief it seeks.

### E.  Defendants' Untimely Objections Are Waived by Operation of the Federal Rules

Federal Rule of Civil Procedure 33(b)(4) provides that objections to interrogatories not timely raised "are waived." Rule 34(b)(2)(C) establishes the same consequence for RFP objections. Defendants served their discovery responses 59 days after the April 6, 2026 deadline. The objections now embedded in their Protective Order Motion (Dkt. 166) -- including objections to the scope and subject matter of the 30(b)(6) designation and individual depositions -- are among the objections that were due, and waived, months ago. A party cannot preserve objections through silence for 59 days and then reassert them in a motion filed on the last day of discovery.

### F.  Plaintiff's 14-Day Response Right Cannot Be Compressed to 24 hours Without Violating Due Process

Local Rule 7.1(b)(2) provides fourteen days to oppose any motion. Defendants filed Dkt. Nos. 163-167 on July 22, 2026. Responses are due August 5, 2026. **Requiring Plaintiff to respond orally to six new instruments -- totaling 432+ pages -- in less than twenty-four hours**, without any prior notice, literally on the eve of a hearing scheduled for entirely different matters altogether, would deny Plaintiff the most basic procedural protection that **Local Rule 7.1(b)(2)** exists to provide. Cf. Mendez, 900 F.2d at 7. The rule's purpose is not merely administrative. It reflects the Due Process Clause's requirement that a party receive a meaningful opportunity to respond before adverse action is taken against its interests. Mathews v. Eldridge, 424 U.S. 319, 333 (1976). Compressing five motions into a 24-hour oral response window does not satisfy that standard -- particularly for a pro se plaintiff whose ability to research, draft, and respond to 432+ pages of new briefing is constrained by the same resource limitations that the Court's own procedural guardrails are designed to protect.

## IV.  CONCLUSION

The July 24, 2026 hearing was set by this Court for a specific purpose: to resolve eight pending enforcement motions built on a 530+ day non-compliance record, a certified-deed-anchored temporal impossibility, and a false opposition filed the same day as a spoliation deletion. That purpose has not changed. The Court's authority over its own hearing agenda has not been displaced by five motions filed less than thirty-six hours before the hearing by the party whose conduct caused the hearing to be set.

Plaintiff respectfully submits that the Court should: (1) proceed with the July 24 hearing on Dkt. Nos. 120, 132, 142, 143, 144, 145, 146, and 147, as scheduled; (2) decline to hear Dkt. Nos. 163-167 at the July 24 hearing; and (3) preserve Plaintiff's fourteen-day right to oppose Dkt. Nos. 163-167 in full, with responses due August 5, 2026. The governing law, the procedural rules, the equitable doctrines, and Defendants' own filing all compel this result.

Respectfully submitted,

**Mohamed Souleyman Ly**

Plaintiff, Pro Se and Whistleblower                                                      July 23, 2026