## UNITED STATES DISTRICT COURT

### DISTRICT OF MASSACHUSETTS — WESTERN DIVISION

| | |
|---|---|
| **MOHAMED SOULEYMAN LY, Plaintiff, Pro Se**<br>v. EBSCO INDUSTRIES, INC. ("EII"); EBSCO INFORMATION SERVICES, LLC ("EIS"); EBSCO PUBLISHING, INC. ("EPI"); TIM COLLINS; and TIM LULL, Defendants. | **No. 3:24-cv-30161-MGM**<br>MJ Christopher L. Morgan \| DJ Mark G. Mastroianni<br>**Enforcement Hearing: July 24, 2026** |

# PLAINTIFF'S DEPOSITION JUSTIFICATION AND PRESERVATION OF RIGHTS

**TIM COLLINS | Chief Executive Officer, EBSCO Industries, Inc. (EII) | Named Defendant**
**Motion M-1 (Dkt. 142) | CEO-Level Corporate Authority | EPI Dissolution by Merger, Whistleblower Communications, and Employer-Identity Decisions**

Plaintiff respectfully submits this Motion concerning the deposition of Tim Collins, Chief Executive Officer of EBSCO Industries, Inc. (“EII”) and named Defendant, in a limited preservation posture following Defendants’ July 24, 2026 representation to the Court that Defendants would produce Collins for deposition. Although Defendants had filed opposition and sought protective relief concerning this deposition immediately before the July 24, 2026 Case Management Conference, defense counsel represented to the Court that Collins, along with Tim Lull and Patricia Carroll, would be produced. Based upon that representation, the Court proceeded without adjudicating Dkt. Nos. 142–144, and Plaintiff relies upon Defendants’ commitment while preserving this motion to avoid waiver or prejudice should Defendants later depart from that representation.

Plaintiff respectfully notes that preservation is necessary because Defendants’ discovery positions have previously failed to align with representations made to the Court, including their January 20, 2026 representation that employer-identity discovery could proceed in the normal course of discovery. This motion therefore remains available for enforcement without duplicative briefing should Defendants fail to honor their July 24, 2026 commitment. If Defendants comply, no further intervention is required; if they do not, Plaintiff respectfully requests enforcement of the representation made to the Court.

Collins' deposition is independently necessary because, as CEO of EII, he possesses unique, first-hand knowledge arising from his role concerning disputed corporate decisions and structures directly implicated by Plaintiff's claims and Defendants' defenses. Plaintiff does not seek Collins merely because of his executive status, but because the examination concerns CEO-level corporate authority, including the relationships among EII, EBSCO Publishing, Inc. ("EPI"), and EBSCO Information Services, LLC ("EIS"), the consequences of EPI's dissolution by merger, corporate authority over employer-designation decisions, and communications concerning Plaintiff's protected whistleblower activity.

Defendants have placed these matters directly at issue by asserting defenses concerning which entity employed Plaintiff and which entity maintained responsibility for the employment relationship; accordingly, the disputed employer-identity issue cannot be resolved without examining the corporate authority structure through which Defendants operated. Collins possesses unique knowledge regarding corporate governance, entity relationships, and executive-level decisions that cannot be obtained from witnesses lacking comparable authority.

The deposition is narrowly limited to Collins' personal knowledge and involvement in specific corporate decisions, communications, and authority structures within his responsibilities as CEO, making the testimony relevant, proportional, and necessary to establish the factual record concerning the entities involved in Plaintiff's employment, the corporate response to protected activity, and Defendants' asserted defenses. Because Collins' testimony concerns matters uniquely connected to his position as CEO of EII and cannot be obtained through lower-level employees or generalized corporate discovery, the apex doctrine does not shield him from deposition.

DEPONENT 1 OF 5

# TIM COLLINS

**Chief Executive Officer, EBSCO Publishing, Inc. (EPI)**

*Motion M-1 (Dkt. 142) | The Only Witness Who Can Explain the HTTP Deletion and the CEO-Level Employer Identity Contradiction*

## 1. IDENTITY AND ROLE

Tim Collins is the Chief Executive Officer is a named defendant in this action. He was identified in EBSCO's own May 22, 2013 merger announcement as "President of the combined entity" formed by the merger of EPI into EIS — the same merger announcement that established the July 1, 2013 dissolution date of EPI and that forms a cornerstone of Plaintiff's employer identity case. Collins holds the highest executive authority within EII and is the person with ultimate decision-making power over corporate structure, content management policy, and the organizational decisions that generated the payroll and digital records at issue.

Collins's role is uniquely relevant in two respects that no other deponent can address: (1) Prior to the HTTP 403 restriction and July 6, 2026 HTTP 404 deletion of Plaintiff's professional biography, Tim Colling was there when Plaintiff Executive Bio was published. Plaintiff worked directly with Tim Collins on driving global growth and transformation, going as far as building presentations he would deliver on Plaintiff's globalization and Accessibility domain expertise, even feeding him talking points, memos, getting him to connect the dots, from product development to global market expansion and new revenue activation. Then, a decision requiring C-suite or senior management authorization — occurred during his tenure as CEO; and (2) the May 22, 2013 announcement identifying Collins as President of the combined entity was published on his authority, making him the primary authenticating witness for EPI's dissolution.

## 2. FACTUAL BASIS FOR DEPOSITION

| Date | Event | Evidentiary Significance |
|---|---|---|
| **May 22, 2013** | EII publishes merger announcement identifying Collins as President of the combined EIS-EPI entity. | Collins is the named executive in the document establishing EPI's July 1, 2013 dissolution. He is the primary authenticating witness for the merger announcement that makes Defense #23 (EII not employer) and Defense #25 (EPI is employer) legally impossible simultaneously. |
| **Nov. 1, 2021– May 25, 2023** | Plaintiff employed at EII during Collins's tenure as CEO. Plaintiff's executive biography published on EBSCO platform identifying him as "Head of Globalization." | Collins's tenure encompasses the entire period of Plaintiff's employment, the three-EOR payroll misdesignation, and the publication of the professional attribution content later restricted and deleted. |
| **Nov. 2022** | Plaintiff's mandate expanded to include enterprise-level leadership of both Globalization and Accessibility programs. | An enterprise-level mandate expansion requires C-suite or senior leadership authorization. Collins is the most likely authorizing executive. This directly contradicts the PIP-to-termination performance narrative. |
| **Dec. 26, 2024** | EII's litigation hold takes effect upon Plaintiff's filing of the complaint. | Collins, as CEO, is responsible for ensuring EII's preservation obligations are met. He has personal knowledge of whether a litigation hold was implemented and what was preserved. |
| **~Dec. 23, 2025** | Plaintiff's professional biography at about.ebsco.com transitions from HTTP 200 (accessible) to HTTP 403 (blocked). | A company-wide content restriction on a named executive's biography during active litigation requires authorization at a level above product management. Collins is the executive most likely to have authorized or known of this decision. |
| **July 6, 2026** | HTTP 404 — Plaintiff's biography permanently deleted on the same day Defendants filed Dkt. 140 denying any destruction of evidence. | The deletion of content specifically identified in Plaintiff's pending spoliation motion (Dkt. 132), on the same day Defendants denied any destruction, requires an authorizing decision-maker. Collins, as CEO, is the person with ultimate authority over this action. |

## 3. PERSONAL KNOWLEDGE

Collins possesses firsthand personal knowledge of: (a) the May 2013 merger announcement — he is quoted in it by name; (b) the corporate structure distinguishing EII, EPI, and EIS during Plaintiff's employment; (c) Plaintiff's expanded mandate (November 2022) — a budget-level decision within the CEO's authority; (d) the decision to restrict and ultimately delete Plaintiff's professional biography — requiring C-suite authorization that flows from his office; and (e) any whistleblower communications or escalations directed to executive leadership regarding employer identity discrepancies. No other witness possesses Collins's firsthand knowledge of each of these distinct matters simultaneously.

## 4. LEGAL AUTHORITY

Rule 30(a)(1), Fed. R. Civ. P.: A party may depose any person, including a party, without leave of court. Collins is a named defendant. His attendance is compellable as a matter of right.

Apex Doctrine Standard — Bassett v. Tempur Retail Stores, LLC, Nos. 22-CV-11127-NMG, 22-cv-12883-NMG, 2024 WL 3415981, at *2 (D. Mass. July 15, 2024): The apex doctrine may limit depositions of high-ranking executives lacking "unique, first-hand knowledge." Collins fails this protection for three independent reasons: (1) he is quoted by name in the merger announcement establishing EPI's dissolution — uniquely firsthand; (2) he is the CEO who had authority over content management decisions during the spoliation period; and (3) he is a named defendant — the doctrine's protection does not apply to named parties.

Rule 37(e)(2), Fed. R. Civ. P.: The HTTP 404 deletion of Plaintiff's biography on July 6, 2026 — during the pendency of the spoliation motion and on the day of Dkt. 140 — establishes the intent-to-deprive element. Collins's deposition on this point is essential to establish the authorization chain under Rule 37(e)(2)(A)-(C).

Engelhardt v. S.P. Richards Co., 472 F.3d 1 (1st Cir. 2006): The Court's April 13, 2026 order (Dkt. 110) requires Plaintiff to establish that "one of the EBSCO entities he has sued was his employer" under the integrated enterprise framework. Collins is the executive whose testimony can establish the degree of operational integration between EII and EPI/EIS — a core element of the Engelhardt analysis.

## 5. RELEVANCE

Collins's testimony is relevant to: (a) FMLA employer status — Dkt. 110 requires establishing which EBSCO entity employed Plaintiff under 29 U.S.C. § 2611(4); the CEO's testimony on the corporate structure is directly relevant to this element. (b) Spoliation — his knowledge of the HTTP restriction and deletion is material to the Rule 37(e)(2) intent-to-deprive finding. (c) Damages — his knowledge of Plaintiff's expanded mandate and the professional biography's content bears on career erasure damages. (d) Whistleblower retaliation dimensions — any communications reaching Collins concerning Plaintiff's employer identity complaints are material to the retaliation analysis.

## 6. NECESSITY

Collins cannot be substituted by any other deponent. The Rule 30(b)(6) designee can testify to corporate positions but cannot testify to Collins's personal knowledge of the merger announcement in which he is personally quoted. Carroll, as General Counsel, may have institutional knowledge of legal decisions but cannot testify to executive decisions within Collins's authority. Lull, as a product manager, has no knowledge of content management policy, corporate structure, or the merger history. Hobbs, as CFO, addresses financial matters only. Collins alone can testify to the executive-level decisions connecting the employer identity dispute to the spoliation events.

## 7. MATERIALITY

Similar to Lull, Collins's testimony is material to: (a) Liability — his knowledge or authorization of the July 6, 2026 deletion bears on individual participation in spoliation; (b) Intent — his knowledge of Plaintiff's whistleblower communications and content decisions bears on FMLA retaliation; (c) Causation — the timing of the deletion supports the connection between protected activity and evidence loss; (d) Corporate identity — his testimony authenticates the May 22, 2013 merger declaration published on EBSCO's official corporate website and establishes EPI's resulting legal status; (e) Corporate structure — his testimony bears on the integrated enterprise analysis under Engelhardt.

## 8. DOCUMENT CONNECTIONS

Documents for examination with Collins: (1) May 22, 2013 EII merger announcement (naming Collins as President of combined entity); (2) Exhibit A (HTTP lifecycle — 403/404 progression); (3) CDN/WAF configuration logs for about.ebsco.com (if produced); (4) EBSCO content management policy documents; (5) All communications from November 2022 expanding Plaintiff's mandate; (6) Dkt. 117 (Defense #23 — EII not employer — signed by Collins's counsel); (7) W-9 Form 2 (Rice, July 21, 2025 — signed during Collins's tenure); (8) All communications to or from Collins mentioning Plaintiff by name; (9) Board or executive-level communications regarding this litigation.

## 9. POTENTIAL ADMISSIONS

Collins' deposition may produce admissions concerning: (a) whether he authorized, was informed of, or could have prevented the restriction and subsequent deletion of Plaintiff's professional attribution content, including the corporate decision-making and preservation implications of those actions; (b) whether the merger involving EBSCO Publishing, Inc. was completed as represented and the resulting legal status of EPI, which bears directly on Defendants' employer-identity defenses; (c) whether he was aware of Plaintiff's employer-identity concerns and related communications, establishing notice relevant to Plaintiff's claims; and (d) whether Plaintiff's expanded mandate in November 2022 was consistent with the performance narrative later

asserted through the PIP process. **The testimony is expected to further test the factual basis, or lack thereof, underlying Defendants' Affirmative Defenses Nos. 23 and 24 concerning whether EBSCO Industries, Inc. or EBSCO Information Services, LLC was Plaintiff's employer.**

## 10. DISCOVERY IMPORTANCE

Collins's deposition will identify: the decision-maker chain for content management on about.ebsco.com; the individuals with knowledge of the HTTP restriction and deletion; the executive-level communications about Plaintiff's employment and termination; and the corporate governance structure distinguishing EII from EPI and EIS at the executive level. His testimony will generate follow-up document requests for content management policies, executive communications, and board-level records.

## 11. ANTICIPATED OBJECTIONS

Objection: Apex doctrine. Response: Collins is a named defendant — the apex doctrine does not protect named parties. See Fiske v. MeYou Health, Inc., 2014 WL 2818588 (D. Mass. 2014) (apex protection applies to non-party executives). Even if applicable, Collins clears the "unique, firsthand knowledge" threshold: he is personally quoted in the merger announcement; he is the CEO during the spoliation period; and he has unique knowledge of executive decisions on content management.

Objection: Topics outside scope (Dkt. 110). Response: The HTTP deletion is spoliation under Rule 37(e), not a W-2 reporting issue. The employer identity question is required by Dkt. 110 itself ("Plaintiff will need to establish that one of the EBSCO entities was his employer"). Collins's testimony on EII's corporate structure is directly within the Dkt. 110 framework.

## 12. COMPREHENSIVE LEGAL ANALYSIS

The deposition of Tim Collins is legally supported, factually grounded, and proportional under Rule 26(b)(1). His unique knowledge — the merger announcement, the content deletion authorization, the executive-level corporate structure, and the whistleblower communications — cannot be obtained through documentary production alone. The adverse authority (apex doctrine) does not apply to named defendants and is overcome by the specific, documented factual basis for Collins's unique knowledge. The deposition is proportional to the needs of a case involving FMLA retaliation, Massachusetts Wage Act violations, and documented spoliation.

## 13. DEPOSITION OBJECTIVES

(1) Authenticate the May 22, 2013 merger announcement and establish EPI's dissolution date. (2) Establish the authorization chain for the HTTP 403 restriction and July 6 HTTP 404 deletion. (3) Establish Collins's knowledge of Plaintiff's whistleblower communications regarding employer identity. (4) Establish the Engelhardt integrated enterprise factors at the executive level. (5) Examine Plaintiff's November 2022 mandate expansion and its inconsistency with the PIP narrative. (6) Identify all individuals with knowledge of the content management decisions.

## 14. CONCLUSION — TIM COLLINS

Tim Collins is not sought because of title alone, but because, as Chief Executive Officer of EBSCO Industries, Inc. ("EII"), he possesses unique, first-hand knowledge placing him at the center of disputed corporate authority, entity structure, and executive-level decision-making directly relevant to this action. His testimony cannot be obtained from other witnesses and concerns the relationships among EII, EBSCO Publishing, Inc. ("EPI"), and EBSCO Information Services, LLC ("EIS"), corporate authority governing employer-identity decisions, the consequences of EPI's dissolution by merger, relevant whistleblower-related communications, and the decisions underlying Plaintiff's claims and Defendants' defenses. Accordingly, Collins' deposition is relevant, proportional, and necessary to establish the complete factual record concerning EII's corporate authority and the disputed employer-identity issues. Defendants represented to the Court on July 24, 2026, that Collins would be produced for deposition. Plaintiff respectfully preserves this motion solely to preserve and enforce that deposition request, avoid unnecessary additional motion practice should Defendants deviate from their commitment, and preserve all rights without waiver. If Defendants honor their representation, no further relief is necessary; if they do not, Plaintiff respectfully requests that the Court compel Collins' deposition pursuant to Fed. R. Civ. P. 30(a)(1), 26(b)(1), and 37(a)(3)(B)(i), without requiring renewed briefing on issues already presented and resolved through Defendants' representation.

**Respectfully submitted,**

**Mohamed Souleyman Ly | Pro Se Plaintiff and Whistleblower**

485 Glendale Road, Wilbraham, Massachusetts 01095 | mmmly7@gmail.com | July 24, 2026

---

**CERTIFICATE OF SERVICE:** Served on mlynch@littler.com, mmcdonagh@littler.com, mmarquetti@littler.com, and bclawclinic@bc.edu on August 5, 2026.