Defendants' Statement

Without prior notice to Defendants, Plaintiff Mohamed Ly ("Plaintiff") requested this discovery conference and then repeatedly refused to provide Defendants with a reasonable explanation of the purpose of this conference. (Lynch Aff. ¶ 4, Ex. A.) Despite Plaintiff's disregard for his obligations (detailed below), Defendants have made a good-faith effort to identify the following topics that could reasonably be resolved tomorrow and allow for substantive progress in discovery:

1. Whether Plaintiff is entitled to conduct discovery into EBSCO's filings and submissions with the Internal Revenue Service or various secretaries of state in jurisdictions in which EBSCO conducts business. Addressing this topic would resolve disputes regarding many of Plaintiff's discovery requests that improperly seek information that is beyond the scope of discovery and irrelevant to the question of which Defendant(s) constituted Plaintiff's "employer" for the purposes of his FMLA claims.

2. Whether this Court should set a deadline of August 27, 2026 for EBSCO to make its ESI production and substantively respond to Plaintiff's numerous insufficiency letters, *on the express condition that Plaintiff is precluded from filing any further motions and/or requesting any further conferences with this Court on these issues until after August 27, 2026*. This approach would allow the parties to make substantive progress in discovery rather than being continuously delayed by the need to address Plaintiff's overlitigation of this matter, which has included at least 15 different motions filed by Plaintiff since April 1, 2026. (Dkt. Nos. 104-106, 109, 120, 132, 142-147, 169, 181, 192).

Plaintiff's endless motion practice has occurred against a backdrop of Plaintiff's repeated refusal to reasonably identify any alleged discovery disputes with particularity and/or to provide Defendants with reasonable time to respond to his frequent, verbose communications. Indeed, on June 29, 2026, Plaintiff served a 91-page letter (the "First Insufficiency Letter") in which he attempted to identify alleged deficiencies in Defendants' interrogatory answers and document responses. (Lynch Aff. ¶ 5, Ex. B.) At the time Defendants received the First Insufficiency Letter, Defendants were opposing a premature motion for sanctions that Plaintiff filed just one week earlier (Dkt. No. 132). In the approximately two weeks that followed the premature sanctions motion and the 91-page First Insufficiency Letter, Plaintiff filed *five* additional discovery-related motions, all of which necessitated oppositions and cross-motions, ultimately culminating in a July 24, 2026 hearing before this Court that lasted approximately two hours. After addressing Plaintiff's numerous discovery-related motions, Defendants turned their attention to Plaintiff's 91-page First Insufficiency Letter, which proved a difficult endeavor due to the numerous, substantive inconsistencies and misstatements in the First Insufficiency Letter.

On July 30, 20216, Defendants responded, identifying several examples of inconsistencies and misstatements. (Lynch Aff. ¶ 6, Ex. C.) Indeed, much of the letter was too convoluted for Defendants to discern Plaintiff's specific issues. To enable Defendants to meaningfully understand Plaintiff's position, Defendants asked Plaintiff to correct these errors. (Lynch Aff. ¶ 7, Ex. D.) At 2:50 p.m. on Friday, July 31, 2026, Plaintiff served a six-page correspondence (the "Second Insufficiency Letter") in which he attempted to minimize the shortcomings in his initial letter as "clerical errors." In the Second Insufficiency Letter, Plaintiff appeared to take issue with more than 30 document responses and more than 20 interrogatory answers. For the first time, Plaintiff also suggested that he had issues with Defendants' timely-served responses to Plaintiff's requests for admission, served four days earlier. (Lynch Aff. ¶ 7, Ex. D.) Plaintiff demanded that Defendants respond to the Friday Second Insufficiency Letter within 48 hours—a wholly

unreasonable deadline. Defendants promptly acknowledged Plaintiff's email but explained the 48-hour deadline was unreasonable and more time was needed.

When Defendants had not responded by close of business on Tuesday, August 4, unbeknownst to Defendants, Plaintiff initiated an *ex parte* communication to this Court to request a discovery conference, without identifying the basis for his request. Upon receiving the Court's Order setting the August 11 conference, Defendants asked Plaintiff regarding the request and basis. However, Plaintiff has repeatedly refused to meaningfully confer with Defendants about the specific issues he intends to discuss, going so far as to refuse to even confer regarding the contents of this joint letter.

For the above reasons, if Plaintiff intends to address any specific discovery responses identified in his insufficiency letters, his request is at best premature, based upon a wholly unreasonable deadline, and is at worst a transparent abuse of the discovery process. Nevertheless, Defendants respectfully submit that they have identified two appropriate topics for an informal discovery conference that would narrow the scope of existing discovery disputes and permit the parties to meaningfully move forward with the completion of written discovery.

## PLAINTIFF'S STATEMENT OF ISSUES

*Court Ordered August 11, 2026 Conference -- Submitted Pursuant to Dkt. 185*

The parties' discovery disputes reduce to a single question:

**whether Defendants must comply with the Federal Rules of Civil Procedure and with the representations they have made to this Court, or whether they may set both aside at their convenience**.

This action has been pending since 2024 and discovery has long been open. Defendants' own June 3, 2026 production -- the payroll instruments, the W-2s, the Performance Improvement Plan, and the termination letter -- supplies the documentary foundation for each issue below; what remains is **Defendants' refusal to answer for that record**.

The following issues are ripe for resolution by The Court; Plaintiff's efforts have been met by evasion and obstruction:

**1. Interrogatories -- employer identity (Rule 33).** Defendants must fully answer Interrogatories Nos. 21–24, addressing employer identity, the corporate and tax relationships among EII, EIS, and EPI, the entity that paid Plaintiff's wages and issued his W-2s, and the entity with authority to terminate him. Defendants have ignored Plaintiff's repeated demands to supplement since June 3, despite these matters being placed in issue by their own Affirmative Defenses Nos. 23 and 24 and, by their own admission, EII issuing Plaintiff's paychecks and W-2s "**as EBSCO Publishing's payor, not as Plaintiff's employing entity**." See Fed. R. Civ. P. 33(b)(3)–(4); 37(a)(4).

**2. Document production (Rule 34).** Whether Defendants must produce the documents responsive to Requests Nos. 1–32 and serve compliant responses, where **nearly every response objects on a standard removed from Rule 26(b)(1) in 2015** and none states whether responsive materials are withheld, as Rule 34(b)(2)(C) requires.

**3. Requests for admission (Rule 36).** Whether the Court should determine the sufficiency of Defendants' responses to Requests Nos. 1–25 under Rule 36(a)(6), where (**1**) eleven of the **twenty-five decline to admit or deny on grounds of "scope,"** (**2**) **several respond to a matter not asked**, and (**3**) the **Individual Defendants assert lack of knowledge without the reasonable-inquiry statement Rule 36(a)(4) requires**.

**4. August 5 Motion to Compel -- unnecessary motion practice (Rule 37; L.R. 37.1; Dkt. 185).** Whether Defendants' August 5 Motion should be denied or deferred where, in response to Plaintiff's **precise, targeted demands, Plaintiff had unconditionally committed to produce and supplement by August 7**, yet Defendants filed two days earlier **without conferring as to the motion's necessity**—thereby unnecessarily consuming Plaintiff's and the Court's resources and **diverting resources from the very production Defendants had requested**. Dkt. 185 expressly directed informal resolution before motion practice. **Relief:** deny or defer the motion; award costs under Rule 37(a)(5).

**5. DKT 110 Inversion into a Shield Against Discovery: Construction of Dkt. 110 ¶¶ 2–3.** Whether Paragraph 3 merely **relieves Plaintiff of having to establish which entity bore the W-2 reporting obligation**, as its language provides, or—contrary to that limited relief—is being construed by Defendants as a **categorical bar to otherwise relevant employer-status discovery** that Paragraph 2 expressly requires Plaintiff to establish under 29 U.S.C. § 2611(4) and *Engelhardt v. S.P. Richards Co.*, 472 F.3d 1 (1st Cir. 2006). Defendants' construction **inverts the Order's express relief into an affirmative burden and evidentiary exclusion that subverts the Order's operative structure and defeats Rule 1's governing command**: **Defendants' inversion of DKT 110** would simultaneously require Plaintiff to establish employer status under Paragraph 2 while withholding the very evidence necessary to do so; **making compliance with the Court's own prescribed standard impossible, and thereby rendering the Court's requirement a complete nullity**.

**The pattern.** Defendants represented to this same Court on January 20, 2026 that employer-identity discovery could proceed in the "ordinary course", and on July 24, 2026 that the individual witnesses would be produced; the responses now before the Court depart from both. The disputes are therefore institutional as well as procedural: **whether the Rules and this Court's conference commitments govern the conduct of discovery, as written, or whether a party may unilaterally exempt itself from them, at will.**

**Relief.** Plaintiff respectfully requests that the Court resolve the foregoing issues, enforce the governing Rules and its prior Orders and commitments, compel all required supplementation, production, and testimony on dates certain, determine the sufficiency of the challenged responses and the proper construction of Dkt. 110 ¶¶ 2–3, and grant such procedural and remedial relief—including costs under Rule 37(a)(5)—as the record and chronology warrant.

**Respectfully submitted**, Mohamed Souleyman Ly, Plaintiff Pro Se · 485 Glendale Road, Wilbraham, MA 01095 · mmmly7@gmail.com

**ADDITIONAL VIOALTAIONS BY DEFENDANTS**

| | Violated Obligation | Default/Deficiency | Status |
|---|---|---|---|
| a | **BCLC Inclusion**<br>All correspondence to Plaintiff | At least five documented exclusions, including after express written demand (July 27, 2026). Fifth exclusion: August 5-6. Issue raised July 24 | **MOTION STANDS READY**<br>No further warnings issued |
| b | **August 4 Conferral Deadline**<br>2 days per July 31 demand | Zero response. Lynch confirmed July 31 document was adequate ("you had not come close until...July 31"). Missed adequate deadline. | **DEFAULTED** deadline<br>Second consecutive missed |
| c | **SAP Audit Log**<br>Demanded June 30, 2026 | Not produced. 41 days since demand. The dispositive document resolving the payroll alteration question. Still withheld. | **NOT PRODUCED**<br>41 days outstanding |
| d | **RFA Responses -- 23 of 25 Deficient**: Rule 36(a)(4) | August 6 commitment to cure deadline passed with zero cure. Rule 36(a)(6) motion will follow. | **DEADLINE PASSED**<br>Rule 36(a)(6) forthcoming |
| e | **Privilege Log** Mandatory under Rule 26(b)(5)(A) | Never produced in this litigation. Entire litigation without a single privilege log entry. | **NEVER PRODUCED**<br>Entire litigation |
| f | **Rule 33(d) Bates-Index Chart Committed by Lynch July 30** | Lynch committed to producing this chart. Never delivered. His own commitment, unperformed. | **COMMITTED, NOT DELIVERED** |
| g | **Accurate Court-Contact Characterization**<br>(Defense indicated intent to raise; Plaintiff includes it for completeness, if not raised.) | August 6 “ex parte” false accusation is **directly contradicted by Dkt. 185**, confirming **Plaintiff contacted the Clerk solely to request the Court-authorized conference and sought no ex parte** relief; Lynch, by contrast, twice made off-docket requests or pressure; prompting Clerk directives to file on the docket: September 30, 2025 and July 17, 2026. | **CONTRADICTED RECORD**<br>Rule 11(b)(3) / § 1927 / *Chambers* |

Plaintiff respectfully thanks the Court for providing this conference mechanism to facilitate efficient resolution without unnecessary motion practice. Plaintiff asks that neither party's representations on compliance, defaults, deficiencies, or conferral posture be accepted merely as asserted, but that **The Court determine those matters** from the **record and chronology before it**.

### END OF PLAINTIFF’S SECTION ###